UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,

             Petitioner-Judgment Creditor,   Civil Action No.

   - against –

DERMOT MACSHANE,                     NOTICE OF PETITION
                                             FOR REMOVAL

           Respondent-Judgment Debtor

      -and-

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND; THE CITY OF NEW YORK
POLICE PENSION FUND AND THE FUND
OFFICE OF LOCAL 580 OF ARCHITECTURAL
AND ORNAMENTAL IRON WORKERS,

           Respondents.
-----------------------------------------------------------------X

      PLEASE TAKE NOTICE, that there is annexed hereto a Petition for

Removal of the above captioned action from the New York State Supreme Court,

Putnam County to the United States District Court, Southern District of New York.

Dated:  Garden City, New York
         May 21, 2007

                         COLLERAN, O'HARA & MILLS, L.L.P.
                         Attorneys for Respondent
                         FUND OFFICE OF LOCAL 580 OF
                         ARCHITECTURAL AND ORNAMENTAL
                         IRON WORKERS


                         By:
                            JOHN STACKPOLE GROARKE (JG-9031)
                         1225 Franklin Avenue, Suite 450
                         Garden City, New York 11530
                         (516) 248-5757

07 CIV 3934

JUDGE HOLWELL

RECEIVED
MAY 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Exhibit A       Exhibit B

TO:    MARSHALL BLOOMFIELD, ESQ.
       349 East 149th Street
       Bronx, New York 10451-5603

       ANNE PAXTON, ESQ.
       O'DWYER & BERNSTEIN, LLP
       Attorneys for Respondent
       SERGEANTS BENEVOLENT ASSOCIATION ANNUITY FUND
       52 Duane Street, 5th Floor
       New York, New York 10007

       DERMOT MACSHANE
       1030 Hollywood Avenue
       Bronx, New York 10463

       CITY OF NEW YORK POLICE PENSION FUND
       c/o Corporation Counsel
       100 Church Street
       New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,

                 Petitioner,                       Civil Action No.:

    - against –

DERMOT MACSHANE,                           **VERIFIED PETITION**
                                            **FOR REMOVAL**
                 Respondent,

      -and-

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND; THE CITY OF NEW YORK
POLICE PENSION FUND AND THE FUND
OFFICE OF LOCAL 580 OF ARCHITECTURAL
AND ORNAMENTAL IRON WORKERS,

                 Respondents.
-------------------------------------------------------------------------X

TO:    The Judges of the Unites States District Court
        for the Southern District of New York.

      Respondents, LOCAL 580 PENSION FUND, ANNUITY FUND

SUPPLEMENTAL FUND, INSURANCE FUND, i/s/h/a the FUND OFFICE OF

LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS

("LOCAL 580 FUNDS"), by their attorneys, COLLERAN, O'HARA & MILLS, L.L.P.

do hereby allege under penalty of perjury that:

      1.     On or about the 8th day of May, 2007, an action was commenced by the

Petitioner, MARSHALL E. BLOOMFIELD, against the Respondents, LOCAL 580

FUNDS by Filing of an Order to Show Cause, Verified Petition and Memorandum

of Law in Support of the Petition in the Supreme Court of the State of New York,

County of Putnam entitled "Marshall E. Bloomfield, Petitioner Creditor against Dermot MacShane, Respondent and Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental Iron Workers, Respondents and bearing Index Number 969/07. A copy of the Order to Show Cause, Verified Petition and Memorandum of Law in Support of the Petition with Exhibits, are annexed hereto as Exhibit "A". Upon information and belief, said Exhibit "A" constitutes all pleadings and orders filed to date in the Supreme Court proceeding.

2. The time for answering or otherwise pleading to the aforesaid proceeding has not expired.

3. Petitioner, MARSHALL E. BLOOMFIELD, is the former attorney for the Respondent Dermot McShane and maintains his office at 349 East 149th Street, Bronx, New York 10451.

4. The Respondent, LOCAL 580 FUNDS, are "employee benefit plans" and "multi-employer plans" within the meaning of §3(3) and (37) of ERISA, 29 U.S.C. §§1002(3) and (37). Said are jointly administered labor-management trust funds established under §302 at the Labor Management Relations Act (LMRA"), 29 U.S.C. §186. LOCAL 580 FUNDS maintain their offices at 501 West 42nd Street, New York, New York.

