05/28/2007  23:34    2129475719    LOCAL 580 FUNDS    PAGE   23/55

CONFERENCE                                    4

1
2   application.  I'm going to relieve him
3   as counsel.  I'm going to grant him a
4   retaining lien and he'll provide me
5   with an affidavit served on both Ms.
6   Hudak and Mr. MacShane, as to the fees
7   brought up-to-date.
8            I have the fees up to the
9   date of the motion.  I need from the
10  date, return date of the motion
11  forward and the Court would be
12  inclined to grant that as well.
13           You may be heard on the
14  issue.  Not as to whether he should
15  have the lien, Mr. MacShane.  You
16  shall be heard on whether the fees are
17  reasonable and necessary.  That's the
18  only argument you can make, that the
19  fees were not reasonable or necessary
20  for this case, but he does not have to
21  turn over the file until that lien is
22  resolved.
23           I further indicated that I'm
24  going to give you an opportunity to
25  attain a new attorney and I'll give

CONFERENCE                                    5

you through and including November 5th
to obtain a new attorney.  You'll be
back in court.  We're going to bring
this back on November 17th at 9:30, to
take  -- to hear, to decide how best
to proceed once you have an attorney.

     But keep in mind if you do
not retain a new attorney you will be
proceeding without counsel and I'll
hold you to the same standard as an
attorney.  I can't lower the standard,
even though I'm aware that you're not
an attorney.  I will explain whatever
I feel is appropriate, without
crossing a line and giving you legal
advice, but I will advise you as to
what's going on and the nature of the
proceeding.

     Mr. Bloomfield, do you wish
to be heard?

     MR. BLOOMFIELD:  Just for a
second, to point out to the Court that
the Order to Show Cause dated the
first day of June, 2004, asked for two

CONFERENCE                                    6

forms of relief; an order permitting,
granting myself leave to withdraw and
the Court has just indicated it would
grant that.

The second one was an order
approving movant's interest, my
interest, in the property of the
Plaintiff, Dermot MacShane, pursuant
to NYC 2d 2002.16.2 and attached to
the moving papers was an
acknowledgment of my interest in his
property as set forth and his net
worth affidavit and consenting,

THE COURT:   Let me say this
to you:  I'm going to grant that to
the extent there will be no
distribution of any assets to Mr.
MacShane without you being heard.

And it would be my intention
to give you your fee off the top of
any distribution.

MR. BLOOMFIELD:  Thank you

THE COURT:   Again, there
will be another judge here.  If you

10/6/04

CONFERENCE                                    7

submit this to me. I'll make sure the other judge sees it. Before anything can be distributed to you, Mr. Bloomfield is entitled to have his fee paid.

MR. MACSHANE:  Can I have a copy?  I was never served.

THE COURT:  You had to, to be here.

MR. MACSHANE:  Your Honor, I was not.

THE COURT:  I'll ask Mr. Bloomfield to provide you with another copy.

MR. BLOOMFIELD:  Absolutely and it was served.

THE COURT:  I have an affidavit of service and it was here on the return date, I believe you had it. Doesn't matter. I'm going to get you a new one. I'm not going to say too bad.

MR. MACSHANE:  He showed it to me at that time.

8

CONFERENCE

1

2      THE COURT:    Doesn't matter.

3  You're going to get it.

4      MR. MACSHANE:   One other

5  question. How do I proceed? I'm

6  beyond destitution as it stands.

7      THE COURT:    Let me say this.

8      MR. MACSHANE:  Such a

9  thing --

10     THE COURT:    What is your

11 salary?

12     MR. MACSHANE:  80,000 a year.

13     THE COURT:    Nobody is going

14 to grant you poor person relief making

15 $80,000.

16     MR. MACSHANE:  After child

17 support and other obligations --

18     THE COURT:    If you want to

19 make an application, get in touch with

20 Judge Nicolai's office and they'll

21 make short visit.  On an $80,000

22 income there is no way in the world

23 they will assign an attorney to you.

24     Ms. Hudak, do you wish to be

25 heard?

10/6/04

CONFERENCE                                    9

MS. HUDAK:  Couple of things.
I want to make sure my client
is aware of the fact during what you
have done is a stay period for anymore
proceedings.  That we are going to be
filing contempt motion in this matter
and I need for my client to know that
I will not be able to do so during
this period of time, though I have
assured her one will be forthcoming
once the period of time is up.  If we
can clarify the date when I can bring
the same?

THE COURT:  The stay was up
and including November 5th.  And if
you bring in an Order to Show Cause to
me on November 8th, I'll make it
returnable on the 17th.

Let me say this to you: I
take those contempts very seriously.
If you're not current, I'll probably
do a hearing that day.  And keep in
mind if I find that you willfully
violated, with or without an attorney,

10/6/04

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CONFERENCE                              10

you're not going out that way.  You go

right to the County Jail.

          MR. MACSHANE:  I understand

that.

          Last thing, arrears of $60

          THE COURT:  Well, I don't

know what it is, but I'm not even

saying you're in arrears.  I only put

people in jail that willfully violate

my orders and I do a hearing, but I

have a feeling I'll do the hearing

either that day or the next day.

          So, be prepared and let

counsel know, because I'm not going

to -- I don't let anybody violate

orders.  If you haven't violated the

order or you owe something like $60

no way in the world I'm putting you in

jail.  You'll walk out.  I didn't say

if they bring the motion you'll go to

jail.  I'll take testimony and they

have to prove it by clear and

convincing evidence.  You don't have

to say anything and you could prevail.

