UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARSHALL E. BLOOMFIELD,

                Petitioner-Judgment Creditor,

    -against-

DERMOT MACSHANE

                Respondent-Judgment Debtor,

                and

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND, THE CITY OF NEW YORK POLICE
PENSION FUND, and THE FUND OFFICE OF LOCAL
580 OF ARCHITECTURAL AND ORNAMENTAL
IRON WORKERS,

                Respondents.

------------------------------------------------------------------------x

**NOTICE OF MOTION TO REMAND ACTION TO STATE SUPREME COURT**

Civil Action No.:
07 CV 3934 (RJH)

        **PLEASE TAKE NOTICE** that upon the annexed declaration of Keith M. Snow, dated June 19, 2007, and the exhibits annexed thereto, the accompanying memorandum of law, and upon all the papers and proceedings had herein, the undersigned will move this Court, before the Honorable Richard J. Holwell, at the United States Courthouse for the Southern District of New York located at 500 Pearl Street, New York, on a date to be determined by the Court, or as soon thereafter as counsel may be heard, for an order, remanding this action to the New York State Supreme Court, and for such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
                June 19, 2007

        MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Respondent the City
of New York Police Pension Fund
100 Church Street, Room 5-141
New York, New York 10007
(212) 788-0581

By: _____/s/_____
    Keith M. Snow (KS 5259)
    Assistant Corporation Counsel

TO:  Marshall E. Bloomfield, Esq.
Petitioner
349 East 149th Street
Bronx, New York 10451-5603
(718) 665-5900

Mr. Dermott MacShane
Respondent
1030 Hollywood Avenue
Bronx, New York 10463

John Stackpole Groarke, Esq.
Colleran, O'Hara & Mills, LLP
Attorney for Respondent Fund Office of Local 580
of Architectural and Ornamental Iron Workers
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757

Anne Paxton, Esq.
O'Dwyer & Bernstein, LLP
Attorney for Respondent
Sergeants Benevolent Association Annuity Fund
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100

Clerk of the Court
Putnam County Supreme Court
44 Gleneida Avenue
Carmel, New York 10512

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MARSHALL E. BLOOMFIELD,

                Petitioner-Judgment Creditor,

      -against-

DERMOT MACSHANE

                Respondent-Judgment Debtor,

      and

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND, THE CITY OF NEW YORK POLICE
PENSION FUND, and THE FUND OFFICE OF LOCAL
580 OF ARCHITECTURAL AND ORNAMENTAL IRON
WORKERS,

                Respondents.

------------------------------------------------------------------------x

**DECLARATION OF KEITH M. SNOW IN SUPPORT OF RESPONDENT PPF'S MOTION FOR REMAND TO STATE SUPREME COURT**

Civil Action No.:
07 CV 3934 (RJH)

      **KEITH M. SNOW** declares, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true and correct:

      1.  I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for respondent, City of New York Police Pension Fund ("PPF"), in the above-caption action which was removed, pursuant to the Judiciary and Judicial Procedure, 28 U.S.C. §1441(b) from the New York State Supreme Court, Putnam County to the United States District Court, Southern District of New York.  This declaration is submitted in support of the PPF's motion to remand this action back to the State Supreme Court. It is based on personal knowledge, and the books and records of the City of New York.

**A.     History of the Parties and the Underlying Claim**

2.     Marshal E. Bloomfield, Esq. ("petitioner"), a judgment creditor, filed a petition, returnable May 22, 2007, in the New York State Supreme Court, Putnam County (Index No. 969/07) to attach a lien against the pension benefits of Dermot MacShane ("MacShane") pursuant to 22 NYCRR § 202.16(c)(2). A Copy of the Order to Show Cause and Verified Petition of Marshall E. Bloomfield, Esq. dated May 3, 2007 ("Bloomfield Pet.") is annexed hereto as Exhibit "A."

3.     MacShane, a former sergeant with the New York City Police Department, retired from the Police Department on January 12, 2007, and is a member of the PPF who is currently receiving pension benefits.

4.     Upon information and belief, petitioner represented MacShane in a divorce action against MacShane's former wife, Judith MacShane, and seeks to attach MacShane's pension benefits in satisfaction of a lien resulting from unpaid legal fees.

