# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------x
Marshall E. Bloomfield,

                Petitioner-Judgment Creditor

    -against-

Dermot MacShane,

                Respondent-Judgment Debtor

    And

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund, and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

                Respondents
-----------------------------------------------x

Index No:
Purchased

**VERIFIED PETITION**

    Marshall E. Bloomfield as and for his Verified Petition respectfully sets forth and alleges.

    1)    At all times hereinafter mentioned, Petitioner was and still is an Attorney admitted to practice law in the State of New York.

    2)    Petitioner was the former Attorney for Respondent-Judgment Debtor, Dermot MacShane, in a matter commenced in the Supreme Court, County of Putnam, and captioned Dermot MacShane, Plaintiff, against Judie MacShane, Defendant, and bearing Index Number 1798/02.

    3)    During the course of my representation of Mr. MacShane and in accordance with 22 NYCRR §202.16[c](2), Respondent-Judgment Debtor acknowledged a certain indebtedness to me and consented to an assignment of an interest in his property that would accrue to him upon the final disposition of the equitable distribution phase of the aforesaid matrimonial matter. Such acknowledgement and consent was duly executed by Mr. MacShane on the 15th day of April, 2004. A copy of Respondent-Judgment Debtor's acknowledgement and consent is annexed hereto, made a part hereof, and marked EXHIBIT A.

4)  By Order to Show Cause signed on the 1st day of June, 2004, by Hon. Justice Fred L. Shapiro (copy of which is annexed hereto, made a part hereof, and marked **EXHIBIT B**, your Petitioner moved this Court for relief including, *inter alia*, the following:

    a)  an Order permitting and allowing and granting to Movant [Petitioner-Judgment Creditor herein] leave to withdraw as Counsel for Plaintiff [Respondent-Judgment Debtor herein]; and

    b)  an Order approving Petitioner-Judgment Creditors interest in the property of Respondent-Judgment Debtor [Dermot MacShane] pursuant to 22 NYCRR §202.16[c](2).

5)  The aforesaid motion brought on by Order to Show Cause was originally made returnable June 21st, 2004, was subsequently adjourned to July 7, 2004, August 12, 2004, and finally to October 6, 2004, at which time it was heard, submitted, and granted by a transcription Order of this Court, a copy of which is annexed hereto, made a part hereof, and marked **EXHIBIT C**.

6)  The aforesaid transcribed Decision and Order of this Court (**EXHIBIT C** herein) provides in pertinent part at pages 3-4 thereof, as follows:

> "Unfortunately the case could not be resolved and Mr. Bloomfield has now asked me to decide the motion that he made.
>
> I'm going to grant his application. I'm going to relieve him as counsel. I'm going to grant him a retaining lien and he'll provide me with an affidavit served on both Ms. Hudak and Mr. MacShane, as to the fees brought up to date.
>
> I have the fees up to the date of the motion. I need from the date, return date of the motion forward and the Court would be inclined to grant that as well.
>
> You [Mr. MacShane] may be heard on the issue. Not as to whether he should have the lien, Mr. MacShane. You shall be heard on whether the fees are reasonable and necessary. That's the only argument you can make, that the fees were not reasonable or necessary for this case, but he does not have to turn over the file until that lien is resolved."

7) Upon the hearing of the motion, the following colloquy occurred between the Court and Respondent-Judgment Debtor herein evincing the Court's grant of a lien on Mr. MacShane's property as well as Mr. MacShane's acknowledgement of the existence of the same and his agreement thereto:

> "MR. MACSHANE: In light of the lien on the property, do I have access to my file?
>
> THE COURT: No. Until you either pay the bill or I set the lien. If you want to agree to the lien, I'll have him send the file over, but in no event will any money go to you, but I'm not going to lift the lien on any property.
>
> MR. MACSHANE: I'm not looking for a lift on the lien. I'm agreeing to the lien." (See **EXHIBIT C**, page "22").

8) Upon the submission of an additional Affirmation of Services on notice to Ms. Hudak, the Attorney for Judie MacShane, and upon notice to Respondent-Judgment Debtor herein, Dermot MacShane, and upon notice of settlement of a Judgment to said parties, this Court made and entered a Judgment on the 6th day of January, 2005, a copy of which is annexed hereto, made a part hereof, and marked **EXHIBIT D**.

9) The aforesaid Judgment provides in pertinent part:

> "ORDERED and ADJUDGED that Judgment be made and entered herein in favor of Marshall E. Bloomfield, Esq. and against Plaintiff, Dermot MacShane, in the amounts of $20,143.19 and $10,249.00 for a total of $30,392.19; and it is further
>
> ORDERED and ADJUDGED that an interest in the property of Plaintiff, Dermot MacShane, to the extent of $30,392.19, be awarded in favor of Marshall E. Bloomfield, Esq., pursuant to NYCRR §202.16[c](2)."

10) The aforesaid lien on the interest of the property of Respondent-Judgment Debtor Dermot MacShane remains unpaid and unreduced except for the sum of $4,800.00 paid by Respondent-Judgment Debtor's then employer, the New York City Police Department, said payments made as a result of an Order of this Court made the 12th day of December, 2005, and entered the 13th day of December, 2005, a copy of which is annexed hereto and made a part hereof, and marked **EXHIBIT E**.

11) There remains, to date, with statutory interest, unpaid and outstanding, on Petitioner-Judgment Creditor's lien on the property of Respondent-Judgment Debtor the outstanding sum of $31,855.89.

12) Respondent, Sergeant's Benevolent Association Annuity Fund, is a necessary party hereto in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, in excess of twenty thousand ($20,000.00) dollars. Said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

13) Respondent, The City of New York Police Pension Fund, is a necessary party hereto, in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, in excess of ninety thousand ($90,000.00) dollars. Said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

14) Respondent, The Fund Office of Local 580 of Architectural and Ornamental Iron Workers, is a necessary party hereto, in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, amounting to $59,804.80 (see EXHIBIT F annexed). Upon information and belief, said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

15) The CPLR §5205 exemption of property from levy and sale upon execution of a judgment creditor does not preclude the foreclosure of a lien resulting from a security interest given upon said property.

16) Upon information and belief the underlying matrimonial action has been concluded.

17) There has been no prior application for the relief herein sought.

WHEREFORE, Petitioner-Judgment Creditor prays for the grant of such relief, as follows:

a. against Respondent-Judgment Debtor, Dermot MacShane, judgment foreclosing Petitioner-Judgment Creditor's 22 NYCRR §202.16[c][2] lien;

b. against Respondent, Sergeant Benevolent Association Annuity Fund, an Order directing the payment of all monies in their possession constituting personal property of Respondent-Judgment Debtor to which a security interest has attached and a 22 NYCRR §202.16[c](2) lien has attached, up to the sum of $31,855.89 in satisfaction of said lien;

c. against Respondent, The City of New York Pension Fund, an Order directing the payment of all monies in their possession, constituting personal property of Respondent-Judgment Debtor to which a security interest has attached and a 22 NYCRR §202.16[c](2) lien has attached, up to the sum of $31,855.89 in satisfaction of said lien;

d. against Respondent, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, an Order directing the payment of all monies in their possession, constituting personal property of Respondent-Judgment Debtor to which a security interest has attached, up to the sum of $31,855.89 in satisfaction of said lien; and

e. an Order and Judgment granting to Petitioner-Judgment Creditor herein such other and further additional relief as to this Court may seem just, proper, and equitable.

Dated: Bronx NY
       May 3, 2007

Yours, etc.
MARSHALL E. BLOOMFIELD
Petitioner-Judgment Creditor *Pro Se*
349 E. 149th Street
BX NY 10451
718-665-5900

# EXHIBIT A

STATE OF NEW YORK    )
COUNTY OF THE BRONX   SS:    )

    Dermot MacShane, being duly sworn, deposes and says:

    (1) I hereby acknowledge my indebtedness to my Attorney, Marshall E. Bloomfield, Esq., as set forth in the Liabilities Section of my Net Worth Affidavit dated 4/15/04 in §H.1.2a.

    (2) I hereby consent to the extent of such indebtedness to assign an interest in that property accruing to me upon the final disposition of the equitable distribution phase of the action and in accordance with NYCRR §202.16(c)(1)(2) and subject to Court approval as provided therein.

                         Dermot MacShane

Sworn to before me this __15__ day of April, 2004.

/s/

MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No. 02BL0326550
Qualified in the County of The Bronx
Commission Expires June 30, 2007

# EXHIBIT B

At the Supreme Court,
State of New York held in
and for the County of
Putnam, at the Courthouse
located at 4⊕ Gleneida
Avenue, Carmel, New York
10512 , on the __1st__ day of
__June, 2004__,

Present:
### Hon. Fred L. Shapiro, J.S.C.

