Index No.:  07 CV 3934 (RJH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARSHALL E. BLOOMFIELD,

            Petitioner-Judgment Creditor,

-against-

DERMOT MACSHANE

            Respondent-Judgment Debtor,

and

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND, THE CITY OF NEW YORK
POLICE PENSION FUND, and THE FUND OFFICE
OF LOCAL 580 OF ARCHITECTURAL AND
ORNAMENTAL IRON WORKERS,

            Respondents.

**RESPONDENT POLICE PENSION FUND'S
MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO REMAND ACTION TO THE NEW
YORK STATE SUPREME COURT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Respondents*
*100 Church Street, Room 5-141*
*New York, N.Y.  10007*

*Of Counsel:  Keith M. Snow (KS 5259)*
*Tel:  (212) 788-0581*
*NYCLIS No. 2007-016745*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARSHALL E. BLOOMFIELD,

                Petitioner-Judgment Creditor,

        -against-

07 CV 3934 (RJH)

DERMOT MACSHANE

                Respondent-Judgment Debtor,

              and

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND, THE CITY OF NEW YORK POLICE
PENSION FUND, and THE FUND OFFICE OF LOCAL
580 OF ARCHITECTURAL AND ORNAMENTAL
IRON WORKERS,

                Respondents.

------------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND ACTION TO THE NEW YORK STATE SUPREME COURT FOR LACK OF JURISDICTION**

**Preliminary Statement**

        Marshal E. Bloomfield, Esq. ("petitioner"), a judgment creditor, filed a petition in the New York State Supreme Court, Putnam County (Index No. 969/07) to attach a lien against the pension benefits of Dermot MacShane ("MacShane") pursuant to 22 NYCRR § 202.16(c)(2), resulting from unpaid legal fees incurred while petitioner represented MacShane in his divorce action.

        In response to the Putnam County Supreme Court petition, the New York City Police Pension Fund ("PPF") filed a cross-motion to dismiss the petition for failure to state a

cause of action for which relief may be granted pursuant to New York Civil Practice Law and Rules ("CPLR") § 3211(a)(7), and a demand for transfer of venue from the County of Putnam to the County of New York pursuant to CPLR §§ 503(a), 504(2) and (3), 510(1) and (3), 511(a) and (b).  Respondent, Fund Office of Local 580 of Architectural and Ornamental Iron Workers ("Local 580"), filed a Notice of Removal to the United States District Court for the Southern District of New York as well as a letter requesting a pre-motion conference dated May 25, 2007, in anticipation of its motion dismissed.  Respondent, Sergeant's Benevolent Association ("SBA"), joined in requesting a pre-motion conference for its anticipated motion to dismiss.

Due to the nature of the underlying action, which is fundamentally a state action, and the PPF lack of consent to the removal, the PPF respectfully request that this action be remanded to the New York State Supreme Court pursuant to 28 U.S.C. 1447.

## ARGUMENT

### STANDARD FOR REMOVAL FROM THE STATE SUPREME COURT TO THE FEDERAL DISTRICT COURT PURSUANT TO 28 U.S.C. 1441(B).

Pursuant to 28 USCS §1441, any civil action of which the Federal District Court has original jurisdiction, may be removed to the District Court.  In order for the Federal District Court to retain original jurisdiction, the action must involve diversity of citizenship, pursuant to 28 USCS § 1332 or involve a federal question pursuant to 28 USCS § 1331.  In the face of a motion to remand, the party removing the case bears the burden of establishing that removal is proper. Siverls-Dunham v. Seung Huen Lee, 2006 U.S. Dist. LEXIS 8021, *7 (S.D.N.Y 2006).

The removal statute is to be strictly construed. California v. Atlantic Richfield Co., 2007 U.S. App. LEXIS 12114, *33 (2d. Cir. 2007), citing Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002).  Due regard for the rightful independence of state governments

2

requires that federal courts scrupulously confine their own jurisdiction to the precise limits which the statute has defined.  Pupo v. Chadwick's of Boston, Inc., 2004 U.S. Dist. LEXIS 22287, *3, (S.D.N.Y) citing California Public Employees' Retirement System v. Worldcom, Inc., 368 F.3d 86, 100-01 (2d Cir. 2004).

