```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x    Index No: 07 CIV 3934
Marshall E. Bloomfield,                      Hon. Richard J.
                                             Holwell U.S.D.J.
            Petitioner-Judgment Creditor
                   -against-                 NOTICE OF MOTION TO
Dermot MacShane,                             REMAND AND FOR COSTS
                                             ON THE GROUNDS OF
Respondent-Judgment Debtor                   DEFECTIVE REMOVAL
            And
Sergeant's Benevolent Association Annuity
Fund, The City of New York Police Pension
Fund, and the Fund Office of Local 580 of
Architectural and Ornamental Iron
Workers,
                        Respondents.

----------------------------------------x
```

PLEASE TAKE NOTICE, that Petitioner-Judgment Creditor will move this Court at The United States District Court, on 08/06/2007, at 9:30am, or as soon thereafter as counsel may be heard, Southern District of New York located at the Daniel Patrick Moynihan United States Courthouse 500 Pearl St., New York, NY 10007 in Court Room 17B, for the following items of prayed for relief:

(1) An Order remanding the above-entitled action from the United States District Court for the Southern District of New York back to the Supreme Court of the State of New York County of Putnam, Index Number 969/2007, from which it was removed on or about May 21, 2007, pursuant to Respondent Local 580 of Architectural and Ornamental Iron Workers' Notice of Petition for Removal; and,

(2) An Order granting Petitioner-Judgment Creditor such other and further relief as to this Court may seem just, proper and equitable.

PLEASE TAKE FURTHER NOTICE, that prior to making this motion, and in conformity with the Part Rules of this Honorable Court, Petitioner-Judgment Creditor, on 5/22/2007, sent a letter to Defendant's counsel informing them of our belief that this matter should be remanded, but can no longer wait for a response.

<u>PLEASE TAKE FURTHER NOTICE</u>, that in support of this Motion, Petitioner-Judgment Creditor will additionally rely on an accompanying Affidavit of Counsel, Petitioner-Judgment Creditor's accompanying Memorandum of Law, the Order of This Court dated June 15, 2007, and upon all the papers and proceedings had herein.

Dated:   June 25, 2007
         The Bronx, New York

                              Yours, etc.,

                              Marshall E. Bloomfield, Esq.
                              Petitioner-Judgment Creditor/Movant
                              349 E 149 ST
                              BX   NY   10451-5603
                              (718)  665-5900  <>  (212)  662-1870

TO:   Colleran, O'Hara & Mills LLP
      Attorneys for Respondent Local 580 of
      Architectural and Ornamental Iron Workers
      1225 Franklin Ave   STE 450
      Garden City NY 11530
      516-248-5757

      O'Dwyer & Bernstein LLP
      Attorneys for Respondent Sergeant's
      Benevolent Association Annuity Fund
      52 Duane ST 5FL
      New York   NY   10007

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      1030 Hollywood Ave
      Bronx     NY    10463

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      72 Rockledge RD APT M
      Hartsdale, NY 10530


      Corporation Counsel for the City of New York
      Attorneys for The City of New York Police Pension Fund
      100 Church ST
      New York NY 10007

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
Marshall E. Bloomfield,                    Index No: 07 CIV 3934
        Petitioner-Judgment Creditor       Hon.    Richard    J.
                                           Holwell U.S.D.J.
Dermot MacShane,
                                           AFFIDAVIT IN SUPPORT
        Respondent-Judgment Debtor         OF     Petitioner-
              And                          Judgment    Creditor'
Sergeant's Benevolent Association Annuity  MOTION TO REMAND
Fund, The City of New York Police Pension
Fund, and the Fund Office of Local 580 of
Architectural and Ornamental Iron Workers,
        Respondents.

