

STATE OF NEW YORK    )
                                            ss:
COUNTY OF THE BRONX           )

     Dermot MacShane, being duly sworn, deposes and says:

     (1) I hereby acknowledge my indebtedness to my Attorney, Marshall E. Bloomfield, Esq., as set forth in the Liabilities Section of my Net Worth Affidavit dated 4/15/04 in §H.1.2a.

     (2) I hereby consent to the extent of such indebtedness to assign an interest in that property accruing to me upon the final disposition of the equitable distribution phase of the action and in accordance with NYCRR §202.16(c)(1)(2) and subject to Court approval as provided therein.

                              Dermot MacShane

Sworn to before me this  15 
day of April, 2004.

/s/

MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No. 02BL0326550
Qualified in the County of The Bronx
Commission Expires June 30, 2007

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
------------------------------------x
DERMOT MACSHANE,                                INDEX NO.

                  Plaintiff,            1798/2002

     -against-

JULIE MACSHANE,

                  Defendant.
------------------------------------x

              Putnam County Courthouse
              40 Gleneida Avenue
              Carmel, New York  10512
              October 6, 2004

BEFORE:

              HON. FRED L. SHAPIRO,
              Acting Justice of the Supreme Court.

APPEARANCES:

              MARSHALL E. BLOOMFIELD, ESQ.
              Attorney for the Plaintiff
              349 E. 149th Street
              Bronx, New York 10451
              AND:  WILLIAM KNOESEL
                     Law Assistant.


              BERKMAN & HUDAK, ESQS.
              Attorneys for the Defendant
              38 Gleneida Avenue
              Carmel, New York 10512
              BY: ELIZABETH HUDAK, ESQ.


           *MARY C. TRAYNOR*
          *Senior Court Reporter*

2

1    *CONFERENCE*

2              THE CLERK:    MacShane versus

3    MacShane.

4              THE COURT:    Can you please

5    call Ms. Hudak?  I think we should

6    call Ms. Hudak.  I have a feeling that

7    it's settled.

8              SECOND CALL:

9              THE CLERK:    On the MacShane

10   matter, confirms matter was adjourned

11   to today and she writes Mr. Bloomfield

12   would greatly appreciate if this

13   adjournment can be calendared for

14   11:30 a.m., since he may be engaged in

15   the last day of Court ordered

16   depositions in the matter.

17             THE COURT:    We'll wait until

18   11:30.

19             THIRD CALL:

20             THE COURT:    Let the record

21   indicate that I had some

22   off-the-record discussions with

23   counsel in an ongoing attempt to

24   resolve this matter.

25             Mr. Bloomfield has advised

*10/6/04*

3

the Court that after the
off-the-record discussion and counsel
speaking to their clients, it became
apparent that this matter is not going
to be resolved.

Mr. Bloomfield had made
motion some time ago to be relieved as
counsel. And the Court adjourned it,
in order that Mr. Bloomfield would
have an opportunity to attempt to
resolve this matter.

And I want to say for the
record, I'm very much impressed that
Mr. Bloomfield could have walked in
here on a return date and, frankly, I
would have granted the motion at that
time, had he not decided to stick it
out, though he was not getting paid
and attempted to work this out.

Unfortunately the case could
not be resolved and Mr. Bloomfield has
now asked me to decide the motion that
he made.

I'm going to grant his

4

1      *CONFERENCE*

2      application.  I'm going to relieve him

3      as counsel.  I'm going to grant him a

4      retaining lien and he'll provide me

5      with an affidavit served on both Ms.

6      Hudak and Mr. MacShane, as to the fees

7      brought up-to-date.

8              I have the fees up to the

9      date of the motion.  I need from the

10     date, return date of the motion

11     forward and the Court would be

12     inclined to grant that as well.

13             You may be heard on the

14     issue.  Not as to whether he should

15     have the lien, Mr. MacShane.  You

16     shall be heard on whether the fees are

17     reasonable and necessary.  That's the

18     only argument you can make, that the

19     fees were not reasonable or necessary

20     for this case, but he does not have to

21     turn over the file until that lien is

22     resolved.

23             I further indicated that I'm

24     going to give you an opportunity to

25     attain a new attorney and I'll give

CONFERENCE

5

you through and including November 5th
to obtain a new attorney. You'll be
back in court. We're going to bring
this back on November 17th at 9:30, to
take -- to hear, to decide how best
to proceed once you have an attorney.

