UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,

                              Petitioner,

               -against-

DERMOT MACSHANE,

                              Respondent,

               -and-

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND; THE CITY OF NEW YORK
POLICE PENSINO FUND AND THE FUND
OFFICE OF LOCAL 580 OF ARCHITECTURAL
AND ORNAMENTAL IRON WORKERS,

                              Respondents.
------------------------------------------------------------------X

Civil Action No.:
07 Civ. 3934 (RJH)

**DECLARATION IN SUPPORT
OF MOTION TO DISMISS**

       **JOHN STACKPOLE GROARKE**, declares pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the following is true:

       1.     I am associated with the firm Colleran, O'Hara & Mills L.L.P., attorneys for Respondent, FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS ("LOCAL 580 FUND OFFICE"), in the above captioned action. I hereby submit this declaration in support of LOCAL 580 FUND OFFICE motion to dismiss. This declaration is based upon personal knowledge and records of LOCAL 580 FUND OFFICE.

       2.     On or about March 20, 2007, Petitioner, MARSHALL E. BLOOMFIELD's ("BLOOMFIELD"), a judgment creditor, served the LOCAL 580 FUND OFFICE with an Information Subpoena. See Exhibit "A". The Information Subpoena indicated

that "a judgment was entered on January 16, 2005 in the favor of Marshall E. Bloomfield, Esq. Judgment Creditor and against and against [sic], Dermot Macshane, Judgment Debtor(s) in the amount of $30, 392.19 of which $31,489.91 together with interest thereon from March 20, 2007 remains due and unpaid; and" Id. Further, the Information Subpoena demanded that the LOCAL 580 FUND OFFICE answer under oath each question in the questionnaire accompanying the subpoena. Id.

3.   On April 3, 2007, Peter Myers, the Fund Director for the LOCAL 580 FUND OFFICE responded to BLOOMFIELD's subpoena. Id. In his response, the Fund Director stated that the LOCAL 580 FUND OFFICE was maintaining an account under the title Local 580 Annuity Fund with a number 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 for Respondent DERMOT MACSHANE in the amount at the time $59,804.80. Id. Upon information and belief, as of July 3, 2007, the Local 580 Annuity Fund account balance for DERMOT MACSHANE is $67,168.02.

4.   Upon information and belief, DERMOT MACSHANE is a participant in the Local 580 Annuity Fund.

5.   The LOCAL 580 FUND OFFICE administers the Joint Funds of Local 580, including but not limited to the Local 580 Annuity Fund. The Local 580 Annuity Fund is an employee benefit plan and multi-employer plan within the meaning of §3(3) and (37) of ERISA, 29 U.S.C. §§1002(3) and (37). The Local 580 Annuity Fund is a jointly administered labor-management trust funds established under §302 at the Labor Management Relations Act ("LMRA"), 29 U.S.C. §186. Annexed hereto as Exhibit "B" is a copy of the Local 580 Annuity Fund Restated Trust Agreement.

6. The Local 580 Annuity Fund is a qualified employee retirement plan under Internal Revenue Code section 401(a). Annexed hereto as Exhibit "C" is a copy of the Internal Revenue Service's Favorable Determination Letter.

7. On or about the 8th day of May, 2007, BLOOMFIELD commenced an action against Respondents DERMOT MACSHANE, SERGEANT'S BENEVOLENT ASSOCIATION ANNUITY FUND, THE CITY OF NEW YORK POLICE PENSION FUND, AND THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS, by filing of an Order to Show Cause, Verified Petition and Memorandum of Law in Support of the Petition in the Supreme Court of the State of New York, County of Putnam. See Exhibit "D".

8. BLOOMFIELD's Verified Petition ("Petition") seeks to attach a lien in the amount of his judgment upon the Local 580 Annuity Fund account of DERMOT MACSHANE and demands an order directing the LOCAL 580 FUND OFFICE to make a payment from the Local 580 Annuity Fund in the sum of $31,855.89 to satisfy the claimed lien. Id. at 4-5.

9. Upon information and belief, BLOOMFIELD represented DERMOT MACSHANE in a divorce proceeding and seeks to satisfy his judgment for unpaid legal fees by foreclosing upon a lien he claims is attached to the Local 580 Annuity Fund account maintained by the LOCAL 580 FUND OFFICE.

10. On May 21, 2007, LOCAL 580 FUND OFFICE filed a Notice of Petition for Removal and Verified Petition for Removal with the Clerk of the Court of the United States District Court, Southern District of New York. See Exhibit "E", *exhibits omitted.*

11. On May 25, 2007, LOCAL 580 FUND OFFICE wrote to the Court to request a pre-motion conference to discuss its proposed motion to dismiss the Petitioner's Petition.

12. As is more fully demonstrated in the supporting Memorandum of Law, the LOCAL 580 FUND OFFICE seeks dismissal of BLOOMFIELD's Petition, on the grounds, that his claimed lien to the Local 580 Annuity Fund account of DERMOT MACSHANE and resulting foreclosure action to satisfy a judgment for unpaid attorneys fees is barred by the Employee Retirement Income Security Action of 1974 ("ERISA") and Internal Revenue Code ("IRC").

13. For the reasons set forth above and in the accompanying Memorandum of Law, the Respondent, LOCAL 580 FUND OFFICE, respectfully request that this Court dismiss BLOOMFIELD's Petition.

Dated: Garden City, New York
       July 5, 2007

COLLERAN, O'HARA & MILLS L.L.P.

By: _____
JOHN STACKPOLE GROARKE (JG 9031)
Attorneys for Respondent-Garnishee
FUND OFFICE of LOCAL 580 of
ARCHITECTURAL and
ORNAMENTAL IRON WORKERS
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757