# Exhibit B

THE LOCAL 580 ANNUITY FUND

RESTATED TRUST AGREEMENT

made this 17th day of December, 1975, by and among IRON WORKERS LOCAL 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, AFL-CIO (the "Union"), ALLIED BUILDING METAL INDUSTRIES, INC. (the "Association"), and the undersigned UNION TRUSTEES and EMPLOYER TRUSTEES, WITNESSETH:

WHEREAS: (1) The Union has entered into, and expects to continue to enter into, collective bargaining agreements which, among other things, require employer payments to The Local 580 Annuity Fund (the "Employer Contributions");

(2) The Local 580 Annuity Fund was established by an Agreement and Declaration of Trust (the "Trust Declaration") dated January 27, 1964, and from time to time later amended by various instruments of amendment, by and between the parties and the predecessors of the present Trustees for the purpose of collecting and administering the Employer Contributions in order to provide the benefits intended thereby for employees covered by said agreements;

(3) The parties consider that the enactment of the Employee Retirement Income Security Act of 1974 ("Erisa") makes it desirable to further amend the Trust Declaration to comply with Erisa and to restate and integrate all previous trust agreements as so amended into this Restated Trust Agreement;

(4) The Trust Declaration empowers the undersigned, as the original parties or the duly designated successors to all of the original parties thereto, to make and execute this Restated Trust Agreement;

NOW, THEREFORE, the parties agree:

1.0 Name, Nature and Purpose, Definitions.

1.1 The trust fund heretofore established by the Trust Declaration and continued by this Restated Trust Agreement shall be known as The Local 580 Annuity Fund (the "Fund").

1.2 The sole purpose of the Fund is to provide annuity benefits permitted by law to employees and their beneficiaries to the extent that the Trustees determine feasible and to defray the expenses of doing so.

1.3  It is intended that the Fund and Plan of Benefits promulgated pursuant hereto shall be a "multi-employer plan" and that the Trustees, collectively, shall be the "administrators" of the Fund and Plan within the meaning of Erisa.

1.4  Unless the context clearly requires otherwise, whenever the following terms are used in this Restated Trust Agreement, they shall mean only as follows:

(1) "Agreement" means a collective bargaining agreement between the Union and the Association or the Union and an Employer which requires Employer Contributions to the Fund.

(2) "Association" means Allied Building Metal Industries, Inc.

(3) "Employee" means a person who is employed in a bargaining unit covered by an Agreement or who is employed by the Union or by a multi-employer fund to which the Union is a party, and for whom the Union or such fund has agreed to pay and the Trustees have agreed to accept contributions on the same conditions that apply to other Employees.

(4) "Employer" means an employer who is a member of the Association or who is a party to an Agreement. The term includes the Association.

(5) "Employer Contributions" means the payments which an Employer is required to make to the Fund pursuant to an Agreement.

(6) "Participant" means an employee who is eligible to participate in the benefits provided by the Fund under the criteria established by the Plan.

(7) "Plan" or "Plan of Benefits" are used interchangeably to mean the plan of benefits and the rules and regulations pertaining thereto, as promulgated and from time to time amended by the Trustees.

(8) "Trust Agreement" means this instrument, including amendments made pursuant hereto.

(9) "Trustees" means the parties so designated herein and includes their successors. "Employer Trustee" means a trustee designated by the Association and "Union Trustee" means a trustee designated by the Union.

(10) "Union" means Iron Workers Local 580 of the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO.

- 2 -

2.0 The Fund.

2.1 The Employer Contributions, heretofore and hereafter made, as well as their proceeds, increments, and earnings, shall constitute the trust estate (the "Fund").

2.2 The Union assigns to the Trustees the sole right to receive the Employer Contributions, but without prejudice to the Union's right to enforce payment of the Employer Contributions to the Trustees.

