# EXHIBIT D

At a Part of the Supreme
Court of the State of New
York held in and for the
County of Putnam at the
Courthouse located at 40
Gleneida Avenue, Carmel
NY 10512 on the 8 day
of May, 2007

Marshall E. Bloomfield,

        Petitioner-Judgment Creditor

Index No: 969/07
Purchased:

-against-

**ORDER TO SHOW
CAUSE**

Dermot MacShane

        Respondent-Judgment Debtor

*Appearance
Required*

     and

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund, and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

        Respondents

Upon the annexed Verified Petition of Marshall E. Bloomfield, and upon all

papers and proceedings had herein,

Let the Respondent-Judgment Debtor, Dermot MacShane, and the

Respondents, Sergeant's Benevolent Association Annuity Fund, The City of New York

Police Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental

Iron Workers show cause at the Supreme Court of the State of New York, County of

Putnam, at the Courthouse located at 40 Gleneida Avenue, Carmel NY 10512, on the

___ day of May, 2007, at 9:30 o'clock in the forenoon of that day, or as soon thereafter as Counsel can be heard, why an Order and Judgment should not be made and entered

    (1)    foreclosing the retaining and charging lien in favor of Marshall E. Bloomfield, Esq. and against Respondent-Judgment Debtor, Dermot MacShane, and any interest accruing in property to him upon the final disposition of the equitable distribution phase of a certain action previously commenced in this Court and captioned Dermot MacShane, Plaintiff, against Judie MacShane, Defendant, and bearing Index Number 1798/02, and as agreed to by said Respondent-Judgment Debtor on the 15th day of April, 2004, and as approved by this Court pursuant to 22 NYCRR §202.16[c](2) in a transcripted Decision on a hearing held October 6, 2004, and further reduced to an Order of this Court dated the 18th day of November, 2004, a Judgment of this Court dated the 15th day of December, 2004, and entered on the 6th day of January, 2005, and

    (2)    granting to Petitioner such other and further relief as to this Court may seem just, proper, and equitable.

Sufficient cause having been alleged, let Respondent-Judgment Debtor, Dermot MacShane, be restrained from possessing, disposing of, transferring, assigning, encumbering, or otherwise hypothecating any personal property of his to which Petitioner-Judgment Creditor has a security interest and to which a lien has attached,

~~BLOOMFIELD, ESQ.~~  349 East 149th St., BX, NY 10451-5603  5  (718) 665-5900 or (212) 662-1870

2.

including any such property held by Respondents, Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental Iron Workers pending hearing of the within Petition;

Sufficient cause having been alleged, let Respondent, Sergeant's Benevolent Association Annuity Fund, its agents, servants, and employees be restrained from disposing of, transferring, assigning, encumbering or otherwise hypothecating any personal property of Respondent-Judgment Debtor, Dermot MacShane, to which Petitioner-Judgment Creditor has a security interest and to which a lien has attached, as alleged in the Petition, pending hearing of the within Petition;

Sufficient cause having been alleged, let Respondent, The City of New York Police Pension Fund, its agents, servants, and employees be restrained from disposing of, transferring, assigning, encumbering, or otherwise hypothecating any personal property of Respondent-Judgment Debtor, Dermot MacShane, to which Petitioner has a security interest and to which a lien has attached, as alleged in the Petition, pending hearing of the within Petition;

Sufficient cause having been alleged, let Respondent, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, its agents, servants, and employees be restrained from disposing of, transferring, assigning, encumbering, or otherwise hypothecating any personal property of Respondent-Judgment Debtor, Dermot MacShane, to which Petitioner has a security interest and to which a lien has attached, as alleged in the Petition, pending hearing of the within Petition;

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent-Judgment Debtor, Dermot MacShane, by personal service upon him pursuant to CPLR §308 on or before the 10 day of May, 2007, be deemed good and sufficient service and notice thereof; and

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent, Sergeant's Benevolent Association Annuity Fund, 35 Worth Street, NY NY 10015, by personal service upon it on or before the 10 day of May, 2007, be deemed good and sufficient service and notice thereof;

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent The City of New York Police Pension Fund, 233 Broadway, NY NY 10279, by personal service upon it on or before the 10 day of May, 2007, be deemed good and sufficient service and notice thereof; and

Sufficient cause having been alleged, let service of a copy of this Order, the Verified Petition, and all papers in support thereof, upon Respondent the Fund Office of Local 580 of Architectural and Ornamental Iron Workers, 501 West 42nd Street, NY NY 10036 by personal service on or before the 10 day of May, 2007, be deemed good and sufficient service and notice thereof.

Enter _____

Hon. Andrew P. O'Rourke
Supreme Court Justice

Law Offices of: MARSHALL E. BLOOMFIELD, ESQ. ● 349 East 149th St., BX, NY 10451-5603 ● (718) 665-5900 or (212) 662-1870

V:\0810\DDTSC\LienForeclosure

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-----------------------------------------------x

Marshall E. Bloomfield,                                        Index No:
                                                               Purchased
                    Petitioner-Judgment Creditor
                                                               VERIFIED PETITION
        -against-

Dermot MacShane,

                    Respondent-Judgment Debtor

        And

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund, and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

                    Respondents
-----------------------------------------------x

        Marshall E. Bloomfield as and for his Verified Petition respectfully sets forth and
alleges:

1)      At all times hereinafter mentioned, Petitioner was and still is an Attorney
        admitted to practice law in the State of New York.

2)      Petitioner was the former Attorney for Respondent-Judgment Debtor,
        Dermot MacShane, in a matter commenced in the Supreme Court, County
        of Putnam, and captioned Dermot MacShane, Plaintiff, against Judie
        MacShane, Defendant, and bearing Index Number 1798/02.

3)      During the course of my representation of Mr. MacShane and in
        accordance with 22 NYCRR §202.16[c](2), Respondent-Judgment Debtor
        acknowledged a certain indebtedness to me and consented to an
        assignment of an interest in his property that would accrue to him upon
        the final disposition of the equitable distribution phase of the aforesaid
        matrimonial matter. Such acknowledgement and consent was duly
        executed by Mr. MacShane on the 15th day of April, 2004. A copy of
        Respondent-Judgment Debtor's acknowledgement and consent is
        annexed hereto, made a part hereof, and marked EXHIBIT A.

4)    By Order to Show Cause signed on the 1st day of June, 2004, by Hon. Justice Fred L. Shapiro (copy of which is annexed hereto, made a part hereof, and marked EXHIBIT B, your Petitioner moved this Court for relief including, *inter alia*, the following:

       a)    an Order permitting and allowing and granting to Movant [Petitioner-Judgment Creditor herein] leave to withdraw as Counsel for Plaintiff [Respondent-Judgment Debtor herein]; and

       b)    an Order approving Petitioner-Judgment Creditors interest in the property of Respondent-Judgment Debtor [Dermot MacShane] pursuant to 22 NYCRR §202.16[c](2).

5)    The aforesaid motion brought on by Order to Show Cause was originally made returnable June 21st, 2004, was subsequently adjourned to July 7, 2004, August 12, 2004, and finally to October 6, 2004; at which time it was heard, submitted, and granted by a transcription Order of this Court, a copy of which is annexed hereto, made a part hereof, and marked EXHIBIT C.

6)    The aforesaid transcribed Decision and Order of this Court (EXHIBIT C herein) provides in pertinent part at pages 3-4 thereof, as follows:

    "Unfortunately the case could not be resolved and Mr. Bloomfield has now asked me to decide the motion that he made.

    I'm going to grant his application. I'm going to relieve him as counsel. I'm going to grant him a retaining lien and he'll provide me with an affidavit served on both Ms. Hudak and Mr. MacShane, as to the fees brought up to date.

    I have the fees up to the date of the motion. I need from the date, return date of the motion forward and the Court would be inclined to grant that as well.

    You [Mr. MacShane] may be heard on the issue. Not as to whether he should have the lien, Mr. MacShane. You shall be heard on whether the fees are reasonable and necessary. That's the only argument you can make, that the fees were not reasonable or necessary for this case, but he does not have to turn over the file until that lien is resolved."

LAW OFFICES OF MARSHALL E. BLOOMFIELD, ESQ.   •  349 East 149th St., BX, NY 10451-5603   •  (718) 665-5900 or (212) 662-1870

V:\8810\VerPet\LienForeclosure

2

7) Upon the hearing of the motion, the following colloquy occurred between the Court and Respondent-Judgment Debtor herein evincing the Court's grant of a lien on Mr. MacShane's property as well as Mr. MacShane's acknowledgement of the existence of the same and his agreement thereto:

"MR. MACSHANE: In light of the lien on the property, do I have access to my file?

