UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,

                        Petitioner,                Civil Action No.:
                                                         07 Civ 3934 (RJH)

    -against-

DERMOT MACSHANE,

                        Respondent,

    -and-

SERGEANT'S BENEVOLENT ASSOCIATION
ANNUITY FUND; THE CITY OF NEW YORK
POLICE PENSION FUND AND THE FUND
OFFICE OF LOCAL 580 OF ARCHITECTURAL
AND ORNAMENTAL IRON WORKERS,

                        Respondents.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT, THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS, MOTION TO DISMISS

                                                    Colleran, O'Hara & Mills L.L.P.
                                                    Attorney for Respondent, The Fund
                                                      Office of Local 580 of Architectural
                                                      and Ornamental Iron Workers
                                                      1225 Franklin Avenue, Suite 450
                                                      Garden City, New York 11530
                                                      (516) 248-5757

Of Counsel:
  John Stackpole Groarke, Esq.

## TABLE OF CONTENTS

| | |
|---|---|
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Statement of Case | 1 |
| Argument | 3 |

**POINT I**
Standard for Motion to Dismiss ........................................................... 3

**POINT II**
Local 580 Fund Office's Motion to Dismiss should be granted because Bloomfield's claim against the Local 580 Fund Office is barred by the Employee Retirement Income Security Act of 1974 ........................... 4

**POINT III**
Local 580 Fund Office's Motion to Dismiss should be granted because ERISA bars claims that seek satisfaction of judgments for attorney's fees from a qualified pension plan except in the instances where a QDRO was served on the plan wherein the collection of past due support was the principal matter in issue ................................................. 6

**POINT IV**
Local 580 Fund Office's Motion to Dismiss should be granted because Bloomfield's claim against the Local 580 Fund Office violates the Internal Revenue Code provision restricting assignment and alienation ............ 7

Conclusion ........................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

Adler v. Adler, 224 A.D.2d 282, 638 N.Y.S.2d 29 (N.Y. 1996) .............. 6

Boggs v. Boggs, 520 U.S. 833, 851, 138 L. Ed. 2d 45, 117 S. Ct. 1754 (1997) ...... 4

Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365, 376-377,
107 L. Ed. 2d 782, 110 S. Ct. 680 (1990) .............. 4, 5

Hertz Corp. v. City of N.Y., 1 F.3d 121, 125 (2d Cir. 1993) .............. 3

Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) .............. 3

Padavan v. United States, 82 F.3d 23, 26 (2d Cir. 1996) .............. 3

Patterson v. Shumate, 504 U.S. 753, 765, 112 S. Ct. 2242, 2250,
119 L.Ed.2d 519 (1992) .............. 4

Renner v. Blatte, 170 Misc. 2d 57, 583, 650 N.Y.S.2d 943 (N.Y. Sup. Ct. 1996) ... 6

Robbins ex rel. Robbins v. DeBuono, 218 F.3d 197, 203 (2d Cir. 2000) .............. 5

Trustees of the Directors Guild of America-Producer Pension Benefits
Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000), amended, 255 F.3d
661, 662 (9th Cir. 2001) .............. 6

United States v. McCarthy, 271 F.3d 387, 398 (2d Cir. 2001) .............. 4

United States v. Weiss, 345 F.3d 49 (2d Cir. 2003) .............. 5, 8

## STATUTES

Fed. R. Civ. P. 12(b)(6) .............. 1, 3

H.R. Re. No. 807, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N.,
4639, 4670, 4734 .............. 4

26 C.F.R. §1.401(a)-13(b) (2003) .............. 8

26 C.F.R. §1.401(a)-(13)(c)(1)(ii) .............. 8

26 U.S.C. §401(a) .............. 2, 8

26 U.S.C. §401(a)(13)(A) .............. 7, 8

## TABLE OF AUTHORITIES (cont.)

**STATUTES (cont.)**

29 U.S.C. §1002(3) .................................................................................... 2

29 U.S.C. §1002(37) .................................................................................. 2

29 U.S.C. §1056(d)(1) ............................................................................... 4, 5

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Respondent, THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS (hereinafter "LOCAL 580 FUND OFFICE") motion to dismiss the Petitioner, MARSHALL E. BLOOMFIELD's Verified Petition seeking an order directing payment of all monies held by the LOCAL 580 FUND OFFICE from a lien that the Petitioner claims to have against the pension benefits held in trust by the LOCAL 580 FUND OFFICE for the benefit of Respondent DERMOT MACSHANE on the grounds that the Petitioner's claim against the LOCAL 580 FUND OFFICE is barred by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and Internal Revenue Code (hereinafter "IRC").

