UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Petitioner-Judgment-Creditor,　　　　 :　　07 Cv. 3934 (RJH)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　-against-　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
DERMOT MacSHANE,　　　　　　　　　　　　　　　　　:　　**AFFIDAVIT IN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**SUPPORT OF**
　　　　　　　　Respondent-Judgment-Debtor　　　　　:　　**MOTION TO**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**DISMISS ORDER**
Sergeant's Benevolent Association Annuity Fund,　　　　:　　**TO SHOW CAUSE**
The City of New York Police Pension Fund and the　　　:　　**AND PETITION**
Fund Office of Local 580 of Architectural and　　　　　 :
Ornamental Iron Workers,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Respondents.　　　　　　　　　　　　　　:
-------------------------------------------------------------------X
STATE OF NEW YORK　　　　　)
　　　　　　　　　　　　　　　　　　)SS.:
COUNTY OF NEW YORK　　　　)

　　　　ERROL OGMAN, being duly sworn, deposes and says:

　　　　1. I am the Fund Administrator for Respondent Sergeant's Benevolent Association Annuity Plan ("the Annuity Plan"). As Fund Administrator, my duties and responsibilities include managing contributions to the Annuity Plan on behalf of participants in the Annuity Plan, managing distributions to participants, complying with terms of Qualified Domestic Relations Orders, answering participants' questions regarding Annuity Plan provisions, and acting as liaison between the participants in the Annuity Plan and the third party record-keeper, New York Life. Annexed hereto as Exhibit "1" is the Annuity Plan.

　　　　2. The information contained in this affidavit is based upon my personal experience as Fund Administrator and review of relevant documents, including, but not limited to, participant's annuity account, account history and Annuity Plan provisions.

3. All members of the New York City Police Department who achieve the rank of Sergeant are entitled to an annuity account with the Annuity Plan. Upon promotion to Sergeant, the member's annuity account with the Police Benevolent Association's Annuity Plan is transferred to the Annuity Plan.

4. Pursuant to the provisions of the Plan, participants in the Annuity Plan cannot take any distributions from their annuity account until such time as they retire, are promoted above the rank of Sergeant, or otherwise terminate their employment with the New York City Police Department.

5. Dermot McShane has been a participant in the Annuity Plan since his promotion to Sergeant in 1992.

6. The only distribution made on his account was on December 15, 2006 pursuant to the terms of a Qualified Domestic Relations Order. There have been no other distributions on this account.

7. Dermot McShane retired from the New York City Police Department on or about January 11, 2007. He is entitled to maintain his annuity account with the Annuity Plan until the attains the age of 70, at which time a mandatory distribution by the Plan must be made to Dermot McShane in accordance with Internal Revenue Code provisions.

8. Dermot McShane has not terminated his annuity nor applied for distribution of the monies in the account as of the date of this affidavit.

9. The Annuity Plan first became aware of Petitioner's judgment against Dermot McShane in the summer of 2005 when the Annuity Plan was served with a restraining notice and information subpoena. These documents were forwarded to counsel for review and response. Counsel to the Annuity Plan responded by letter dated September 1, 2005. See Restraining Notice, Information Subpoena and September 1, 2005 letter annexed as Exhibit "2".

10. No further action was taken by Petitioner until April 2007 at which time a second restraining notice and information subpoena were served upon the Annuity Plan. Counsel for the Annuity Plan responded by letter dated May 3, 2007. See Restraining Notice, information subpoena and May 3, 2007 letter annexed as Exhibit "3".

11. Furthermore, I have reviewed those pages from the Sergeant's Benevolent Annuity Plan document annexed as Exhibit "1" and hereby affirm that they are true and accurate excerpts from the Sergeant's Benevolent Association Annuity Plan document relating to its qualified status and anti-alienation of benefits provision.

12. I have been informed by counsel to the Annuity Plan that the Annuity Plan cannot honor any assignment of benefits made by Dermot MacShane to Petitioner while these benefits are held by the Annuity Plan nor may the Annuity Plan make any distribution to Petitioner as both would constitute violations of the anti-alienation provision of the Internal Revenue Code.

ANTHONY F AMATO
Notary Public - State of New York
NO. 01AM6119037
Qualified in Richmond County
My Commission Expires  /1/22/[  ]

ERROL OGMAN

Sworn to before me this
21st day of May 2007

NOTARY PUBLIC

3