| | | |
|---|---|---|
| FRANK DURKAN<br>BRIAN O'DWYER<br>GARY SILVERMAN<br>CHRISTOPHER DOWNES•<br>VICTOR GRECO<br>CODY K. M<sup>c</sup>CONE<br><br>GARY P. ROTHMAN•<br>STEVEN ARIPOTCH<br>J. P. DELANEY<br>DAVID H. SCHULTZ••<br>RAÚL GARCÍA<br>ANGELIQUE NYE<br>GWENDOLYN COYLE<br>DONNA A. CANFIELD<br>ROBERT DUNNE<br>JASON S. FUIMAN⁴<br>M. GLADYS T. ORANGA<br>ANDREW R. GRABOIS | **O'DWYER & BERNSTIEN, LLP**<br>ATTORNEYS AT LAW<br>PAUL O'DWYER WAY<br>52 DUANE STREET<br>NEW YORK, N.Y. 10007<br>(212) 571-7100<br>(516) 248-4224<br>FAX (212) 571-7124<br> | PAUL O'DWYER (1907-1998)<br>OSCAR BERNSTIEN (1885-1974)<br><br>OF COUNSEL:<br>THOMAS J. HUGHES, JR.<br>ANNE M. PAXTON<br>MICHAEL CARROLL<br>CRAIG NUSSBAUM<br><br>• ALSO ADMITTED IN NJ<br>•• ALSO ADMITTED IN CT<br>⁴ ALSO ADMITTED IN PA & NJ<br><br>WRITER'S DIRECT DIAL |

September 1, 2005

Marshall E. Bloomfield, Esq.
349 East 149th Street
Bronx, New York 10451-5603
Attn: Lisa Flores, Supervisor, KL Department

  Re: The Sergeants Benevolent Association Annuity Plan
     Information Subpoena
     Participant: Dermot McShane

Dear Ms. Flores:

  We are counsel to The Sergeants Benevolent Association Annuity Plan (the "Plan"), an employer sponsored defined contribution plan, and were forwarded for review the restraining notice and information subpoena dated February 1, 2005. Pursuant to this review, please be advised that the restraining notice is inapplicable to the Plan as it violates the anti-alienation provisions of the Plan and Section 206(d)(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1056(d)(3), as amended ("ERISA") and Section 401 (a)(13) of the Internal Revenue Code of 1986, as amended ("the Code"). Moreover, the Plan will not provide any information relating to any assets that may or may not be held by the Plan on participant's behalf as the subpoena relates to a money judgment that may not be enforced against the Plan.

  The Plan is qualified under the applicable provisions of ERISA and the Code and in order to maintain its qualified status, must comply with the applicable requirements of ERISA and the Code. One of those requirements is that the benefits provided under the Plan may not be assigned or alienated in any way (ERISA § 206(d)(1) and Internal Revenue Code § 401(a)(13)). There are very limited exceptions to these anti-alienation provisions, however, a judgment for attorney's fee is not one of those exceptions. ERISA precludes state law on this issue and thus, the restraining notice is inapplicable to the Plan and the Plan will not answer the information subpoena as it relates to a non-enforceable money judgment for attorney's fees.

  If you have any questions, please contact the undersigned.

               Very truly yours,

               O'DWYER & BERNSTIEN, LLP

               ANNE M. PAXTON

AMP/cb
cc: Anthony Amato
   Dermot McShane (w/restraining notice and information subpoena)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
―――――――――――――――――――x
DERMIT MACSHANE,
         Plaintiff Judgment Debtor]    Index No: 1798/2002

                                      **INFORMATION SUBPOENA** &
                                      Questionnaire

                                      Re: <u>Dermit MacShane</u>
                                      SS#  ███████ 7
         -against-                   DOB#  ██████
                                      Shield # 1041
**Judie MacShane**                      Group# 92551000
               Defendant(s)-         Mem#  ██████
―――――――――――――――――――x
                    THE PEOPLE OF THE STATE OF NEW YORK

To:    Sergeant's Benevolent Assoc
        35 Worth ST
        NY    NY    100015

