| | | |
|---|---|---|
| BRIAN O'DWYER<br>GARY SILVERMAN<br>CHRISTOPHER DOWNES*<br>VICTOR GRECO<br>CODY K. McCONE<br>GARY P. ROTHMAN*<br><br>STEVEN ARIPOTCH<br>J. P. DELANEY<br>DAVID H. SCHULTZ**<br>RAÚL GARCÍA<br>ROBERT DUNNE<br>JASON S. FUIMAN△<br>M. GLADYS T. ORANGA<br>ANDREW R. GRABOIS<br>NICHOLAS S. HANLON<br>HELEN WROBEL | **O'DWYER & BERNSTIEN, LLP**<br>ATTORNEYS AT LAW<br>PAUL O'DWYER WAY<br>52 DUANE STREET<br>NEW YORK, N.Y. 10007<br>(212) 571-7100<br>(516) 248-4224<br>FAX (212) 571-7124<br> | PAUL O'DWYER (1907-1998)<br>OSCAR BERNSTIEN (1885-1974)<br>FRANK DURKAN (1930-2006)<br><br>OF COUNSEL:<br>THOMAS J. HUGHES, JR.<br>ANNE M. PAXTON<br>MICHAEL CARROLL<br>CRAIG R. NUSSBAUM**<br><br>* ALSO ADMITTED IN NJ<br>** ALSO ADMITTED IN CT<br>△ ALSO ADMITTED IN PA & NJ<br><br>WRITER'S DIRECT DIAL |

May 3, 2007

Dawn Tan, Esq.
Marshall E. Bloomfield, Esq.
349 East 149th Street
Bronx, New York 10451-5603

  Re: The Sergeants Benevolent Association Annuity Plan
     Restraining Notice and Information Subpoena
     Participant: Dermot McShane

Dear Ms. Tan:

  We are counsel to The Sergeants Benevolent Association Annuity Plan (the "Plan"), an employer sponsored defined contribution plan, and were forwarded for review he restraining notice and information subpoena dated March 15, 2007. Pursuant to this review, please be advised that the restraining notice is invalid with respect to the Plan as it violates the anti-alienation provisions of the Plan and Section 206(d)(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1056(d)(3), as amended ("ERISA") and Section 401 (a)(13) of the Internal Revenue Code of 1986, as amended ("the Code"). Moreover, the Plan will not provide any information relating to any assets that may or may not be held by the Plan on participant's behalf as the subpoena relates to a money judgment that may not be enforced against the Plan.

  It must be noted that a prior restraining notice and information subpoena were served upon the Plan in 2005 seeking enforcement of the same money judgment for attorney's fees. At that time, your firm was apprised that this Plan was not subject to restraint. A copy of my September 1, 2005 letter is attached.

  As previously advised, this Plan is qualified under ERISA and the Code and in order to maintain its qualified status, must comply with the applicable requirements of ERISA and the Code. One of those requirements is that the benefits provided under the Plan may not be assigned or alienated in any way (ERISA § 206(d)(1) and Internal Revenue Code § 401(a)(13)).

Dawn Tan, Esq.
May 3, 2007
Page 2 of 2

    There are very limited exceptions to these anti-alienation provisions, however, a judgment for attorney's fee is not one of those exceptions. ERISA precludes state law on this issue and thus, the restraining notice is legally invalid and will not be honored by the Plan. Also, Plan will not answer the information subpoena as it relates to a non-enforceable money judgment for attorney's fees.

    Please desist any further attempt to enforce this judgment against the Plan and have the court issue an order lifting the restraint. If the Plan is forced to take action to lift this restraining notice, we will bring the appropriate action and request reimbursement of attorney's fees.

    Your prompt response is anticipated.

Very truly yours,

O'DWYER & BERNSTIEN, LLP

ANNE M. PAXTON

AMP/cjb
cc:    Anthony Amato (w/enclosure)
       Dermot McShane (w/enclosure and restraining notice and information subpoena)