UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,                                 :
                                                        :
                    Petitioner-Judgment-Creditor,       :        **07 Cv. 3934 (RJH)**
                                                        :
        -against-                                       :
                                                        :
DERMOT MacSHANE,                                        :
                                                        :
                    Respondent-Judgment-Debtor,         :
                                                        :
Sergeant's Benevolent Association Annuity Fund,         :
The City of New York Police Pension Fund and the        :
Fund Office of Local 580 of Architectural and           :
Ornamental Iron Workers,                                :
                                                        :
                    Respondents.                        :
------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
RESPONDENT'S MOTION TO DISMISS PETITION**


Preliminary Statement


        This memorandum of law is submitted on behalf of respondent Sergeants Benevolent

Association Annuity Fund (hereafter "Annuity Fund") in support of the Annuity Fund's motion

to dismiss the petition pursuant to Federal Rule 12(b)(6). As demonstrated below, petitioner's

claim must be dismissed because any assignment by Dermot MacShane (hereinafter

"MacShane") to Marshall Bloomfield, Esq. ("hereinafter "Petitioner"), of funds held in trust by

the Annuity Fund on MacShane's behalf is unenforceable and barred by the anti-alienation

provision of the Internal Revenue Code of 1986, as amended ("the Code"), Section 14.9 of the

Annuity Plan Document, and because the funds are exempt from application to satisfaction of

money judgments pursuant to Section 5205(c) of the New York's Civil Practice Law and Rules. Accordingly, as neither alleged assignment nor the subsequent money judgment is enforceable against the Annuity Fund, Petitioner has failed to state a claim and his petition must be dismissed insofar as it pertains to the Annuity Fund.

## STATEMENT OF FACTS

This proceeding was commenced in New York State Supreme Court by way of order to show cause with petition seeking to foreclose upon a claimed security interest in funds held by the Annuity Fund on behalf of MacShane.  Mr. MacShane, a recently retired Sergeant with the New York City Police Department, is the beneficiary of an Annuity Plan administered by Annuity Fund.  The case was removed to this Court by Respondent Fund Office of Local 580 of Architectural and Ornamental Iron Workers on May 21, 2007.

Petitioner is an attorney who represented MacShane in a matrimonial action.  In January 2005, petitioner obtained a judgment against MacShane for unpaid legal fees and was removed as his counsel by court order.  Prior to the January 2005 judgment against MacShane for unpaid fees, Petitioner had MacShane execute a document acknowledging the debt and assigning an interest in all personal property acquired by MacShane following the equitable distribution of the marital assets.  See Exhibit A annexed to the Petition.  It is on the basis of this assignment and the January 2005 judgment that the special proceeding was brought seeking to foreclose on the claimed lien and security interest in the funds held by the Annuity Fund on behalf of MacShane.

The Annuity Fund is a trust that administers a plan of benefits ("the Plan") for trust beneficiaries such as MacShane. The Plan is governed by a Plan Document which establishes

and defines the beneficiaries' property interests in the assets held in trust by the Annuity Fund.

The Plan Document is annexed as Exhibit 1 to the Affidavit of Errol Ogman. The Plan is a

defined contribution plan qualified under Section 401(a) of the Internal Revenue Code ("the

Code"). See, Plan Document at p. 3. In order to constitute a qualified trust, the Plan must

comply with the requirements of Code Section 401(a)(13) which states, in pertinent part, that "a

trust shall not constitute a qualified trust under this section unless the plan of which such trust is

part provides that benefits provided under the plan may not be assigned or alienated". The

Department of Treasury regulations, as they pertain to the anti-alienation provision of the Code,

specifically recite:

> (b)     No assignment or alienation – (1) General Rule. Under section
> 401(a)(13), a trust will not be qualified unless the plan of which the trust
> is a part provides that benefits provided under the plan may not be
> anticipated, assigned (either at law or in equity), alienated or subject to
> attachment, garnishment, levy, execution or other legal or equitable
> process.

26 C.F.R. Section 1.401(a)-13(b)(1).

These same regulations define assignment and alienation as follows:

For purposes of this section, the terms "assignment" and "alienation" include…

> (ii)    Any direct or indirect arrangement (whether revocable or
> irrevocable) whereby a party acquires from a participant or
> beneficiary a right or interest enforceable against the plan
> in, or to all or any part of a plan benefit payment, which is, or
> may become payable to the participant or beneficiary.