5. In its Verified Petition, Petitioner, MARSHALL E. BLOOMFIELD seeks an Order against Respondent LOCAL 580 FUNDS directing LOCAL 580

FUNDS to remit up to the sum of $31,855.89 to the Petitioners for allegedly monies assigned by Respondent DERMOT MACSHANE to the Petitioner.

6.    The Petitioner proceeding against LOCAL 580 FUNDS is barred by Employee Retirement Income Security Action of 1974. ("ERISA"). Section 206(d)(1) of ERISA provides that pension plan benefits may not be assigned or alienated.

7.    This Court has original jurisdiction under the provisions of ERISA §206(d)(1).

8.    Attached to this Verified Petition for Removal as Exhibit "B" is a copy of the "Notice of Filing of Verified Petition for Removal of Cause to the United States District Court for the Southern District of New York" that will be served contemporaneously herewith upon all parties and filed with the Clerk of the Supreme Court, County of Putnam.

**WHEREFORE**, for the above reasons, Respondent, FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS and the FUNDS respectfully request that the proceeding pending against them in the Supreme Court of the State of New York, County of Suffolk be removed therefrom to this Court and for such other and further relief as to this Court seems just, equitable and proper.

Dated:  May 21, 2007
        Garden City, New York

                          Respectfully submitted,


                          COLLERAN, O'HARA & MILLS, L.L.P.


                          By:
                              JOHN STACKPOLE GROARKE (JG-9031)
                          Attorneys for Respondent
                          FUND OFFICE OF LOCAL 580 OF
                          ARCHITECTURAL AND ORNAMENTAL
                          IRON WORKERS
                          1225 Franklin Avenue, Suite 450
                          Garden City, New York 11530
                          (516) 248-5757

TO:    MARSHALL BLOOMFIELD, ESQ.
       Petitioner
       349 East 149th Street
       Bronx, New York 10451-5603

       DERMOT MACSHANE
       Respondent
       1030 Hollywood Avenue
       Bronx, New York 10463

       ANNE PAXTON, ESQ.
       O'DWYER & BERNSTEIN, LLP
       Attorneys for Respondent
       SERGEANTS BENEVOLENT ASSOCIATION ANNUITY FUND
       52 Duane Street, 5th Floor
       New York, New York 10007

       CITY OF NEW YORK POLICE PENSION FUND
       Respondent
       c/o Corporation Counsel
       100 Church Street
       New York, New York 10007

4

## VERIFICATION OF PETITION FOR REMOVAL

STATE OF NEW YORK    )
                               )ss:
COUNTY OF NASSAU    )

      JOHN STACKPOLE GROARKE, of lawful age, being sworn upon his oath says that he is an attorney for Respondents herein, that he has prepared and read the foregoing Verified Petition for Removal and the matters and things contained therein are true as he verily believes.

                            JOHN STACKPOLE GROARKE (JG-9031)

Subscribed and sworn to before me
this 21st day of May, 2007.

NOTARY PUBLIC

**JOAN CANCELLIERI**
Notary Public, State of New York
No. 01CA6041601
Qualified in Nassau County
Commission Expires 3/8/10

5

At a Part of the Supreme
Court of the State of New
York held in and for the
County of Putnam at the
Courthouse located at 40
Gleneida Avenue, Carmel
NY 10512 on the 8 day
of May, 2007

Index No: 969/07
Purchased:

**ORDER TO SHOW
CAUSE**

Appearance
Required

---------------------------------x

Marshall E. Bloomfield,

       Petitioner-Judgment Creditor

   -against-

Dermot MacShane

       Respondent-Judgment Debtor

   and

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund, and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

       Respondents

---------------------------------x

Upon the annexed Verified Petition of Marshall E. Bloomfield, and upon all

papers and proceedings had herein,

Let the Respondent-Judgment Debtor, Dermot MacShane, and the

Respondents, Sergeant's Benevolent Association Annuity Fund, The City of New York