CONFERENCE                                    11

You have to prevail in the case.  If they show all the money, number one, you can argue you don't owe it, which is of course a complete defense or that failure to pay was not willful, but once, if I find it's willful, you go to jail until you pay what's owe and six months is a long time to sit in there.

MS. HUDAK:  Additionally, to make certain Mr. MacShane is very clear, that the pendente lite order of the Honorable John W. Sweeney, Jr., is in effect.

THE COURT:  That order has to be complied with, I never vacated it.  You're aware that whatever Judge Sweeney had in that order, you're supposed to be in compliance with.

MR. MACSHANE:  It's impossible.

THE COURT:  Wait.  Are you aware that it's still in effect and nothing happens to that order by

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONFERENCE                                    12

anything that I did today?

    MR. MACSHANE:  Yes.

    THE COURT:    So, if they show

that you are not in compliance, then

you have to come forth and show, I'm

not in compliance, but it's not

willful.  If I disagree with you or I

find for argument's sake you should

have paid more than you did, it's

going to be jail until you, you know

you don't get time to go get the

money.

        So, if you could somehow

raise the money and they document it

so, I would strongly suggest that you

do so, because I don't like sending

people to jail, I abhor it, but I find

that other than one case over ten

years, every person I put in jail

within two to three days, every single

penny has appeared and the other

person had the money and basically was

spitting in my face and said to me, I

got it and I'm not paying it, so he

CONFERENCE                                    13

wanted to sit there for six months.
Wasn't much I could do.

MR. MACSHANE: Your Honor, I
never had the money.

THE COURT:  They have to
prove.  This is the order and this is
what you paid and then you have the
burden of coming forward and saying
yes, I paid it, and if you paid it
it's over or no, I didn't, but it
wasn't willful.

There is three choices.  I
can either say you're cleared, none of
this was willful, or I could say,
well, he ordered you to pay X dollars
you couldn't afford X, but you could
afford Y, so you go to jail until Y is
paid, or I could say, no, they have
established that you didn't comply
with the order and I don't see any
reason why you couldn't comply and
then you go to jail.  It's six months
sentence.  I want you to know that,
but keep in find you have the key.  If

10/6/04

CONFERENCE                          14

you make payment, I open the jail door
that day. I don't keep people in
there to punish them. The sole
purpose of this is to coerce
compliance.

MS. HUDAK: Your Honor,
order, among other items I would ask
Mr. MacShane now that he is currently
unrepresented by counsel to review
that order, to make certain that he's
aware of the fact that among other
items in the order, he owes Mrs.
MacShane the sum of 1,000 a month as
and for maintenance, which hasn't been
paid for some time. At a minimum now
he needs to review that. minimum
payments on credit cards, etcetera,
those are the items I'm speaking
about, but I would ask that Mr.
MacShane review that order, you know,
in expectation of receiving contempt
motion.

Thank you, your Honor.
MR. MACSHANE: Excuse me,

CONFERENCE                                    15

your Honor, anything that preempts
such motion that it's frivolous and
false, because all of my cards are on
the table.

THE COURT:   Listen to me.
You can argue that it's frivolous in
your opposition papers.   I'll listen
to both sides.

MR. MACSHANE:  To preempt.

THE COURT:   How can I know
something before I read the papers?

MR. MACSHANE:  From the
paperwork that the defense attorney
has, that they would know there is no
way that I have this money, nor do I
have the assets.  It's been known
since before I lost my house, your
Honor.

THE COURT:   You can argue
that.

MR. MACSHANE:  Nothing to
preempt.

THE COURT:   You couldn't
preempt anything.  Law doesn't permit

10/6/04

CONFERENCE                                    16

that.    After the fact if I find it's
frivolous, I can say this was
frivolous and I could sanction them up
to $10,000.

           But let me say this to you:
I know Ms. Hudak a long time and I've
never known her to make frivolous
motions.    I've known her to make
motions which I have denied, but never
frivolous.

           MR. MACSHANE:    This is
frivolous.

           MS. HUDAK:    My motion for
contempt would be frivolous, just so
that I can clarify.

           MR. MACSHANE:    Practically
criminal.

           MS. HUDAK:    If I may, we're
not revisiting Judge Sweeney's
pendente lite.

           THE COURT:    His argument is
that he can't comply with it, you
know, not that he's defying, he can't
comply and I'll find that out.

CONFERENCE

As a matter of fact, you know what you could do, make motion returnable by Order to Show Cause on November 15th. I'll come in November 15th and set it down for an order that week for hearing so you be prepared to go the 17th -- 16, 17th, 18th or 19th. No?

MS. HUDAK: That would be when the trial would be.

THE COURT: Hearing on the contempt, I want to do it before I go.

MR. BLOOMFIELD: For the record, I'm gone.

THE COURT: You're gone as of now.

If you come in without an attorney, I can almost guarantee the result, you know. This is a very serious matter and, you know, I would like to -- I don't want you losing because you don't have an attorney who can articulate the law and argue and examine witnesses. I don't think

CONFERENCE                                    18

1

2        you're capable of doing that.  No way

3        I would be capable of doing your job

4        and not any disrespect.  If you don't

5        have an attorney, it's going to be

6        very difficult for you to prevail.

7              I'll say this to you, if I

8        were you, I would get an attorney real

9        quickly.  I don't know, let that

10       attorney review what was done and I

11       have a feeling that --

12             MR. MACSHANE:  If I had the

13       money.