5.     In response to the Bloomfield Pet., the PPF filed a cross-motion to dismiss the petition for failure to state a cause of action for which relief may be granted pursuant to New York Civil Practice Law and Rules ("CPLR") § 3211(a)(7), and in the alternative a demand for transfer of venue from the County of Putnam to the County of New York pursuant to CPLR §§ 503(a), 504(2) and (3), 510(1) and (3), 511(a) and (b). A copy of the PPF's Cross-Motion and Affirmation in Opposition dated May 16, 2007 is annexed hereto as Exhibit "B."

6.     On May 21, 2007 at approximately 3:45 P.M., without any prior contact, the Office of the Corporation Counsel received a facsimile from Colleran, O'Hara & Mills, L.L.P., attorney for respondent, Fund Office of Local 580 of Architectural and Ornamental Iron Workers ("Local 580"), of a copy of a letter to Justice O'Rourke of the Putnam County Supreme Court, with

Notice of filing of Petition for Removal to the District Court, indicating that the action had been removed to federal court. A copy of the facsimile containing the letter to Justice O'Rourke dated May 21, 2007 and Notice of filing of Petition for Removal to the District Court dated May 21, 2007 is annexed hereto as Exhibit "C."

**B.     Mandates for Proper Removal to the Federal District Court**

7.     Pursuant to 28 U.S.C. §1441, any civil action of which the Federal District Court has original jurisdiction, may be removed to the District Court.

8.     In order for the Federal District Court to retain original jurisdiction, the action must involve diversity of citizenship, pursuant to 28 U.S.C. § 1332 or involve a federal question pursuant to 28 U.S.C. § 1331.

9.     Where the state action only asserts state law claims, such as here, removal to federal court is proper only if a substantial federal question exits.

10.    A federal question must relate to allegations in the underlying action brought in state court as a "well pleaded complaint" rule and may not relate to a defense.

11.    The party removing the case bears the burden of establishing that removal is proper and must obtain the consent of all opposing parties to the underlying state court action.

**C.     Removal to the District Court is Improper Due to Lack of Jurisdiction and Consent**

12.    Respondent Local 580 alleges that this Court has original jurisdiction pursuant to the Employee Retirement Income Security Action of 1974 ("ERISA") § 206(d)(1) which provides that pension plan benefits may not be assigned or alienated.

13.    Pursuant to ERISA § 1003(b)(1), ERISA is inapplicable to the PPF benefits because the PPF is a governmental pension plan.

14. PPF benefits are protected under Article V, § 7 of the New York State Constitution and § 13-264 of the New York City Administrative Code, which states that pensions payable by the PPF shall not be subject to execution, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as specifically provided by statute, and therefore do not involve a federal question.

15. While ERISA may provide a legitimate defense to petitioner's attempt to attach a lien to Local 580's pension benefits, a defense under federal law is in insufficient to warrant federal question jurisdiction.

16. The petition is based upon a lien granted in State Supreme Court, and the means by which petitioner seeks to attach the lien, although meritless and subject to dismissal, is nonetheless based on New York State law even assuming the "well pleaded complaint" rule.

17. Finally, Local 580's attempt to remove this proceeding to the Federal District Court without the consent of the PPF, which is a party opposed to the underlying state court action, is improper and constitutes further grounds for remanding the action to State Supreme Court.

18. For the reasons set forth above and in the accompanying memorandum of law, the respondent, PPF, respectfully requests that the Court grant respondent's motion to remand this action to the New York State Supreme Court.

Dated: New York, New York
June 19, 2007

/s/
Keith M. Snow (KS 5259)
Assistant Corporation Counsel

Index No. 07 CV 3934 (RJH)

UNITED STATES DISTRICT COURT
SOUTERH DISTRICT OF NEW YORK

MARSHALL E. BLOOMFIELD,

                              Petitioner-Judgment Creditor,

                              -against-

DERMOT MACSHANE

                              Respondent-Judgment Debtor,

                              and

SERGEANT'S BENEVOLENT ASSOCIATION ANNUITY FUND, THE CITY OF NEW YORK POLICE PENSION FUND, and THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS,

                                        Respondents.

**NOTICE OF MOTION TO REMAND TO THE     NEW YORK STATE SUPREME COURT AND DECLARATION IN SUPPORT**

**MICHAEL A. CARDOZO**

*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, New York  10007-2601

Of Counsel:     Keith M. Snow (KS 5259)
Tel No.:   (212) 788-0581

*Service of which is hereby acknowledged*:

*New York, New York*   Dated:

Signed: ........................ .................. ................................................................................

Attorney for: ............... .................. ................................................................................