---------------------------------------x

Dermot MacShane,,

               Plaintiff(s),

Index No.: 1798/02

-against-

Judie MacShane,

               Defendant(s).

## ORDER
## TO SHOW CAUSE

---------------------------------------x

Upon the Annexed Affirmation of Movant herein, **Marshall E. Bloomfield,**

Esq., dated May 28, 2004, Attorney for Dermot MacShane, and upon all papers and

proceedings had herein,

Let Plaintiff show cause at this Court before Hon. Fred L. Shapiro, J.S.C., at

the Supreme Court, State of New York, County of Putnam, *in Courtroom 319* at the Courthouse located

at 4⊕ Gleneida Avenue, Carmel, New York 10512 , on the __21st__ day of June, 2004,

at 9:30 o'clock in the forenoon *2:00 after* of that day or as soon thereafter as Counsel can be

heard, why an Order should not be made and entered granting to Movant the

following enumerated items of relief:

    1)    An order permitting and allowing and granting to
Movant herein leave to withdraw as Counsel for  Plaintiff;
and

    2)    An order approving Movant's interest in the property
of Plaintiff, Dermot MacShane pursuant to NYCRR
§202.16(2); and

LAW OFFICES OF MARSHALL E. BLOOMFIELD, ESQ.  ·  349 East 149ᵗʰ St., BX, NY 10451-5603  ·  (718) 665-5900 or (212) 662-1870

- 1 -

3)   An order granting to Movant such other and further additional relief as to this Court may seem just, proper, and equitable.

Sufficient reason appearing therefore let all proceedings relating to the above captioned matter ~~shall~~ be stayed pending the ~~hearing and determination~~ hearing of the instant motion;

Sufficient reason appearing therefore let service of a copy of this Order upon Dermot MacShane, by personal delivery to him, on or before the 8th day of June, 2004, shall be deemed good and sufficient service and notice thereof;

Sufficient reason appearing therefore let service of a copy of this Order upon Defendant, Judie MacShane, by service upon her Attorney, Elizabeth Hudak, 38 Gleneida Avenue, Carmel, NY 10512 by certified mail, return receipt requested on or before the 4th day of June, 2004, shall be deemed good and sufficient service and notice thereof.

Plaintiff Dermot McShane, and defendant and counsel for both parties shall appear on the return date of this motion.

Enter _Fred L. Shapiro_

Hon. Fred L. Shapiro ~~J.S.C.~~
A.J.S.C.

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DERMOT MACSHANE,                              INDEX NO.

                        Plaintiff,           1798/2002

        -against-

JULIE MACSHANE,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                    Putnam County Courthouse
                    40 Gleneida Avenue
                    Carmel, New York  10512
                    October 6, 2004


BEFORE:

            HON. FRED L. SHAPIRO,
            Acting Justice of the Supreme Court.

APPEARANCES:

            MARSHALL E. BLOOMFIELD, ESQ.
            Attorney for the Plaintiff
            349 E. 149th Street
            Bronx, New York 10451
            AND:  WILLIAM KNOESEL
                    Law Assistant.


            BERKMAN & HUDAK, ESQS.
            Attorneys for the Defendant
            38 Gleneida Avenue
            Carmel, New York 10512
            BY: ELIZABETH HUDAK, ESQ.


                    *MARY C. TRAYNOR*
                    *Senior Court Reporter*



2

```
1                    CONFERENCE

2              THE CLERK:   MacShane versus

3    MacShane.

4              THE COURT:   Can you please

5    call Ms. Hudak?   I think we should

6    call Ms. Hudak.   I have a feeling that

7    it's settled.

8              SECOND CALL:

9              THE CLERK:   On the MacShane

10   matter, confirms matter was adjourned

11   to today and she writes Mr. Bloomfield

12   would greatly appreciate if this

13   adjournment can be calendared for

14   11:30 a.m., since he may be engaged in

15   the last day of Court ordered

16   depositions in the matter.

17             THE COURT:   We'll wait until

18   11:30.

19             THIRD CALL:

20             THE COURT:   Let the record

21   indicate that I had some

22   off-the-record discussions with

23   counsel in an ongoing attempt to

24   resolve this matter.

25                    Mr. Bloomfield has advised
```

10/6/04

3

CONFERENCE

the Court that after the
off-the-record discussion and counsel
speaking to their clients, it became
apparent that this matter is not going
to be resolved.

Mr. Bloomfield had made
motion some time ago to be relieved as
counsel. And the Court adjourned it,
in order that Mr. Bloomfield would
have an opportunity to attempt to
resolve this matter.

And I want to say for the
record, I'm very much impressed that
Mr. Bloomfield could have walked in
here on a return date and, frankly, I
would have granted the motion at that
time, had he not decided to stick it
out, though he was not getting paid
and attempted to work this out.

Unfortunately the case could
not be resolved and Mr. Bloomfield has
now asked me to decide the motion that
he made.

I'm going to grant his

10/6/04

CONFERENCE                          4

application. I'm going to relieve him
as counsel. I'm going to grant him a
retaining lien and he'll provide me
with an affidavit served on both Ms.
Hudak and Mr. MacShane, as to the fees
brought up-to-date.

I have the fees up to the
date of the motion. I need from the
date, return date of the motion
forward and the Court would be
inclined to grant that as well.

You may be heard on the
issue. Not as to whether he should
have the lien, Mr. MacShane. You
shall be heard on whether the fees are
reasonable and necessary. That's the
only argument you can make, that the
fees were not reasonable or necessary
for this case, but he does not have to
turn over the file until that lien is
resolved.

I further indicated that I'm
going to give you an opportunity to
attain a new attorney and I'll give

10/6/04

5

1       CONFERENCE

2       you through and including November 5th

3       to obtain a new attorney. You'll be

4       back in court. We're going to bring

5       this back on November 17th at 9:30. to

6       take -- to hear, to decide how best

7       to proceed once you have an attorney.

8               But keep in mind if you do

9       not retain a new attorney you will be

10      proceeding without counsel and I'll

11      hold you to the same standard as an

12      attorney. I can't lower the standard,

13      even though I'm aware that you're not

14      an attorney. I will explain whatever

15      I feel is appropriate, without

16      crossing a line and giving you legal

17      advice. but I will advise you as to

18      what's going on and the nature of the

19      proceeding.

20              Mr. Bloomfield. do you wish

21      to be heard?

22              MR. BLOOMFIELD: Just for a

23      second, to point out to the Court that

24      the Order to Show Cause dated the

25      first day of June, 2004. asked for two

6

2    forms of relief; an order permitting,

3    granting myself leave to withdraw and

4    the Court has just indicated it would

5    grant that.

6          The second one was an order

7    approving movant's interest, my

8    interest, in the property of the

9    Plaintiff, Dermot MacShane, pursuant

10   to NYC 2d 2002.16.2 and attached to

11   the moving papers was an

12   acknowledgment of my interest in his

13   property as set forth and his net

14   worth affidavit and consenting.

15          THE COURT:   Let me say this

16   to you:   I'm going to grant that to

17   the extent there will be no

18   distribution of any assets to Mr.

19   MacShane without you being heard.

20          And it would be my intention

21   to give you your fee off the top of

22   any distribution.

23          MR. BLOOMFIELD:  Thank you.

24          THE COURT:   Again, there

25   will be another judge here.  If you

10/6/04

7

```
 1                    CONFERENCE
 2       submit this to me. I'll make sure the
 3       other judge sees it.  Before anything
 4       can be distributed to you, Mr.
 5       Bloomfield is entitled to have his fee
 6       paid.
 7                 MR. MACSHANE:  Can I have a
 8       copy?  I was never served.
 9                 THE COURT:   You had to, to
10       be here.
11                 MR. MACSHANE:  Your Honor, I
12       was not.
13                 THE COURT:   I'll ask Mr.
14       Bloomfield to provide you with another
15       copy.
16                 MR. BLOOMFIELD:  Absolutely
17       and it was served.
18                 THE COURT:   I have an
19       affidavit of service and it was here
20       on the return date, I believe you had
21       it.  Doesn't matter.  I'm going to get
22       you a new one.  I'm not going to say
23       too bad.
24                 MR. MACSHANE:  He showed it
25       to me at that time.
```

*10/6/04*

1                    *CONFERENCE*                    8

2              THE COURT:    Doesn't matter.

3    You're going to get it.

4              MR. MACSHANE:    One other

5    question.    How do I proceed?    I'm

6    beyond destitution as it stands.