Where the state action only asserts state law claims, removal to federal court is proper only if a substantial federal question exits.  A federal question must relate to allegations in the underlying action brought in state court as a "well pleaded complaint" rule and may not merely relate to a defense.  Box Tree South, LTD. v. Bitterman, 873 F. Supp. 833, 837 (S.D.N.Y 1995).  If the underlying action is fundamentally a matter of state, and not federal law, a federal question cannot be established and the district court lacks original jurisdiction.  Ally v. Sukkar, 128 Fed. Appx. 194, 195 (2d Cir. 2005).

In a requirement known as the "rule of unanimity," there is general agreement among the courts that all the defendants must join in seeking removal from state court.  Where such defect exists, a motion to remand the action pursuant to 28 U.S.C. § 1447 may be proper.  Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315, *5 (S.D.N.Y.).

### POINT I

**DUE TO THE NATURE OF THE UNDERLYING PROCEEDING, THE INSTANT MATTER DOES NOT INVOLVE A FEDERAL QUESTION AND THEREFORE THE DISTRICT COURT DOES NOT HAVE ORIGINAL JURISDICTION**

Respondent alleges that this Court has original jurisdiction pursuant to the Employee Retirement Income Security Action of 1974 ("ERISA") § 206(d)(1) which provides that pension plan benefits may not be assigned or alienated.  However, pursuant to ERISA § 1003(b)(1), ERISA is inapplicable to the PPF benefits because the PPF is a governmental pension plan.  PPF benefits are protected under Article V, § 7 of the New York State

Constitution and § 13-264 of the New York City Administrative Code and therefore do not involve a federal question.

Moreover, even though ERISA may be a legitimate defense to petitioner's attempt to attach a lien to the Local 580's pension benefits, a defense under federal law is in insufficient to warrant federal question and provide original jurisdiction to this Court.  See Box Tree South, LTD. v. Bitterman, 873 F. Supp. 833, 837 (S.D.N.Y 1995).

Here, the petition is based upon a lien granted in a state court, and the means by which petitioner seeks to attach the lien, although meritless, is nonetheless based fundamentally on state law and therefore the district court lacks original jurisdiction.  See Ally v. Sukkar, 128 Fed. Appx. 194, 195 (2d Cir. 2005).

## POINT II

### LOCAL 580 HAS FAILED TO OBTAIN THE PPF'S CONSENT TO REMOVE THE CASE TO THE FEDERAL DISTRICT COURT

On May 21, 2007 at approximately 3:45 P.M., the Office of the Corporation Counsel, counsel for the PPF received a facsimile from Colleran, O'Hara & Mills, L.L.P., attorney for respondent, Local 580, which was a copy of a letter to Justice O'Rourke of the Putnam County Supreme Court, with Notice of filing of Petition for Removal to the District Court, indicating that the action had been removed to federal court.  See Exhibit "C" annexed to the Declaration of Keith M. Snow dated June 19, 2007.  At no time prior to May 21, 2007 had Colleran, O'Hara & Mills made any contact with counsel for the PPF regarding removal of this case.  Moreover, at no time has the PPF consented to removal of action to the Federal District Court.  Accordingly removal is improper, and the action should be remanded in accordance with

28 U.S.C. § 1447. See Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315, *5 (S.D.N.Y.).

## **CONCLUSION**

For the foregoing reasons, the PPF respectfully requests that the Court remand this action to the New York State Supreme Court, together with such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
               June 8, 2007

                             MICHAEL A. CARDOZO
                             Corporation Counsel of the
                             City of New York
                             Attorney for Respondent New York City
                             Police Pension Fund
                             100 Church Street, Room 5-141
                             New York, New York 10007
                             (212) 788-0581

By:          /s/
                  Keith M. Snow (KS 5259)
                  Assistant Corporation Counsel