------------------------------------x
```

Marshall E. Bloomfield, an Attorney admitted to practice law in the State of New York, and in the Southern District of New York, and Petitioner-Judgment Creditor herein, submits this Affidavit sworn by him to be true:

<u>Petitioner-Judgment Creditor Advances the Following Grounds in Support of His Motion</u>

1. This action was improperly removed from State Court on the grounds that "[t]his court has original jurisdiction under the provisions of ERISA §206(d)(1)." Paragraph 6 of Local 580 Pension Fund's Verified Petition for Removal.

2. The special proceeding that was removed to this court, was one in which Mr. Bloomfield sought equitable relief to enforce a lien awarded him in the matter of Dermot MacShane v. Julia MacShane, a matrimonial action in Supreme Court of the State of New York, Putnam County Index Number 1798/2002.

3. Attached hereto, made a part hereof and labeled as "Exhibit A" is an Affidavit of Dermont MacShane dated April 15, 2004, in which he acknowledges the lien, and demonstrates that the lien, appearing on his Net Worth Statement, was recognized as

a liability of the matrimonial estate.

4. During subsequent court proceedings had within the matrimonial action held on October 6, 2004, Justice Fred L. Shapiro, issued a domestic relations order from the bench wherein he held on the record, "there will be no distribution of any assets to Mr. MacShane without you [Mr. Bloomfield] being heard, and it would be my intention to give you your fee off the top of any distribution." Attached hereto, made a part hereof and labeled as "Exhibit B" is a transcript of said proceedings.

5. Subsequent thereto, your Petitioner moved for relief in the Dermot MacShane v. Julia MacShane matrimonial action in Supreme Court of the State of New York, Putnam County Index Number 1798/2002, by Order to Show Cause returnable 11/10/2005, seeking, *inter alia*, relief under N.Y. C.P.L.R. §§ 5225(b) and 5227 for an order directing the turnover of the Sergeants Benevolent Association Annuity Funds, the City of New York Police Pension Fund, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, several bank accounts, and Dermot MacShane's income from the New York City Police Department.

6. In opposition thereto, Fund office of Local 580 Architectural and Ornamental Iron Workers opposed the Petition on the basis that a judgment creditor couldn't reach the funds as said was barred by ERISA. Unlike in the instant matter, Local 580 did not seek removal, properly recognizing that the relief sought therein related to the matrimonial matter.

7. Judith MacShane, a non-party to the instant petition, opposed Mr. Bloomfield's proceeding on the basis that Dermont MacShane's pensions and annuities were part of the equitable

distribution she was entitled to, but for which relief had not been granted.

8. Said Order to Show Cause was resolved by the Amended Decision and Order of the Hon. Andrew P. O'Rourke, J.S.C. dated 12/12/2005 and entered 12/13/2005. Attached hereto, made a part hereof and labeled as "Exhibit C" is a copy of said Decision & Order. Attached hereto, made a part hereof and labeled as "Exhibit D" is a copy of Judgment entered by the Putnam County Supreme Court.

9. Subsequent thereto, and shortly before the instant proceeding was commenced, I first discovered that the matrimonial matter of MacShane v. MacShane had been "resolved," notwithstanding the decision of Justice Shapiro stating, "there will be no distribution of any assets to Mr. MacShane without you [Mr. Bloomfield] being heard, and it would be my intention to give you your fee off the top of any distribution." Although I had been receiving some money from a garnishment of Dermont MacShane's salary, these funds were insufficient to satisfy the lien and judgment, and they ceased when Mr. MacShane left the police force.

10. While this Court's jurisdiction includes ERISA claims, it is well established that this jurisdiction is concurrent with the New York State Supreme Court. Furthermore, where the underlying action is based upon a Domestic Relations Order, there is a preference that matrimonial matters be litigated in State Courts. See, Anonymous v. Anonymous, 2001 U.S. Dist. Lexis 20928; In Re: Scales v. General Motors Corp. Pension Admin., 275 F. Supp. 2d 871 (E.D.Mich S.D. 2003).

11. The Putnam County Supreme Court, is intimately familiar with the underlying matter, as it has heard the parties thereto since 2002, and can fashion appropriate and proper relief, including but not limited to the modification of any existing qualified domestic relations order. This honorable court, however, is without jurisdiction to grant such relief, and thus the Southern District of New York cannot retain jurisdiction over this matter. See, Ankenbrandt v. Richards, 504 U.S. 689,703.