But keep in mind if you do
not retain a new attorney you will be
proceeding without counsel and I'll
hold you to the same standard as an
attorney. I can't lower the standard,
even though I'm aware that you're not
an attorney. I will explain whatever
I feel is appropriate, without
crossing a line and giving you legal
advice, but I will advise you as to
what's going on and the nature of the
proceeding.

Mr. Bloomfield, do you wish
to be heard?

MR. BLOOMFIELD: Just for a
second, to point out to the Court that
the Order to Show Cause dated the
first day of June, 2004, asked for two

CONFERENCE

1

2   forms of relief; an order permitting,

3   granting myself leave to withdraw and

4   the Court has just indicated it would

5   grant that.

6           The second one was an order

7   approving movant's interest, my

8   interest, in the property of the

9   Plaintiff, Dermot MacShane, pursuant

10  to NYC 2d 2002.16.2 and attached to

11  the moving papers was an

12  acknowledgment of my interest in his

13  property as set forth and his net

14  worth affidavit and consenting.

15          THE COURT:   Let me say this

16  to you:  I'm going to grant that to

17  the extent there will be no

18  distribution of any assets to Mr.

19  MacShane without you being heard.

20          And it would be my intention

21  to give you your fee off the top of

22  any distribution.

23          MR. BLOOMFIELD:   Thank you.

24          THE COURT:   Again, there

25  will be another judge here.  If you

10/6/04

7

1    *CONFERENCE*

2    submit this to me. I'll make sure the

3    other judge sees it.  Before anything

4    can be distributed to you, Mr.

5    Bloomfield is entitled to have his fee

6    paid.

7                 MR. MACSHANE:  Can I have a

8    copy?  I was never served.

9                 THE COURT:  You had to, to

10   be here.

11                MR. MACSHANE:  Your Honor. I

12   was not.

13                THE COURT:  I'll ask Mr.

14   Bloomfield to provide you with another

15   copy.

16                MR. BLOOMFIELD:  Absolutely

17   and it was served.

18                THE COURT:  I have an

19   affidavit of service and it was here

20   on the return date. I believe you had

21   it.  Doesn't matter.  I'm going to get

22   you a new one.  I'm not going to say

23   too bad.

24                MR. MACSHANE:  He showed it

25   to me at that time.

8

1    *CONFERENCE*

2            THE COURT:    Doesn't matter.

3    You're going to get it.

4            MR. MACSHANE:    One other

5    question.    How do I proceed?    I'm

6    beyond destitution as it stands.

7            THE COURT:    Let me say this.

8            MR. MACSHANE:    Such a

9    thing  --

10           THE COURT:    What is your

11   salary?

12           MR. MACSHANE:    80,000 a year.

13           THE COURT:    Nobody is going

14   to grant you poor person relief making

15   $80,000.

16           MR. MACSHANE:    After child

17   support and other obligations --

18           THE COURT:    If you want to

19   make an application, get in touch with

20   Judge Nicolai's office and they'll

21   make short visit.    On an $80,000

22   income there is no way in the world

23   they will assign an attorney to you.

24           Ms. Hudak, do you wish to be

25   heard?

*10/6/04*

1          *CONFERENCE*

2                    MS. HUDAK: Couple of things.

3                    I want to make sure my client

4          is aware of the fact during what you

5          have done is a stay period for anymore

6          proceedings. That we are going to be

7          filing contempt motion in this matter

8          and I need for my client to know that

9          I will not be able to do so during

10         this period of time, though I have

11         assured her one will be forthcoming

12         once the period of time is up. If we

13         can clarify the date when I can bring

14         the same?

15                   THE COURT: The stay was up

16         and including November 5th. And if

17         you bring in an Order to Show Cause to

18         me on November 8th, I'll make it

19         returnable on the 17th.

20                   Let me say this to you; I

21         take those contempts very seriously.

22         If you're not current. I'll probably

23         do a hearing that day. And keep in

24         mind if I find that you willfully

25         violated, with or without an attorney.

1                   CONFERENCE
2      you're not going out that way.  You go
3      right to the County Jail.
4                   MR. MACSHANE:  I understand
5      that.
6                   Last thing, arrears of $60.
7                   THE COURT:  Well, I don't
8      know what it is, but I'm not even
9      saying you're in arrears.  I only put
10     people in jail that willfully violate
11     my orders and I do a hearing, but I
12     have a feeling I'll do the hearing
13     either that day or the next day.
14                  So, be prepared and let
15     counsel know, because I'm not going
16     to -- I don't let anybody violate
17     orders.  If you haven't violated the
18     order or you owe something like $60,
19     no way in the world I'm putting you in
20     jail.  You'll walk out.  I didn't say
21     if they bring the motion you'll go to
22     jail.  I'll take testimony and they
23     have to prove it by clear and
24     convincing evidence.  You don't have
25     to say anything and you could prevail.