2.3 Neither the Association, the Union, a Trustee, or an Employer shall have any liability to pay or provide any benefits under the Plan of Benefits or have any other liability for obligations of the Fund and only the assets of the Fund shall be available for the provision of such benefits and for the other purposes of this Restated Trust Agreement, and the liability of the Fund shall be limited to its assets.

2.4 Neither an Employer, Employee, nor any party hereto, nor any person claiming in the right of any of them, shall have any right, title, or interest in the Fund except only that employees entitled to benefits under the Plan of Benefits shall be entitled to such benefits in the amount and subject to the conditions thereof. An employee shall not have the right to any part of the Employer Contributions in place of such benefits.

2.5 No employee, participant, or beneficiary of the Plan of Benefits may waive any right to benefits or assign, transfer, pledge, encumber, anticipate, or in any way impair her or his right to any benefits. Neither the Fund nor any of its assets shall be liable for the debts of an Employee, participant or beneficiary nor shall benefits be subject to garnishee, attachment, or execution,

- 3 -

except that the Fund may offset overpayments by the Fund to an Employee, participant or beneficiary against later benefits payable by the Fund. The Trustees shall not pay a benefit to anyone other that the Employee, participant or beneficiary personally or to her or his representatives or distributees as provided in the Plan of Benefits.

3.0 The Trustees.

3.1 The Fund shall be administered by four Trustees designated by the Union (the "Union Trustees") and an equal number of Trustees designated by the Association (the "Employer Trustees"). The Trustees are vested with all right, title, and interest in and to the Fund.

3.2 The Trustees shall serve without compensation but shall be reimbursed for all reasonable and necessary expenses incurred in performing their duties. The Fund shall save them harmless from any costs, counsel fees, or other expenses growing out of their office or involving the Fund and shall provide liability and other insurance permitted by law.

3.3 By their subscriptions hereto, each of the undersigned Trustees accepts the Trust hereby created, consents to act as Trustee hereunder, and agrees to administer the Trust as herein provided. A successor Trustee may not serve until he files a similar acceptance with the Fund. Upon so doing, such successor shall be vested with all the rights and powers of the predecessor Trustee.

3.4 A Trustee shall serve at the pleasure of the party which designated him and shall cease to serve when the Union or

- 4 -

the Association, as the case may be, notifies the Fund in writing, signed by the respective president, that it is designating a successor and such successor files with the Fund a written acceptance of the duties of the office.

3.5 A Trustee may resign upon thirty days' notice by an instrument in writing addressed to the remaining Trustees and delivered to the Fund Director for transmittal to them. Such resignation shall become effective upon the date stated in the notice unless a successor is qualified sooner.

3.6 A vacancy in the office of Trustee shall be promptly filled by the party which designated the Trustee whose office has become vacant. A vacancy or vacancies in the office of Trustee shall not impair the power of the remaining Trustees to administer the Fund.

3.7 The Trustees shall be governed by the following procedures:

(1) The Union Trustees and Employer Trustees shall respectively designate from amongst themselves a Chairman and an Alternate Chairman to serve until the designation of their successors. In even-numbered years the Chairman of the Trustees shall be the one selected by the Union Trustees and the Co-Chairman the one selected by the Employer Trustees; in odd-numbered years the Chairman shall be the one selected by the Employer Trustees and the Co-Chairman the one selected by the Union Trustees. The Union Chairman or Alternate Chairman and the Employer Chairman or Alternate Chairman shall be empowered to execute any instrument in behalf of the Fund.

(2) Checks or drafts for the withdrawal of funds shall require the signatures of both an Employer and a Union Trustee respectively designated for that purpose by the Employer and Union Trustees, except that the Trustees may authorize checks for the payment of benefits and administrative expenses to be signed by the Fund Director alone under fidelity bonding arrangements established by the Trustees.

(3) The vote of the Trustees may be cast in person at a meeting or by written instruments signed by the requisite number of Trustees after written notice to all of the Trustees of the question to be decided. A meeting may also be held at any time without notice if all of the Trustees consent to it.