THE COURT: No. Until you either pay the bill or I set the lien. If you want to agree to the lien, I'll have him send the file over, but in no event will any money go to you, but I'm not going to lift the lien on any property.

MR. MACSHANE: I'm not looking for a lift on the lien. I'm agreeing to the lien." (See EXHIBIT C, page "22").

8) Upon the submission of an additional Affirmation of Services on notice to Ms. Hudak, the Attorney for Judie MacShane, and upon notice to Respondent-Judgment Debtor herein, Dermot MacShane, and upon notice of settlement of a Judgment to said parties, this Court made and entered a Judgment on the 6th day of January, 2005, a copy of which is annexed hereto, made a part hereof, and marked EXHIBIT D.

9) The aforesaid Judgment provides in pertinent part:

"ORDERED and ADJUDGED that Judgment be made and entered herein in favor of Marshall E. Bloomfield, Esq. and against Plaintiff, Dermot MacShane, in the amounts of $20,143.19 and $10,249.00 for a total of $30,392.19; and it is further

ORDERED and ADJUDGED that an interest in the property of Plaintiff, Dermot MacShane, to the extent of $30,392.19, be awarded in favor of Marshall E. Bloomfield, Esq., pursuant to NYCRR §202.16[c](2)."

10) The aforesaid lien on the interest of the property of Respondent-Judgment Debtor Dermot MacShane, remains unpaid and unreduced except for the sum of $4,800.00 paid by Respondent-Judgment Debtor's then employer, the New York City Police Department, said payments made as a result of an Order of this Court made the 12th day of December, 2005, and entered the 13th day of December, 2005, a copy of which is annexed hereto and made a part hereof, and marked EXHIBIT E.

11) There remains, to date, with statutory interest, unpaid and outstanding, on Petitioner-Judgment Creditor's lien on the property of Respondent-Judgment Debtor the outstanding sum of $31,855.89.

12) Respondent, Sergeant's Benevolent Association Annuity Fund, is a necessary party hereto in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, in excess of twenty thousand ($20,000.00) dollars. Said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

13) Respondent, The City of New York Police Pension Fund, is a necessary party hereto, in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, in excess of ninety thousand ($90,000.00) dollars. Said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

14) Respondent, The Fund Office of Local 580 of Architectural and Ornamental Iron Workers, is a necessary party hereto, in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, amounting to $59,804.80 (see EXHIBIT F annexed). Upon information and belief, said Respondent claims that such property constitutes exempt property as that term is defined by CPLR §5205.

15) The CPLR §5205 exemption of property from levy and sale upon execution of a judgment creditor does not preclude the foreclosure of a lien resulting from a security interest given upon said property.

16) Upon information and belief the underlying matrimonial action has been concluded.

17) There has been no prior application for the relief herein sought.

WHEREFORE, Petitioner-Judgment Creditor prays for the grant of such relief, as follows:

a. against Respondent-Judgment Debtor, Dermot MacShane, judgment foreclosing Petitioner-Judgment Creditor's 22 NYCRR §202.16[c](2) lien;

b. against Respondent, Sergeant Benevolent Association Annuity Fund, an Order directing the payment of all monies in their possession constituting personal property of Respondent-Judgment Debtor to which a security interest has attached and a 22 NYCRR §202.16[c](2) lien has attached, up to the sum of $31,855.89 in satisfaction of said lien;

c. against Respondent, The City of New York Pension Fund, an Order directing the payment of all monies in their possession, constituting personal property of Respondent-Judgment Debtor to which a security interest has attached and a 22 NYCRR §202.16[c](2) lien has attached, up to the sum of $31,855.89 in satisfaction of said lien;

d. against Respondent, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, an Order directing the payment of all monies in their possession, constituting personal property of Respondent-Judgment Debtor to which a security interest has attached, up to the sum of $31,855.89 in satisfaction of said lien; and

e. an Order and Judgment granting to Petitioner-Judgment Creditor herein such other and further additional relief as to this Court may seem just, proper, and equitable.

Dated: Bronx NY
        May 3, 2007

Yours, etc.
MARSHALL E. BLOOMFIELD
Petitioner-Judgment Creditor *Pro Se*
349 E. 149th Street
BX NY 10451
718-665-5900

STATE OF NEW YORK    )
                     )   ss:
COUNTY OF THE BRONX  )

    Dermot MacShane, being duly sworn, deposes
and says:

    (1) I hereby acknowledge my indebtedness to
my Attorney, Marshall E. Bloomfield, Esq., as set forth
in the Liabilities Section of my Net Worth Affidavit
dated 4/15/04 in §H.1.2a.

    (2) I hereby consent to the extent of such
indebtedness to assign an interest in that property
accruing to me upon the final disposition of the
equitable distribution phase of the action and in
accordance with NYCRR §202.16(c)(1)(2) and subject
to Court approval as provided therein.

_____
Dermot MacShane

Sworn to before me this __15__
day of April, 2004.

/s/
_____
MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No. 02BL0326560
Qualified in the County of The Bronx
Commission Expires June 30, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
————————————————————x

Marshall E. Bloomfield,

            **Petitioner-Judgment Creditor**

    -against-

Dermot MacShane,

            **Respondent-Judgment Debtor**

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund, and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

            **Respondents**

————————————————————x

Index No:
Purchased    **969/2007**

**PETITIONER-
JUDGMENT
CREDITOR'S
MEMORANDUM OF
LAW IN SUPPORT OF
THE PETITION**

## STATEMENT OF FACTS

    Petitioner-Judgment Creditor herein was the former Attorney for Dermot MacShane, Respondent-Judgment Debtor herein, in respect to a certain Matrimonial Action commenced in the Supreme Court of the State of New York, County of Putnam, and entitled Dermot MacShane, Plaintiff, -against- Judie MacShane, Defendant, and bearing Index Number 1798/02.

    In accordance therewith, and due to an outstanding indebtedness owed Petitioner-Judgment Creditor by Respondent-Judgment Debtor in the form of outstanding Attorney's fees, Respondent-Judgment Debtor executed an acknowledgement of such indebtedness, and an assignment of a security interest, and the attachment of a lien upon his personal property to secure the payment thereof (EXHIBIT A on the Petition).

LAW OFFICES OF: MARSHALL E. BLOOMFIELD, ESQ.  ◦  349 East 149th St., BX. NY 10451-5603  ◦  (718) 665-5900 ◦ (212) 662-1870

V:\6810M\Memolaw

The foregoing acknowledgement, assignment of a security interest, and subsequent lien attachment were all pursuant to, and in accordance with, 22 NYCRR §202.16[c](2).

Subsequent to the execution of the foregoing, Petitioner-Judgment Creditor herein moved this Court by Order to Show Cause for:

    a) permission to withdraw as Counsel for Mr. MacShane; and

    b) Court approval of Petitioner-Judgment Creditor's interest in the property of Mr. MacShane.

Said motion was brought on by Order to Show Cause dated June 1st, 2004, and signed by Hon. Justice Fred L. Shapiro (**EXHIBIT B** on the Petition).

The aforesaid motion was originally made returnable on the 21st day of June, 2004, and subsequently adjourned to July 7, 2004, August 12, 2004, and finally to October 6, 2004, at which time it was heard, submitted, and disposed of by a grant of the motion (**EXHIBIT C** on the Petition).

At that time, Mr. MacShane not only acknowledged the Court's grant of the lien, but furthermore acknowledged once again his consent to the same, stating on the transcripted Record: "I'm agreeing to the lien." (**EXHIBIT C** on the Petition @ page "22").

Subsequent thereto, the Court made and entered a Judgment in favor of Petitioner-Judgment Creditor herein, and against Respondent-Judgment Debtor in the amount of $30,392.19. (EXHIBIT D on the Petition).

The aforesaid Judgment further provided for a security interest in favor of Petitioner-Judgment Creditor upon the personal property of Respondent-Judgment Debtor.

There currently remains unpaid on the security interest lien the outstanding sum of $31,855.89.

The named Respondents are necessary parties to the Proceeding in that, upon information and belief, they are in possession of personal property to which Petitioner-Judgment Creditor's security interest and resultant lien has attached.

However, said Respondents, upon information and belief, have taken the position that said personal property in their possession constitutes exempt property pursuant to CPLR §5205.