## STATEMENT OF CASE

On January 6, 2005, Petitioner, MARSHALL E. BLOOMFIELD's ("BLOOMFIELD"), the former divorce attorney of DERMOT MACSHANE obtained a Judgment against his former client for unpaid legal fees in the amount of $30,392.19 and obtained an interest in his personal property to the extent of $30,392.19. See GROARKE DECLARATION Exhibit "D", Verified Petition at ¶¶8-9.

On or about March 20, 2007, BLOOMFIELD, a judgment creditor, served the LOCAL 580 FUND OFFICE with an Information Subpoena. See GROARKE DECLARATION at Exhibit "A". The Information Subpoena indicated that "a judgment was entered on January 16, 2005 in the favor of Marshall E. Bloomfield, Esq. Judgment Creditor and against and against [sic], Dermot Macshane, Judgment Debtor(s) in the amount of $30,392.19 of which $31,489.91 together with interest thereon from March 20, 2007 remains due and unpaid; and" Id. Further,

the Information Subpoena demanded that the LOCAL 580 FUND OFFICE answer under oath each question in the questionnaire accompanying the subpoena. Id.

On April 3, 2007, Peter Myers, the Fund Director for the LOCAL 580 FUND OFFICE responded to BLOOMFIELD's subpoena. Id. In his response, the Fund Director stated that the LOCAL 580 FUND OFFICE was maintaining an account under the title Local 580 Annuity Fund with a number 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 for participant DERMOT MACSHANE in the amount at the time $59,804.80. Id. As of July 3, 2007, the Local 580 Annuity Fund account balance for DERMOT MACSHANE was $67,168.02. See GROARKE DECLARATION at ¶ 3.

The LOCAL 580 FUND OFFICE administers the Joint Funds of Local 580, including but not limited to the Local 580 Annuity Fund. See GROARKE DECLARATION at ¶ 3. The Local 580 Annuity Fund is an employee benefit plan and multi-employer plan within the meaning of §3(3) and (37) of ERISA, 29 U.S.C. §§1002(3) and (37). See GROARKE DECLARATION at ¶ 5 and Exhibit "B". The Local 580 Annuity Fund is a qualified employee retirement plan under IRC §401(a), 26 U.S.C. §401(a). See GROARKE DECLARATION at ¶ 6 and Exhibit "C".

On or about the 8th day of May, 2007, BLOOMFIELD commenced an action against Respondents DERMOT MACSHANE, SERGEANT'S BENEVOLENT ASSOCIATION ANNUITY FUND, THE CITY OF NEW YORK POLICE PENSION FUND, AND THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS, by filing of an Order to Show Cause, Verified Petition and Memorandum of Law in Support of the Petition in the Supreme Court of the State of New York, County of Putnam. See GROARKE DECLARATION at ¶ 7 and Exhibit "D". BLOOMFIELD's Verified Petition ("Petition") seeks an order directing payment of all monies held by the LOCAL 580 FUND OFFICE from a lien the Petitioner claims to have against the pension benefits held in trust by the LOCAL 580 FUND

OFFICE for Respondent DERMOT MACSHANE. Petitioner demands an order directing the LOCAL 580 FUND OFFICE distribute monies from DERMOT MACSHANE's interest in the Local 580 Annuity Fund in the sum of $31,855.89 to satisfy BLOOMFIELD's judgment for unpaid attorney fees. See GROARKE DECLARATION at ¶¶ 8-9.

On May 21, 2007, LOCAL 580 FUND OFFICE filed a Notice of Petition for Removal and Verified Petition for Removal with the Clerk of the Court of the United States District Court, Southern District of New York. See Exhibit "E", *exhibits omitted.* See GROARKE DECLARATION at ¶ 10. LOCAL 580 FUND OFFICE now moves this Court for an order dismissing BLOOMFIELD's Petition for failing to state a claim upon which relief can be granted

## ARGUMENT

### I    STANDARD FOR MOTION TO DISMISS

The Federal Rules of Civil Procedure provides a pleader the option to move to dismiss a claim for relief in any pleading for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a party's claim for relief. The Court must accept all of the facts as true and consider those facts in the light most favorable to the plaintiff. Hertz Corp. v. City of N.Y., 1 F.3d 121, 125 (2d Cir. 1993). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Padavan v. United States, 82 F.3d 23, 26 (2d Cir. 1996) (quoting Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980)). As will be demonstrated herein, BLOOMFIELD's Petition fails to state a claim against the LOCAL 580 FUND OFFICE upon which relief can be granted.

3

II    **LOCAL 580 FUND OFFICE'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE BLOOMFIELD'S CLAIM AGAINST THE LOCAL 580 FUND OFFICE IS BARRED BY THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974.**

LOCAL 580 FUND OFFICE'S motion to dismiss should be granted because BLOOMFIELD's Petition seeking an order directing payment of all monies held by the LOCAL 580 FUND OFFICE from a lien that the Petitioner claims to have against the pension benefits held in trust by the LOCAL 580 FUND OFFICE for Respondent DERMOT MACSHANE, is barred by ERISA. Section 206(d)(1), 29 U.S.C. §1056(d)(1) of ERISA states: "Each pension plan shall provide the benefits provided under the plan may not be assigned or alienated."