**GREETING:**
YOU ARE HEREBY COMMANDED to furnish the undersigned, in writing & under oath, separate and FULL answers to Each and Every of the QUESTIONS attached to this subpoena, with each answer referring to the question to which it responds. YOU MUST, WITHIN 7 DAYS after receipt hereof, return to the undersigned your answers on the attached form and with the original of the questions attached hereto, and within the enclosed prepaid, self-addressed, return-envelope. Your short form answer WILL NOT BE COMPLIANCE! Answers shall be made by any officer, agent or employee having information if you are a corporation partnership or sole proprietorship. The answers must be notarized.

Dated: February 1, 2005

                                             /s/
                                       Marshall E. Bloomfield, Esq.
                                       Attorney for Plaintiff-Judgment Creditor
                                       349 E 149 ST, BX, NY 10451-5603

NOTE: N.Y. C.P.L.R. Rule 5224(a) states (and we require compliance with): "Each question shall be answered separately & fully and each answer shall refer to the question to which it refers...Answers shall be returned with the original of the questions within seven days after receipt.

THANK YOU FOR YOUR COOPERATION.

THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY AND ALL INFORMATION OBTAINED WILL BE USED THEREIN

{WantHelp? Just call @ 718-665-5900 re File#: <u>7582H</u>; **We'll happily try to help!**}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
------------------------------------------------x
DERMIT MACSHANE,

        Plaintiff [Judgment Debtor]

-against-

Judie MacShane

        Defendant(s)
------------------------------------------------x

Index No: 1798/2002

**RESTRAINING NOTICE**

Re: **Dermit MacShane**
SS# ▓▓▓▓
DOB# ▓▓▓▓

## THE PEOPLE OF THE STATE OF NEW YORK

To:   Sergeant's Benevolent Assoc
       35 Worth ST
       NY   NY   100015

     WHEREAS, in an action in the ,SUPREME COURT OF THE STATE OF NEW YORK, between the above parties, **A JUDGMENT FOR ATTORNEY'S FEES IN THE AMOUNT OF $30,392.19 IN FAVOR OF MARSHALL E. BLOOMFIELD, ESQ, JUDGMENT CREDITOR AND AGAINST DERMIT MACSHANE, JUDGMENT DEBTOR WAS ENTERED ON JANUARY 6, 2005**

     WHEREAS, it appears that you owe a debt to the Defendant-Judgment Debtor DERMIT MACHSANE or are in possession or in custody of property in which the Defendant-Judgment Debtor has an interest;
     NOW THEREFORE:
     TAKE NOTICE that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided;
     TAKE FURTHER NOTICE that this notice also covers all property in which the Defendant-Judgment Debtor has an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtor.

### CIVIL PRACTICE LAW AND RULES

     Section 5222(b) Effect of Restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment, or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

     TAKE NOTICE that disobedience of this RESTRAINING NOTICE is punishable as a contempt of court.

Dated: February 1, 2005

                                        /s/
                              MARSHALL E. BLOOMFIELD, Esq.
                              Judgment Creditor
                              349 East 149th ST,  BX NY  10451-5603
                                (718) 665-5900 or (212) 662-1870

**Question 1**: List all accounts (open or closed) held individually or jointly by the Judgment Debtor(s):

**Answer 1**:

_____
_____
_____
_____

**Question 2**: State the Present balance of all accounts listed in Question 1.

**Answer 2**:

_____
_____
_____
_____

**Question 3**: Supply all addresses of the Judgment Debtor that you may have on file

**Answer 3**:

_____
_____
_____
_____

**Question 4**: Supply the names on file used by the Judgment Debtor

**Answer 4**:

_____
_____
_____
_____

**Question 5**: Please all social security and date of birth information for the Judgment Debtor

**Answer 5**:

_____
_____
_____
_____

The Undersigned represents that the above answers are to the best of my ability!

by: _____
(name must be printed below)

_____

Sworn to before me this _____ day of _____, 2005

Notary Public _____