26 C.F.R. Section 1.401(a)-13(c)(1)(ii).

In compliance with the requirement of Section 401(a)(13), the Plan Document

contains an anti-alienation of benefits provision. Section 14.9 of the Plan Document

prohibits participants of the Plan from assigning or alienating their benefits while in the

possession of the Fund.  Moreover, the Plan Document specifically provides that its

assets are not subject to attachment or execution and that any assignment of benefits

held by the Annuity Fund shall be void.

The full text of Section 14.9 provides:

### Non-alienation of Benefits.

No Participant, Beneficiary or other person entitled to any benefits from this Plan shall have the right to assign, alienate, transfer, encumber, pledge, mortgage, hypothecate, anticipate, or impair in any manner his legal or beneficial interest, or any interest in assets of the Trust, or benefits of this Plan.  Any attempts to assign, alienate, transfer, encumber, pledge, mortgage, hypothecate, anticipate, or impair such interest or assets of this Plan shall be void.

Notwithstanding the above, a Participant's benefit may be assigned to an "alternate payee" under a qualified domestic relations order," both as provided for and defined under Section 414(p) of the Code.

Neither the Trust nor any of the assets thereof, shall be liable for the debts of any Participant or Beneficiary entitled to any benefits under this Plan nor be subject to attachment or execution or process in any court or action proceeding.

(See pages 25 and 26 of the Plan Document annexed hereto as Exhibit 1.)

### ARGUMENT

Petitioner's claim must be dismissed because MacShane's assignment is unenforceable

against his interest in the Annuity Fund, and because assets held in trust by the Annuity Fund

are exempt from application to satisfaction of money judgments pursuant to CPLR § 5205(c).

POINT I

**PURSUANT TO THE TERMS OF THE ANNUITY PLAN AND AS REQUIRED BY FEDERAL LAW, MacSHANE LACKS THE AUTHORITY TO ASSIGN HIS PROPERTY INTEREST IN THE ANNUITY FUND TO THIRD PARTIES AND ANY SUCH "ASSIGNMENT" IS INVALID**

There are very limited exceptions to the anti-alienation provisions of the Code, the most familiar of which is a Qualified Domestic Relations Order. Other exceptions include, *inter alia*, tax levies and judgments and collections by the United States government on a judgment relating to an unpaid tax assessment. 26 C.F.R. Section 1.401(a)-13. None of the limited exceptions to the anti-alienation provisions of the Code apply to judgment creditors seeking enforcement of money judgments for unpaid legal fees, or to voluntary or involuntary assignments by plan beneficiaries. The assignment upon which Petitioner's claim is based is clearly the type of arrangement prohibited by the Code. Specifically, the assignment is clearly a "direct or indirect arrangement (... revocable or irrevocable) whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to all or any part of a plan benefit payment, which is, or may become payable to the participant or beneficiary." 26 C.F.R. Section 1.401(a)-13(c)(1)(ii).

In the case at bar, MacShane is not in possession of the funds, rather, the Annuity Fund holds these funds. The Annuity Fund is a qualified trust under the Code and accordingly is prohibited from transferring the funds to Petitioner on the basis of an assignment the participant had no authority to make pursuant to Article 14.9 of the Plan Document. The legal document that creates and governs the extent of MacShane's property interest in the Annuity Fund is the very same document that prohibits him from assigning his interest to third parties. MacShane's

5

property interest in the Annuity Fund does not include the right to assign his interest to third

parties.

## POINT II

### THE ASSETS HELD IN TRUST BY THE ANNUITY FUND ARE EXEMPT FROM APPLICATION TO THE SATISFACTION OF MONEY JUDGMENTS PURSUANT TO CPLR § 5205(c)

In the case at bar, it would appear from a review of the petition and memorandum of law

that Petitioner's demand for relief consists of a request for an order affirming that Petitioner has

a security interest and/or lien in the funds held by the Annuity Fund on behalf of MacShane;

that this security interest arises from a "voluntary" assignment of said interest from MacShane

to Petitioner; that the subject funds are not exempt property pursuant to CPLR §5205; and that

Petitioner is entitled to an order of foreclosure on the funds held by the Annuity Fund. As

demonstrated above, any argument in support of Petitioner's position that is based on the

voluntary assignment by MacShane is wholly without merit. The argument that the January

2005 money judgment is enforceable against the Annuity Fund is equally meritless.

In support of his position, Petitioner relies solely on State of New York v. Avco, 50

N.Y.2d 383, 406 N.E.2d 1075, 429 N.Y.S.2d 181 (1980). Petitioner's reliance on this case is

misplaced as the facts at bar are clearly distinguishable from the facts in Avco. In Avco, the

Attorney General brought a special proceeding to enjoin a creditor's use of a clause in a loan

document that assigned a security interest to the creditor in household chattel in the debtor's

possession. The Court of Appeals held that although the chattel listed in the assignment clause

were exempt property under CPLR 5205, a creditor could *voluntarily* assign a security interest

in the exempt property for the purposes of securing a loan. Id., 50 N.Y.2d at 388.