Police Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental

Iron Workers show cause at the Supreme Court of the State of New York, County of

Putnam, at the Courthouse located at 40 Gleneida Avenue, Carmel NY 10512, on the

day of May, 2007, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as Counsel can be heard, why an Order and Judgment should not be made and entered

(1)    foreclosing the retaining and charging lien in favor of Marshall E. Bloomfield, Esq. and against Respondent-Judgment Debtor, Dermot MacShane, and any interest accruing in property to him upon the final disposition of the equitable distribution phase of a certain action previously commenced in this Court and captioned Dermot MacShane, Plaintiff, against Judie MacShane, Defendant, and bearing Index Number 1798/02, and as agreed to by said Respondent-Judgment Debtor on the 15th day of April, 2004, and as approved by this Court pursuant to 22 NYCRR §202.16[c][2] in a transcripted Decision on a hearing held October 6, 2004, and further reduced to an Order of this Court dated the 18th day of November, 2004, a Judgment of this Court dated the 15th day of December, 2004, and entered on the 6th day of January, 2005, and

(2)    granting to Petitioner such other and further relief as to this Court may seem just, proper, and equitable.

Sufficient cause having been alleged, let Respondent-Judgment Debtor, Dermot MacShane be restrained from possessing, disposing of, transferring, assigning, encumbering, or otherwise hypothecating any personal property of his to which Petitioner-Judgment Creditor has a security interest and to which a lien has attached,

Law Offices of MARSHALL E. BLOOMFIELD, ESQ.  ◊ 349 East 149th St., BX, NY 10451-5603  §  (718) 665-5900 or (212) 662-1870

2

including any such property held by Respondents, Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental Iron Workers pending hearing of the within Petition;

Sufficient cause having been alleged, let Respondent, Sergeant's Benevolent Association Annuity Fund, its agents, servants, and employees be restrained from disposing of, transferring, assigning, encumbering or otherwise hypothecating any personal property of Respondent-Judgment Debtor, Dermot MacShane, to which Petitioner-Judgment Creditor has a security interest and to which a lien has attached, as alleged in the Petition, pending hearing of the within Petition;

Sufficient cause having been alleged, let Respondent, The City of New York Police Pension Fund, its agents, servants, and employees be restrained from disposing of, transferring, assigning, encumbering, or otherwise hypothecating any personal property of Respondent-Judgment Debtor, Dermot MacShane, to which Petitioner has a security interest and to which a lien has attached, as alleged in the Petition, pending hearing of the within Petition;

Sufficient cause having been alleged, let Respondent, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, its agents, servants, and employees be restrained from disposing of, transferring, assigning, encumbering, or otherwise hypothecating any personal property of Respondent-Judgment Debtor, Dermot MacShane, to which Petitioner has a security interest and to which a lien has attached, as alleged in the Petition, pending hearing of the within Petition;

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent-Judgment Debtor, Dermot MacShane, by personal service upon him pursuant to CPLR §308 on or before the _10_ day of May, 2007, be deemed good and sufficient service and notice thereof; and

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent, Sergeant's Benevolent Association Annuity Fund, 35 Worth Street, NY NY 10015, by personal service upon it on or before the _10_ day of May, 2007, be deemed good and sufficient service and notice thereof;

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent The City of New York Police Pension Fund, 233 Broadway, NY NY 10279, by personal service upon it on or before the _10_ day of May, 2007, be deemed good and sufficient service and notice thereof; and

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent the Fund Office of Local 580 of Architectural and Ornamental Iron Workers, 501 West 42nd Street, NY NY 10036, by personal service on or before the _10_ day of May, 2007, be deemed good and sufficient service and notice thereof.

Enter _____

Hon. Andrew P. O'Rourke
Supreme Court Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

---------------------------------------------------------------x

Marshall E. Bloomfield,

               Petitioner-Judgment Creditor

    -against-

Dermot MacShane,

               Respondent-Judgment Debtor

    And

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund, and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

               Respondents

---------------------------------------------------------------x

Index No:
Purchased

**VERIFIED PETITION**

Marshall E. Bloomfield as and for his Verified Petition respectfully sets forth and alleges:

1)    At all times hereinafter mentioned, Petitioner was and still is an Attorney admitted to practice law in the State of New York.