14             THE COURT:   Let me finish.

15       I have a feeling they'll come to the

16       same conclusion Mr. Bloomfield did

17       the proposed settlement was fair and

18       reasonable with what I said today to

19       them and you could avoid the whole

20       mess.

21             I think what you are doing

22       is, again, I did think it's in good

23       faith, I'm not going to argue that and

24       Mr. Bloomfield was very clear that he

25       understands your reasoning, but if you

CONFERENCE                              19

were a business person and I said, if
you go this route you're going to lose
a lot of money. If you go this route
you'll lose a lot of money and you
said I'm a man of principles, I would
rather lose the money. Wait, I'm
using that as analogy. Not saying
it's what you have done. I can almost
guarantee if you don't have an
attorney, this is going to turn out
much worse than a settlement. If you
have an attorney, I would want them to
exercise independent judgment. I
wouldn't be surprised if they came to
the same conclusion Mr. Bloomfield
did. You're digging in, spinning your
wheels and you'll end up hurting
yourself. And the reason is that I'm
not going to be the judge that decides
it and I'm not going to discuss this
with the new judge, but you're going
to be very unhappy if you push this to
the limit.

I think you're making a

*CONFERENCE*                                          20

terrible mistake and that's my advice
as best I can give it to you and
because I don't want to see you end up
in jail and I don't want to see
decision by another judge that
financially hurts you more than you
would have been had you gone along
with the settlement and you better
sleep on it.

　　　　Mr. Bloomfield did a great
job for you and I have to tell you I
didn't know him before this and I
never saw anybody so tenacious that
wasn't getting paid and sticking up
for you every turn.  And because the
easy thing for him would have been to
say, look, I can't settle it, I'll
walk away now, he didn't, he stuck in.
As difficult as it was, you should be
grateful for him and I have tremendous
respect for Mr. Bloomfield.

　　　　MR. BLOOMFIELD:  Just I have
to, I may not agree with everything
that the Court said about me, but

*CONFERENCE*                                    21

there is one thing that's obvious to
both counsel, the amount of effort
that you, this Court, put in, the time
this Court put into attempting
resolution is extraordinary. And a
lot of it was off the record in
chambers, trying to work things out.
Number of hours and the efforts and
constructive nature of it, from my
point of view and I've been practicing
over 36 years, extraordinary. I've
never experienced anything that was
more than that effort and I wish to
thank the Court for that.

          And I also wish to say that I
hope that the parties do resolve this
as soon as possible and I know it
behooves both of them to do so.

          THE COURT:  I agree
completely with that and I just hope
that it can be done during this
interim period, that something be done
to resolve it. If not, we'll go
forward and the I think contempt

*CONFERENCE*                    22

1

2      motion will decide a lot of this case

3      one way or the other and that's why I

4      wanted to do a hearing before you at

5      least the bench and I'm clearly, that

6      whole week I know I can get it done.

7              MR. BLOOMFIELD:  Thank you,

8      your Honor.

9              MS. HUDAK:  And obviously Mr.

10     Bloomfield is always eloquent and we

11     join in his sentiment.

12             MR. MACSHANE:  In light of

13     the lien on the property, do I have

14     access to my file?

15             THE COURT:   No.  Until you

16     either pay the bill or I set the lien,

17     if you want to agree to the lien I'll

18     have him send the file over, but in no

19     event will any money go to you, but

20     I'm not going to lift the lien on any

21     property.

22             MR. MACSHANE:  I'm not

23     looking for a lift on the lien.  I'm

24     agreeing to the lien.

25             THE COURT:   Do you want to

CONFERENCE                                        23

know the amount?

                    MR. MACSHANE:    I don't.

                    THE COURT:    I don't think
Mr. Bloomfield does.

                    MR. MACSHANE:    Couldn't that
be settled a later date.

                    THE COURT:    Law requires at
least the lien be set before the file
is turned over.  Not paid, but set.

                    MR. MACSHANE:    Okay.

                    THE COURT:    If you agree
with Mr. Bloomfield, he'll send a
stipulation.  I'll so order and you
get the file, but right off the top
but --

                    MR. MACSHANE: I'm in over my
head.

                    THE COURT:    I think so. too.


                            oOo


Certified to be a true and correct
transcript.

Mary C. Traynor,
Senior Court Reporter


                    10/6/04

EXHIBIT D



At the Supreme Court,
State of New York held in
and for the County of
Putnam, at the Courthouse
located at 40 Gleneida
Avenue, Carmel, New York
10512 , on the _15th_ of
_January_ 2004

2005 JAN -6 PM 2: 46   PUTNAM COUNTY CLERK

Present:   Hon. Andrew P. O'Rourke
           Supreme Court Justice
           ~~Hon. Fred L. Shapiro, J.S.C.~~

—————————————————————————————x
Dermot MacShane,,

                              Plaintiff(s),

        -against-                                Index No.: 1798/02

Judie MacShane,

                              Defendant(s),
—————————————————————————————x                  JUDGMENT

        An Order to Show Cause having previously been submitted to this Court and

signed by Hon. Fred L. Shapiro on the 1st day of June, 2004; and

        Said Order to Show Cause having sought the following enumerated items of

relief:

        1) An order permitting and allowing Marshall E. Bloomfield, Esq. leave

to withdraw as Counsel for Plaintiff, Dermot MacShane; and

        2) An order approving Counsel Fees and Disbursements incurred up

through and including May 24, 2004, in the amount of $20,143.19; and

        3) An order approving an interest of Marshall E. Bloomfield, Esq., in the

property of Plaintiff, Dermot MacShane, pursuant to NYCRR §202.16(2); and

        The above captioned matter having come on before this Court on July 7, 2004,

August 12, 2004, and October 6, 2004; and

        The Court having read the Affirmation of Marshall E. Bloomfield, Esq., dated

May 28, 2004, and submitted in support of the motion; and

The Court on October 6, 2004, having granted the motion in its entirety; and

The Court on October 6, 2004, having directed the submission of a Supplemental Affirmation of Services on Notice; and

The Court having read the Supplemental Affirmation of Marshall E. Bloomfield, Esq., dated October 29, 2004; and

The Court by Decision and Order dated November 18, 2004, having granted the Supplemental Application for Counsel Fees and Disbursements in the additional amount of $10,249.00; and

The Court by Decision and Order dated November 18, 2004, having directed the Settlement of a Judgment on five days Notice;

NOW upon motion of Marshall E. Bloomfield, Esq., it is hereby

ORDERED and ADJUDGED that Judgment be made and entered herein in favor of Marshall E. Bloomfield, Esq. and against Plaintiff, Dermot MacShane, in the amounts of $20,143.19 and $10,249.00 for a total of $30,392.19; and it is further

ORDERED and ADJUDGED that an interest in the property of Plaintiff, Dermot MacShane, to the extent of $30,392.19, be awarded in favor of Marshall E. Bloomfield, Esq., pursuant to NYCRR §202.16(2); and it is further

ORDERED and ADJUDGED that Marshall E. Bloomfield, Esq., have execution thereon.

ENTER _____ 12/15/04
                J.S.C.

Hon. Andrew P. O'Rourke
Supreme Court Justice

Entered January 6, 2005

_____

# AMENDED DECISION AND ORDER

To commence the statutory
period of appeals as of right
CPLR (5515 [a]), you are advised
to serve a copy of this order
with notice of entry, upon all
parties.

PUTNAM COUNTY
CLERK
2005 DEC 13  AM 9: 19

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, PUTNAM COUNTY

Present:  Hon. Andrew P. O'Rourke
              Supreme Court Justice

------------------------------------------------------------X

MARSHALL E. BLOOMFIELD, ESQ.,

INDEX NO.: 2022/2005
MOTION
DATE: 11/21/05

                          Petitioner-Judgment Creditor,

           -against-

DERMOT MACSHANE,

                          Respondent-Judgment
                          Debtor,

           -and-

JUDITH MACSHANE

                          Respondent,

           -and-

SERGEANTS BENEVOLENT ASSOCIATION ANNUITY
FUND, THE CITY OF NEW YORK POLICE PENSION
FUND, FUND OFFICE OF LOCAL 580 OF
ARCHITECTURAL AND ORNAMENTAL IRON
WORKERS, ALLSTATE FINANCIAL SERVICES, HSBC,
CITIBANK, NEW YORK CITY POLICE DEPARTMENT,
WACHOVIA f/ka FIRST UNION,

1

RESPONDENTS-
GARNISHEES

---------------------------------------------------X

The following documents numbered 1 to 6 read on this motion by Petitioner to Garnish Dermot
MacShane's pension and assets to satisfy a judgment.

> Notice of Motion- Affidavits 1, 2
> Answering Affidavits 5, 6
> Replying Affidavits
>           Affidavits
> Pleadings-Exhibits-Stipulations-Minutes 4, 4
> Briefs: Plaintiff
>           Defendant

Motion is decided as follows:

Petitioner obtained a judgment against the Judgment-Debtor Dermot MacShane in the

sum of $30,392.19.  Petitioner seeks to collect said judgment from the respondent-Garnishees

Sergeants Benevolent Association Annuity Fund, the City of New York Police Pension Fund,

Fund Office of Local 580 of Architectural and Ornamental Iron Workers, Allstate Financial

Services, HSBC, Citibank, New York Police Department and Wachovia f/ka First Union., all of

whom have moneys belonging to Respondent-Debtor Dermot MacShane.

Petitioner seeks a judgment pursuant to CPLR 5225(b) and CPLR 5227 ordering the

turnover of property held by the Respondent-Garnishee to the Petitioner Judgment Creditor

sufficient to satisfy the outstanding judgment.  Petitioner further alleges Dermot MacShane is

employed by the New York City Police Department holding the rank of Sergeant for an annual

salary of $75,070 against which there are no liens or judgments.  Petitioner requests installment

payments be made to Petitioner from Dermot McShane's salary to satisfy the outstanding

2

judgment.

In opposition Respondent Garnishee, Fund Office of Local 580 of Architectural and Ornamental Iron workers, states Petitioner's request to turnover funds from the pension plan benefits to which Dermot MacShane might be entitled is barred by ERISA and unenforceable.

An affidavit in opposition is submitted by Judith MacShane who states that Dermot McShane's pensions and annuities are part of the equitable distribution to which she is entitled. Ms. MacShane alleges her interest herein are superior to any other claim and should be preserved.

After a review of the documents presented the Court directs that the Judgment Debtor Dermot McShane's employer, the New York City Police Department pay directly to Petitioner-Judgment Creditor, the sum of $200 per pay period until the judgment owed herein is paid in full.

Additionally, any moneys held by HSBC, Citibank, Allstate Financial Services and or Wachovia f/k/a First Union in the name of Dermot McShane will be turned over to the Petitioner Judgment Creditor Marshall E. Bloomfield, Esq. Toward the satisfaction of Petitioner's judgment.

This constitutes the order of the Court.