7              THE COURT:    Let me say this.

8              MR. MACSHANE:    Such a

9    thing  --

10             THE COURT:    What is your

11   salary?

12             MR. MACSHANE:    80,000 a year.

13             THE COURT:    Nobody is going

14   to grant you poor person relief making

15   $80,000.

16             MR. MACSHANE:    After child

17   support and other obligations --

18             THE COURT:    If you want to

19   make an application, get in touch with

20   Judge Nicolai's office and they'll

21   make short visit.    On an $80,000

22   income there is no way in the world

23   they will assign an attorney to you.

24             Ms. Hudak. do you wish to be

25   heard?

9

```
 1          CONFERENCE
 2                  MS. HUDAK:  Couple of things.
 3          I want to make sure my client
 4          is aware of the fact during what you
 5          have done is a stay period for anymore
 6          proceedings.  That we are going to be
 7          filing contempt motion in this matter
 8          and I need for my client to know that
 9          I will not be able to do so during
10          this period of time, though I have
11          assured her one will be forthcoming
12          once the period of time is up.  If we
13          can clarify the date when I can bring
14          the same?
15                  THE COURT:  The stay was up
16          and including November 5th.  And if
17          you bring in an Order to Show Cause to
18          me on November 8th, I'll make it
19          returnable on the 17th.
20                  Let me say this to you; I
21          take those contempts very seriously.
22          If you're not current. I'll probably
23          do a hearing that day.  And keep in
24          mind if I find that you willfully
25          violated, with or without an attorney,
```

CONFERENCE                                    10

you're not going out that way.  You go
right to the County Jail.

MR. MACSHANE:  I understand
that.

Last thing, arrears of $60.

THE COURT:  Well, I don't
know what it is, but I'm not even
saying you're in arrears.  I only put
people in jail that willfully violate
my orders and I do a hearing, but I
have a feeling I'll do the hearing
either that day or the next day.

So, be prepared and let
counsel know, because I'm not going
to -- I don't let anybody violate
orders.  If you haven't violated the
order or you owe something like $60,
no way in the world I'm putting you in
jail.  You'll walk out.  I didn't say
if they bring the motion you'll go to
jail.  I'll take testimony and they
have to prove it by clear and
convincing evidence.  You don't have
to say anything and you could prevail.

CONFERENCE

1

2      You have to prevail in the case.  If

3      they show all the money, number one,

4      you can argue you don't owe it, which

5      is of course a complete defense or

6      that failure to pay was not willful,

7      but once, if I find it's willful, you

8      go to jail until you pay what's owe

9      and six months is a long time to sit

10     in there.

11              MS. HUDAK:  Additionally, to

12     make certain Mr. MacShane is very

13     clear, that the pendente lite order of

14     the Honorable John W. Sweeney, Jr., is

15     in effect.

16              THE COURT:  That order has

17     to be complied with, I never vacated

18     it.  You're aware that whatever Judge

19     Sweeney had in that order, you're

20     supposed to be in compliance with.

21              MR. MACSHANE:  It's

22     impossible.

23              THE COURT:  Wait.  Are you

24     aware that it's still in effect and

25     nothing happens to that order by

10/6/04

12

*CONFERENCE*

anything that I did today?

       MR. MACSHANE:  Yes.

       THE COURT:  So, if they show that you are not in compliance, then you have to come forth and show, I'm not in compliance, but it's not willful.  If I disagree with you or I find for argument's sake you should have paid more than you did, it's going to be jail until you, you know you don't get time to go get the money.

       So, if you could somehow raise the money and they document it so, I would strongly suggest that you do so, because I don't like sending people to jail, I abhor it, but I find that other than one case over ten years, every person I put in jail within two to three days, every single penny has appeared and the other person had the money and basically was spitting in my face and said to me, I got it and I'm not paying it, so he

*10/6/04*

13

1          CONFERENCE

2     wanted to sit there for six months.

3     Wasn't much I could do.

4               MR. MACSHANE: Your Honor, I

5     never had the money.

6               THE COURT:   They have to

7     prove.  This is the order and this is

8     what you paid and then you have the

9     burden of coming forward and saying

10    yes, I paid it, and if you paid it

11    it's over or no, I didn't, but it

12    wasn't willful.

13               There is three choices.  I

14    can either say you're cleared, none of

15    this was willful, or I could say,

16    well, he ordered you to pay X dollars

17    you couldn't afford X, but you could

18    afford Y, so you go to jail until Y is

19    paid, or I could say, no, they have

20    established that you didn't comply

21    with the order and I don't see any

22    reason why you couldn't comply and

23    then you go to jail.  It's six months

24    sentence.  I want you to know that,

25    but keep in find you have the key.  If

10/6/04

CONFERENCE

you make payment, I open the jail door
that day. I don't keep people in
there to punish them. The sole
purpose of this is to coerce
compliance.

    MS. HUDAK: Your Honor,
order, among other items I would ask
Mr. MacShane now that he is currently
unrepresented by counsel to review
that order, to make certain that he's
aware of the fact that among other
items in the order, he owes Mrs.
MacShane the sum of 1,000 a month as
and for maintenance, which hasn't been
paid for some time. At a minimum now
he needs to review that minimum
payments on credit cards, etcetera,
those are the items I'm speaking
about, but I would ask that Mr.
MacShane review that order, you know,
in expectation of receiving contempt
motion.

    Thank you, your Honor.

    MR. MACSHANE: Excuse me,

10/6/04

15

**CONFERENCE**

1

2  your Honor, anything that preempts

3  such motion that it's frivolous and

4  false, because all of my cards are on

5  the table.

6  THE COURT:  Listen to me.

7  You can argue that it's frivolous in

8  your opposition papers.  I'll listen

9  to both sides.

10  MR. MACSHANE:  To preempt.

11  THE COURT:  How can I know

12  something before I read the papers?

13  MR. MACSHANE:  From the

14  paperwork that the defense attorney

15  has, that they would know there is no

16  way that I have this money, nor do I

17  have the assets.  It's been known

18  since before I lost my house, your

19  Honor.

20  THE COURT:  You can argue

21  that.

22  MR. MACSHANE:  Nothing to

23  preempt.

24  THE COURT:  You couldn't

25  preempt anything.  Law doesn't permit

*10/6/04*

1                    CONFERENCE                    16

2          that.  After the fact if I find it's

3          frivolous, I can say this was

4          frivolous and I could sanction them up

5          to $10,000.

6                    But let me say this to you:

7          I know Ms. Hudak a long time and I've

8          never known her to make frivolous

9          motions.  I've known her to make

10         motions which I have denied, but never

11         frivolous.

12                    MR. MACSHANE:  This is

13         frivolous.

14                    MS. HUDAK:  My motion for

15         contempt would be frivolous, just so

16         that I can clarify.

17                    MR. MACSHANE:  Practically

18         criminal.

19                    MS. HUDAK:  If I may, we're

20         not revisiting Judge Sweeney's

21         pendente lite.

22                    THE COURT:  His argument is

23         that he can't comply with it, you

24         know, not that he's defying, he can't

25         comply and I'll find that out.

                    10/6/04

```
 1                    CONFERENCE
 2                         As a matter of fact, you know
 3          what you could do, make motion
 4          returnable by Order to Show Cause on
 5          November 15th.  I'll come in November
 6          15th and set it down for an order that
 7          week for hearing so you be prepared to
 8          go the 17th -- 16, 17th, 18th or
 9          19th.  No?
10                         MS. HUDAK:  That would be
11          when the trial would be.
12                         THE COURT:  Hearing on the
13          contempt, I want to do it before I go.
14                         MR. BLOOMFIELD:  For the
15          record, I'm gone.
16                         THE COURT:  You're gone as
17          of now.
18                         If you come in without an
19          attorney, I can almost guarantee the
20          result, you know.  This is a very
21          serious matter and, you know, I would
22          like to -- I don't want you losing
23          because you don't have an attorney who
24          can articulate the law and argue and
25          examine witnesses.  I don't think
```

18

CONFERENCE

you're capable of doing that.  No way

I would be capable of doing your job

and not any disrespect.  If you don't

have an attorney, it's going to be

very difficult for you to prevail.

I'll say this to you, if I

were you, I would get an attorney real

quickly.  I don't know, let that

attorney review what was done and I

have a feeling that --

MR. MACSHANE: If I had the

money.

THE COURT:   Let me finish.

I have a feeling they'll come to the

same conclusion Mr. Bloomfield did,

the proposed settlement was fair and

reasonable with what I said today to

them and you could avoid the whole

mess.