12. The same parties to this instant proceeding were noticed with Mr. Bloomfield's November 2005 Order to Show Cause, and they previously submitted to the jurisdiction of the Putnam County Supreme Court, and thus should be barred from asserting their removal claims herein based upon waiver and estoppel.

13. There is a difference between this instant proceeding and the November 2005 Order to Show Cause. In 2005 Mr. Bloomfield sought relief pursuant to his judgment under CPLR §§ 5225(b) and CPLR 5227, and there was no prior distribution of Dermot MacShane's ERISA funds. In the instant proceeding, Mr. Bloomfield is seeking equitable relief as a lien holder, and, upon information and belief, the ERISA funds have been distributed as part of a qualified domestic relations order issued by the Putnam County Supreme Court.

14. Thus, while Southern District may generally have jurisdiction over ERISA claims, the State Court has concurrent jurisdiction. And, in the case at bar, where the relief sought is a special proceeding to enforce a domestic relations order and matrimonial judgment entered in Putnam County Supreme Court, this

matter should be remanded to the Supreme Court State of New York Putnam County wherein said relief was previously granted.

15. There exists no prejudice to Respondents in that any substantive defense inuring to the benefit of any said Respondents including, but not limited to those under ERISA can be raised in the Supreme Court of Putnam County.

16. There has been no prior application for the relief herein sought.

State of New York )
County of the Bronx ) ss:

_____
Marshall E. Bloomfield, Esq

Sworn to this 25th day of June, 2007.

_____
Notary Public
Michael P. Bloomfield
Notary Public, State of New York
No. 02BL6086804
Qualified in County of The Bronx
Commission Expires 2/3/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       Index No: 07 CIV 3934

---------------------------------x   Hon. Richard J. Holwell
Marshall E. Bloomfield,              U.S.D.J.
    Petitioner-Judgment Creditor
                -against-            AFFIDAVIT OF SERVICE
Dermot MacShane, Respondent-Judgment
Debtor
              And
Sergeant's Benevolent Association
Annuity Fund, The City of New York
Police Pension Fund, and the Fund
Office of Local 580 of Architectural
and Ornamental Iron Workers,
Respondents.
---------------------------------x

STATE OF NEW YORK   )
                    ss:
COUNTY OF THE BRONX )

William J. Knoesel, being duly sworn, deposes and says;
   1) Deponent is not a party to the action, is over 18 years of age and resides within the County of the Bronx.

   2) That on the 26 day of June, 2007, Deponent served the within and attached document(s); Notice of Motion for Remand and Supporting Papers, and a Memorandum of Law upon:

| Colleran, O'Hara & Mills LLP<br>Attorneys for Respondent Local 580 of Architectural and Ornamental Iron Workers<br>1225 Franklin Ave STE 450<br>Garden City NY 11530 | O'Dwyer & Bernstein LLP<br>Attorneys for Respondent Sergeant's Benevolent Association Annuity Fund<br>52 Duane ST 5FL<br>New York  NY   10007 | Dermot Macshane<br>Judgment Debtor-Respondent Pro Se<br>1030 Hollywood Ave<br>Bronx    NY    10463 |
|---|---|---|
| Corporation Counsel for the City of New York<br>Attorneys for The City of New York Police Pension Fund<br>100 Church ST<br>New York NY 10007 | Dermot Macshane<br>Judgment Debtor-Respondent Pro Se<br>72 Rockledge RD APT M<br>Hartsdale, NY 10530 | |

said address(es) having been designated (by said Attorney[s]) for that purpose, by depositing a true copy(ies) of same enclosed in a postpaid properly addressed wrapper(s), First Class Mail,, in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                               William J. Knoesel

Sworn to before me,
June  26   , 2007

NOTARY PUBLIC
MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No. 02BL0326550
Qualified in the County of The Bronx
Commission Expires June 30, 2011

Index No: 07 CIV 3934
Hon. Richard J. Holwell U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Marshall E. Bloomfield,
Petitioner-Judgment Creditor

-against-
Dermot MacShane,

Respondent-Judgment Debtor

And

Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental Iron Workers,

Respondents.

---

**NOTICE OF MOTION TO REMAND AND FOR COSTS ON THE GROUNDS OF DEFECTIVE REMOVAL & SUPPORTING PAPERS**

---

To:   Colleran, O'Hara & Mills LLP
      Attorneys for Respondent Local 580 of
      Architectural and Ornamental Iron Workers
      1225 Franklin Ave   STE 450
      Garden City NY 11530
      516-248-5757

      O'Dwyer & Bernstein LLP
      Attorneys for Respondent Sergeant's
      Benevolent Association Annuity Fund
      52 Duane ST 5FL
      New York   NY   10007

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      1030 Hollywood Ave
      Bronx     NY    10463

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      72 Rockledge RD APT M
      Hartsdale, NY 10530

      Corporation Counsel for the City of New York
      Attorneys for The City of New York Police Pension Fund
      100 Church ST
      New York NY 10007