1   *CONFERENCE*

2   You have to prevail in the case. If

3   they show all the money, number one,

4   you can argue you don't owe it, which

5   is of course a complete defense or

6   that failure to pay was not willful,

7   but once, if I find it's willful, you

8   go to jail until you pay what's owe

9   and six months is a long time to sit

10  in there.

11          MS. HUDAK: Additionally, to

12  make certain Mr. MacShane is very

13  clear, that the pendente lite order of

14  the Honorable John W. Sweeney, Jr., is

15  in effect.

16          THE COURT: That order has

17  to be complied with, I never vacated

18  it. You're aware that whatever Judge

19  Sweeney had in that order, you're

20  supposed to be in compliance with.

21          MR. MACSHANE: It's

22  impossible.

23          THE COURT: Wait. Are you

24  aware that it's still in effect and

25  nothing happens to that order by

CONFERENCE

anything that I did today?

MR. MACSHANE: Yes.

THE COURT: So, if they show that you are not in compliance, then you have to come forth and show, I'm not in compliance, but it's not willful. If I disagree with you or I find for argument's sake you should have paid more than you did, it's going to be jail until you, you know you don't get time to go get the money.

So, if you could somehow raise the money and they document it so, I would strongly suggest that you do so, because I don't like sending people to jail, I abhor it, but I find that other than one case over ten years, every person I put in jail within two to three days, every single penny has appeared and the other person had the money and basically was spitting in my face and said to me, I got it and I'm not paying it, so he

13

1              *CONFERENCE*

2    wanted to sit there for six months.

3    Wasn't much I could do.

4              MR. MACSHANE: Your Honor, I

5    never had the money.

6              THE COURT:    They have to

7    prove.  This is the order and this is

8    what you paid and then you have the

9    burden of coming forward and saying

10   yes, I paid it, and if you paid it

11   it's over or no, I didn't. but it

12   wasn't willful.

13              There is three choices.  I

14   can either say you're cleared, none of

15   this was willful, or I could say,

16   well, he ordered you to pay X dollars

17   you couldn't afford X, but you could

18   afford Y, so you go to jail until Y is

19   paid, or I could say, no, they have

20   established that you didn't comply

21   with the order and I don't see any

22   reason why you couldn't comply and

23   then you go to jail.  It's six months

24   sentence.  I want you to know that.

25   but keep in find you have the key.  If

CONFERENCE

1

2  you make payment, I open the jail door

3  that day.  I don't keep people in

4  there to punish them.  The sole

5  purpose of this is to coerce

6  compliance.

7          MS. HUDAK:  Your Honor,

8  order, among other items I would ask

9  Mr. MacShane now that he is currently

10  unrepresented by counsel to review

11  that order, to make certain that he's

12  aware of the fact that among other

13  items in the order, he owes Mrs.

14  MacShane the sum of 1,000 a month as

15  and for maintenance, which hasn't been

16  paid for some time.  At a minimum now

17  he needs to review that, minimum

18  payments on credit cards, etcetera,

19  those are the items I'm speaking

20  about, but I would ask that Mr.

21  MacShane review that order, you know,

22  in expectation of receiving contempt

23  motion.

24          Thank you, your Honor.

25          MR. MACSHANE:  Excuse me,

CONFERENCE

your Honor, anything that preempts such motion that it's frivolous and false, because all of my cards are on the table.

THE COURT:    Listen to me. You can argue that it's frivolous in your opposition papers. I'll listen to both sides.

MR. MACSHANE:    To preempt.

THE COURT:    How can I know something before I read the papers?

MR. MACSHANE:    From the paperwork that the defense attorney has, that they would know there is no way that I have this money, nor do I have the assets. It's been known since before I lost my house, your Honor.

THE COURT:    You can argue that.

MR. MACSHANE:    Nothing to preempt.

THE COURT:    You couldn't preempt anything. Law doesn't permit

CONFERENCE

1

2     that.   After the fact if I find it's

3     frivolous, I can say this was

4     frivolous and I could sanction them up

5     to $10,000.