- 5 -

Ann Ben
Ins Pen

(4) A majority of the Trustees in meeting assembled, if it includes at least two Union Trustees and two Employer Trustees, shall constitute a quorum for the transaction of business. Actions of the Trustees may also be taken upon the written consent of all of them without a meeting. A majority of a quorum at a meeting shall be the act of the Trustees provided that such majority shall include at least one Union Trustee and one Employer Trustee.

(5) The Trustees shall meet at least annually and upon the call of both an Employer Chairman or Alternate Chairman and a Union Chairman or Alternate Chairman, or upon the call of any three Trustees upon at least five days' notice of the time and place of the meeting. Notices of meetings shall be in writing and shall be given to each Trustee.

(6) A deadlock among the Trustees shall be resolved in the manner provided by section 302(5)(B) of the National Labor Relations Act.

(7) The Trustees shall cause written minutes of the business transacted at their meetings to be kept, including the matters voted upon and the votes of each Trustee, and copies to be furnished with reasonable promptness to each Trustee. They shall also keep accurate records of their transactions, and their books of account shall be audited at least annually by a certified public accountant, copies of which shall be furnished to each Trustee. A copy of each audit report shall be kept available for inspection by interested parties at the Fund office.

4.0  **Administration of the Fund.**

4.1  The Trustees shall use and apply the property of the Fund only:

(1) To pay the expenses which they determine to be reasonable and necessary to administer the Fund, and

(2) To provide for the benefits intended by the Fund,

and for no other purpose.

4.2  The Trustees shall have the exclusive power from time to time to determine what benefits the Fund is able feasibly to provide and the eligibility requirements and rules and procedures for obtaining and administering such benefits.

- 6 -

4.3 The Trustees shall promulgate a Plan of Benefits which shall state the detailed bases upon which they determine benefits will be payable. They may, from time to time, amend the Plan, either retroactively or prospectively, as they deem necessary or desirable, provided that:

(1) No amendment may provide for the payment of any benefits which will result in a loss of the tax-exempt status of the Fund, or

(2) Divert any part of the Fund to any other purpose or revest any part of the Fund in any employer, or

(3) Alter, change, modify, or amend any provisions of an Agreement.

4.4 The Plan shall provide for a written explanation to a person whose claim for benefits has been denied of the specific reason for the denial with adequate notice of a reasonable opportunity for a full and fair review of such decision by the Trustees, a committee of the Trustees, or a third party, as the Trustees may arrange.

4.5 The Trustees shall not be required to submit any provision of the Plan to the arbitration and grievance procedures of an Agreement.

4.6 The Trustees shall also have power:

(1) To enter into reciprocity agreements with other funds which will provide for reciprocal eligibility credit.

(2) To construe this Trust Agreement, the Plan, and their rules and regulations. Any construction or determination adopted by the Trustees in good faith shall be binding upon all parties, participants, and beneficiaries.

- 7 -

(3) In their own names, or in the name of the Fund, to demand, collect, and receive the Employer Contributions, to sue and institute or take any actions in law, equity, bankruptcy, arbitration, or otherwise to enforce or vindicate any right of the Fund, and to settle, adjust, or compromise any claim as they deem necessary or desirable.

(4) To enter into arrangements with other funds or with the Union to share office space, service, and facilities, and to pay a reasonable consideration therefor.

(5) To enter into contracts, to conduct affairs of the Fund in corporate or other form, to keep property and securities registered in the name of the Fund or in the name of a bank or other fiduciary or agents or nominees of a fiduciary of the Fund, and to buy, sell, lease, convey, mortgage, or dispose of any property upon such terms as they deem proper, and to execute and deliver appropriate instruments in connection therewith.

(6) To establish and maintain reserves and/or a funding policy.

(7) To pay taxes, assessments, levies, and other charges imposed by law.