## POINT I

RESPONDENTS'S RELIANCE UPON CPLR §5205
IS MISPLACED. RESPONDENT-JUDGMENT DEBTOR"S
PROPERTY IN POSSESSION OF SAID
RESPONDENTS IS NOT SUBJECT TO ANY
CPLR §5205 EXEMPTION AND IS SUBJECT
TO PETITIONER-JUDGMENT CREDITOR'S
22 NYCRR §202.16[c](2) SECURITY INTEREST
AND LIEN

22 NYCRR §202.16[c](2) provides:

> "An attorney seeking to obtain **an interest in any property of his
> or her client to <u>secure payment</u> of the attorney's fee** shall make
> application to the court for approval of said interest..." (emphasis
> supplied).

After securing the acknowledgement and consent of the Respondent-Judgment

Debtor, said application was made to the Court, and granted by the Court, both by an

ensuing transcripted Decision and Order, and a resultant Judgment.

The existence of such lien was acknowledged by Respondent-Judgment Debtor

on the Record, and his consent to the same was likewise acknowledged.

Respondent-Judgment Debtor has personal property in the form of annuities and

pension funds, which said named Respondents claim to constitute exempt funds

pursuant to CPLR §5205.

CPLR §5205 provides in pertinent part:

> "The following personal property is exempt from application to the
> satisfaction of a money judgment, except such part as a court
> determines to be unnecessary for the reasonable requirements of
> the judgment debtor and his dependents:

1.   ninety per cent of the income or other payments from a trust the principal of which is exempt under subdivision [c]; provided, however, with respect to any income or payments made from trusts, custodial accounts, annuities, insurance contracts, monies, assets or interest established as part of a Keogh (HR-10), retirement or other plan described in paragraph two of subdivision [c] of this section, the exception in this subdivision for such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents shall not apply, and the ninety percent exclusion of this paragraph shall become a one hundred percent exclusion."

CPLR §5205, subdivision [c] as referred to hereinabove additionally provides in pertinent part:

"1.   Except as provided in paragraphs four and five of this subdivision, all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

2.   For purposes of this subdivision, all trusts, custodial accounts, annuities, insurance contracts, monies, assets or interests established as part of, and all payments from, either a Keogh (HR-10), retirement or other plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, or created as a result of rollovers from such plans pursuant to sections 402(a)(5), 403(a)(4), or 408(d)(3) of the Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self employed individual, (ii) a partner of the entity sponsoring the Keogh (HR-10) plan, or (iii) a shareholder of the corporation sponsoring the retirement or other plan.

3.    All trusts, custodial accounts, annuities, insurance contracts, monies, assets, or interests described in paragraph two of this subdivision shall be conclusively presumed to be spendthrift trusts under this section and the common law of the state of New York for all purposes, including, but not limited to, all cases arising under or related to a case arising under sections one hundred one to thirteen hundred thirty of title eleven of the United States Bankruptcy Code, as amended."

It is respectfully submitted that Respondents' collective reliance upon the aforesaid statutory exemption from execution and levy upon such assets in satisfaction of a judgment lien is both misplaced, erroneous, and contrary to the law of the State of New York as espoused by the Court of Appeals in the case of In the Matter of the State of New York v. Avco Financial Service of New York, Inc., 50 N.Y.2d 383, 429 N.Y.S.2d 181.

In Avco, supra, the Court of Appeals held that "the fact that the law exempts such property from levy and sale upon execution by a judgment creditor does not mean that the exemption statute was intended to serve the far more paternalistic function of restricting the freedom of debtors to dispose of these possessions as they wish."

In so holding, the Court stated at pages "387-388";

"It is well recognized, however, that simply because the law exempts such property from levy and sale upon execution by a judgment creditor does not mean that the exemption statute was intended to serve the far more paternalistic function of restricting the freedom of debtors to dispose of these possessions as they wish (see Montfort v. Grohman, 36 NC App 733; Mutual Loan & Thrift Corp. v. Com, 182 Tenn 554, Swan v. Bournes, 47 Iowa 501, 503; 1 Jones, Chattel Mortgages and Conditional Sales [6th Ed], §114). No statute precludes exempt property from being sold; nor is there any which expressly interdicts the less drastic step of encumbering such property. So, for example, while contractual waivers of a debtor's statutory exemptions are usually held to be

V:\8810M\Memolaw

void (see *Caravaggio v. Retirement Bd. Of Teachers' Retirement System, 36 NY2d 348, 357-358; Kneetle v. Newcomb, 22 NY 249*), the law has not forbidden a debtor to execute a mortgage upon the property so protected and thus create a lien which may be foreclosed despite the property's exempt status (see *Banking Law, §356* [governing security interests in household furniture]; *Uniform Commercial Code, §9-102, subd. [1]; Matter of Brooklyn Loan Corp. v. Gross, 259 App. Div. 165, 166; Emerson v. Knapp, 129 App Div 827;* 6 Weinstein-Korn-Miller, NY Civ Prac, par 5205.7)."

Accordingly, it is respectfully submitted that herein (as in *Avco*) Respondents' reliance upon the statutory exemption of CPLR §5205 exempting property from execution and levy by a judgment creditor is totally misplaced, unfounded, and inapplicable to any security interest and resultant lien granted by the Debtor-Property Owner, and that accordingly Petitioner-Judgment Creditor's instant Petition should in all respects be granted in its entirety.

Respectfully submitted,

MARSHALL E. BLOOMFIELD, ESQ.

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

Marshall E. Bloomfield,

Petitioner-Judgment Creditor

-against-

Dermot MacShane,

Respondent-Judgment Debtor

And

Sergeant's Benevolent Association Annuity Fund, The City of New York Police
Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental
Iron Workers,

Respondents.

---

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE, VERIFIED PETITION, AND SUPPORTING DOCUMENTS

LAW OFFICES OF
MARSHALL E BLOOMFIELD, ESQ

Attorney for Plaintiff

*Office, Post Office Address and Telephone*

*349 E 149 ST*
*BX, NY 10451-5603*
*(718) 665-5900*
*(212) 662-1870*

To:

Attorney(s) for Defendant          8810M

05/28/2007  23:34    2129475719                LOCAL 580 FUNDS                         PAGE  19/55

3)    An order granting to Movant such other and further
additional relief as to this Court may seem just, proper, and
equitable.

Sufficient reason appearing therefore let all proceedings relating to the above

captioned matter be stayed pending the ~~hearing and determination~~ *hearing* of the instant

motion;

Sufficient reason appearing therefore let service of a copy of this Order upon

Dermot MacShane, by personal delivery to him, on or before the *8th* day of June, 2004,

*shall* be deemed good and sufficient service and notice thereof;

Sufficient reason appearing therefore let service of a copy of this Order upon

Defendant, Judie MacShane, by service upon her Attorney, Elizabeth Hudak, 38

Gleneida Avenue, Carmel, NY 10512 by certified mail, return receipt requested on or

before the *4th* day of June, 2004, *mail* be deemed good and sufficient service and notice

thereof. *and defendant*
Plaintiff Dermot MaShane, and counsel for both parties
shall appear on the return date of this motion.

                    Enter  *Fred L. Shapiro*
                           Hon. Fred L. Shapiro ~~J.S.C.~~
                           A.J.S.C.

LOCAL 580 FUNDS

05/28/2007  23:34    2129475719

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-------------------------------------x
DERMOT MACSHANE,                              INDEX NO.

                        Plaintiff,           1798/2002

        -against-

JULIE MACSHANE,

                        Defendant.
-------------------------------------x


                    Putnam County Courthouse
                    40 Gleneida Avenue
                    Carmel, New York  10512
                    October 6, 2004


BEFORE:

             HON. FRED L. SHAPIRO,
             Acting Justice of the Supreme Court.

APPEARANCES:

             MARSHALL E. BLOOMFIELD, ESQ.
             Attorney for the Plaintiff
             349 E. 149th Street
             Bronx, New York 10451
             AND:  WILLIAM KNOESEL
                        Law Assistant.


             BERKMAN & HUDAK, ESQS.
             Attorneys for the Defendant
             38 Gleneida Avenue
             Carmel, New York 10512
             BY: ELIZABETH HUDAK, ESQ.


                    MARY C. TRAYNOR
                    Senior Court Reporter

2

1        CONFERENCE

2            THE CLERK:    MacShane versus

3    MacShane.

4            THE COURT:    Can you please

5    call Ms. Hudak?  I think we should

6    call Ms. Hudak.  I have a feeling that

7    it's settled.

8            SECOND CALL:

9            THE CLERK:    On the MacShane

10    matter, confirms matter was adjourned

11    to today and she writes Mr. Bloomfield

12    would greatly appreciate if this

13    adjournment can be calendared for

14    11:30 a.m., since he may be engaged in

15    the last day of Court ordered

16    depositions in the matter.