The legislative history of ERISA §206(d)(1) explains that the statute's prohibition against assignment and alienation was designed "to further ensure that the employee's accrued benefits are actually available for retirement purposes," H.R. Re. No. 807, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N., 4639, 4670, 4734. See also Patterson v. Shumate, 504 U.S. 753, 765, 112 S. Ct. 2242, 2250, 119 L.Ed.2d 519 (1992) (emphasizing ERISA's goal of protecting pension benefits upon retirement and ensuring that "if a worker has been promised a defined pension benefit upon retirement. . . he actually will receive it.") "In enacting ERISA, Congress clearly intended to protect workers' retirement benefits," United States v. McCarthy, 271 F.3d 387, 398 (2d Cir. 2001). "The anti-alienation provision can be seen to bespeak a pension law protective policy of special intensity: Retirement funds shall remain inviolate until retirement." Boggs v. Boggs, 520 U.S. 833, 851, 138 L. Ed. 2d 45, 117 S. Ct. 1754 (1997).

In Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365, 376-377, 107 L. Ed. 2d 782, 110 S. Ct. 680 (1990), the United States Supreme Court held that the anti-alienation provision of ERISA cannot be pierced by the imposition of a constructive trust to attach payment of retirement funds due a union official who had embezzled a substantial amount of union funds.

4

As the Court stated: "As a general matter, courts should be loath to announce equitable exceptions to legislative requirements or prohibitions that are unqualified by the statutory text. The creation of such exceptions, in our view, would be especially problematic in the context of an anti-garnishment provision. Such a provision acts, by definition, to hinder the collection of a lawful debt." Id. at 376.

The Second Circuit Court has held that under ERISA's anti-alienation provision, §206(d)(1), 29 U.S.C. §1056(d)(1), pension benefits or funds may not be assigned or alienated while the money is held by the plan administrator. United States v. Weiss, 345 F.3d 49 (2d Cir. 2003) (citing Robbins ex rel. Robbins v. DeBuono, 218 F.3d 197, 203 (2d Cir. 2000). Creditors can only pursue claims against pension funds and the funds' owner only after the administrator has made a distribution to the beneficiary. Robbins ex rel. Robbins v. DeBuono, 218 F.3d 197, 203 (2d Cir. 2000).

In this case, LOCAL 580 FUND OFFICE is the administrator of the Local 580 Annuity Fund, an employee pension benefit plan within the meaning of ERISA. The LOCAL 580 FUND OFFICE is holding in trust an account for the benefit of DERMOT MACSHANE in the Local 580 Annuity Fund with approximately amount of $67,168.02. BLOOMFIELD's lien and Petition seeking an order directing payment of all monies held by the LOCAL 580 FUND OFFICE is barred by the anti-alienation provision of Section 206(d)(1) of ERISA because DERMOT MACSHANE's pension benefits in the Local 580 Annuity Fund may not be assigned or alienated while the money is held by the plan administrator, the LOCAL 580 FUND OFFICE. Therefore, BLOOMFIELD's Petition against the LOCAL 580 FUND OFFICE must be dismissed because it fails to state a claim upon which relief may be granted.

5

III. **LOCAL 580 FUND OFFICE'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE ERISA BARS CLAIMS THAT SEEK SATISFACTION OF JUDGMENTS FOR ATTORNEY'S FEES FROM A QUALIFIED PENSION PLAN EXCEPT IN THE INSTANCES WHERE A QDRO WAS SERVED ON THE PLAN WHEREIN THE COLLECTION OF PAST DUE SUPPORT WAS THE PRINCIPAL MATTER IN ISSUE.**

LOCAL 580 FUND OFFICE'S motion to dismiss should be granted because ERISA bars claims by divorce attorneys seeking to collect attorney's fees from a participant's qualified pension plan unless such attempt was relevant to the collection of child support. The exception to ERISA's anti-alienation rule is a qualified domestic relations order ("QDRO"). See ERISA §206(d)(3). QDROs for the payment of attorney's fees in domestic relations disputes have been upheld only in the context of claims for the collection of past due spousal or child support. See Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th Cir. 2000), amended, 255 F.3d 661, 662 (9th Cir. 2001) (approving distribution of pension plan proceeds pursuant to QDRO that awarded child support arrears and attorney's fees incurred in enforcing prior child support order); Renner v. Blatte, 170 Misc. 2d 57, 583, 650 N.Y.S.2d 943 (N.Y. Sup. Ct. 1996) (approving QDRO that awarded counsel fee arrears that related to child support and maintenance); Adler v. Adler, 224 A.D.2d 282, 638 N.Y.S.2d 29 (N.Y. 1996) (affirming entry of QDRO to enforce money judgments for attorney's fees incurred by plaintiff in attempt to compel defendant's compliance with child support obligations contained in settlement agreement incorporated but not merged into parties' divorce judgment).