This is not the situation herein. An interest in household chattel is different from an interest in funds held in trust by a deferred compensation retirement plan of a number of significant ways. In <u>Avco</u>, the court noted that while certain household chattel are exempt property, there is no rule that an individual may not voluntarily sell such property. In this case, as noted above, the legal document that creates and governs the extent of MacShane's property interest in the Annuity Fund is the very same document that prohibits him from assigning his interest to third parties. Thus, MacShane's interest in the Annuity Fund assets are encumbered in a way that his ability to sell or assign his interest in household chattel is not. Furthermore, the exemption for personal property provided for in CPLR § 5205(a) differs from the exemption for certain trust assets provided for in CPLR § 5205(c)(2) in that the latter exemption exists so that the CPLR conforms with federal law, specifically the anti-alienation provisions of the Code.

Section 5205(c) of the CPLR provides that "all property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment." CPLR § 5205(c)(1). The CPLR specifically defines employer-sponsored annuity retirement plans that are qualified under Section 401 of the Code as trusts "created by or which has proceeded from a person other than the judgment debtor." CPLR § 5205(c)(2). Thus, the Annuity Fund falls squarely within the CPLR's trust exemption.

Furthermore, in <u>Avco</u> the assets involved were not in the possession of a third-party, nor was there an anti-alienation clause at issue. <u>Avco</u> would only apply herein if the funds were in MacShane's possession. They are not and while the funds are held by the Annuity Fund, they are not "...subject to attachment or execution or process in any court or action or proceeding".

See Plan Document, Article 14.9 Sergeant's Benevolent Association Annuity Plan annexed

herein as Exhibit 1.

## POINT III

### THE ANNUITY FUND IS ENTITLED TO RECOUP ITS ATTORNEY'S FEES AND COSTS INCURRED BY THE DEFENSE OF THIS ACTION

As demonstrated above, Petitioner's claim against the Annuity Fund is wholly without

merit.  Petitioner was aware of the fact that the claim against the Annuity Fund was meritless,

yet proceeded in prosecuting this action nonetheless.  Petitioner was advised twice in writing by

letters dated September 1, 2005 and May 3, 2007 of the applicability of the anti-alienation

provision of the Code, yet Petitioner has failed to mention this fact in his petition and has failed

to brief this issue or provide an exception to the Code permitting the relief requested.  These

letters are annexed as Exhibits 2 and 3 to the Affidavit of Errol Ogman. Petitioner has not

provided any exception to the Code that would allow the enforcement of a money judgment

against funds held by a qualified trust.

A good faith effort was made by the counsel for the Annuity Fund to resolve this matter.

On May 17, 2007, a telephone request was made to Petitioner's law office to withdraw the order

to show cause on the grounds that the relief sought was barred by the Code.  This request was

denied and Petitioner's office was informed that the Annuity Fund would request costs and

sanctions.  Accordingly, the within application is without merit and meets the definition of

frivolous as set forth in Rule 11 of the Federal Rules of Civil Procedure.  Further, petitioner has

unreasonably and vexatiously multiplied the proceedings in this matter in violation of 28 U.S.C.

§ 1927, and as such the Court may require him to satisfy personally the excess costs, expenses,

and attorneys' fees reasonably incurred because of his conduct.  As the Annuity Fund has been

forced to make this motion to dismiss despite Petitioner's knowledge that the law clearly bars

the relief sought by Petitioner, it can only be inferred that this application has been brought in

bad faith.  Petitioner should be sanctioned and ordered to reimburse the Annuity Fund's legal

fees incurred in making this motion to dismiss.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Annuity Fund's motion be

granted in all respects and that costs and/or sanctions be imposed on Petitioner pursuant to Rule

11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

Dated: New York, New York
      July 2, 2007

Respectfully submitted,

O'DWYER & BERNSTIEN, LLP
Attorneys for Respondent Sergeant's
Benevolent Association Annuity Fund

By:    _____
NICHOLAS HANLON (NH 0001)
52 Duane Street, 5TH Floor
New York, New York 10007
Tel. No. (212) 571-7100
Fax No. (212) 571-7124

H:\LABOR\District Council\QDROS\SBA\MacShane, Dermot\NH MemOfLawSuppMotnDismPetition.doc

9