2)    Petitioner was the former Attorney for Respondent-Judgment Debtor, Dermot MacShane, in a matter commenced in the Supreme Court, County of Putnam, and captioned Dermot MacShane, Plaintiff, against Judie MacShane, Defendant, and bearing Index Number 1798/02.

3)    During the course of my representation of Mr. MacShane and in accordance with 22 NYCRR §202.16[c](2), Respondent-Judgment Debtor acknowledged a certain indebtedness to me and consented to an assignment of an interest in his property that would accrue to him upon the final disposition of the equitable distribution phase of the aforesaid matrimonial matter. Such acknowledgement and consent was duly executed by Mr. MacShane on the 15th day of April, 2004. A copy of Respondent-Judgment Debtor's acknowledgement and consent is annexed hereto, made a part hereof, and marked EXHIBIT A.

4)    By Order to Show Cause signed on the 1st day of June, 2004, by Hon. Justice Fred L. Shapiro (copy of which is annexed hereto, made a part hereof, and marked EXHIBIT B, your Petitioner moved this Court for relief including, *inter alia*, the following:

    a)    an Order permitting and allowing and granting to Movant [Petitioner-Judgment Creditor herein] leave to withdraw as Counsel for Plaintiff [Respondent-Judgment Debtor herein]; and

    b)    an Order approving Petitioner-Judgment Creditors interest in the property of Respondent-Judgment Debtor [Dermot MacShane] pursuant to 22 NYCRR §202.16[c](2).

5)    The aforesaid motion brought on by Order to Show Cause was originally made returnable June 21st, 2004, was subsequently adjourned to July 7, 2004, August 12, 2004, and finally to October 6, 2004, at which time it was heard, submitted, and granted by a transcription Order of this Court, a copy of which is annexed hereto, made a part hereof, and marked EXHIBIT C.

6)    The aforesaid transcripted Decision and Order of this Court (EXHIBIT C herein) provides in pertinent part at pages 3-4 thereof, as follows:

"Unfortunately the case could not be resolved and Mr. Bloomfield has now asked me to decide the motion that he made.

I'm going to grant his application. I'm going to relieve him as counsel. I'm going to grant him a retaining lien and he'll provide me with an affidavit served on both Ms. Hudak and Mr. MacShane, as to the fees brought up to date.

I have the fees up to the date of the motion. I need from the date, return date of the motion forward and the Court would be inclined to grant that as well.

You [Mr. MacShane] may be heard on the issue. Not as to whether he should have the lien, Mr. MacShane. You shall be heard on whether the fees are reasonable and necessary. That's the only argument you can make, that the fees were not reasonable or necessary for this case, but he does not have to turn over the file until that lien is resolved."

7) Upon the hearing of the motion, the following colloquy occurred between the Court and Respondent-Judgment Debtor herein evincing the Court's grant of a lien on Mr. MacShane's property as well as Mr. MacShane's acknowledgement of the existence of the same and his agreement thereto:

"MR. MACSHANE: In light of the lien on the property, do I have access to my file?

THE COURT: No. Until you either pay the bill or I set the lien, if you want to agree to the lien, I'll have him send the file over, but in no event will any money go to you, but I'm not going to lift the lien on any property.

MR. MACSHANE: I'm not looking for a lift on the lien. I'm agreeing to the lien." (See EXHIBIT C, page "22").

8) Upon the submission of an additional Affirmation of Services on notice to Ms. Hudak, the Attorney for Judie MacShane, and upon notice to Respondent-Judgment Debtor herein, Dermot MacShane, and upon notice of settlement of a Judgment to said parties, this Court made and entered a Judgment on the 6th day of January, 2005, a copy of which is annexed hereto, made a part hereof, and marked EXHIBIT D.