_____
Andrew P. O'Rourke
Justice of the Supreme Court

Dated: December 12, 2005
       Carmel, NY

3

...REME COURT OF THE STATE OF NEW YORK                                                    2022/200
...OUNTY OF PUTNAM

MARSHALL E. BLOOMFIELD, ESQ
                        Petitioner-Judgment Creditor        | **INFORMATION SUBPOENA**
                                                            | **WITH Rule 5224**
-against-                                                   | **CERTIFICATION & ANNEXED**
Dermot Macshane                                             | **QUESTIONNAIRE**
                        Respondent-Judgment Debtor

Judith Macshane.
                        Respondent

AND

Sergeants Benevolent Association Annuity Fund, The City of
New York Police Pension Fund, Fund Office of Local 580 of
Architectural and Ornamental Iron Workers, Allstate Financial
Services, HSBC, Citibank, New York City Police Department,
Wachovia f/k/a First Union,

---

**To:**   Fund Office of Local 580 of Architectural and Ornamental Iron Workers
          501 W 42 ST
          NY, NY 10036

WHEREAS, in an action in the, Supreme Court of the State of New York County of Putnam with   as Plaintiff(s) and   , as
Defendant(s) who are all the parties in said action. a judgment was entered on 01/16/2005 in favor of Marshall E. Bloomfield
Esq . Judgment Creditor and against, and against, Dermot Macshane, Judgment Debtor(s) in the amount of  $30,592.19 of
which $31,489.91 together with interest thereon from March 20, 2007 remains due and unpaid; and,
NOW. THEREFORE WE COMMAND YOU, that you answer in writing under oath, separately and fully, each question in
the questionnaire accompanying the subpoena, each answer referring to the question to which it responds; and that you return
the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.
TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as contempt of court.
    PLEASE TAKE NOTICE that you are hereby commanded to answer fully  each and every question herein below set forth to
the best of your ability, and wherever possible to do so in the space provided thereunder, returning the original thereof,
SIGNED BEFORE A NOTARY PUBLIC, in the prepaid, self-addressed envelope enclosed. within seven (7) days after your
receipt of these Questions and the Subpoena annexed hereto.
NOTICE: CPLR Rule 5224(a)3 STATES, (and we require compliance with):
    "EACH QUESTION SHALL BE ANSWERED SEPARATELY & FULLY and EACH ANSWER SHALL
    REFER TO THE QUESTION TO WHICH IT REFERS. . . ANSWERS SHALL BE RETURNED WITH
    THE ORIGINAL OF THE QUESTIONS within SEVEN days after receipt."
I HEREBY CERTIFY that this Information Subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that
I have a reasonable belief that the party receiving this Information Subpoena has in their possession information about the
Judgment Debtor(s) that will assist the Judgment Creditor in collecting the Judgment.
                        **YOUR SHORT FORM WILL NOT BE COMPLIANCE!**
Answers shall be made by any officer. agent, or employee having the information if you are a corporation, partnership or sole
proprietorship.
Dated: Bronx, New York                                          Marshall E. Bloomfield, ESQ
       March 20, 2007                                          Attorney for Judgment Creditor(s
                                                               349 E 149 ST, BX NY 10451-560
                                                               (718) 665-6900 or (212) 662-1870
                                                               Attorney File# 8810M

NOTE: There is a Restraining Notice attached hereto and served simultaneously.
      Please do not hesitate to contact this firm if you have questions or need more information!

The Law Offices of
Marshall E. Bloomfield,
Esq. 349 E 149 ST BX NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM                                                                    2022E

MARSHALL E. BLOOMFIELD, ESQ.                          **QUESTIONNAIRE**
                          Petitioner-Judgment Creditor

-against-
Dermot Macshane,
                          Respondent-Judgment Debtor
Judith Macshane,
                          Respondent

AND
Sergeants Benevolent Association Annuity Fund, The City of
New York Police Pension Fund, Fund Office of Local 580 of
Architectural and Ornamental Iron Workers, Allstate Financial
Services, HSBC, Citibank, New York City Police Department,
Wachovia f/k/a First Union.

| TO: | Fund Office of Local 580 of Architectural and Ornamental Iron Workers |
| | 501 W 42 ST |
| | NY, NY 10036 |

STATE OF NEW YORK
                                          SS:
COUNTY OF _____

I, Peter Myers BEING SWORN DEPOSES AND SAYS; THAT DEPONENT IS THE

Fund Director of I.W. Local 580 RECIPIENT OF AN INFORMATION SUBPOENA HEREIN AND OF THE ORIGINAL
AND A COPY OF QUESTIONS ACCOMPANYING SAID SUBPOENA. THE ANSWERS SET FORTH BELOW ARE MADE FROM INFORMATION
OBTAINED FROM RECORDS OF THE RECIPIENT:

                    (IF YOU NEED MORE SPACE, YOU MAY ATTACH ADDITIONAL SHEETS OF PAPER TO THIS SUBPOENA)
PLEASE CHECK ALL ACCOUNTS INCLUDING BUT NOT LIMITED TO:
A>>  WAS THERE EVER* AN ACCOUNT AT YOUR BANK, EVEN IF NOW 'CLOSED'?:
      *(CERTAINLY WITHIN LAST 3 YEARS UNLESS YOUR RECORDS GO FURTHER!)