I think what you are doing

is again, I did think it's in good

faith, I'm not going to argue that and

Mr. Bloomfield was very clear that he

understands your reasoning, but if you

1  **CONFERENCE**

2  were a business person and I said, if,

3  you go this route you're going to lose

4  a lot of money.  If you go this route

5  you'll lose a lot of money and you

6  said I'm a man of principles, I would

7  rather lose the money.  Wait, I'm

8  using that as analogy.  Not saying

9  it's what you have done.  I can almost

10  guarantee if you don't have an

11  attorney, this is going to turn out

12  much worse than a settlement.  If you

13  have an attorney, I would want them to

14  exercise independent judgment.  I

15  wouldn't be surprised if they came to

16  the same conclusion Mr. Bloomfield

17  did.  You're digging in, spinning your

18  wheels and you'll end up hurting

19  yourself.  And the reason is that I'm

20  not going to be the judge that decides

21  it and I'm not going to discuss this

22  with the new judge, but you're going

23  to be very unhappy if you push this to

24  the limit.

25          I think you're making a

CONFERENCE                                    20

terrible mistake and that's my advice
as best I can give it to you and
because I don't want to see you end up
in jail and I don't want to see
decision by another judge that
financially hurts you more than you
would have been had you gone along
with the settlement and you better
sleep on it.

Mr. Bloomfield did a great
job for you and I have to tell you I
didn't know him before this and I
never saw anybody so tenacious that
wasn't getting paid and sticking up
for you every turn. And because the
easy thing for him would have been to
say, look, I can't settle it, I'll
walk away now, he didn't, he stuck in.
As difficult as it was. you should be
grateful for him and I have tremendous
respect for Mr. Bloomfield.

MR. BLOOMFIELD: Just I have
to. I may not agree with everything
that the Court said about me, but

CONFERENCE

```
 1
 2        there is one thing that's obvious to
 3        both counsel, the amount of effort
 4        that you, this Court, put in, the time
 5        this Court put into attempting
 6        resolution is extraordinary. And a
 7        lot of it was off the record in
 8        chambers, trying to work things out.
 9        Number of hours and the efforts and
10        constructive nature of it, from my
11        point of view and I've been practicing
12        over 36 years, extraordinary. I've
13        never experienced anything that was
14        more than that effort and I wish to
15        thank the Court for that.
16             And I also wish to say that I
17        hope that the parties do resolve this
18        as soon as possible and I know it
19        behooves both of them to do so.
20             THE COURT:   I agree
21        completely with that and I just hope
22        that it can be done during this
23        interim period, that something be done
24        to resolve it. If not, we'll go
25        forward and the I think contempt
```

10/6/04

*CONFERENCE*

22

motion will decide a lot of this case one way or the other and that's why I wanted to do a hearing before you at least the bench and I'm clearly, that whole week I know I can get it done.

MR. BLOOMFIELD: Thank you, your Honor.

MS. HUDAK: And obviously Mr. Bloomfield is always eloquent and we join in his sentiment.

MR. MACSHANE: In light of the lien on the property. do I have access to my file?

THE COURT: No. Until you either pay the bill or I set the lien, if you want to agree to the lien I'll have him send the file over, but in no event will any money go to you, but I'm not going to lift the lien on any property.

MR. MACSHANE: I'm not looking for a lift on the lien. I'm agreeing to the lien.

THE COURT: Do you want to

23

1                    *CONFERENCE*

2       know the amount?

3                    MR. MACSHANE:  I don't.

4                    THE COURT:   I don't think

5       Mr. Bloomfield does.

6                    MR. MACSHANE:  Couldn't that

7       be settled a later date.

8                    THE COURT:   Law requires at

9       least the lien be set before the file

10      is turned over.  Not paid, but set.

11                   MR. MACSHANE:  Okay.

12                   THE COURT:   If you agree

13      with Mr. Bloomfield, he'll send a

14      stipulation.  I'll so order and you

15      get the file, but right off the top

16      but --

17                   MR. MACSHANE: I'm in over my

18      head.

19                   THE COURT:   I think so, too.

20

21                      oOo

22

23      *Certified to be a true and correct*
        *transcript.*

24      _____
        *Mary C. Traynor,*
        *Senior Court Reporter*

25

*10/6/04*

# EXHIBIT D

COPY

At the Supreme Court,
State of New York held in
and for the County of
Putnam, at the Courthouse
located at 40 Gleneida
Avenue, Carmel, New York
10512 , on the *15th* of
*January* 2004

2005 JAN - 6    PM 2: 46

PUTNAM COUNTY CLERK

Hon. Andrew P. O'Rourke
~~Supreme Court Justice~~
Present:
~~Hon. Fred L. Shapiro, J.S.C.~~

————————————————————x
Dermot MacShane,,
                              Plaintiff(s),
            -against-
Judie MacShane,
                              Defendant(s).
————————————————————x

Index No.: 1798/02

JUDGMENT

        An Order to Show Cause having previously been submitted to this Court and

signed by Hon. Fred L. Shapiro on the 1st day of June, 2004; and

        Said Order to Show Cause having sought the following enumerated items of

relief:

                1) An order permitting and allowing Marshall E. Bloomfield, Esq. leave

to withdraw as Counsel for Plaintiff, Dermot MacShane; and

                2) An order approving Counsel Fees and Disbursements incurred up

through and including May 24, 2004, in the amount of $20,143.19; and

                3) An order approving an interest of Marshall E. Bloomfield, Esq., in the

property of Plaintiff, Dermot MacShane, pursuant to NYCRR §202.16(2); and

        The above captioned matter having come on before this Court on July 7, 2004,

August 12, 2004, and October 6, 2004; and

        The Court having read the Affirmation of Marshall E. Bloomfield, Esq., dated

May 28, 2004, and submitted in support of the motion; and

Law Offices of: MARSHALL E. BLOOMFIELD, ESQ.  ·  349 E 149 ST,  BX  NY 10451-5603  ·  (718) 665-5900 or (212) 662-1870

The Court on October 6, 2004, having granted the motion in its entirety; and

The Court on October 6, 2004, having directed the submission of a Supplemental Affirmation of Services on Notice; and

The Court having read the Supplemental Affirmation of Marshall E. Bloomfield, Esq., dated October 29, 2004; and

The Court by Decision and Order dated November 18, 2004, having granted the Supplemental Application for Counsel Fees and Disbursements in the additional amount of $10,249.00; and

The Court by Decision and Order dated November 18, 2004, having directed the Settlement of a Judgment on five days Notice;

NOW upon motion of Marshall E. Bloomfield, Esq., it is hereby

ORDERED and ADJUDGED that Judgment be made and entered herein in favor of Marshall E. Bloomfield, Esq. and against Plaintiff, Dermot MacShane, in the amounts of $20,143.19 and $10,249.00 for a total of $30,392.19; and it is further

ORDERED and ADJUDGED that an interest in the property of Plaintiff, Dermot MacShane, to the extent of $30,392.19, be awarded in favor of Marshall E. Bloomfield, Esq., pursuant to NYCRR §202.16(2); and it is further

ORDERED and ADJUDGED that Marshall E. Bloomfield, Esq., have execution thereon.

ENTER _____ 12/15/04
J.S.C.
Hon. Andrew P. O'Rourke
Supreme Court Justice

# EXHIBIT E

## AMENDED DECISION AND ORDER

To commence the statutory
period of appeals as of right
CPLR (5515 [a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.

PUTNAM COUNTY
CLERK

2005 DEC 13  AM 9: 19

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, PUTNAM COUNTY

Present:   Hon. Andrew P. O'Rourke
                    Supreme Court Justice

-------------------------------------------------------------------X

MARSHALL E. BLOOMFIELD, ESQ.,

                                                                INDEX NO.: 2022/2005
                                                                MOTION
                                                                DATE: 11/21/05

                                        Petitioner-Judgment Creditor,

          -against-

DERMOT MACSHANE,

                              Respondent-Judgment
                              Debtor,

          -and-

JUDITH MACSHANE,

                              Respondent,

          -and-

SERGEANTS BENEVOLENT ASSOCIATION ANNUITY
FUND, THE CITY OF NEW YORK POLICE PENSION
FUND, FUND OFFICE OF LOCAL 580 OF
ARCHITECTURAL AND ORNAMENTAL IRON
WORKERS. ALLSTATE FINANCIAL SERVICES. HSBC,
CITIBANK. NEW YORK CITY POLICE DEPARTMENT.
WACHOVIA f/ka FIRST UNION,

1

Document

RESPONDENTS-
GARNISHEES.
------------------------------------------------------------------X

The following documents numbered 1 to 6 read on this motion by Petitioner to Garnish Dermot MacShane's pension and assets to satisfy a judgment.