6               But let me say this to you:

7     I know Ms. Hudak a long time and I've

8     never known her to make frivolous

9     motions.   I've known her to make

10    motions which I have denied, but never

11    frivolous.

12              MR. MACSHANE:   This is

13    frivolous.

14              MS. HUDAK:   My motion for

15    contempt would be frivolous, just so

16    that I can clarify.

17              MR. MACSHANE:   Practically

18    criminal.

19              MS. HUDAK:   If I may, we're

20    not revisiting Judge Sweeney's

21    pendente lite.

22              THE COURT:   His argument is

23    that he can't comply with it, you

24    know, not that he's defying, he can't

25    comply and I'll find that out.

As a matter of fact, you know what you could do, make motion returnable by Order to Show Cause on November 15th. I'll come in November 15th and set it down for an order that week for hearing so you be prepared to go the 17th -- 16, 17th, 18th or 19th. No?

MS. HUDAK: That would be when the trial would be.

THE COURT: Hearing on the contempt, I want to do it before I go.

MR. BLOOMFIELD: For the record, I'm gone.

THE COURT: You're gone as of now.

If you come in without an attorney, I can almost guarantee the result, you know. This is a very serious matter and, you know, I would like to -- I don't want you losing because you don't have an attorney who can articulate the law and argue and examine witnesses. I don't think

*10/6/04*

1          *CONFERENCE*

2          you're capable of doing that.  No way

3          I would be capable of doing your job

4          and not any disrespect.  If you don't

5          have an attorney, it's going to be

6          very difficult for you to prevail.

7                    I'll say this to you, if I

8          were you, I would get an attorney real

9          quickly.  I don't know, let that

10         attorney review what was done and I

11         have a feeling that --

12                    MR. MACSHANE: If I had the

13         money.

14                    THE COURT:    Let me finish.

15         I have a feeling they'll come to the

16         same conclusion Mr. Bloomfield did.

17         the proposed settlement was fair and

18         reasonable with what I said today to

19         them and you could avoid the whole

20         mess.

21                    I think what you are doing

22         is, again, I did think it's in good

23         faith, I'm not going to argue that and

24         Mr. Bloomfield was very clear that he

25         understands your reasoning, but if you

19

CONFERENCE

were a business person and I said, if,

you go this route you're going to lose

a lot of money.  If you go this route

you'll lose a lot of money and you

said I'm a man of principles, I would

rather lose the money.  Wait, I'm

using that as analogy.  Not saying

it's what you have done.  I can almost

guarantee if you don't have an

attorney, this is going to turn out

much worse than a settlement.  If you

have an attorney, I would want them to

exercise independent judgment.  I

wouldn't be surprised if they came to

the same conclusion Mr. Bloomfield

did.  You're digging in, spinning your

wheels and you'll end up hurting

yourself.  And the reason is that I'm

not going to be the judge that decides

it and I'm not going to discuss this

with the new judge, but you're going

to be very unhappy if you push this to

the limit.

I think you're making a

10/6/04

1                        CONFERENCE

2    terrible mistake and that's my advice

3    as best I can give it to you and

4    because I don't want to see you end up

5    in jail and I don't want to see

6    decision by another judge that

7    financially hurts you more than you

8    would have been had you gone along

9    with the settlement and you better

10   sleep on it.

11           Mr. Bloomfield did a great

12   job for you and I have to tell you I

13   didn't know him before this and I

14   never saw anybody so tenacious that

15   wasn't getting paid and sticking up

16   for you every turn. And because the

17   easy thing for him would have been to

18   say, look, I can't settle it, I'll

19   walk away now, he didn't, he stuck in.

20   As difficult as it was. you should be

21   grateful for him and I have tremendous

22   respect for Mr. Bloomfield.

23           MR. BLOOMFIELD: Just I have

24   to. I may not agree with everything

25   that the Court said about me, but

1                           *CONFERENCE*

2          there is one thing that's obvious to

3          both counsel, the amount of effort

4          that you, this Court, put in, the time

5          this Court put into attempting

6          resolution is extraordinary.  And a

7          lot of it was off the record in

8          chambers, trying to work things out.

9          Number of hours and the efforts and

10         constructive nature of it, from my

11         point of view and I've been practicing

12         over 36 years, extraordinary.  I've

13         never experienced anything that was

14         more than that effort and I wish to

15         thank the Court for that.

16             And I also wish to say that I

17         hope that the parties do resolve this

18         as soon as possible and I know it

19         behooves both of them to do so.