(8) To delegate any of their ministerial or administrative powers or duties to agents, employees, or others, including the Union or a Trustee, except that they may not authorize any employer, or the Union, or any representative of them, to make any representation to a participant or prospective participant regarding eligibility for the right to benefits from the Fund. Such representations may be made only in writing and only by an authorized representative of the Fund and in its name.

(9) To do all other acts that they consider necessary or appropriate to effectuate the purposes of the Fund, subject always to the provisions of applicable law and of this Restated Trust Agreement.

4.7 The Trustees shall have the power, in their discretion:

(1) To invest and reinvest such funds as they determine are not necessary for current expenditures or liquid reserves in such investments as are lawful for the investment of such employee trust funds, and to sell, exchange, or otherwise dispose of such investments at any time and from time to time; and/or

(2) By resolution, to delegate to a committee of the Trustees such investment duties and responsibilities with respect to such Fund assets as the Trustees shall specify in such delegation; and/or

- 8 -

(3) By resolution, to appoint one or more investment managers (as defined in Erisa) to be responsible for the management, acquisition, disposition, investing, and reinvesting of such of the Fund assets as the Trustees shall specify, PROVIDED that no assets of the Fund shall be invested in stocks or similar equities.

Any such delegations shall be terminable by the Trustees upon not more than thirty days' written notice. The fees and charges of such investment manager shall be paid by the Fund.

If the Trustees delegate all or part of their investment functions, they shall, from time to time, adopt appropriate investment policies or guidelines to be observed by those to whom the delegation is made.

4.8 The Trustees may, by resolution or by-law or by provisions of this Restated Trust Agreement, delegate other fiduciary and administrative duties such as, but not limited to, those related to eligibility, audits, collections, administrative budgets and expenses, to committees of the Trustees consisting of an equal number of Employer and Employee Trustees, or to other individuals as they may deem appropriate or necessary.

4.9 The Trustees may employ a Fund Director who shall, under the direction of the Trustees or an appropriate committee of the Trustees, administer the Fund offices, coordinate and administer the record-keeping and clerical services, provide for the coordination of actuarial services, prepare (in cooperation, where appropriate, with the consulting actuary and independent auditor) all required reports and other documents to be filed or disseminated by the Fund, supervise the collection of Employer Contributions, and furnish participants with information concerning their

rights to benefits and assist them in preparing applications for benefits, review such applications, and perform such other duties and furnish such other services as the Trustees may assign. The Fund Director shall be the custodian, on behalf of the Trustees, of the documents and records of the Fund.

4.10 The Trustees shall keep uninvested funds in such banks or similar depositories that they may designate, to be subject to withdrawal upon the signatures of such Trustees or agents as the Trustees shall determine. They shall also provide for fidelity and surety bonds in at least the amounts required by law, the premium costs of which shall be paid by the Fund. At the cost of the Fund, and to the extent permitted by law, they may also provide for such errors and omissions and liability insurance of the Fund as such, themselves, and employees or agents of the Fund while engaged in the business of the Fund or in activities in its behalf as they deem desirable, provided that an insurance policy paid for by the Fund shall provide such recourse by the insurer against a Trustee as may be required by law.

4.11 Employers shall be required to furnish to the Fund regular written reports containing the names, addresses, social security numbers, hours worked, earnings, and other information concerning their Employees, in the form and at the times that the Trustees may reasonably require, and Employer records which the Trustees' auditors deem relevant to an examination, including, without limitation, payroll books and records, cash books, ledgers, contracts, tax returns and reports, shall be subject to audit and

MAY 11 '93 15:01 TO 5167421765     FROM LOCAL 580 FUNDS     T-726 P.02

copying by the representatives of the Trustees at the Employer's place of business during regular business hours when the Trustees deem such examination and audit advisable. The Trustees shall have the power to require delinquent Employers to pay statutory interest and the costs of collection, including attorney's fees, as liquidated damages and, where there has been underpayment, to require the Employer to pay the audit costs, as provided in the Agreement with the Employer. They shall also have the power to require delinquent Employers and Employers whose principal place of business is outside the geographical jurisdiction of the Union to post bonds or to provide cash security to assure payment of their required contributions, and to enforce any other remedies provided by the collective bargaining agreement.