17            THE COURT:    We'll wait until

18    11:30.

19            THIRD CALL:

20            THE COURT:    Let the record

21    indicate that I had some

22    off-the-record discussions with

23    counsel in an ongoing attempt to

24    resolve this matter.

25            Mr. Bloomfield has advised

05/28/2007  23:34    2129475719

3

CONFERENCE

the Court that after the

off-the-record discussion and counsel

speaking to their clients, it became

apparent that this matter is not going

to be resolved.

Mr. Bloomfield had made

motion some time ago to be relieved as

counsel. And the Court adjourned it,

in order that Mr. Bloomfield would

have an opportunity to attempt to

resolve this matter.

And I want to say for the

record, I'm very much impressed that

Mr. Bloomfield could have walked in

here on a return date and, frankly, I

would have granted the motion at that

time, had he not decided to stick it

out, though he was not getting paid

and attempted to work this out.

Unfortunately the case could

not be resolved and Mr. Bloomfield has

now asked me to decide the motion that

he made.

I'm going to grant his

05/28/2007  23:34    2129475719                LOCAL580 FUNDS

4

```
 1            CONFERENCE

 2        application.  I'm going to relieve him

 3        as counsel.  I'm going to grant him a

 4        retaining lien and he'll provide me

 5        with an affidavit served on both Ms.

 6        Hudak and Mr. MacShane, as to the fees

 7        brought up-to-date.

 8                I have the fees up to the

 9        date of the motion.  I need from the

10        date, return date of the motion

11        forward and the Court would be

12        inclined to grant that as well.

13                You may be heard on the

14        issue.  Not as to whether he should

15        have the lien, Mr. MacShane.  You

16        shall be heard on whether the fees are

17        reasonable and necessary.  That's the

18        only argument you can make, that the

19        fees were not reasonable or necessary

20        for this case, but he does not have to

21        turn over the file until that lien is

22        resolved.

23                I further indicated that I'm

24        going to give you an opportunity to

25        attain a new attorney and I'll give
```

05/28/2007  23:34    2129475719                    LOCAL 580 FUNDS

5

### CONFERENCE

you through and including November 5th

to obtain a new attorney.  You'll be

back in court.  We're going to bring

this back on November 17th at 9:30, to

take  -- to hear, to decide how best

to proceed once you have an attorney.

But keep in mind if you do

not retain a new attorney you will be

proceeding without counsel and I'll

hold you to the same standard as an

attorney.  I can't lower the standard,

even though I'm aware that you're not

an attorney.  I will explain whatever

I feel is appropriate, without

crossing a line and giving you legal

advice, but I will advise you as to

what's going on and the nature of the

proceeding.

Mr. Bloomfield, do you wish

to be heard?

MR. BLOOMFIELD:  Just for a

second, to point out to the Court that

the Order to Show Cause dated the

first day of June, 2004, asked for two

05/28/2007  23:34    2129475719

6

```
 1              CONFERENCE
 2        forms of relief; an order permitting
 3        granting myself leave to withdraw and
 4        the Court has just indicated it would
 5        grant that.
 6              The second one was an order
 7        approving movant's interest, my
 8        interest, in the property of the
 9        Plaintiff, Dermot MacShane, pursuant
10        to NYC 2d 2002.16.2 and attached to
11        the moving papers was an
12        acknowledgment of my interest in his
13        property as set forth and his net
14        worth affidavit and consenting.
15              THE COURT:  Let me say this
16        to you:  I'm going to grant that to
17        the extent there will be no
18        distribution of any assets to Mr.
19        MacShane without you being heard.
20              And it would be my intention
21        to give you your fee off the top of
22        any distribution.
23              MR. BLOOMFIELD:  Thank you
24              THE COURT:  Again, there
25        will be another judge here.  If you
```

10/6/04

05/28/2007  23:34   2129475719

LOCAL 580 FUNDS

7

CONFERENCE

1

2    submit this to me, I'll make sure the

3    other judge sees it.  Before anything

4    can be distributed to you, Mr.

5    Bloomfield is entitled to have his fee

6    paid.

7            MR. MACSHANE:  Can I have a

8    copy?  I was never served.

9            THE COURT:  You had to, to

10   be here.

11           MR. MACSHANE:  Your Honor, I

12   was not.

13           THE COURT:  I'll ask Mr.

14   Bloomfield to provide you with another

15   copy.

16           MR. BLOOMFIELD:  Absolutely

17   and it was served.

18           THE COURT:  I have an

19   affidavit of service and it was here

20   on the return date, I believe you had

21   it.  Doesn't matter.  I'm going to get

22   you a new one.  I'm not going to say

23   too bad.

24           MR. MACSHANE:  He showed it

25   to me at that time.

10/6/04

8

1              CONFERENCE

2              THE COURT:    Doesn't matter.

3    You're going to get it.

4              MR. MACSHANE:    One other

5    question.   How do I proceed?   I'm

6    beyond destitution as it stands.

7              THE COURT:    Let me say this.

8              MR. MACSHANE:    Such a

9    thing --

10             THE COURT:    What is your

11   salary?

12             MR. MACSHANE:    80,000 a year.

13             THE COURT:    Nobody is going

14   to grant you poor person relief making

15   $80,000.

16             MR. MACSHANE:    After child

17   support and other obligations --

18             THE COURT:    If you want to

19   make an application, get in touch with

20   Judge Nicolai's office and they'll

21   make short visit.   On an $80,000

22   income there is no way in the world

23   they will assign an attorney to you.

24             Ms. Hudak, do you wish to be

25   heard?

9

CONFERENCE

1

2          MS. HUDAK:  Couple of things.

3          I want to make sure my client

4    is aware of the fact during what you

5    have done is a stay period for anymore

6    proceedings.  That we are going to be

7    filing contempt motion in this matter

8    and I need for my client to know that

9    I will not be able to do so during

10   this period of time, though I have

11   assured her one will be forthcoming

12   once the period of time is up.  If we

13   can clarify the date when I can bring

14   the same?

15          THE COURT:  The stay was up

16   and including November 5th.  And if

17   you bring in an Order to Show Cause to

18   me on November 8th, I'll make it

19   returnable on the 17th.

20          Let me say this to you; I

21   take those contempts very seriously.

22   If you're not current, I'll probably

23   do a hearing that day.  And keep in

24   mind if I find that you willfully

25   violated, with or without an attorney.

05/28/2007  23:34    2129475719

10

1           CONFERENCE

2       you're not going out that way.  You go

3       right to the County Jail.

4               MR. MACSHANE:  I understand

5       that.

6               Last thing, arrears of $60

7               THE COURT:  Well, I don't

8       know what it is, but I'm not even

9       saying you're in arrears.  I only put

10      people in jail that willfully violate

11      my orders and I do a hearing, but I

12      have a feeling I'll do the hearing

13      either that day or the next day.

14              So, be prepared and let

15      counsel know, because I'm not going

16      to -- I don't let anybody violate

17      orders.  If you haven't violated the

18      order or you owe something like $60,

19      no way in the world I'm putting you in

20      jail.  You'll walk out.  I didn't say

21      if they bring the motion you'll go to

22      jail.  I'll take testimony and they

23      have to prove it by clear and

24      convincing evidence.  You don't have

25      to say anything and you could prevail.

CONFERENCE                                    11

1
2        You have to prevail in the case.  If
3        they show all the money, number one,
4        you can argue you don't owe it, which
5        is of course a complete defense or
6        that failure to pay was not willful,
7        but once, if I find it's willful, you
8        go to jail until you pay what's owe
9        and six months is a long time to sit
10       in there.
11              MS. HUDAK:  Additionally, to
12       make certain Mr. MacShane is very
13       clear, that the pendente lite order of
14       the Honorable John W. Sweeney, Jr., is
15       in effect.
16              THE COURT:  That order has
17       to be complied with, I never vacated
18       it.  You're aware that whatever Judge
19       Sweeney had in that order, you're
20       supposed to be in compliance with.
21              MR. MACSHANE:  It's
22       impossible.
23              THE COURT:  Wait.  Are you
24       aware that it's still in effect and
25       nothing happens to that order by

05/28/2007  23:34    2129475719          LOCAL 580 FUNDS

12

1              CONFERENCE

2      anything that I did today?

3              MR. MACSHANE:  Yes.

4              THE COURT:  So, if they show

5      that you are not in compliance, then

6      you have to come forth and show, I'm

7      not in compliance, but it's not

8      willful.  If I disagree with you or I

9      find for argument's sake you should

10     have paid more than you did, it's

11     going to be jail until you, you know

12     you don't get time to go get the

13     money.