BLOOMFIELD's judgment is not a QDRO because it did not create or recognize the existence of a right to, or an assignment of the right to, receive all or a portion of the benefits payable to DERMOT MACSHANE under any qualified retirement plan maintained by the LOCAL 580 FUND OFFICE.

6

Assuming *arguendo*, that BLOOMFIELD's judgment amounted to a domestic relations order ("DRO"), it would nevertheless be unenforceable against the LOCAL 580 FUND OFFICE because BLOOMFIELD's judgment was obtained after he withdraw as counsel for unpaid legal fees incurred in representation of DERMOT MACSHANE and further BLOOMFIELD does not allege in his Petition that the judgment was related to the enforcement of prior child support orders. See GROARKE DECLARATION Exhibit "D" Verified Petition at ¶¶ 4-9. Therefore, BLOOMFIELD's Petition against the LOCAL 580 FUND OFFICE must be dismissed because it fails to state a claim upon which relief may be granted.

IV. **LOCAL 580 FUND OFFICE'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE BLOOMFIELD's CLAIM AGAINST THE LOCAL 580 FUND OFFICE VIOLATES THE INTERNAL REVENUE CODE PROVISION RESTRICTING ASSIGNMENT AND ALIENATION.**

LOCAL 580 FUND OFFICE'S motion to dismiss should be granted because BLOOMFIELD's Petition seeking an order directing payment of all monies held by the LOCAL 580 FUND OFFICE from a lien that the he claims to have against the pension benefits held in trust by the LOCAL 580 FUND OFFICE for benefit of Respondent DERMOT MACSHANE is barred by the IRC and related regulations.

The IRC requires retirement plans to contain a provision restricting the assignment and alienation of benefits to which a participant or beneficiary is entitled under the plan. IRC §401(a)(13)(A), 29 U.S.C. §401(a)(13)(A) provides as follows: "A trust shall not constitute a qualified trust ... unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated." The Department of Treasury regulations define assignment and alienation as follows:

> ... For purpose of this section, the terms "assignment" and "alienation" include ... (ii) Any direct or indirect arrangement (whether revocable or irrevocable) whereby a party acquires from

7

> a participant or beneficiary a right or interest enforceable against the plan in, or to all or any part of a plan benefit payment, which is, or may become payable to the participant or beneficiary.

26 C.F.R. §1.401(a)-(13)(c)(1)(ii). In <u>United States v. Weiss</u>, 345 F.3d 49 (2d Cir. 2003), the Court held that a regulation outlining the tax implications of this statutory prohibition on assignment and alienation of undistributed ERISA plans' pensions states that "benefits provided under the plan may not be anticipated, assigned, alienated or subject to attachment, garnishment, levy, execution or other legal or equitable process." 26 C.F.R. §1.401(a)-13(b) (2003).

The Local 580 Annuity Fund is a qualified employee retirement plan under the IRC §401(a), 26 U.S.C. §401(a), subject to the provision of the IRC §401(a)(13)(A), 26 U.S.C. §401(a)(13)(A), and 26 C.F.R. §1.401(a)-(13)(c)(1)(ii). See GROARKE DECLARATION Exhibit C, Favorable Determination Letter. As a qualified retirement plan, the Local 580 Annuity Fund protects participant accounts from creditors, collection liens and or lawsuits. BLOOMFIELD's assignment and claimed lien against the Local 580 Annuity Fund clearly falls within the prohibition contained in the IRC and the Department of Treasury regulations. Therefore, this Court must dismiss BLOOMFIELD's Petition seeking an order directing payment by the LOCAL 580 FUND OFFICE of monies from DERMOT MACSHANE's Local 580 Annuity Fund account to satisfy his judgment for attorney fees.

## CONCLUSION

Based upon the foregoing reasons, the Respondent, THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS, respectfully request that this Court grant its Motion to Dismiss dismissing BLOOMFIELD's Petition.

Dated: July 5, 2007

                                    Respectfully submitted,

                                    COLLERAN, O'HARA & MILLS L.L.P.

                                    By: _____
                                    JOHN STACKPOLE GROARKE (JG 9031)
                                    Attorney for Respondent, The Fund
                                      Office of Local 580 of Architectural
                                      and Ornamental Iron Workers
                                    1225 Franklin Avenue, Suite 450
                                    Garden City, New York 11530
                                    (516) 248-5757