9) The aforesaid Judgment provides in pertinent part:

"ORDERED and ADJUDGED that Judgment be made and entered herein in favor of Marshall E. Bloomfield, Esq. and against Plaintiff, Dermot MacShane, in the amounts of $20,143.19 and $10,249.00 for a total of $30,392.19; and it is further

ORDERED and ADJUDGED that an interest in the property of Plaintiff,, Dermot MacShane, to the extent of $30,392.19, be awarded in favor of Marshall E. Bloomfield, Esq., pursuant to NYCRR §202.16[c](2)."

10) The aforesaid lien on the interest of the property of Respondent-Judgment Debtor Dermot MacShane, remains unpaid and unreduced except for the sum of $4,800.00 paid by Respondent-Judgment Debtor's then employer, the New York City Police Department, said payments made as a result of an Order of this Court made the 12th day of December, 2005, and entered the 13th day of December, 2005, a copy of which is annexed hereto and made a part hereof, and marked EXHIBIT E.

11) There remains, to date, with statutory interest, unpaid and outstanding, on Petitioner-Judgment Creditor's lien on the property of Respondent-Judgment Debtor the outstanding sum of $31,855.89.

12) Respondent, Sergeant's Benevolent Association Annuity Fund, is a necessary party hereto in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, in excess of twenty thousand ($20,000.00) dollars. Said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

13) Respondent, The City of New York Police Pension Fund, is a necessary party hereto, in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, in excess of ninety thousand ($90,000.00) dollars. Said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

14) Respondent, The Fund Office of Local 580 of Architectural and Ornamental Iron Workers, is a necessary party hereto, in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, amounting to $59,804.80 (see EXHIBIT F annexed). Upon information and belief, said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

15) The CPLR §5205 exemption of property from levy and sale upon execution of a judgment creditor does not preclude the foreclosure of a lien resulting from a security interest given upon said property.

16) Upon information and belief the underlying matrimonial action has been concluded.

17) There has been no prior application for the relief herein sought.

WHEREFORE, Petitioner-Judgment Creditor prays for the grant of such relief, as follows:

a. against Respondent-Judgment Debtor, Dermot MacShane, judgment foreclosing Petitioner-Judgment Creditor's 22 NYCRR §202.16[c](2) lien;

b. against Respondent, Sergeant Benevolent Association Annuity Fund, an Order directing the payment of all monies in their possession constituting personal property of Respondent-Judgment Debtor to which a security interest has attached and a 22 NYCRR §202.16[c](2) lien has attached, up to the sum of $31,855.89 in satisfaction of said lien;

c. against Respondent, The City of New York Pension Fund, an Order directing the payment of all monies in their possession, constituting personal property of Respondent-Judgment Debtor to which a security interest has attached and a 22 NYCRR §202.16[c](2) lien has attached, up to the sum of $31,855.89 in satisfaction of said lien;

d. against Respondent, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, an Order directing the payment of all monies in their possession, constituting personal property of Respondent-Judgment Debtor to which a security interest has attached, up to the sum of $31,855.89 in satisfaction of said lien; and

e. an Order and Judgment granting to Petitioner-Judgment Creditor herein such other and further additional relief as to this Court may seem just, proper, and equitable.

Dated: Bronx NY
May 3, 2007

Yours, etc.
MARSHALL E. BLOOMFIELD
Petitioner-Judgment Creditor *Pro Se*
349 E. 449th Street
BX NY 10451
718-665-5900

STATE OF NEW YORK     )
                              ) ss:
COUNTY OF THE BRONX  )

Dermot MacShane, being duly sworn, deposes and says:

(1) I hereby acknowledge my indebtedness to my Attorney, Marshall E. Bloomfield, Esq., as set forth in the Liabilities Section of my Net Worth Affidavit dated 4/15/04 in §H.1.2a.

(2) I hereby consent to the extent of such indebtedness to assign an interest in that property accruing to me upon the final disposition of the equitable distribution phase of the action and in accordance with NYCRR §202.16(c)(1)(2) and subject to Court approval as provided therein.

_____
Dermot MacShane

Sworn to before me this  15
day of April, 2004.