MUST ANSWER>>  YES: ✓  NO: _____      <<INITIAL CORRECT ANSWER
                                 AND,

B>>  AFTER A THOROUGH AND EXHAUSTIVE CHECK OF ALL YOUR RECORDS, HAVE YOU FOUND ANY ACCOUNTS, AND
WHETHER OR NOT THEY ARE PRESENTLY OPEN OR CLOSED, FOR EITHER ACCOUNTS OR LOANS, AT ANY OF YOUR
NUMEROUS OFFICES OR BRANCHES? "

MUST ANSWER>>  YES: ✓  NO: _____      <<INITIAL CORRECT ANSWER
                                 "
                    <<THANK YOU FOR YOUR COOPERATION>>
                    <<REMINDER: YOUR ANSWER MUST BE NOTARIZED>>

IF THE ANSWER TO NO. "B>>" ON PRIOR PAGE IS "YES", AND IF THERE WERE (OR ARE) OPEN OR CLOSED ACCOUNTS (INCLUDING IN
ANY OF YOUR BRANCHES), YOU MUST FILL OUT THE REMAINING QUESTIONS WITHIN THIS SUBPOENA. ON THE OTHER HAND, IF THE
ANSWER IS "NO", AND IF YOU'RE SURE, YOU NEED NOT ANSWER ANY MORE QUESTIONS --- JUST INITIAL EACH ANSWER AND SIGN ON THE
LAST PAGE BEFORE A NOTARY PUBLIC AFTER SWEARING TO THE ACCURACY OF YOUR ANSWERS.

WHERE ANSWER TO "A>>" OR "B>>" "YES" THEN:

1.    SET FORTH EACH & EVERY ITEM SHOWN ON YOUR ACCOUNT RELATIONSHIP/CUSTOMER DATA BASE (OR RECORDS), OR
      OTHERWISE WITHIN YOUR POSSESSION, ACCESS, AND/OR CONTROL, WITH REFERENCE TO ABOVE-NAMED JUDGMENT DEBTOR(S),
      INCLUDING, BUT NOT LIMITED TO:

A. THE EXACT TITLE AND ACCOUNT NUMBER OF EACH AND EVERY ACCOUNT, OR RELATED ACCOUNT, AD WHETHER PAST OR PRESENT, OPEN OR CLOSED, AND IF CLOSED ON WHAT DATE)

**Local 580 Annuity Fund. 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. Open**

B. SET FORTH WHETHER OR NOT THE SAID ACCOUNT(S) ARE WITH YOUR BANK; AND IF "YES", WITH WHICH BRANCH, AND ITS ADDRESS:

**Local 580 Annuity Fund
501 West 42nd St. N.Y. N.Y. 10036**

C. FOR EACH SAID ACCOUNT, SET FORTH THE CURRENT BALANCE:

**$59,804.80**

D. SET FORTH WHETHER OR NOT EACH ACCOUNT ENUMERATED IS NOW OPEN OR CLOSED, AND IF CLOSED, SET FORTH THE DATE OF CLOSING THEREOF, PLUS THE PAYEE, DATE AND AMOUNT OF LAST 10 WITHDRAWALS. PLUS THE PAYOR, DATE, AND AMOUNT OF LAST 10 DEPOSITS.

**Opened.**

2. SET FORTH ALL EMPLOYMENT INFORMATION SHOWN ON YOUR RECORDS, INCLUDING DATES OF EMPLOYMENT & YOUR VERIFICATION THEREOF.

**NOT AN EMPLOYEE. he is a member of this uni**

3. SET FORTH THE DATE OF BIRTH OF THE JUDGMENT DEBTOR(S). **12-21-1959**

4. SET FORTH THE SOCIAL SECURITY NUMBER OF THE JUDGMENT DEBTOR(S). **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**

5. SET FORTH ALL CREDIT INQUIRIES RECEIVED RELATIVE TO JUDGMENT DEBTOR(S). (WHO INQUIRED? WHEN? WHAT WAS STATED PURPOSE OF INQUIRY?)

**UNKNOWN**

6. SET FORTH THE TITLE OR POSITION OF THE EMPLOYEE(S) (JUDGMENT DEBTOR(S)).

**NOT A EMPLOYEE.**

7. SET FORTH THE ANNUAL SALARY OF THE SAID JUDGMENT DEBTOR(S).

**UNKNOWN**

8. IF THE JUDGMENT DEBTOR(S) IS/ARE MARRIED, SET FORTH THE NAME, (MAIDEN NAME IF APPROPRIATE, SOCIAL SECURITY NUMBER, AND ADDRESS OF THE SPOUSE.

**N/A**

9. SET FORTH NAME & ADDRESS ANY KNOWN DEPENDANTS OF DEBTOR(S). **SIOBHAN MACSHANE 1030 HOLLYWOOD AVE BRONX N.Y. 10465**

V\Dermot MACSHANE\08\0Mv07 to Fund Office of Local 580 of Architectural and Ornamental Iron Workers-070320-LR.WPD

The Law Offices of
Marshall E. Bloomfield.
Esq. 349 E 149 ST BX NY

10. SET FORTH ALL REAL PROPERTY OWNED BY THE JUDGMENT DEBTOR(S).

UNKNOWN

11. SET FORTH THE NAME AND ADDRESS OF THE CLOSEST LIVING RELATIVE OF THE JUDGMENT DEBTOR(S).

UNKNOWN

12. SET FORTH ALL REFERENCES (BOTH BUSINESS, BANKING, AND PERSONAL) LISTED BY THE JUDGMENT DEBTOR(S), AS WELL AS THEIR ADDRESSES.