    Notice of Motion- Affidavits 1, 2
    Answering Affidavits 5, 6
    Replying Affidavits
            Affidavits
    Pleadings-Exhibits-Stipulations-Minutes 4, 4
    Briefs: Plaintiff
            Defendant

Motion is decided as follows:

Petitioner obtained a judgment against the Judgment-Debtor Dermot MacShane in the

sum of $30,392.19. Petitioner seeks to collect said judgment from the respondent-Garnishees

Sergeants Benevolent Association Annuity Fund, the City of New York Police Pension Fund,

Fund Office of Local 580 of Architectural and Ornamental Iron Workers, Allstate Financial

Services, HSBC, Citibank, New York Police Department and Wachovia f/ka First Union., all of

whom have moneys belonging to Respondent-Debtor Dermot MacShane.

Petitioner seeks a judgment pursuant to CPLR 5225(b) and CPLR 5227 ordering the

turnover of property held by the Respondent-Garnishee to the Petitioner Judgment Creditor

sufficient to satisfy the outstanding judgment. Petitioner further alleges Dermot MacShane is

employed by the New York City Police Department holding the rank of Sergeant for an annual

salary of $75,070 against which there are no liens or judgments. Petitioner requests installment

payments be made to Petitioner from Dermot McShane's salary to satisfy the outstanding

2

judgment.

In opposition Respondent Garnishee, Fund Office of Local 580 of Architectural and Ornamental Iron workers, states Petitioner's request to turnover funds from the pension plan benefits to which Dermot MacShane might be entitled is barred by ERISA and unenforceable.

An affidavit in opposition is submitted by Judith MacShane who states that Dermot McShane's pensions and annuities are part of the equitable distribution to which she is entitled. Ms. MacShane alleges her interest herein are superior to any other claim and should be preserved.

After a review of the documents presented the Court directs that the Judgment Debtor, Dermot McShane's employer, the New York City Police Department pay directly to Petitioner-Judgment Creditor, the sum of $200 per pay period until the judgment owed herein is paid in full.

Additionally, any moneys held by HSBC, Citibank, Allstate Financial Services and or Wachovia f/k/a First Union in the name of Dermot McShane will be turned over to the Petitioner Judgment Creditor Marshall E. Bloomfield, Esq. Toward the satisfaction of Petitioner's judgment.

This constitutes the order of the Court.

_____
Andrew P. O'Rourke
Justice of the Supreme Court

Dated: December 12, 2005
Carmel, NY

3

# EXHIBIT F

REME COURT OF THE STATE OF NEW YORK                                          2022/200
OUNTY OF PUTNAM

*MARSHALL E. BLOOMFIELD, ESQ*

           *Petitioner-Judgment Creditor*

*-against-*

*Dermot Macshane,*

           *Respondent-Judgment Debtor*

*Judith Macshane,*

           *Respondent*

*AND*

*Sergeants Benevolent Association Annuity Fund, The City of New York Police Pension Fund, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, Allstate Financial Services, HSBC, Citibank, New York City Police Department, Wachovia f/k/a First Union,*

**INFORMATION SUBPOENA
WITH Rule 5224
CERTIFICATION & ANNEXED
QUESTIONNAIRE**

| To: | Fund Office of Local 580 of Architectural and Ornamental Iron Workers<br>501 W 42 ST<br>NY, NY 10036 |
| --- | --- |

WHEREAS, in an action in the, Supreme Court of the State of New York County of Putnam with  as Plaintiff(s) and ,  as Defendant(s) who are all the parties in said action. a judgment was entered on 01/16/2005 in favor of Marshall E. Bloomfield Esq . Judgment Creditor and against. and against. Dermot Macshane, Judgment Debtor(s) in the amount of **$30,392.19** of which $31,489.91 together with interest thereon from March 20, 2007 remains due and unpaid; and.

NOW, THEREFORE WE COMMAND YOU, that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying the subpoena, each answer referring to the question to which it responds: and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.

TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as contempt of court.

PLEASE TAKE NOTICE that you are hereby commanded to answer fully  each and every question herein below set forth t the best of your  ability, and wherever possible to do so in the space provided thereunder,  returning the original thereof,

SIGNED BEFORE A NOTARY PUBLIC. in the prepaid, self-addressed envelope enclosed. within seven (7) days after your receipt of these Questions and the Subpoena annexed hereto.

NOTICE:  CPLR Rule 5224(a)3 STATES, (and we require compliance with):

    "EACH QUESTION SHALL BE ANSWERED SEPARATELY & FULLY and EACH ANSWER SHALL
    REFER TO THE QUESTION TO WHICH IT REFERS. . . .ANSWERS SHALL BE RETURNED WITH
    THE ORIGINAL OF THE QUESTIONS within SEVEN days after receipt."

I HEREBY CERTIFY that this Information Subpoena complies with Rule 5224 of the Civil Practice Law and Rules and that I have a reasonable belief that the party receiving this Information Subpoena has in their possession information about the Judgment Debtor(s) that will assist the Judgment Creditor in collecting the Judgment.

          YOUR SHORT FORM WILL NOT BE COMPLIANCE!

Answers shall be made by any officer. agent, or employee having the information if you are a corporation, partnership or sole proprietorship.

Dated: Bronx, New York
      March 20, 2007

                    Marshall E. Bloomfield, ESQ
                    Attorney for Judgment Creditor(s
                    349 E 149 ST, BX NY 10451-560:
                    (718) 665-6900  or (212) 662-187(
                    Attorney File# 8810M

NOTE: There is a Restraining Notice attached hereto and served simultaneously.
      Please do not hesitate to contact this firm if you have questions or need more information!

SUPREME COURT OF THE STATE OF NEW YORK                                    2022A
COUNTY OF PUTNAM

MARSHALL E. BLOOMFIELD, ESQ                          **QUESTIONNAIRE**
                          Petitioner-Judgment Creditor

-against-
Dermot Macshane,

                          Respondent-Judgment Debtor

Judith Mucshane,

                          Respondent

AND

Sergeants Benevolent Association Annuity Fund, The City of
New York Police Pension Fund, Fund Office of Local 580 of
Architectural and Ornamental Iron Workers, Allstate Financial
Services, HSBC, Citibank, New York City Police Department,
Wachovia f/k/a First Union.

---

To:    Fund Office of Local 580 of Architectural and Ornamental Iron Workers
       501 W 42 ST
       NY, NY 10036

---

STATE OF NEW YORK            :
                             : SS:
COUNTY OF _____       :

I, Peter Myers BEING SWORN DEPOSES AND SAYS; THAT DEPONENT IS THE

Fund Director OF I.W. Local 580 RECIPIENT OF AN INFORMATION SUBPOENA HEREIN AND OF THE ORIGINAL
AND A COPY OF QUESTIONS ACCOMPANYING SAID SUBPOENA. THE ANSWERS SET FORTH BELOW ARE MADE FROM INFORMATION
OBTAINED FROM RECORDS OF THE RECIPIENT:

                    (IF YOU NEED MORE SPACE, YOU MAY ATTACH ADDITIONAL SHEETS OF PAPER TO THIS SUBPOENA)
PLEASE CHECK ALL ACCOUNTS INCLUDING BUT NOT LIMITED TO:
A>> WAS THERE EVER* AN ACCOUNT AT YOUR BANK. EVEN IF NOW 'CLOSED'?
           * (CERTAINLY WITHIN LAST 3 YEARS UNLESS YOUR RECORDS GO FURTHER!)

MUST ANSWER>> YES: ____✓____  NO: _____   <<INITIAL CORRECT ANSWER
                                        AND,

B>> AFTER A THOROUGH AND EXHAUSTIVE CHECK OF ALL YOUR RECORDS, HAVE YOU FOUND ANY ACCOUNTS, AND
WHETHER OR NOT THEY ARE PRESENTLY OPEN OR CLOSED. FOR EITHER ACCOUNTS OR LOANS, AT ANY OF YOUR
NUMEROUS OFFICES OR BRANCHES? *

MUST ANSWER>> YES: ____✓____  NO: _____   <<INITIAL CORRECT ANSWER

                    <<THANK YOU FOR YOUR COOPERATION>>
                    <<REMINDER: YOUR ANSWER MUST BE NOTARIZED>>

IF THE ANSWER TO NO. "B>>" ON PRIOR PAGE IS "YES", AND IF THERE WERE (OR ARE) OPEN OR CLOSED ACCOUNTS (INCLUDING IN
ANY OF YOUR BRANCHES), YOU MUST FILL OUT THE REMAINING QUESTIONS WITHIN THIS SUBPOENA. ON THE OTHER HAND, IF THE
ANSWER IS "NO", AND IF YOU'RE SURE, YOU NEED NOT ANSWER ANY MORE QUESTIONS --- JUST INITIAL EACH ANSWER AND SIGN ON THE
LAST PAGE BEFORE A NOTARY PUBLIC AFTER SWEARING TO THE ACCURACY OF YOUR ANSWERS.