20             THE COURT:  I agree

21         completely with that and I just hope

22         that it can be done during this

23         interim period, that something be done

24         to resolve it.  If not, we'll go

25         forward and the I think contempt

22

1      *CONFERENCE*

2      motion will decide a lot of this case

3      one way or the other and that's why I

4      wanted to do a hearing before you at

5      least the bench and I'm clearly, that

6      whole week I know I can get it done.

7                MR. BLOOMFIELD:  Thank you,

8      your Honor.

9                MS. HUDAK:  And obviously Mr.

10     Bloomfield is always eloquent and we

11     join in his sentiment.

12                MR. MACSHANE:  In light of

13     the lien on the property, do I have

14     access to my file?

15                THE COURT:   No.  Until you

16     either pay the bill or I set the lien,

17     if you want to agree to the lien I'll

18     have him send the file over, but in no

19     event will any money go to you, but

20     I'm not going to lift the lien on any

21     property.

22                MR. MACSHANE:  I'm not

23     looking for a lift on the lien.  I'm

24     agreeing to the lien.

25                THE COURT:   Do you want to

1                        *CONFERENCE*

2      know the amount?

3                  MR. MACSHANE:  I don't.

4                  THE COURT:    I don't think

5      Mr. Bloomfield does.

6                  MR. MACSHANE:  Couldn't that

7      be settled a later date.

8                  THE COURT:    Law requires at

9      least the lien be set before the file

10     is turned over.  Not paid, but set.

11                 MR. MACSHANE:  Okay.

12                 THE COURT:    If you agree

13     with Mr. Bloomfield, he'll send a

14     stipulation.  I'll so order and you

15     get the file, but right off the top

16     but --

17                 MR. MACSHANE: I'm in over my

18     head.

19                 THE COURT:    I think so, too.

20

21                        oOo

22

23     *Certified to be a true and correct*
       *transcript.*

24     _____
       *Mary C. Traynor,*
25     *Senior Court Reporter*

                        *10/6/04*

# EXHIBIT C

## AMENDED DECISION AND ORDER

To commence the statutory
period of appeals as of right
CPLR (5515 [a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.

PUTNAM COUNTY
CLERK

2005 DEC 13  AM 9: 19

SUPREME COURT OF THE STATE OF NEW YORK
IAS PART, PUTNAM COUNTY

Present:  Hon. Andrew P. O'Rourke
              Supreme Court Justice

--------------------------------------------------------------X
MARSHALL E. BLOOMFIELD, ESQ.,

INDEX NO.: 2022/2005
MOTION
DATE: 11/21/05

Petitioner-Judgment Creditor,

-against-

DERMOT MACSHANE.

Respondent-Judgment
Debtor,

-and-

JUDITH MACSHANE

Respondent,

-and-

SERGEANTS BENEVOLENT ASSOCIATION ANNUITY
FUND, THE CITY OF NEW YORK POLICE PENSION
FUND, FUND OFFICE OF LOCAL 580 OF
ARCHITECTURAL AND ORNAMENTAL IRON
WORKERS. ALLSTATE FINANCIAL SERVICES. HSBC,
CITIBANK. NEW YORK CITY POLICE DEPARTMENT.
WACHOVIA f/ka FIRST UNION.

RESPONDENTS-
GARNISHEES.
-----------------------------------------------------------------X

The following documents numbered 1 to 6 read on this motion by Petitioner to Garnish Dermot MacShane's pension and assets to satisfy a judgment.

> Notice of Motion- Affidavits 1, 2
> Answering Affidavits 5, 6
> Replying Affidavits
>          Affidavits
> Pleadings-Exhibits-Stipulations-Minutes 4, 4
> Briefs: Plaintiff
>          Defendant

Motion is decided as follows:

Petitioner obtained a judgment against the Judgment-Debtor Dermot MacShane in the

sum of $30,392.19. Petitioner seeks to collect said judgment from the respondent-Garnishees

Sergeants Benevolent Association Annuity Fund, the City of New York Police Pension Fund,

Fund Office of Local 580 of Architectural and Ornamental Iron Workers, Allstate Financial

Services, HSBC, Citibank, New York Police Department and Wachovia f/ka First Union., all of

whom have moneys belonging to Respondent-Debtor Dermot MacShane.