5.0 **Third Parties.**

5.1 A third party dealing with the Fund shall not be required to satisfy himself that any money he pays or property he transfers to the Fund is properly applied to its purposes or be obliged to inquire into the necessity or desirability of any action of the Trustees.

5.2 Every instrument executed by the Trustees, or by the Union Chairman or Alternate Chairman and the Employer Chairman or Alternate Chairman, shall be conclusively presumed in favor of any party relying thereon that, at the time of execution of said instrument: (1) the trust hereby created was in full effect, and (2) the execution of the instrument was authorized by this Restated Trust Agreement.

- 11 -

6.0 <u>Construction</u>.

6.1 The masculine, feminine, and neuter genders, and singulars and plurals, are used interchangeably herein and include each other.

6.2 The headings and titles of the articles and sections herein are only for convenience of reference and are not for the purpose of construction or giving effect to or determining rights under any provision hereof.

6.3 This Restated Trust Agreement shall be construed under the laws of the State of New York except as to matters governed by Federal law.

7.0 <u>Savings Clause</u>.

7.1 If any provision of this Restated Trust Agreement be held to be unlawful, or unlawful as to any person or instance, such fact shall not adversely affect the other provisions hereof or its application to any other person or instance, unless such illegality shall make the functioning of this Fund impossible.

8.0 <u>Other Employers and Employees</u>.

8.1 The Trustees may, in their discretion, extend the coverage of this Restated Trust Agreement to other parties upon the agreement of such parties to conform to the conditions of this Restated Trust Agreement and to make actuarially equivalent contributions for benefits.

- 12 -

9.0 <u>Judicial Settlement</u>.

9.1 The Trustees shall be entitled, at any time, to have a judicial settlement of their accounts and to seek judicial approval or a judicial determination or instructions as to any question of construction or action hereunder.

10.0 <u>Termination of Trust</u>.

10.1 This Restated Trust Agreement shall terminate if the Trustees determine that:

(1) The Fund is inadequate to discharge its obligations to Employees, or

(2) No living participant survives, or

(3) The obligation to make Employer Contributions no longer exists.

10.2 Upon such termination, the Trustees shall apply the trust estate to pay or to provide for the payment of all administration expenses and contractual obligations of the Fund and shall apply any remaining assets in accordance with the Plan, subject to any priorities or other provisions established by Erisa. Under no circumstances shall any portion of the trust estate revert or be paid to an Employer or to the Union.

11.0 <u>Amendments</u>.

11.1 The provisions of this Restated Trust Agreement may be amended at any time by an instrument in writing executed by the parties, provided, however, that the Union's approval of any amendment shall be by majority vote of the members at a duly constituted meet-

- 13 -

ing, and provided further, however, in no event shall the Trust Fund be used for any purpose other than the purposes herein set forth.

IN WITNESS WHEREOF, the parties have caused this Restated Agreement and Declaration of Trust to be executed as of the day and year first above written.

| IRON WORKERS LOCAL 580 of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNA-MENTAL IRON WORKERS, AFL-CIO | ALLIED BUILDING METAL INDUSTRIES, INC. |
|---|---|
| By: _[signature]_ | By: _[signature]_ Albert Alpin |
| _[signature]_ John McGibney | _[signature]_ Harold R. Bassen |
| _[signature]_ John McGovern | _[signature]_ Barry R. Perlman |
| Kenneth W. Cody | _[signature]_ Ero F. Rifelli |
| _[signature]_ William M. Smith | |
| Union Trustees. | Employer Trustees. |

- 14 -