14              So, if you could somehow

15     raise the money and they document it

16     so, I would strongly suggest that you

17     do so, because I don't like sending

18     people to jail, I abhor it, but I find

19     that other than one case over ten

20     years, every person I put in jail

21     within two to three days, every single

22     penny has appeared and the other

23     person had the money and basically was

24     spitting in my face and said to me, I

25     got it and I'm not paying it, so he

05/28/2007  23:34    2129475719    LOCAL 580 FUNDS

13

### CONFERENCE

1
2    wanted to sit there for six months.
3    Wasn't much I could do.
4            MR. MACSHANE: Your Honor, I
5    never had the money.
6            THE COURT:   They have to
7    prove.  This is the order and this is
8    what you paid and then you have the
9    burden of coming forward and saying
10   yes, I paid it, and if you paid it
11   it's over or no, I didn't, but it
12   wasn't willful.
13           There is three choices.  I
14   can either say you're cleared, none of
15   this was willful, or I could say,
16   well, he ordered you to pay X dollars
17   you couldn't afford X, but you could
18   afford Y, so you go to jail until Y is
19   paid, or I could say, no, they have
20   established that you didn't comply
21   with the order and I don't see any
22   reason why you couldn't comply and
23   then you go to jail.  It's six months
24   sentence.  I want you to know that,
25   but keep in find you have the key.  If

14

CONFERENCE

1

2    you make payment, I open the jail door

3    that day. I don't keep people in

4    there to punish them. The sole

5    purpose of this is to coerce

6    compliance.

7            MS. HUDAK:   Your Honor,

8    order, among other items I would ask

9    Mr. MacShane now that he is currently

10   unrepresented by counsel to review

11   that order, to make certain that he's

12   aware of the fact that among other

13   items in the order, he owes Mrs.

14   MacShane the sum of 1,000 a month as

15   and for maintenance, which hasn't been

16   paid for some time. At a minimum now

17   he needs to review that. minimum

18   payments on credit cards, etcetera,

19   those are the items I'm speaking

20   about, but I would ask that Mr.

21   MacShane review that order, you know,

22   in expectation of receiving contempt

23   motion.

24            Thank you, your Honor.

25            MR. MACSHANE:   Excuse me,

15

CONFERENCE

1
2       your Honor, anything that preempts

3       such motion that it's frivolous and

4       false, because all of my cards are on

5       the table.

6               THE COURT:   Listen to me.

7       You can argue that it's frivolous in

8       your opposition papers.  I'll listen

9       to both sides.

10              MR. MACSHANE:  To preempt.

11              THE COURT:   How can I know

12      something before I read the papers?

13              MR. MACSHANE:  From the

14      paperwork that the defense attorney

15      has, that they would know there is no

16      way that I have this money, nor do I

17      have the assets.  It's been known

18      since before I lost my house, your

19      Honor.

20              THE COURT:   You can argue

21      that.

22              MR. MACSHANE:  Nothing to

23      preempt.

24              THE COURT:   You couldn't

25      preempt anything.  Law doesn't permit

10/6/04

16

CONFERENCE

1

2    that.  After the fact if I find it's

3    frivolous, I can say this was

4    frivolous and I could sanction them up

5    to $10,000.

6            But let me say this to you:

7    I know Ms. Hudak a long time and I've

8    never known her to make frivolous

9    motions.  I've known her to make

10   motions which I have denied, but never

11   frivolous.

12           MR. MACSHANE:  This is

13   frivolous.

14           MS. HUDAK:  My motion for

15   contempt would be frivolous, just so

16   that I can clarify.

17           MR. MACSHANE:  Practically

18   criminal.

19           MS. HUDAK:  If I may, we're

20   not revisiting Judge Sweeney's

21   pendente lite.

22           THE COURT:  His argument is

23   that he can't comply with it, you

24   know, not that he's defying, he can't

25   comply and I'll find that out.

CONFERENCE

1

2          As a matter of fact, you know

3   what you could do, make motion

4   returnable by Order to Show Cause on

5   November 15th.  I'll come in November

6   15th and set it down for an order that

7   week for hearing so you be prepared to

8   go the 17th -- 16, 17th, 18th or

9   19th.  No?

10          MS. HUDAK:  That would be

11   when the trial would be.

12          THE COURT:  Hearing on the

13   contempt, I want to do it before I go.

14          MR. BLOOMFIELD:  For the

15   record, I'm gone.

16          THE COURT:  You're gone as

17   of now.

18          If you come in without an

19   attorney, I can almost guarantee the

20   result, you know.  This is a very

21   serious matter and, you know, I would

22   like to -- I don't want you losing

23   because you don't have an attorney who

24   can articulate the law and argue and

25   examine witnesses.  I don't think

18

CONFERENCE

1
2      you're capable of doing that.  No way
3      I would be capable of doing your job
4      and not any disrespect.  If you don't
5      have an attorney, it's going to be
6      very difficult for you to prevail.
7              I'll say this to you, if I
8      were you, I would get an attorney real
9      quickly.  I don't know, let that
10     attorney review what was done and I
11     have a feeling that --
12             MR. MACSHANE:  If I had the
13     money.
14             THE COURT:   Let me finish.
15     I have a feeling they'll come to the
16     same conclusion Mr. Bloomfield did
17     the proposed settlement was fair and
18     reasonable with what I said today to
19     them and you could avoid the whole
20     mess.
21             I think what you are doing
22     is, again, I did think it's in good
23     faith, I'm not going to argue that and
24     Mr. Bloomfield was very clear that he
25     understands your reasoning, but if you

19

*CONFERENCE*

1

2    were a business person and I said, if,

3    you go this route you're going to lose

4    a lot of money.  If you go this route

5    you'll lose a lot of money and you

6    said I'm a man of principles, I would

7    rather lose the money.  Wait, I'm

8    using that as analogy.  Not saying

9    it's what you have done.  I can almost

10   guarantee if you don't have an

11   attorney, this is going to turn out

12   much worse than a settlement.  If you

13   have an attorney, I would want them to

14   exercise independent judgment.  I

15   wouldn't be surprised if they came to

16   the same conclusion Mr. Bloomfield

17   did.  You're digging in, spinning your

18   wheels and you'll end up hurting

19   yourself.  And the reason is that I'm

20   not going to be the judge that decides

21   it and I'm not going to discuss this

22   with the new judge, but you're going

23   to be very unhappy if you push this to

24   the limit.

25              I think you're making a

20

1               CONFERENCE

2       terrible mistake and that's my advice

3       as best I can give it to you and

4       because I don't want to see you end up

5       in jail and I don't want to see

6       decision by another judge that

7       financially hurts you more than you

8       would have been had you gone along

9       with the settlement and you better

10      sleep on it.

11              Mr. Bloomfield did a great

12      job for you and I have to tell you I

13      didn't know him before this and I

14      never saw anybody so tenacious that

15      wasn't getting paid and sticking up

16      for you every turn.  And because the

17      easy thing for him would have been to

18      say, look, I can't settle it, I'll

19      walk away now, he didn't, he stuck in.

20      As difficult as it was. you should be

21      grateful for him and I have tremendous

22      respect for Mr. Bloomfield.

23              MR. BLOOMFIELD:  Just I have

24      to, I may not agree with everything

25      that the Court said about me, but

21

CONFERENCE

1

2    there is one thing that's obvious to

3    both counsel, the amount of effort

4    that you, this Court, put in, the time

5    this Court put into attempting

6    resolution is extraordinary.  And a

7    lot of it was off the record in

8    chambers, trying to work things out.

9    Number of hours and the efforts and

10   constructive nature of it, from my

11   point of view and I've been practicing

12   over 36 years, extraordinary.  I've

13   never experienced anything that was

14   more than that effort and I wish to

15   thank the Court for that.

16            And I also wish to say that I

17   hope that the parties do resolve this

18   as soon as possible and I know it

19   behooves both of them to do so.

20            THE COURT:    I agree

21   completely with that and I just hope

22   that it can be done during this

23   interim period, that something be done

24   to resolve it.  If not, we'll go

25   forward and the I think contempt

10/6/04

22

CONFERENCE

1

2  motion will decide a lot of this case

3  one way or the other and that's why I

4  wanted to do a hearing before you at

5  least the bench and I'm clearly, that

6  whole week I know I can get it done.

7  MR. BLOOMFIELD:  Thank you,

8  your Honor.

9  MS. HUDAK:  And obviously Mr.

10  Bloomfield is always eloquent and we

11  join in his sentiment.