/s/

MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No. 02BL0326550
Qualified in the County of The Bronx
Commission Expires June 30, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

-----------------------------------------x

Marshall E. Bloomfield,

                Petitioner-Judgment Creditor

   -against-

Dermot MacShane,

                Respondent-Judgment Debtor

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund, and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

             Respondents

-----------------------------------------x

**Index No:**
**Purchased**  **969/2007**

**PETITIONER-
JUDGMENT
CREDITOR'S
MEMORANDUM OF
LAW IN SUPPORT OF
THE PETITION**

## STATEMENT OF FACTS

Petitioner-Judgment Creditor herein was the former Attorney for Dermot MacShane, Respondent-Judgment Debtor herein, in respect to a certain Matrimonial Action commenced in the Supreme Court of the State of New York, County of Putnam, and entitled Dermot MacShane, Plaintiff, -against- Judie MacShane, Defendant, and bearing Index Number 1798/02.

In accordance therewith, and due to an outstanding indebtedness owed Petitioner-Judgment Creditor by Respondent-Judgment Debtor in the form of outstanding Attorney's fees, Respondent-Judgment Debtor executed an acknowledgement of such indebtedness, and an assignment of a security interest, and the attachment of a lien upon his personal property to secure the payment thereof (EXHIBIT A on the Petition).

The foregoing acknowledgement, assignment of a security interest, and subsequent lien attachment were all pursuant to, and in accordance with, 22 NYCRR §202.16[c](2).

Subsequent to the execution of the foregoing, Petitioner-Judgment Creditor herein moved this Court by Order to Show Cause for:

    a) permission to withdraw as Counsel for Mr. MacShane; and

    b) Court approval of Petitioner-Judgment Creditor's interest in the property of Mr. MacShane.

Said motion was brought on by Order to Show Cause dated June 1st, 2004, and signed by Hon. Justice Fred L. Shapiro (**EXHIBIT B** on the Petition).

The aforesaid motion was originally made returnable on the 21st day of June, 2004, and subsequently adjourned to July 7, 2004, August 12, 2004, and finally to October 6, 2004, at which time it was heard, submitted, and disposed of by a grant of the motion (**EXHIBIT C** on the Petition).

At that time, Mr. MacShane not only acknowledged the Court's grant of the lien, but furthermore acknowledged once again his consent to the same, stating on the transcripted Record: "I'm agreeing to the lien." (**EXHIBIT C** on the Petition @ page "22").

Subsequent thereto, the Court made and entered a Judgment in favor of Petitioner-Judgment Creditor herein, and against Respondent-Judgment Debtor in the amount of $30,392.19. (**EXHIBIT D** on the Petition).

The aforesaid Judgment further provided for a security interest in favor of Petitioner-Judgment Creditor upon the personal property of Respondent-Judgment Debtor.

There currently remains unpaid on the security interest lien the outstanding sum of $31,855.89.

The named Respondents are necessary parties to the Proceeding in that, upon information and belief, they are in possession of personal property to which Petitioner-Judgment Creditor's security interest and resultant lien has attached.

However, said Respondents, upon information and belief, have taken the position that said personal property in their possession constitutes exempt property pursuant to CPLR §5205.

## POINT I

RESPONDENTS'S RELIANCE UPON CPLR §5205
IS MISPLACED. RESPONDENT-JUDGMENT DEBTOR"S
PROPERTY  IN POSSESSION OF SAID
RESPONDENTS IS NOT SUBJECT TO ANY
CPLR §5205 EXEMPTION AND IS SUBJECT
TO PETITIONER-JUDGMENT CREDITOR'S
22 NYCRR §202.16[c](2) SECURITY INTEREST
AND LIEN

22 NYCRR §202.16[c](2) provides:

"An attorney seeking to obtain **an interest in any property of his
or her client to secure payment of the attorney's fee** shall make
application to the court for approval of said interest..." (emphasis
supplied).

After securing the acknowledgement and consent of the Respondent-Judgment

Debtor, said application was made to the Court, and granted by the Court, both by an

ensuing transcripted Decision and Order, and a resultant Judgment.

The existence of such lien was acknowledged by Respondent-Judgment Debtor

on the Record, and his consent to the same was likewise acknowledged.

Respondent-Judgment Debtor has personal property in the form of annuities and

pension funds, which said named Respondents claim to constitute exempt funds

pursuant to CPLR §5205.