UNKNOWN

13. SET FORTH ALL ASSETS LISTED BY THE JUDGMENT DEBTOR(S).

UNKNOWN

14. SET FORTH THE YEAR, MAKE, AND LICENSE NUMBER AND/OR REGISTRATION NUMBER OF ANY VEHICLES OWNED BY THE JUDGMENT DEBTOR(S).

UNKNOWN

15. SET FORTH WHETHER OR NOT THE RECORDS KEPT IN THE NORMAL COURSE OF BUSINESS INDICATES THAT ANY OPEN ACCOUNT HAS A HIGHER BALANCE AT ANY GIVEN DAY OF THE WEEK, TIME OF THE MONTH, PERIOD OF THE YEAR, AND IF SO, IDENTIFY THE SAME.

N/A

16. SET FORTH WHETHER OR NOT THERE IS ANY PERSON OR PERSONS WITHIN THE BANK PARTICULARLY FAMILIAR WITH THE ABOVE ACCOUNT(S) OR RELATED BUSINESS, AND IF SO, SET FORTH THE PERSON'S NAME AND TITLE.

UNKNOWN

17. IF THE ANSWER TO NO. 16 IS AFFIRMATIVE, PLEASE HAVE SAID PERSON REVIEW AND SUPPLEMENT THE ANSWERS PREVIOUSLY PROVIDED ELSEWHERE HEREIN; IT GOES TO THE ESSENCE OF THE INTEGRITY OF THE ANSWERS PROVIDED BY YOU THAT YOUR ANSWERS ACCURATELY REFLECT AND PRESENT A TRUE AND ACCURATE PICTURE OF THE INFORMATION SOUGHT HEREIN.

N/A

18. PLEASE SET FORTH THE MOST RECENT HOME ADDRESS YOUR RECORDS INDICATE FOR EACH NAMED JUDGMENT DEBTOR(S):

1030 HOLLYWOOD AVE. BRONX N.Y. 10465

V:\Denise\MACSHANE\0010M1407 to Fund Office of Local 580 of Architectural and Ornamental Iron Workers-070320-LF.WPD

The Law Offices of
Marshall E. Bloomfield,
Esq. 349 E-149 ST BX NY

9.   STATE WHETHER THERE ARE ANY PENDING TRANSACTIONS, OR SUMS OF MONEY PRESENTLY DUE, OR TO BECOME DUE TO
     JUDGMENT DEBTOR(S), AND IF SO, THE AMOUNTS THEREOF; IF AFFIRMATIVE SET FORTH INFORMATION THEREON:

                    NONE  AT THIS TIME

20.  IF THE JUDGMENT DEBTOR(S) RECEIVE AUTOMATIC DEPOSITS OR WITHDRAWS FROM ANY OPEN OR CLOSED ACCOUNT AT YOUR
     INSTITUTION, PLEASE SET FORTH ALL INFORMATION REGARDING THESE TRANSACTIONS.

                    N/A

21.  IF ANY OF THE OPEN OR CLOSED ACCOUNTS WAS LINKED TO A BROKERAGE ACCOUNT, OR MORTGAGE ACCOUNT, PLEASE SET
     FORTH ALL INFORMATION REGARDING THE LINKED ACCOUNT(S).

                    N/A

TAKE FURTHER NOTICE, THAT FALSE SWEARING OR FAILURE TO COMPLY WITH EACH AND EVERY ONE OF THE ABOVE ITEMS SET
FORTH IN THE ABOVE SUBPOENA IS PUNISHABLE AS A CONTEMPT OF COURT.

DATED: BRONX, NEW YORK                                          MARSHALL E. BLOOMFIELD, ESQ
      MARCH 20, 2007                                      ATTORNEY FOR JUDGMENT CREDITOR(S
                                                              349 E 149 ST, BX NY 10451-560.
                                                           (718) 665-5900 OR (212) 662-187
                                                                ATTORNEY FILE#: 8810M

THE UNDERSIGNED REPRESENTS THAT THE ABOVE ANSWERS ARE TO THE BEST OF MY ABILITY!

BY:   _Peter Myers_
      _Peter Myers_
      (NAME SIGNED MUST BE PRINTED BELOW)

----------------------------

SWORN TO BEFORE ME THIS   3

DAY OF  APRIL  , 20 07.

_____                  PATRICK DOHERTY
NOTARY PUBLIC                     Notary Public, State of New York
                                 No. 01DO6018159
                                 Qualified in Rockland County
                                 Commission Expires Jan. 4, 2011

NOTE:  YOU ONLY HAVE TO RETURN THE ORIGINAL TO OUR OFFICE THE "COPY" IS FOR YOUR RECORDS AND
       RETURNING IT TO US MAY REQUIRE YOU TO PLACE EXTRA POSTAGE ON THE ENVELOPE PROVIDED!

V:\Dermot MACSHANE\8810M\407 fa Fund Office of Local 580 of Architectural and Ornemental Iron Workers-070320-LF.WPD

                                                                          The Law Offices of
                                                                          Marshall E. Bloomfield,
                                                                          Esc. 349, E 149 ST BX NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------x

Marshall E. Bloomfield.                                                   Index No:

                         Petitioner-Judgment Creditor

          -against-                                                    **VERIFICATION**

Dermot MacShane

                         Respondent-Judgment Debtor

                And

Sergeant's Benevolent Association Annuity Fund. The City
of New York Police Pension Fund, and the Fund Office of
Local 580 of Architectural and Ornamental Iron Workers,

                         Respondents.
-----------------------------------------------x

STATE OF NEW YORK        )
                         ) ss:
County of Bronx          )


       I, Marshall E. Bloomfield, being sworn, say: I am the Petitioner-Judgment Creditor in the
within Proceeding and that I have read the foregoing attached Petition and know the contents thereof
and that the same is true to my own knowledge, except as to the matters therein stated to be alleged
on information and belief, and as to those matters, I believe it to be true.