WHERE ANSWER TO "A>>" OR "B>>" "YES" THEN:

I.      SET FORTH EACH & EVERY ITEM SHOWN ON YOUR ACCOUNT RELATIONSHIP/CUSTOMER DATA BASE (OR RECORDS), OR
        OTHERWISE WITHIN YOUR POSSESSION, ACCESS, AND/OR CONTROL. WITH REFERENCE TO ABOVE-NAMED JUDGMENT DEBTOR(S),
        INCLUDING, BUT NOT LIMITED TO:

A. THE EXACT TITLE AND ACCOUNT NUMBER OF EACH AND EVERY ACCOUNT, OR RELATED ACCOUNT, AD WHETHEI PAST OR PRESENT, OPEN OR CLOSED, AND IF CLOSED ON WHAT DATE);

*Local 580 Annuity Fund. 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. Open*

B. SET FORTH WHETHER OR NOT THE SAID ACCOUNT(S) ARE WITH YOUR BANK; AND IF "YES", WITH WHICH BRANCH, ANE ITS ADDRESS:

*Local 580 Annuity Fund. 501 West 42nd St. N.Y. N.Y. 10036*

C. FOR EACH SAID ACCOUNT, SET FORTH THE CURRENT BALANCE:

*$59,804.80*

D. SET FORTH WHETHER OR NOT EACH ACCOUNT ENUMERATED IS NOW OPEN OR CLOSED. AND IF CLOSED, SET FORTH TH DATE OF CLOSING THEREOF. PLUS THE PAYEE, DATE AND AMOUNT OF LAST 10 WITHDRAWALS, PLUS THE PAYOR, DATE, AND AMOUNT OF LAST 10 DEPOSITS.

*Opened.*

2. SET FORTH ALL EMPLOYMENT INFORMATION SHOWN ON YOUR RECORDS, INCLUDING DATES OF EMPLOYMENT & YOUR VERIFICATION THEREOF.

*NOT AN EMPLOYEE. he is a member of this uni*

3. SET FORTH THE DATE OF BIRTH OF THE JUDGMENT DEBTOR(S).   *12-21-1959*

4. SET FORTH THE SOCIAL SECURITY NUMBER OF THE JUDGMENT DEBTOR(S).   *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*

5. SET FORTH ALL CREDIT INQUIRIES RECEIVED RELATIVE TO JUDGMENT DEBTOR(S). (WHO INQUIRED? WHEN? WHAT WAS STATED PURPOSE OF INQUIRY?)

*UNKNOWN*

6. SET FORTH THE TITLE OR POSITION OF THE EMPLOYEE(S) (JUDGMENT DEBTOR(S)).

*NOT A EMPLOYEE.*

7. SET FORTH THE ANNUAL SALARY OF THE SAID JUDGMENT DEBTOR(S).

*UNKNOWN*

8. IF THE JUDGMENT DEBTOR(S) IS/ARE MARRIED, SET FORTH THE NAME, (MAIDEN NAME IF APPROPRIATE, SOCIAL SECURITY NUMBER, AND ADDRESS OF THE SPOUSE.   *N/A*

9. SET FORTH NAME & ADDRESS ANY KNOWN DEPENDANTS OF DEBTOR(S).   *SIOBHAN MACSHANE 1030 HOLLYWOOD AVE. BRONX N.Y. 10465*

V\Dermot MACSHANE\88108M407 to Fund Office of Local 580 of Architectural and Ornamental Iron Workers-070320-LF WPD

The Law Offices of
Marshall E. Bloomfield,
Esq. 349 E 149 ST BX NY
10451-5803        4

10.   SET FORTH ALL REAL PROPERTY OWNED BY THE JUDGMENT DEBTOR(S).

UNKNOWN

11.   SET FORTH THE NAME AND ADDRESS OF THE CLOSEST LIVING RELATIVE OF THE JUDGMENT DEBTOR(S).

UNKNOWN

12.   SET FORTH ALL REFERENCES (BOTH BUSINESS, BANKING, AND PERSONAL) LISTED BY THE JUDGMENT DEBTOR(S), AS WELL AS THEIR ADDRESSES.

UNKNOWN

13.   SET FORTH ALL ASSETS LISTED BY THE JUDGMENT DEBTOR(S).

UNKNOWN

14.   SET FORTH THE YEAR, MAKE, AND LICENSE NUMBER AND/OR REGISTRATION NUMBER OF ANY VEHICLES OWNED BY THE JUDGMENT DEBTOR(S).

UNKNOWN

15.   SET FORTH WHETHER OR NOT THE RECORDS KEPT IN THE NORMAL COURSE OF BUSINESS INDICATES THAT ANY OPEN ACCOUNT HAS A HIGHER BALANCE AT ANY GIVEN DAY OF THE WEEK, TIME OF THE MONTH, PERIOD OF THE YEAR, AND IF SO, IDENTIFY THE SAME.

N|A

16.   SET FORTH WHETHER OR NOT THERE IS ANY PERSON OR PERSONS WITHIN THE BANK PARTICULARLY FAMILIAR WITH THE ABOVE ACCOUNT(S) OR RELATED BUSINESS, AND IF SO, SET FORTH THE PERSON'S NAME AND TITLE.

UNKNOWN

17.   IF THE ANSWER TO NO. 16 IS AFFIRMATIVE, PLEASE HAVE SAID PERSON REVIEW AND SUPPLEMENT THE ANSWERS PREVIOUSLY PROVIDED ELSEWHERE HEREIN; IT GOES TO THE ESSENCE OF THE INTEGRITY OF THE ANSWERS PROVIDED BY YOU THAT YOUR ANSWERS ACCURATELY REFLECT AND PRESENT A TRUE AND ACCURATE PICTURE OF THE INFORMATION SOUGHT HEREIN.

N|A

18.   PLEASE SET FORTH THE MOST RECENT HOME ADDRESS YOUR RECORDS INDICATE FOR EACH NAMED JUDGMENT DEBTOR(S):

1030 HOLLYWOOD AVE. BRONX N.Y. 10465

The Law Offices of
Marshall E. Bloomfield,
Esq. 349 E 149 ST BX NY
10451-5603

5

19. STATE WHETHER THERE ARE ANY PENDING TRANSACTIONS, OR SUMS OF MONEY PRESENTLY DUE, OR TO BECOME DUE TO JUDGMENT DEBTOR(S). AND IF SO, THE AMOUNTS THEREOF. IF AFFIRMATIVE, SET FORTH INFORMATION THEREON:

NONE AT THIS TIME.

20. IF THE JUDGMENT DEBTOR(S) RECEIVE AUTOMATIC DEPOSITS OR WITHDRAWS FROM ANY OPEN OR CLOSED ACCOUNT AT YOUR INSTITUTION, PLEASE SET FORTH ALL INFORMATION REGARDING THESE TRANSACTIONS.

N/A

21. IF ANY OF THE OPEN OR CLOSED ACCOUNTS WAS LINKED TO A BROKERAGE ACCOUNT, OR MORTGAGE ACCOUNT, PLEASE SET FORTH ALL INFORMATION REGARDING THE LINKED ACCOUNT(S).

N/A

TAKE FURTHER NOTICE, THAT FALSE SWEARING OR FAILURE TO COMPLY WITH EACH AND EVERY ONE OF THE ABOVE ITEMS SET FORTH IN THE ABOVE SUBPOENA IS PUNISHABLE AS A CONTEMPT OF COURT.

DATED: BRONX, NEW YORK
MARCH 20, 2007

MARSHALL E. BLOOMFIELD, ESC
ATTORNEY FOR JUDGMENT CREDITOR(S
349 E 149 ST, BX NY 10451-560
(718) 665-5900 OR (212) 662-187
ATTORNEY FILE#: 8810M

THE UNDERSIGNED REPRESENTS THAT THE ABOVE ANSWERS ARE TO THE BEST OF MY ABILITY!

BY: Peter Myers

(NAME SIGNED MUST BE PRINTED BELOW)

SWORN TO BEFORE ME THIS 3

DAY OF APRIL 20 07.