Petitioner seeks a judgment pursuant to CPLR 5225(b) and CPLR 5227 ordering the

turnover of property held by the Respondent-Garnishee to the Petitioner Judgment Creditor

sufficient to satisfy the outstanding judgment. Petitioner further alleges Dermot MacShane is

employed by the New York City Police Department holding the rank of Sergeant for an annual

salary of $75,070 against which there are no liens or judgments. Petitioner requests installment

payments be made to Petitioner from Dermot McShane's salary to satisfy the outstanding

judgment.

In opposition Respondent Garnishee, Fund Office of Local 580 of Architectural and Ornamental Iron workers, states Petitioner's request to turnover funds from the pension plan benefits to which Dermot MacShane might be entitled is barred by ERISA and unenforceable.

An affidavit in opposition is submitted by Judith MacShane who states that Dermot McShane's pensions and annuities are part of the equitable distribution to which she is entitled. Ms. MacShane alleges her interest herein are superior to any other claim and should be preserved.

After a review of the documents presented the Court directs that the Judgment Debtor, Dermot McShane's employer, the New York City Police Department pay directly to Petitioner-Judgment Creditor, the sum of $200 per pay period until the judgment owed herein is paid in full.

Additionally, any moneys held by HSBC, Citibank, Allstate Financial Services and or Wachovia f/k/a First Union in the name of Dermot McShane will be turned over to the Petitioner Judgment Creditor Marshall E. Bloomfield, Esq. Toward the satisfaction of Petitioner's judgment.

This constitutes the order of the Court.

Andrew P. O'Rourke
Justice of the Supreme Court

Dated: December 12, 2005
Carmel, NY

3

# EXHIBIT D



At the Supreme Court,
State of New York held in
and for the County of
Putnam, at the Courthouse
located at 40 Gleneida
Avenue, Carmel, New York
10512 , on the _15th_ of
_____, 2004

Present:    Hon. Andrew P. O'Rourke
            Supreme Court Justice
        Hon. Fred L. Shapiro, J.S.C.

———————————————————————————x
Dermot MacShane,,
                            Plaintiff(s),
            -against-
Judie MacShane,
                            Defendant(s).
———————————————————————————x

Index No.: 1798/02

**JUDGMENT**

    An Order to Show Cause having previously been submitted to this Court and

signed by Hon. Fred L. Shapiro on the 1st day of June, 2004; and

    Said Order to Show Cause having sought the following enumerated items of

relief:

        1) An order permitting and allowing Marshall E. Bloomfield, Esq. leave

to withdraw as Counsel for Plaintiff, Dermot MacShane; and

        2) An order approving Counsel Fees and Disbursements incurred up

through and including May 24, 2004, in the amount of $20,143.19; and

        3) An order approving an interest of Marshall E. Bloomfield, Esq., in the

property of Plaintiff, Dermot MacShane, pursuant to NYCRR §202.16(2); and

    The above captioned matter having come on before this Court on July 7, 2004,

August 12, 2004, and October 6, 2004; and

    The Court having read the Affirmation of Marshall E. Bloomfield, Esq., dated

May 28, 2004, and submitted in support of the motion; and

The Court on October 6, 2004, having granted the motion in its entirety; and

The Court on October 6, 2004, having directed the submission of a Supplemental Affirmation of Services on Notice; and

The Court having read the Supplemental Affirmation of Marshall E. Bloomfield, Esq., dated October 29, 2004; and

The Court by Decision and Order dated November 18, 2004, having granted the Supplemental Application for Counsel Fees and Disbursements in the additional amount of $10,249.00; and

The Court by Decision and Order dated November 18, 2004, having directed the Settlement of a Judgment on five days Notice;

NOW upon motion of Marshall E. Bloomfield, Esq., it is hereby

ORDERED and ADJUDGED that Judgment be made and entered herein in favor of Marshall E. Bloomfield, Esq. and against Plaintiff, Dermot MacShane, in the amounts of $20,143.19 and $10,249.00 for a total of $30,392.19; and it is further

ORDERED and ADJUDGED that an interest in the property of Plaintiff, Dermot MacShane, to the extent of $30,392.19, be awarded in favor of Marshall E. Bloomfield, Esq., pursuant to NYCRR §202.16(2); and it is further

ORDERED and ADJUDGED that Marshall E. Bloomfield, Esq., have execution thereon.

ENTER _____ 12/15/04
J.S.C.
Hon. Andrew P. O'Rourke
Supreme Court Justice

LAW OFFICES OF: MARSHALL E. BLOOMFIELD, ESQ. • 349 E 149 ST, BX NY 10451-5603 • (718) 665-5900 or (212) 662-1870