12  MR. MACSHANE:  In light of

13  the lien on the property, do I have

14  access to my file?

15  THE COURT:  No.  Until you

16  either pay the bill or I set the lien,

17  if you want to agree to the lien I'll

18  have him send the file over, but in no

19  event will any money go to you, but

20  I'm not going to lift the lien on any

21  property.

22  MR. MACSHANE:  I'm not

23  looking for a lift on the lien.  I'm

24  agreeing to the lien.

25  THE COURT:  Do you want to

23

CONFERENCE

1
2          know the amount?

3                    MR. MACSHANE:   I don't.

4                    THE COURT:   I don't think

5          Mr. Bloomfield does.

6                    MR. MACSHANE:   Couldn't that

7          be settled a later date.

8                    THE COURT:   Law requires at

9          least the lien be set before the file

10         is turned over.  Not paid, but set.

11                   MR. MACSHANE:   Okay.

12                   THE COURT:   If you agree

13         with Mr. Bloomfield, he'll send a

14         stipulation.  I'll so order and you

15         get the file, but right off the top

16         but --

17                   MR. MACSHANE: I'm in over my

18         head.

19                   THE COURT:   I think so, too.

20

21                        oOo

22

23         Certified to be a true and correct
           transcript.

24         _Mary C. Traynor_____
           Mary C. Traynor,
25         Senior Court Reporter

10/6/04

EXHIBIT D



At the Supreme Court,
State of New York held in
and for the County of
Putnam, at the Courthouse
located at 40 Gleneida
Avenue, Carmel, New York
10512 , on the 15 of
_____ 2004

Present:    Hon. Andrew P. O'Rourke
            Supreme Court Justice
            Hon. Fred L. Shapiro, J.S.C.
                                                    ────────────────x
Dermot MacShane,,
                                    Plaintiff(s),

                -against-                            Index No.: 1798/02

Judie MacShane,
                                    Defendant(s).
                                                    ────────────────x    **JUDGMENT**

An Order to Show Cause having previously been submitted to this Court and

signed by Hon. Fred L. Shapiro on the 1st day of June, 2004; and

Said Order to Show Cause having sought the following enumerated items of

relief:

1) An order permitting and allowing Marshall E. Bloomfield, Esq. leave

to withdraw as Counsel for Plaintiff, Dermot MacShane; and

2) An order approving Counsel Fees and Disbursements incurred up

through and including May 24, 2004, in the amount of $20,143.19; and

3) An order approving an interest of Marshall E. Bloomfield, Esq., in the

property of Plaintiff, Dermot MacShane, pursuant to NYCRR §202.16(2); and

The above captioned matter having come on before this Court on July 7, 2004,

August 12, 2004, and October 6, 2004; and

The Court having read the Affirmation of Marshall E. Bloomfield, Esq., dated

May 28, 2004, and submitted in support of the motion; and

The Court on October 6, 2004, having granted the motion in its entirety; and

The Court on October 6, 2004, having directed the submission of a

Supplemental Affirmation of Services on Notice; and

The Court having read the Supplemental Affirmation of Marshall E. Bloomfield,

Esq., dated October 29, 2004; and

The Court by Decision and Order dated November 18, 2004, having granted

the Supplemental Application for Counsel Fees and Disbursements in the additional

amount of $10,249.00; and

The Court by Decision and Order dated November 18, 2004, having directed

the Settlement of a Judgment on five days Notice;

NOW upon motion of Marshall E. Bloomfield, Esq., it is hereby

ORDERED and ADJUDGED that Judgment be made and entered herein in

favor of Marshall E. Bloomfield, Esq, and against Plaintiff, Dermot MacShane, in the

amounts of $20,143.19 and $10,249.00 for a total of $30,392.19; and it is further

ORDERED and ADJUDGED that an interest in the property of Plaintiff, Dermot

MacShane, to the extent of $30,392.19, be awarded in favor of Marshall E.

Bloomfield, Esq., pursuant to NYCRR §202.16(2); and it is further

ORDERED and ADJUDGED that Marshall E. Bloomfield, Esq., have execution

thereon.

ENTER _____ 12/15/04

J.S.C.

Hon. Andrew P. O'Rourke
Supreme Court Justice

# AMENDED DECISION AND ORDER

To commence the statutory
period of appeals as of right
CPLR (5515 [a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.

**PUTNAM COUNTY CLERK**

**2005 DEC 13  AM 9: 18**

## SUPREME COURT OF THE STATE OF NEW YORK
## IAS PART, PUTNAM COUNTY

Present:  Hon. Andrew P. O'Rourke
          Supreme Court Justice

------------------------------------------------X

MARSHALL E. BLOOMFIELD, ESQ.,

INDEX NO.: 2022/2005
MOTION
DATE: 11/21/05

                    Petitioner-Judgment Creditor,

        -against-

DERMOT MACSHANE,

                    Respondent-Judgment
                    Debtor,

        -and-

JUDITH MACSHANE

                    Respondent,

        -and-

SERGEANTS BENEVOLENT ASSOCIATION ANNUITY
FUND, THE CITY OF NEW YORK POLICE PENSION
FUND, FUND OFFICE OF LOCAL 580 OF
ARCHITECTURAL AND ORNAMENTAL IRON
WORKERS, ALLSTATE FINANCIAL SERVICES, HSBC,
CITIBANK, NEW YORK CITY POLICE DEPARTMENT,
WACHOVIA f/ka FIRST UNION,

1

RESPONDENTS-
GARNISHEES.
---------------------------------X

The following documents numbered 1 to 6 read on this motion by Petitioner to Garnish Dermot MacShane's pension and assets to satisfy a judgment.

    Notice of Motion- Affidavits 1, 2
    Answering Affidavits 5, 6
    Replying Affidavits
        Affidavits
    Pleadings-Exhibits-Stipulations-Minutes 4, 4
    Briefs: Plaintiff
        Defendant

Motion is decided as follows:

Petitioner obtained a judgment against the Judgment-Debtor Dermot MacShane in the sum of $30,392.19. Petitioner seeks to collect said judgment from the respondent-Garnishees Sergeants Benevolent Association Annuity Fund, the City of New York Police Pension Fund, Fund Office of Local 580 of Architectural and Ornamental Iron Workers, Allstate Financial Services, HSBC, Citibank, New York Police Department and Wachovia f/k/a First Union., all of whom have moneys belonging to Respondent-Debtor Dermot MacShane.

Petitioner seeks a Judgment pursuant to CPLR 5225(b) and CPLR 5227 ordering the turnover of property held by the Respondent-Garnishee to the Petitioner Judgment Creditor sufficient to satisfy the outstanding judgment. Petitioner further alleges Dermot MacShane is employed by the New York City Police Department holding the rank of Sergeant for an annual salary of $75,070 against which there are no liens or judgments. Petitioner requests installment payments be made to Petitioner from Dermot McShane's salary to satisfy the outstanding

2

05/28/2007  23:34    2129475719                  LOCAL 580 FUNDS                          PAGE   48/55

judgment.

In opposition Respondent Garnishee, Fund Office of Local 580 of Architectural and Ornamental Iron workers, states Petitioner's request to turnover funds from the pension plan benefits to which Dermot MacShane might be entitled is barred by ERISA and unenforceable.

An affidavit in opposition is submitted by Judith MacShane who states that Dermot McShane's pensions and annuities are part of the equitable distribution to which she is entitled. Ms. MacShane alleges her interest herein are superior to any other claim and should be preserved.

After a review of the documents presented the Court directs that the Judgment Debtor, Dermot McShane's employer, the New York City Police Department pay directly to Petitioner-Judgment Creditor, the sum of $200 per pay period until the judgment owed herein is paid in full.

Additionally, any moneys held by HSBC, Citibank, Allstate Financial Services and or Wachovia f/k/a First Union in the name of Dermot McShane will be turned over to the Petitioner Judgment Creditor Marshall E. Bloomfield, Esq. Toward the satisfaction of Petitioner's judgment.

This constitutes the order of the Court.

_____
Andrew P. O'Rourke
Justice of the Supreme Court

Dated: December 12, 2005
Carmel, NY

3

REME COURT OF THE STATE OF NEW YORK                                                    2022/200
DUNTY OF PUTNAM
- - - - - - - - - - - - - - - - - - - - - -

MARSHALL E. BLOOMFIELD, ESQ                          INFORMATION SUBPOENA
              *Petitioner-Judgment Creditor.*           WITH Rule 5224

-*against*-                                         CERTIFICATION & ANNEXED
Dermot Macshane,                                         QUESTIONNAIRE

          *Respondent-Judgment Debtor*

Judith Macshane.