CPLR §5205 provides in pertinent part:

"The following personal property is exempt from application to the
satisfaction of a money judgment, except such part as a court
determines to be unnecessary for the reasonable requirements of
the judgment debtor and his dependents:

1.   ninety per cent of the income or other payments from a trust the principal of which is exempt under subdivision [c]; provided, however, with respect to any income or payments made from trusts, custodial accounts, annuities, insurance contracts, monies, assets or interest established as part of a Keogh (HR-10), retirement or other plan described in paragraph two of subdivision [c] of this section, the exception in this subdivision for such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents shall not apply, and the ninety percent exclusion of this paragraph shall become a one hundred percent exclusion."

CPLR §5205, subdivision [c] as referred to hereinabove additionally provides in pertinent part:

"1.   Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

2.   For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either a Keogh (HR-10), retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, or created as a result of rollovers from such plans pursuant to sections 402(a)(5), 403(a)(4), or 408(d)(3) of the Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self employed individual, (ii) a partner of the entity sponsoring the Keogh (HR-10) plan, or (iii) a shareholder of the corporation sponsoring the retirement or other plan.

3. All trusts, custodial accounts, annuities, insurance contracts, monies, assets, or interests described in paragraph two of this subdivision shall be conclusively presumed to be spendthrift trusts under this section and the common law of the state of New York for all purposes, including, but not limited to, all cases arising under or related to a case arising under sections one hundred one to thirteen hundred thirty of title eleven of the United States Bankruptcy Code, as amended."

It is respectfully submitted that Respondents' collective reliance upon the aforesaid statutory exemption from execution and levy upon such assets in satisfaction of a judgment lien is both misplaced, erroneous, and contrary to the law of the State of New York as espoused by the Court of Appeals in the case of <u>In the Matter of the State of New York v. Avco Financial Service of New York, Inc.</u>, 50 N.Y.2d 383, 429 N.Y.S.2d 181.

In *Avco, supra*, the Court of Appeals held that "the fact that the law exempts such property from levy and sale upon execution by a judgment creditor does not mean that the exemption statute was intended to serve the far more paternalistic function of restricting the freedom of debtors to dispose of these possessions as they wish."

In so holding, the Court stated at pages "387-388";

"It is well recognized, however, that simply because the law exempts such property from levy and sale upon execution by a judgment creditor does not mean that the exemption statute was intended to serve the far more paternalistic function of restricting the freedom of debtors to dispose of these possessions as they wish (see *Montfort v. Grohman, 36 NC App 733; Mutual Loan & Thrift Corp. v. Corn, 182 Tenn 554, Swan v. Bournes, 47 Iowa 501, 503*; 1 Jones, Chattel Mortgages and Conditional Sales [6th Ed], §114). No statute precludes exempt property from being sold; nor is there any which expressly interdicts the less drastic step of encumbering such property. So, for example, while contractual waivers of a debtor's statutory exemptions are usually held to be

void (see *Caravaggio v. Retirement Bd. Of Teachers' Retirement System, 36 NY2d 348, 357-358; Kneetle v. Newcomb, 22 NY 249*), the law has not forbidden a debtor to execute a mortgage upon the property so protected and thus create a lien which may be foreclosed despite the property's exempt status (see *Banking Law, §356* [governing security interests in household furniture]; *Uniform Commercial Code, §9-102*, subd. [1]; *Matter of Brooklyn Loan Corp. v. Gross, 259 App. Div. 165, 166; Emerson v. Knapp, 129 App Div 827*; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5205.7)."

Accordingly, it is respectfully submitted that herein (as in <u>Avco</u>) Respondents' reliance upon the statutory exemption of CPLR §5205 exempting property from execution and levy by a judgment creditor is totally misplaced, unfounded, and inapplicable to any security interest and resultant lien granted by the Debtor-Property Owner, and that accordingly Petitioner-Judgment Creditor's instant Petition should in all respects be granted in its entirety.

Respectfully submitted,

MARSHALL E. BLOOMFIELD, ESQ.