                                                  _____
                                                  Marshall E. Bloomfield

Sworn to before me
This 4th day of May,
2007.

_____
NOTARY PUBLIC

         JOSEPHINE AVILES
    Notary Public, State of New York
            No. 01AV5080851
        Qualified in Bronx County
    Commission Expires June 23, 2007


MARSHALL E. BLOOMFIELD, ESQ $ 349 EAST 149TH STREET, The BRONX NEW YORK 10451-5603 $ (718) 665-
                                          5900

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

Marshall E. Bloomfield,

                                        Petitioner-Judgment Creditor

        -against-

Dermot MacShane,

                                        Respondent-Judgment Debtor

        And

Sergeant's Benevolent Association Annuity Fund, The City of New York Police
Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental
Iron Workers,

                                        Respondents.

---

### ORDER TO SHOW CAUSE, VERIFIED PETITION, AND SUPPORTING DOCUMENTS

---

LAW OFFICES OF
# MARSHALL E BLOOMFIELD, ESQ

Attorney for Plaintiff

*Office, Post Office Address and Telephone*

349 E 149 ST
BX, NY 10451-5603
(718) 665-5900
(212) 662-1870

---

To:

Attorney(s) for Defendant        8810M

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

-------------------------------------------------------------------------X

MARSHALL E. BLOOMFIELD,

                    Petitioner-Judgment Creditor        Index No.: 969/07

    - against –

DERMOT MACSHANE,

                  Respondent-Judgment Debtor

      -and-

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND; THE CITY OF NEW YORK
POLICE PENSION FUND AND THE FUND
OFFICE OF LOCAL 580 OF ARCHITECTURAL
AND ORNAMENTAL IRON WORKERS,

               Respondents.

-------------------------------------------------------------------------X

### NOTICE OF FILING OF PETITION FOR REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT <u>COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

TO:    Clerk of the Putnam County Supreme Court
       40 Gleneida Avenue
       Carmel, New York 10512

TO:    Marshall Bloomfield, Esq.
       349 East 149th Street
       Bronx, New York 10451-5603

       Anne Paxton, Esq.
       O'Dwyer & Bernstein, LLP
       Attorneys for Respondent,
       Sergeants Benevolent Association Annuity Fund
       52 Duane Street, 5th Floor
       New York, New York 10007

Dermot MacShane
1030 Hollywood Avenue
Bronx, New York 10463

City of New York Police Pension Fund
c/o Corporation Counsel
100 Church Street
New York, New York 10007

**PLEASE TAKE NOTICE** that Respondents in the above captioned action, originally pending in the Supreme Court of the State of New York, Putnam County, Index No.: 969/07, did on the 21st day of May, 2007 file in the District Court of the United States for the Southern District of New York, its Petition for Removal of said cause to said District Court of the United States for the Southern District of New York.

Dated:  May 21, 2007
        Garden City, New York

                        Respectfully submitted,

                        COLLERAN, O'HARA & MILLS, L.L.P.
                        Attorneys for Respondent
                        FUND OFFICE OF 580 OF
                        ARCHITECTURAL AND ORNAMENTAL
                        IRON WORKERS

                        By:
                            JOHN STACKPOLE GROARKE
                        1225 Franklin Avenue, Suite 450
                        Garden City, New York 11530
                        (516) 248-5757

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-------------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,

                         Petitioner-Judgment Creditor         Index No.: 969/07

    - against –

DERMOT MACSHANE,

                        Respondent-Judgment Debtor      **AFFIDAVIT**
                                                     **OF SERVICE**

      -and-

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND; THE CITY OF NEW YORK
POLICE PENSION FUND AND THE FUND
OFFICE OF LOCAL 580 OF ARCHITECTURAL
AND ORNAMENTAL IRON WORKERS,

                         Respondents.
-------------------------------------------------------------------------X
STATE OF NEW YORK)
               ) ss.:
COUNTY OF NASSAU )

        Joan Cancellieri, being duly sworn, deposes and says:

        Deponent is not a party to this action, is over eighteen (18) years of age and resides in  West Hempstead, New York 11550.

        On May 21, 2007 Deponent served the within **NOTICE OF FILING OF VERIFIED PETITION FOR REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** upon the following attorney in this action, at the address indicated below, which address has been designated by said attorney for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an

official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

TO:    MARSHALL BLOOMFIELD, ESQ.
       Petitioner
       349 East 149th Street
       Bronx, New York 10451-5603

       DERMOT MACSHANE
       Respondent
       1030 Hollywood Avenue
       Bronx, New York 10463

       ANNE PAXTON, ESQ.
       O'DWYER & BERNSTEIN, LLP
       Attorneys for Respondent
       SERGEANTS BENEVOLENT ASSOCIATION ANNUITY FUND
       52 Duane Street, 5th Floor
       New York, New York 10007

       CITY OF NEW YORK POLICE PENSION FUND
       Respondent
       c/o Corporation Counsel
       100 Church Street
       New York, New York 10007

*Joan Cancellieri*
Joan Cancellieri

Sworn to before me this
21st day of May, 2007

JOHN STACKPOLE GROARKE

JOHN STACKPOLE GROARKE
Notary Public, State of New York
No. 02GR6070169
Qualified in Nassau County
Commission Expires Feb. 19, 2010