NOTARY PUBLIC

PATRICK DOHERTY
Notary Public, State of New York
No. 01DO6018159
Qualified in Rockland County
Commission Expires Jan. 4, 2011

NOTE: YOU ONLY HAVE TO RETURN THE ORIGINAL TO OUR OFFICE THE "COPY" IS FOR YOUR RECORDS AND RETURNING IT TO US MAY REQUIRE YOU TO PLACE EXTRA POSTAGE ON THE ENVELOPE PROVIDED!

V:\Dermot MACSHANE\8810M\407 to Fund Office of Local 580 of Architectural and Ornamental Iron Workers-070320-LF.WPD

The Law Offices of
Marshall E. Bloomfield
Esq. 349 E 149 ST BX NY
10451-5603

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
————————————————————x

Marshall E. Bloomfield,                                    Index No:

                    Petitioner-Judgment Creditor

     -against-                                        **VERIFICATION**

Dermot MacShane

                  Respondent-Judgment Debtor

     And

Sergeant's Benevolent Association Annuity Fund. The City
of New York Police Pension Fund. and the Fund Office of
Local 580 of Architectural and Ornamental Iron Workers,

                 Respondents.
————————————————————x

STATE OF NEW YORK    )
                       ss:
County of Bronx      )

     I. Marshall E. Bloomfield, being sworn, say: I am the Petitioner-Judgment Creditor in the
within Proceeding and that I have read the foregoing attached Petition and know the contents thereof
and that the same is true to my own knowledge. except as to the matters therein stated to be alleged
on information and belief, and as to those matters, I believe it to be true.

                                                 Marshall E. Bloomfield

Sworn to before me
This 4th day of May,
2007.

NOTARY PUBLIC

JOSEPHINE AVILES
Notary Public, State of New York
No. 01AV5080851
Qualified in Bronx County
Commission Expires June 23,  2007

MARSHALL E. BLOOMFIELD, ESQ $ 349 EAST 149TH STREET, The BRONX NEW YORK 10451-5603 $ (718) 665-5900

V:\verificaboenro.doc

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

Marshall E. Bloomfield,

Petitioner-Judgment Creditor

-against-

Dermot MacShane,

Respondent-Judgment Debtor

And

Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental Iron Workers,

Respondents.

## ORDER TO SHOW CAUSE, VERIFIED PETITION, AND SUPPORTING DOCUMENTS

LAW OFFICES OF
MARSHALL E BLOOMFIELD, ESQ

Attorney for Plaintiff

*Office, Post Office Address and Telephone*

349 E 149 ST
BX, NY 10451-5603
(718) 665-5900
(212) 662-1870

718 665 - 9600.

To:

Attorney(s) for Defendant        8810M

Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
------------------------------------------------------------------------ x

MARSHALL E. BLOOMFIELD,

                Petitioner-Judgment Creditor,

      -against-

DERMOT MACSHANE

                Respondent-Judgment Debtor,

         and

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND, THE CITY OF NEW YORK POLICE
PENSION FUND, and THE FUND OFFICE OF LOCAL
580 OF ARCHITECTURAL AND ORNAMENTAL
IRON WORKERS,

                Respondents.

------------------------------------------------------------------------ x

**NOTICE OF
CROSS-MOTION TO
DISMISS AND DEMAND
FOR CHANGE OF VENUE**

Index No. 969/07
Hon. Andrew P. O'Rourke

        **PLEASE TAKE NOTICE** that upon the annexed Affirmation of Keith M. Snow,

dated May 16, 2006, that respondent New York City Police Pension Fund ("PPF") will move in

this Court, located at 40 Gleneida Avenue, Carmel, New York 10512, on May 22, 2006 at 9:30

a.m., or as soon thereafter as counsel can be heard, for a judgment, pursuant to § 3211(a)(7) of

the New York Civil Practice Law and Rules ("CPLR"), dismissing the petition on the grounds

that the petition fails to state a cause of action for which relief can be granted against respondent

PPF; and pursuant to CPLR §§ 503(a), 504(2) and (3), 510(1) and (3), 511(a) and (b) for an order

transferring venue from the County of Putnam to the County of New York; together with such

other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that, in the event of the denial of this cross-motion, in whole or in part, Respondent PPF reserves its right, pursuant to Section 7804(f) of the CPLR, to serve and file an answer to the petition, and respectfully requests thirty ("30") days from the date of service of the order denying the cross-motion with notice of entry in which to serve a verified answer.

Dated:      New York, New York
            May 16, 2006


                                  **MICHAEL A. CARDOZO**
                                  Corporation Counsel of the
                                    City of New York
                                  Attorney for Respondent New York City
                                  Police Pension Fund
                                  100 Church Street, Room 5-141
                                  New York, New York 10007-2601
                                  (212) 788-0581


                    By:       _Keith Snow_____
                              Keith M. Snow
                              Assistant Corporation Counsel


To:    Marshall E. Bloomfield, Esq.
       Petitioner Judgment Creditor
       349 E 149th Street
       Bronx, New York 10451-5603

       Mr. Dermot MacShane
       Respondent-Judgment Debtor
       72 Rockledge Road Apt. M
       Hartsdale, New York 10530

       Sergeants Benevolent Association Annuity Fund
       Respondent
       35 Worth Street
       New York, New York 10013

Colleran, O'Hara & Mills, LLP
Attorney for Respondent Fund Office of Local
580 of Architectural and Ornamental Iron Workers
1225 Franklin Avenue, Suite 450
Garden City, New York 11530

Index No. 969/07

STATE OF NEW YORK SUPREME COURT
COUNTY OF PUTNAM

MARSHALL E. BLOOMFIELD,

                        Petitioner-Judgment Creditor,

        -against-

DERMOT MACSHANE

                 Respondent-Judgment Debtor,

       and

SERGEANT'S BENEVOLENT ASSOCIATION ANNUITY
FUND, THE CITY OF NEW YORK POLICE PENSION
FUND, and ORNAMENTAL IRON WORKERS,

                      Respondents.

**NOTICE OF CROSS-MOTION TO DISMISS AND
DEMAND FOR CHANGE OF VENUE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Respondents*
*100 Church Street, Room 5-141*
*New York, N.Y. 10007*

*Of Counsel: Keith M. Snow*
*Tel: (212) 788-0581*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................., 200......*

*............................................................................. Esq.*

*Attorney for .............................................................................*

STATE OF NEW YORK SUPREME COURT
COUNTY OF PUTNAM
--------------------------------------------------------------------x

MARSHALL E. BLOOMFIELD,

                  Petitioner-Judgment Creditor,

       -against-

DERMOT MACSHANE

                Respondent-Judgment Debtor,

       and

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND, THE CITY OF NEW YORK POLICE
PENSION FUND, and THE FUND OFFICE OF LOCAL
580 OF ARCHITECTURAL AND ORNAMENTAL
IRON WORKERS,

              Respondents.

--------------------------------------------------------------------x

**AFFIRMATION IN
OPPOSITION TO
PETITION FOR
ASSERTING A LIEN
AGAINST PENSION
BENEFITS AND IN
SUPPORT OF CROSS-
MOTION TO DISMISS**

Index No. 969/07
Hon. Andrew P. O'Rourke

      **KEITH M. SNOW**, an attorney admitted to practice before the courts of the State of New York, pursuant to Rule 2106 of the Civil Practice Law and Rules and subject to the penalties of perjury, hereby affirms that the following statements are true, except those made on information and belief, which he believes to be true:

      1.    I am an Assistant Corporation Counsel in the office of MICHAEL A. CARDOZO, Corporation Counsel for the City of New York, attorney for respondent New York City Police Pension Fund ("PPF"). This affirmation is based upon documents retained by this office and the PPF as well as conversations with City employees.

      2.    I make this affirmation in opposition to the petition filed by Marshall E. Bloomfield, Esq. (the "petitioner"), a judgment creditor, to attach a lien against the PPF pension benefits of Dermot MacShane ("MacShane"), and in support of respondent's motion to dismiss for

petitioner's failure to state a cause of action for which relief may be granted pursuant to New York Civil Practice Law and Rules ("CPLR") § 3211(a)(7), and in support of an order transferring venue from the County of Putnam to the County of New York pursuant to CPLR §§ 503(a), 504(2) and (3), 510(1) and (3), 511(a) and (b).

3.    MacShane, a former sergeant with the New York City Police Department, retired from the Police Department on January 12, 2007, and is a member of the PPF receiving pension benefits.

4.    Upon information and belief, petitioner represented MacShane in a divorce action against MacShane's former wife, Judith MacShane, and seeks to attach MacShane's pension benefits for satisfaction of a lien, pursuant to 22 NYCRR § 202.16(c)(2), resulting from unpaid legal fees incurred while petitioner represented MacShane in his divorce action.