          *Respondent*

AND
*Sergeants Benevolent Association Annuity Fund, The City of*
*New York Police Pension Fund, Fund Office of Local 580 of*
*Architectural and Ornamental Iron Workers, Allstate Financial*
*Services, HSBC, Citibank, New York City Police Department,*
*Wachovia f/k/a First Union,*
- - - - - - - - - - - - - - - - - - - - - -

| To: | Fund Office of Local 580 of Architectural and Ornamental Iron Workers |
|-----|----------------------------------------------------------------------|
|     | 501 W 42 ST |
|     | NY, NY 10036 |

WHEREAS, in an action in the, Supreme Court of the State of New York County of Putnam with  as Plaintiff(s) and  , as
Defendant(s) who are all the parties in said action, a judgment was entered on 01/16/2005 in favor of Marshall E. Bloomfield
Esq . Judgment Creditor and against, and against, Dermot Macshane, Judgment Debtor(s) in the amount of $30,292.19 of
which $31,489.91 together with interest thereon from March 20, 2007 remains due and unpaid; and,

NOW, THEREFORE WE COMMAND YOU, that you answer in writing under oath, separately and fully, each question in
the questionnaire accompanying the subpoena, each answer referring to the question to which it responds, and that you return
the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.
TAKE NOTICE that false swearing or failure to comply with this subpoena is punishable as contempt of court.

PLEASE TAKE NOTICE that you are hereby commanded to answer fully each and every question herein below set forth t
the best of your ability, and wherever possible to do se in the space provided thereunder, returning the original thereof,
SIGNED BEFORE A NOTARY PUBLIC, in the prepaid, self-addressed envelope enclosed, within seven (7) days after your
receipt of these Questions and the Subpoena annexed hereto.

NOTICE: CPLR Rule 5224(a)3 STATES, (and we require compliance with):

    "EACH QUESTION SHALL BE ANSWERED SEPARATELY & FULLY and EACH ANSWER SHALL
    REFER TO THE QUESTION TO WHICH IT REFERS. . . ANSWERS SHALL BE RETURNED WITH
       THE ORIGINAL OF THE QUESTIONS within SEVEN days after receipt."

I HEREBY CERTIFY that this Information Subpoena complies with Rule 5224 of the Civil Practice Law and Rules and the
I have a reasonable belief that the party receiving this Information Subpoena has in their possession information about the
Judgment Debtor(s) that will assist the Judgment Creditor in collecting the Judgment.

          YOUR SHORT FORM WILL NOT BE COMPLIANCE!

Answers shall be made by any officer, agent, or employee having the information if you are a corporation, partnership or sole
proprietorship.

Dated: Bronx, New York                                          Marshall E. Bloomfield, ESC
     March 20, 2007                                      Attorney for Judgment Creditor(s
                                           349 E 149 ST, BX NY 10451-560:
                                         (718) 665,6900  or  (212) 662-187(
                                           Attorney File# 8310M

NOTE: There is a Restraining Notice attached hereto and served simultaneously.
     Please do not hesitate to contact this firm if you have questions or need more information!

SUPREME COURT OF THE STATE OF NEW YORK                                    2022K
COUNTY OF PUTNAM

MARSHALL E. BLOOMFIELD, ESQ                          **QUESTIONNAIRE**
                    Petitioner-Judgment Creditor

-against-
Dermot Macshane.

                    Respondent-Judgment Debtor

Judith Macshane.

                    Respondent

AND
Sergeants Benevolent Association Annuity Fund, The City of
New York Police Pension Fund, Fund Office of Local 580 of
Architectural and Ornamental Iron Workers, Allstate Financial
Services; HSBC, Citibank, New York City Police Department;
Wachovia f/k/a First Union.

---

| TO: | Fund Office of Local 580 of Architectural and Ornamental Iron Workers |
|-----|------------------------------------------------------------------------|
|     | 501 W 42 ST                                                            |
|     | NY, NY 10036                                                           |

STATE OF NEW YORK
                            SS:
COUNTY OF _____

I, Peter Myers BEING SWORN DEPOSES AND SAYS; THAT DEPONENT IS THE

Fund Director of I.W. Local 580 RECIPIENT OF AN INFORMATION SUBPOENA HEREIN AND OF THE ORIGINAL
AND A COPY OF QUESTIONS ACCOMPANYING SAID SUBPOENA. THE ANSWERS SET FORTH BELOW ARE MADE FROM INFORMATION
OBTAINED FROM RECORDS OF THE RECIPIENT:

                (IF YOU NEED MORE SPACE, YOU MAY ATTACH ADDITIONAL SHEETS OF PAPER TO THIS SUBPOENA)
PLEASE CHECK ALL ACCOUNTS INCLUDING BUT NOT LIMITED TO:
A>> WAS THERE EVER* AN ACCOUNT AT YOUR BANK, EVEN IF NOW CLOSED?;
    * (CERTAINLY WITHIN LAST 3 YEARS UNLESS YOUR RECORDS GO FURTHER!)

MUST ANSWER>> YES: √   NO: _____   <<INITIAL CORRECT ANSWER
                                    AND,
B>> AFTER A THOROUGH AND EXHAUSTIVE CHECK OF ALL YOUR RECORDS, HAVE YOU FOUND ANY ACCOUNTS. AND
WHETHER OR NOT THEY ARE PRESENTLY OPEN OR CLOSED. FOR EITHER ACCOUNTS OR LOANS, AT ANY OF YOUR
NUMEROUS OFFICES OR BRANCHES? "

MUST ANSWER>> YES: √   NO: _____   <<INITIAL CORRECT ANSWER

                <<THANK YOU FOR YOUR COOPERATION>>
                <<REMINDER: YOUR ANSWER MUST BE NOTARIZED>>

IF THE ANSWER TO NO. "B>>" ON PRIOR PAGE IS "YES", AND IF THERE WERE (OR ARE) OPEN OR CLOSED ACCOUNTS (INCLUDING IN
ANY OF YOUR BRANCHES), YOU MUST FILL OUT THE REMAINING QUESTIONS WITHIN THIS SUBPOENA. ON THE OTHER HAND, IF THE
ANSWER IS "NO", AND IF YOU'RE SURE, YOU NEED NOT ANSWER ANY MORE QUESTIONS --- JUST INITIAL EACH ANSWER AND SIGN ON THE
LAST PAGE BEFORE A NOTARY PUBLIC AFTER SWEARING TO THE ACCURACY OF YOUR ANSWERS.

WHERE ANSWER TO "A>>" OR "B>>" "YES" THEN:

1.    SET FORTH EACH & EVERY ITEM SHOWN ON YOUR ACCOUNT RELATIONSHIP/CUSTOMER DATA BASE (OR RECORDS), OR
      OTHERWISE WITHIN YOUR POSSESSION, ACCESS, AND/OR CONTROL, WITH REFERENCE TO ABOVE-NAMED JUDGMENT DEBTOR(S),
      INCLUDING, BUT NOT LIMITED TO:

A.  THE EXACT TITLE AND ACCOUNT NUMBER OF EACH AND EVERY ACCOUNT, OR RELATED ACCOUNT (AD WHETHER PAST OR PRESENT, OPEN OR CLOSED. AND IF CLOSED ON WHAT DATES)

**Local 580 Annuity Fund. 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. Open**

B.  SET FORTH WHETHER OR NOT THE SAID ACCOUNT(S) ARE WITH YOUR BANK; AND IF "YES", WITH WHICH BRANCH, AND ITS ADDRESS:

**Local 580 Annuity Fund.
501 West 42nd St. N.Y. N.Y. 10036**

C.  FOR EACH SAID ACCOUNT, SET FORTH THE CURRENT BALANCE:

**$59,804.80**

D.  SET FORTH WHETHER OR NOT EACH ACCOUNT ENUMERATED IS NOW OPEN OR CLOSED. AND IF CLOSED, SET FORTH THE DATE OF CLOSING THEREOF. PLUS THE PAYEE, DATE AND AMOUNT OF LAST 10 WITHDRAWALS. PLUS THE PAYOR, DATE, AND AMOUNT OF LAST 10 DEPOSITS.

**Opened.**

2.  SET FORTH ALL EMPLOYMENT INFORMATION SHOWN ON YOUR RECORDS, INCLUDING DATES OF EMPLOYMENT & YOUR VERIFICATION THEREOF.