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

Marshall E. Bloomfield,

Petitioner-Judgment Creditor

-against-

Dermot MacShane,

Respondent-Judgment Debtor

And

Sergeant's Benevolent Association Annuity Fund, The City of New York Police
Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental
Iron Workers,

Respondents,

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE, VERIFIED PETITION, AND SUPPORTING DOCUMENTS

LAW OFFICES OF
MARSHALL E BLOOMFIELD, ESQ

Attorney for Plaintiff

*Office, Post Office Address and Telephone*

*349 E 149 ST
BX, NY 10451-5603
(718) 665-5900
(212) 662-1870*

To:

Attorney(s) for Defendant        8810M

3)      An order granting to Movant such other and further additional relief as to this Court may seem just, proper, and equitable.

Sufficient reason appearing therefore let all proceedings relating to the above captioned matter be stayed pending the ~~hearing and determination~~ hearing of the instant motion;

Sufficient reason appearing therefore let service of a copy of this Order upon Dermot MacShane, by personal delivery to him, on or before the 8th day of June, 2004, shall be deemed good and sufficient service and notice thereof;

Sufficient reason appearing therefore let service of a copy of this Order upon Defendant, Judie MacShane, by service upon her Attorney, Elizabeth Hudak, 38 Gleneida Avenue, Carmel, NY 10512 by certified mail, return receipt requested on or before the 4th day of June, 2004, shall be deemed good and sufficient service and notice thereof.

Plaintiff Dermot MacShane, and defendant and counsel for both parties shall appear on the return date of this motion.

Enter _Fred L. Shapiro_

Hon. Fred L. Shapiro ~~J.S.C.~~
A.J.S.C.

LAW OFFICES OF MARSHALL E. BLOOMFIELD, ESQ.  ·  349 East 149th St., BX, NY 10451-5603  ·  (718) 665-5900 or (212) 662-1870

- 2 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-------------------------------------------x
DERMOT MACSHANE,

                              Plaintiff,                    INDEX NO.

          -against-                                         1798/2002

JULIE MACSHANE,

                              Defendant.
-------------------------------------------x

                    Putnam County Courthouse
                    40 Gleneida Avenue
                    Carmel, New York  10512
                    October 6, 2004


BEFORE:

          HON. FRED L. SHAPIRO,
          Acting Justice of the Supreme Court.

APPEARANCES:

          MARSHALL E. BLOOMFIELD, ESQ.
          Attorney for the Plaintiff
          349 E. 149th Street
          Bronx, New York 10451
          AND: WILLIAM KNOESEL
                    Law Assistant.


          BERKMAN & HUDAK, ESQS.
          Attorneys for the Defendant
          38 Gleneida Avenue
          Carmel, New York 10512
          BY: ELIZABETH HUDAK, ESQ.




                    MARY C. TRAYNOR
                    Senior Court Reporter



2

CONFERENCE

THE CLERK:    MacShane versus MacShane.

THE COURT:    Can you please call Ms. Hudak?  I think we should call Ms. Hudak.  I have a feeling that it's settled.

SECOND CALL:

THE CLERK:    On the MacShane matter, confirms matter was adjourned to today and she writes Mr. Bloomfield would greatly appreciate if this adjournment can be calendared for 11:30 a.m., since he may be engaged in the last day of Court ordered depositions in the matter.

THE COURT:    We'll wait until 11:30.

THIRD CALL:

THE COURT:    Let the record indicate that I had some off-the-record discussions with counsel in an ongoing attempt to resolve this matter.

Mr. Bloomfield has advised

CONFERENCE                                3

the Court that after the

off-the-record discussion and counsel

speaking to their clients, it became

apparent that this matter is not going

to be resolved.

Mr. Bloomfield had made

motion some time ago to be relieved as

counsel. And the Court adjourned it,

in order that Mr. Bloomfield would

have an opportunity to attempt to

resolve this matter.

And I want to say for the

record, I'm very much impressed that

Mr. Bloomfield could have walked in

here on a return date and, frankly, I

would have granted the motion at that

time, had he not decided to stick it

out, though he was not getting paid

and attempted to work this out.

Unfortunately the case could

not be resolved and Mr. Bloomfield has

now asked me to decide the motion that

he made.

I'm going to grant his