5.    MacShane's pension benefits are protected by Article V, § 7 of the New York Constitution, which prevents the benefits of membership in a public pension or retirement system against diminishment and impairment as a contractual relationship.

6.    The Administrative Code of the City of New York ("Administrative Code") § 13-264, states that pensions payable by the PPF shall not be subject to execution, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as specifically provided.

7.    The exemption and anti-assignment provisions evince a legislative intent to protect a member and his family from the results of his own improvidence or misfortune, and to relieve the retirement system from the vast amount of administrative work attendant on the processing of attachments, assignments, and the like. Caravaggio v. Retirement Board of the Teachers' Retirement System of the City of New York, 36 N.Y.2d 348, 353 (1975).

8.      Petitioner's reliance on In the Matter of the State of New York v. Avco Financial Services of New York, Inc., 50 N.Y.2d 383 (1980) is misplaced.  Avco relates to a clause in a loan agreement that secured the loans with personal household goods owned at the time of the loan.  The Court, in finding that the practice was not illegal given the protections under CPLR § 5205(a), which exempts such property from levy and sale upon the execution by a judgment creditor, held that that §5205(a) was not intended to restrict the debtors from mortgaging the property so protected or to dispose of their possessions as they wished.  The Avco case is easily distinguishable in that here, MacShane's pension benefits are Constitutionally protected, and are specifically protected by statute against attachment or voluntary assignment pursuant to the Administrative Code § 13-264.

9.      Pursuant to CPLR § 3211(a)(7), a pleading that fails to states of cause of action for which the relief sought may be subject to dismissal.  Because the Administrative Code § 13-264 precludes the relief sought by petitioner, there is no viable cause of action and therefore dismissal is appropriate.

10.     In the alternative, the PPF requests an order transferring venue from the County of Putnam to the County of New York pursuant to CPLR §§ 504(2) and (3), and 510(c).

11.     Upon information and belief, at the time of the filing of the petition in the Venue of the County of Putnam, petitioner's place of business was located in New York City at 349 E 149th Street Bronx, New York 10451-5603.

12.     The PPF's principal place of business is located in the County of New York at 233 Broadway, 19th Floor, New York, New York 10279.

13.    Upon Information and belief, respondent Sergeant's Benevolent Association Annuity Fund's principal place of business is located in the County of New York at 35 Worth Street New York, New York 10013.

14.    Upon Information and belief, respondent Fund Office of Local 580 of the Architectural and Ornamental Iron Workers is also located in New York City.

15.    Upon information and belief, MacShane resides in the County of Westchester at 72 Rockledge Road Apt. M Hartsdale, New York 10530.

16.    At the time the petition was filed no party resided in the County of Putnam and therefore venue is improper pursuant to CPLR § 503(a).

17.    Moreover, because the petition was filed against the PPF, the proper venue pursuant to CPLR § 504(2) and (3) is New York County.

18.    Furthermore, based upon the locations of parties involved in the case, New York County is convenient for any necessary witnesses and will promote the ends of justice pursuant to CPLR §510(3).

**WHEREFORE,** the PPF respectfully requests that the Court dismiss the Petition with costs, or in the alternative grant an order transferring the case to New York County, and grant any such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              May 16, 2007

                                        _Keith Snow_
                                        Keith M. Snow
                                        Assistant Corporation Counsel

Index No. 969/07

STATE OF NEW YORK SUPREME COURT
COUNTY OF PUTNAM

MARSHALL E. BLOOMFIELD,

Petitioner-Judgment Creditor,

-against-

DERMOT MACSHANE

Respondent-Judgment Debtor,

and

SERGEANT'S BENEVOLENT ASSOCIATION ANNUITY
FUND, THE CITY OF NEW YORK POLICE PENSION
FUND, and ORNAMENTAL IRON WORKERS,

Respondents.

**AFFIRMATION IN OPPOSITION TO PETITION FOR
ASSERTING A LIEN AGAINST PENSION BENEFITS
AND IN SUPPORT OF CROSS-MOTION TO DISMISS
AND DEMAND FOR CHANGE OF VENUE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Respondents*
*100 Church Street, Room 5-141*
*New York, N.Y. 10007*

*Of Counsel: Keith M. Snow*
*Tel: (212) 788-0581*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ...................................................., 200......

................................................................................ *Esq.*

*Attorney for* ................................................................

# Exhibit "C"

May-21-07  03:42pm  From-Colleran O'Hara & Mills        5167421765        T-247  P.002/004  F-688

COLLERAN, O'HARA & MILLS L.L.P.
1225 FRANKLIN AVENUE, SUITE 450
GARDEN CITY, NEW YORK 11580

516 248-5757
212 814-9118

OF COUNSEL
GLENN A. KRESS
RICHARD REICHLER

PARALEGALS
LAURA A. HARRINGTON
CHRISTOPHER DONOFRIO
JOAN CANCELLIERI
KRISTINE MURPHY
LILLY PIAZZA

EDWARD J. CLEARY
HEALTH & SAFETY CONSULTANT

WALTER M. COLLERAN (1912-1998)
RICHARD L. O'HARA
JOHN P. MILLS (1929-2003)
EDWARD J. GROARKE
CHRISTOPHER P. O'HARA
CAROL O'ROURKE PENNINGTON
DENIS A. ENGEL

MICHAEL D. JEW
STEPHANIE SUAREZ
ROBIN YOUNG TYRRELL
JOHN S. GROARKE*
MICHAEL D. BOSSO
ERIN D. DOHERTY

*ALSO ADMITTED IN NJ

May 21, 2007

VIA FACSIMILE
Honorable Andrew P. O'Rourke, J.S.C.
Supreme Court of the State of New York
Putnam County
44 Glencida Avenue
Carmel, New York 10512

Re:    Bloomfield v. MacShane et al.
       Index No. 969/2007
       Notice of Removal

Dear Judge O'Rourke:

We are the attorneys for the Defendant Local 580 Funds in the above referenced action. The Plaintiff filed an Order to Show Cause and Verified Petition returnable May 22, 2007. Please be advised that this action has been removed to federal court.

Enclosed herewith please find a courtesy copy of the Notice of Removal of the above referenced action to the United States District Court, Southern District of New York that is being filed with the Clerk of the Court. Please mark your calendar accordingly.

Thank you for your attention to this matter.

Very truly yours,

COLLERAN O'HARA & MILLS LLP

By _____
JOHN STACKPOLE GROARKE

4014-0010a
cc:    Marshall E. Bloomfield
       Anne Paxton
       Corporation Counsel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,

               Petitioner-Judgment Creditor       Index No.: 969/07

      - against –

DERMOT MACSHANE,

              Respondent-Judgment Debtor

       -and-

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND; THE CITY OF NEW YORK
POLICE PENSION FUND AND THE FUND
OFFICE OF LOCAL 580 OF ARCHITECTURAL
AND ORNAMENTAL IRON WORKERS,

             Respondents.
-----------------------------------------------------------------X

NOTICE OF FILING OF PETITION FOR REMOVAL
OF CAUSE TO THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

TO:  Clerk of the Putnam County Supreme Court
     40 Gleneida Avenue
     Carmel, New York 10512

TO:  Marshall Bloomfield, Esq.
     349 East 149th Street
     Bronx, New York 10451-5603

     Anne Paxton, Esq.
     O'Dwyer & Bernstein, LLP
     Attorneys for Respondent,
     Sergeants Benevolent Association Annuity Fund
     52 Duane Street, 5th Floor
     New York, New York 10007

       212 571 7124.

Case 1:07-cv-03934-RJH  Document 4-2  Filed 06/19/2007  Page 64 of 64

Dermot MacShane
1030 Hollywood Avenue
Bronx, New York 10463

City of New York Police Pension Fund
c/o Corporation Counsel
100 Church Street
New York, New York 10007

**PLEASE TAKE NOTICE** that Respondents in the above captioned action, originally pending in the Supreme Court of the State of New York, Putnam County, Index No.: 969/07, did on the 21st day of May, 2007 file in the District Court of the United States for the Southern District of New York, its Petition for Removal of said cause to said District Court of the United States for the Southern District of New York.

Dated:  May 21, 2007
        Garden City, New York

                        Respectfully submitted,

                        COLLERAN, O'HARA & MILLS, L.L.P.
                        Attorneys for Respondent
                        FUND OFFICE OF 580 OF
                        ARCHITECTURAL AND ORNAMENTAL
                        IRON WORKERS

                        By
                            JOHN STACKPOLE GROARKE
                        1225 Franklin Avenue, Suite 450
                        Garden City, New York 11530
                        (516) 248-5757