**NOT AN EMPLOYEE. he is a member of this uni**

3.  SET FORTH THE DATE OF BIRTH OF THE JUDGMENT DEBTOR(S). **12-31-1959**

4.  SET FORTH THE SOCIAL SECURITY NUMBER OF THE JUDGMENT DEBTOR(S). **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**

5.  SET FORTH ALL CREDIT INQUIRIES RECEIVED RELATIVE TO JUDGMENT DEBTOR(S). (WHO INQUIRED? WHEN? WHAT WAS STATED PURPOSE OF INQUIRY?)

**UNKNOWN**

6.  SET FORTH THE TITLE OR POSITION OF THE EMPLOYEE(S) (JUDGMENT DEBTOR(S)).

**NOT A EMPLOYEE.**

7.  SET FORTH THE ANNUAL SALARY OF THE SAID JUDGMENT DEBTOR(S).

**UNKNOWN**

8.  IF THE JUDGMENT DEBTOR(S) IS/ARE MARRIED, SET FORTH THE NAME, (MAIDEN NAME IF APPROPRIATE, SOCIAL SECURITY NUMBER AND ADDRESS OF THE SPOUSE.

**N/A**

9.  SET FORTH NAME & ADDRESS ANY KNOWN DEPENDANTS OF DEBTOR(S). **SIOBHAN MACSHANE
1030 HOLLYWOOD AVE. BRONX N.Y. 10465**

V\Dermot MACSHANE(881GNM07 to Fund Office of Local 580 of Architectural and Ornamental Iron Workers-070320-LF.WPD

The Law Office of
Michael E. Bloomfield
Ste. 349 E 149 ST BX NY

10.   SET FORTH ALL REAL PROPERTY OWNED BY THE JUDGMENT DEBTOR(S).

                          UNKNOWN

11.   SET FORTH THE NAME AND ADDRESS OF THE CLOSEST LIVING RELATIVE OF THE JUDGMENT DEBTOR(S).

                          UNKNOWN

12.   SET FORTH ALL REFERENCES (BOTH BUSINESS, BANKING, AND PERSONAL) LISTED BY THE JUDGMENT DEBTOR(S), AS WELL AS
      THEIR ADDRESSES.

                          UNKNOWN

13.   SET FORTH ALL ASSETS LISTED BY THE JUDGMENT DEBTOR(S).

                          UNKNOWN

14.   SET FORTH THE YEAR, MAKE, AND LICENSE NUMBER AND/OR REGISTRATION NUMBER OF ANY VEHICLES OWNED BY THE
      JUDGMENT DEBTOR(S).

                          UNKNOWN

15.   SET FORTH WHETHER OR NOT THE RECORDS KEPT IN THE NORMAL COURSE OF BUSINESS INDICATES THAT ANY OPEN ACCOUNT
      HAS A HIGHER BALANCE AT ANY GIVEN DAY OF THE WEEK, TIME OF THE MONTH, PERIOD OF THE YEAR, AND IF SO, IDENTIFY THE
      SAME.

                          N/A

16.   SET FORTH WHETHER OR NOT THERE IS ANY PERSON OR PERSONS WITHIN THE BANK PARTICULARLY FAMILIAR WITH THE ABOVE
      ACCOUNT(S) OR RELATED BUSINESS, AND IF SO, SET FORTH THE PERSON'S NAME AND TITLE.

                          UNKNOWN

17.   IF THE ANSWER TO NO. 16 IS AFFIRMATIVE, PLEASE HAVE SAID PERSON REVIEW AND SUPPLEMENT THE ANSWERS
      PREVIOUSLY PROVIDED ELSEWHERE HEREIN: IT GOES TO THE ESSENCE OF THE INTEGRITY OF THE ANSWERS PROVIDED
      BY YOU THAT YOUR ANSWERS ACCURATELY REFLECT AND PRESENT A TRUE AND ACCURATE PICTURE OF THE INFORMATION
      SOUGHT HEREIN.

                          N/A

18.   PLEASE SET FORTH THE MOST RECENT HOME ADDRESS YOUR RECORDS INDICATE FOR EACH NAMED JUDGMENT DEBTOR(S):

      1030 HOLLYWOOD AVE. BRONX N.Y. 10465

9.   STATE WHETHER THERE ARE ANY PENDING TRANSACTIONS, OR SUMS OF MONEY PRESENTLY DUE, OR TO BECOME DUE TO JUDGMENT DEBTOR(S), AND IF SO, THE AMOUNTS THEREOF, IF AFFIRMATIVE SET FORTH INFORMATION THEREON:

NONE AT THIS TIME

20.   IF THE JUDGMENT DEBTOR(S) RECEIVE AUTOMATIC DEPOSITS OR WITHDRAWS FROM ANY OPEN OR CLOSED ACCOUNT AT YOUR INSTITUTION, PLEASE SET FORTH ALL INFORMATION REGARDING THESE TRANSACTIONS.

N/A

21.   IF ANY OF THE OPEN OR CLOSED ACCOUNTS WAS LINKED TO A BROKERAGE ACCOUNT, OR MORTGAGE ACCOUNT, PLEASE SET FORTH ALL INFORMATION REGARDING THE LINKED ACCOUNT(S).

N/A

**TAKE FURTHER NOTICE,** THAT FALSE SWEARING OR FAILURE TO COMPLY WITH EACH AND EVERY ONE OF THE ABOVE ITEMS SET FORTH IN THE ABOVE SUBPOENA IS PUNISHABLE AS A CONTEMPT OF COURT.

DATED: BRONX, NEW YORK
MARCH 20, 2007

MARSHALL E. BLOOMFIELD, ESQ
ATTORNEY FOR JUDGMENT CREDITOR(S
349 E 149 ST, BX NY 10451-560
(718) 665-5900 OR (212) 662-187
ATTORNEY FILE#: 8810M

THE UNDERSIGNED REPRESENTS THAT THE ABOVE ANSWERS ARE TO THE BEST OF MY ABILITY!

BY: _Peter Myers_

(NAME SIGNED MUST BE PRINTED BELOW)

SWORN TO BEFORE ME THIS _3_

DAY OF _APRIL_ , 20_07_.

NOTARY PUBLIC

PATRICK DOHERTY
Notary Public, State of New York
No. 01DO6016159
Qualified in Rockland County
Commission Expires Jan. 4, 2011

NOTE: YOU ONLY HAVE TO RETURN THE ORIGINAL TO OUR OFFICE THE "COPY" IS FOR YOUR RECORDS AND RETURNING IT TO US MAY REQUIRE YOU TO PLACE EXTRA POSTAGE ON THE ENVELOPE PROVIDED!

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-------------------------------------------x

Marshall E. Bloomfield.                                    Index No:

                    Petitioner-Judgment Creditor
                                                           **VERIFICATION**
           -against-

Dermot MacShane

                    Respondent-Judgment Debtor

           And

Sergeant's Benevolent Association Annuity Fund. The City
of New York Police Pension Fund, and the Fund Office of
Local 580 of Architectural and Ornamental Iron Workers,

                    Respondents.
-------------------------------------------x

STATE OF NEW YORK    )
                     ) ss:
County of Bronx      )

        I, Marshall E. Bloomfield, being sworn, say: I am the Petitioner-Judgment Creditor in the
within Proceeding and that I have read the foregoing attached Petition and know the contents thereof
and that the same is true to my own knowledge, except as to the matters therein stated to be alleged
on information and belief, and as to those matters, I believe it to be true.

                                                    _____
                                                    Marshall E. Bloomfield

Sworn to before me
This 4th day of May,
2007.

_____
NOTARY PUBLIC

JOSEPHINE AVILES
Notary Public, State of New York
No. 01AV5080851
Qualified in Bronx County
Commission Expires June 23, 2007

MARSHALL E. BLOOMFIELD, ESQ & 349 EAST 149TH STREET, The BRONX NEW YORK 10451-3603 & (718) 665-5900

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

Marshall E. Bloomfield,

Petitioner-Judgment Creditor

-against-

Dermot MacShane,

Respondent-Judgment Debtor

And

Sergeant's Benevolent Association Annuity Fund, The City of New York Police
Pension Fund, and the Fund Office of Local 580 of Architectural and Ornamental
Iron Workers,

Respondents.

---

## ORDER TO SHOW CAUSE, VERIFIED PETITION,
## AND SUPPORTING DOCUMENTS

---

### LAW OFFICES OF
### MARSHALL E BLOOMFIELD, ESQ

Attorney for Plaintiff

*Office, Post Office Address and Telephone*

*349 E 149 ST*
*BX, NY 10451-5603*
*(718) 665-5900*
*(212) 662-1870*

---

To:

Attorney(s) for Defendant        8810M