```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
Marshall E. Bloomfield,                         Index No: 07 CIV 3934
        Petitioner-Judgment Creditor
                                                Hon. Richard J.
            -against-                           Holwell U.S.D.J.

Dermot MacShane,
                                                PETITIONER
                                                BLOOMFIELD'S
        Respondent-Judgment Debtor              MEMORANDUM OF LAW IN
            And                                 FURTHER SUPPORT OF
                                                HIS MOTION FOR REMAND
Sergeant's Benevolent Association               AND IN OPPOSITION TO
Annuity Fund, The City of New York              RESPONDENT LOCAL 580
Police Pension Fund, and The Fund               AND SERGEANT's
Office of Local 580 of Architectural            BENEVOLENT's MOTIONS
and Ornamental Iron Workers,                    FOR DISMISSAL

        Respondents.
------------------------------------------x
To:  Colleran, O'Hara & Mills LLP
     Attorneys for Respondent Local 580 of
     Architectural and Ornamental Iron Workers
     1225 Franklin Ave   STE 450
     Garden City NY 11530

     O'Dwyer & Bernstein LLP
     Attorneys for Respondent Sergeant's
     Benevolent Association Annuity Fund
     52 Duane ST 5FL
     New York  NY   10007

     Dermot MacShane
     Judgment Debtor-Respondent Pro Se
     1030 Hollywood Ave
     Bronx     NY    10463

     Dermot MacShane
     Judgment Debtor-Respondent Pro Se
     72 Rockledge RD APT M
     Hartsdale, NY 10530

     Corporation Counsel for the City of New York
     Attorneys for The City of New York Police Pension Fund
     100 Church ST
     New York NY 10007
```

## MEMORANDUM OF LAW

Petitioner-Judgment-Creditor/Movant submits this Memorandum in further support of his Notice of Motion to Remand the instant matter to New York State Supreme Court Putnam County, and in opposition to both Respondent Sergeant's Benevolent Association Annuity Fund and Respondent Fund Office of Local 580 of Architectural and Ornamental Iron Workers respective motions to dismiss the action.

This action was improperly removed from State Court because it is an action involving, in large part, a Domestic Relations Order originating in Putnam County for which this Federal Court has no jurisdiction, and because it was removed without the consent of each of one of the named Respondent, to wit the Office of Local 580 of Architectural and Ornamental Iron Workers Co-Respondents.

## FACTS

A complete recitation of the facts regarding this matter can be found in Petitioner Bloomfield's moving Affidavit and his Memorandum of Law dated 6/25/2007.

Four pertinent facts are briefly worth repeating. FIRST, in the underlying Putnam County Supreme Court matrimonial action, State Court Justice Fred L. Shapiro, issued a domestic relations order from the bench wherein he held on the record, "<u>there will be no distribution of any assets to Mr. MacShane without you [Mr.</u>

Bloomfield] being heard, and it would be my intention to give you your fee off the top of any distribution [emphasis supplied]." See, "Exhibit B" of the Bloomfield Affidavit dated 6/25/2007. SECOND, on December 15, 2006 a distribution to the parties of the Matrimonial Action was made without any notice to Petitioner and pursuant to a Qualified Domestic Relations Order [QDRO], but no distribution therefrom was made to Petitioner Bloomfield in direct contravention of Justice Shapiro's prior order. See, Affidavit of Errol Ogman, Fund Administrator for Respondent Sergeant's Benevolent Association Annuity Plan, at Page 2, ¶6. THIRD, as is self-evident, all the parties hereto are New York State residents. FOURTH, Respondent, the City of New York Police Pension Fund has, herein, also made a Motion for Remand dated 6/8/2007.

ARGUMENT

**Point I: Removal of this Matter from State Court Was Improper Pursuant to 28 U.S.C. § 1441.**

Respondent the City of New York Police Pension Fund's Motion for Remand demonstrates beyond doubt that not all Respondents hereto believe that this matter was properly removed. Each properly served respondent must consent to a matter being removed for removal to be proper. See, 28 U.S.C. § 1441(a); Still v. DeBuono, 927 F. Supp. 125, 129 (S.D.N.Y. 1996)(stating same with respect to "defendants."). Section 1441 is "strictly construed against removal and all doubts should be resolved in favor of

remand." Leslie v. Banctec Serv. Corp., 928 F. Supp. 341, 347 (S.D.N.Y. 1996). Therefore, as not all Respondents have consented to the removal of this matter, remand to the Supreme Court of Putnam County pursuant to 28 U.S.C. § 1441(c) is required. Varela v. Flintlock Construction, Inc., 148 F. Supp. 2d 297, 299 (S.D.N.Y. 2001).

The exception to the consent rule is where the right to removal is specifically provided by a Federal Statute. See, California v. Atlantic Richfield Co., 488 F.3d 112 (2d Cir. 2007). Respondents the Local 580, and the Sergeant's Benevolent Fund claim that ERISA is such a statute. As will be shown in the next section below, the ERISA exception with regard to QDROS, ERISA §206(d)(3), takes this matter out of any Federal Statute exception.

**Point II: Removal of this Matter was improper under 28 U.S.C. § 1447(c) as each party is a resident of the State of New York, and there is no Federal Question Subject Matter Jurisdiction.**

Jurisdiction for this matter does not exist under 28 U.S.C. § 1447 because there was no federal question raised in Mr. Bloomfield's petition to the State Court, and as each party is a New York State resident, and the amount sought by Mr. Bloomfield is under $75,000.00. See also, 28 U.S.C. 1331. For this Federal Court to have jurisdiction, Mr. Bloomfield would have had to have initiated his petition for a cause of action arising under a Federal Question. Mr. Bloomfield has not raised any federal

question in the relief he is seeking, regardless of Respondent Sergeant's Benevolent Association Annuity Fund, and Respondent The Fund Office of Local 580 of Architectural and Ornamental Iron Workers, having raised ERISA and IRC defenses in their respective Motions to Dismiss this Action.

Notably, both the Sergeant's Benevolent Association Annuity Fund, and The Fund Office of Local 580 of Architectural and Ornamental Iron Workers, recognize that State Courts have the authority to order distribution of pensions falling under ERISA pursuant to ERISA §206(d)(3). It is undisputed that in December of 2006, in the underlying action of MacShane v. MacShane, a QDRO was entered by the Supreme Court Putnam County, and that pursuant thereto funds were distributed to MacShane. This distribution occurred without notice to Mr. Bloomfield, notwithstanding the prior domestic relations order of Shapiro, J.S.C., wherein he held, "<u>there will be no distribution of any assets to Mr. MacShane without you [Mr. Bloomfield] being heard, and it would be my intention to give you your fee off the top of any distribution</u> [emphasis supplied]."

The Fund Office of Local 580 of Architectural and Ornamental Iron Workers also recognizes that Mr. Bloomfield may "pursue claims against pension funds and The Funds' owner only after the administrator has made a distribution to the beneficiary [MacShane]." And they site <u>Robbins ex rel. Robbins v. DeBouno</u>.

218 F.3d 197, 203 (2d Cir. 200) in support of this proposition. See, <u>Memorandum of Law in Support of Respondent, The Fund Office of Local 580 of Architectural and Ornamental Iron Worker's Motion to Dismiss</u>, at page 5. As MacShane's funds were distributed by the QDRO issued by the Putnam County Supreme Court, and it is upon these distributed funds that Mr. Bloomfield is now seeking relief in state court, it is beyond comprehension why The Fund Office of Local 580 of Architectural and Ornamental Iron Workers continues to insist this matter should be dismissed. It is further beyond comprehension as to why, given the fact that The Fund Office of Local 580 of Architectural and Ornamental Iron Workers consented to the QDRO, that they now seek to have this matter removed to federal court when they previously recognized that a distribution of MacShane's funds pursuant to the QDRO was properly before the Putnam County Supreme Court.

**Point III: Removal of this Matter was also improper under 28 U.S.C. § 1447(c). Mr. Bloomfield never sought relief under federal law.**

The Supreme Court of the United States, in <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 398-399 (1987) succinctly stated the rule that a plaintiff "is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." The Supreme Court

further went on to hold that even where the defense to such a complaint is predicated exclusively on a federal question, the same is insufficient for a federal court to attain federal question jurisdiction. See, Id. See also, See, Vera v. Saks & Co., 335 F.3d. 109,113 (2d Cir. 2003); Autrey v. Kleinman, 2007 U.S. Dist. LEXIS 35533 (S.D.N.Y. 2007)(holding that the complaint governs the federal question issue, not the defense, even if a defense based upon a federal question may be anticipated from the complaint).

The ERISA and IRC defenses raised by The Fund Office of Local 580 of Architectural and Ornamental Iron Workers in support of its removal, and in support of its Motion to Dismiss, and the ERISA defenses raised by the Sergeant's Benevolent Association Annuity Fund's, in support of it's motion to dismiss, are insufficient to support the removal of this action based on federal question jurisdiction;  Mr. Bloomfield is not seeking relief under these statutes. See, Caterpillar Inc. v. Williams, 482 U.S. 386, 398-399 (1987).

CONCLUSION

As demonstrated by his petition herein, Mr. Bloomfield is seeking equitable relief with respect to a qualified domestic relations order.  This Federal Court lacks jurisdiction to hear his proceeding which seeks enforcement relative to an underlying qualified domestic relations order.  Both 28 U.S.C. §§ 1441 and

1447 require that this matter be removed. Respondent The City of New York Police Pension Fund has not consented to the removal of this action, a prerequisite to removal, and, no federal statute gives the Federal Court exclusive jurisdiction over the matter. Additionally, Mr. Bloomfield has not presented a federal question in his petition.

Thus, this matter should be remanded to the Supreme Court of the State of New York, County of Putnam.

Dated:    July 18, 2007
          Bronx, New York

Yours, etc.,

Marshall E. Bloomfield, Esq.
Petitioner-Judgment Creditor/Movant
349 E 149 ST
BX   NY   10451-5603
(718)  665-5900 <> (212)  662-1870

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         Index No: 07 CIV 3934
---------------------------------x    Hon. Richard J. Holwell U.S.D.J.
Marshall E. Bloomfield,               AFFIDAVIT OF SERVICE
     Petitioner-Judgment Creditor
                -against-
Dermot MacShane, Respondent-Judgment
Debtor
                And
Sergeant's Benevolent Association
Annuity Fund, The City of New York
Police Pension Fund, and The Fund
Office of Local 580 of Architectural
and Ornamental Iron Workers,
Respondents.
---------------------------------x
```

STATE OF NEW YORK    )
                     SS:
COUNTY OF THE BRONX  )

William J. Knoesel, being duly sworn, deposes and says;

1) Deponent is not a party to the action, is over 18 years of age and resides within the County of the Bronx.

2) That on the 20 day of July, 2007, Deponent served the within and attached document(s); Notice of Motion for Remand and Supporting Papers, and a Memorandum of Law upon:

| Colleran, O'Hara & Mills LLP<br>Attorneys for Respondent Local 580<br>of Architectural and Ornamental<br>Iron Workers<br>1225 Franklin Ave STE 450<br>Garden City NY 11530 | O'Dwyer & Bernstein LLP<br>Attorneys for Respondent Sergeant's<br>Benevolent Association Annuity Fund<br>52 Duane ST 5FL<br>New York    NY    10007 | Dermot MacShane<br>Judgment Debtor-Respondent Pro Se<br>1030 Hollywood Ave<br>Bronx    NY    10463 |
|---|---|---|
| Corporation Counsel for the City of<br>New York<br>Attorneys for The City of New York<br>Police Pension Fund<br>100 Church ST<br>New York NY 10007 | Dermot MacShane<br>Judgment Debtor-Respondent Pro Se<br>72 Rockledge RD APT M<br>Hartsdale, NY 10530 | |

said address(es) having been designated (by said Attorney[s]) for that purpose, by depositing a true copy(ies) of same enclosed in a postpaid properly addressed wrapper(s), First Class Mail, in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State.

William J. Knoesel
Sworn to before me,

July 20th, 2007

NOTARY PUBLIC
MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No.02BL0326550 Qualified in the County of Bronx Commission Expires June 30, 2011

LAW OFFICES OF: MARSHALL E. BLOOMFIELD, ESQ. • 349 East 149th St., BX, NY 10451-5603 • (718) 665-5900 or (212) 662-1870
- 9 -
V:\Dermot MACSHANE\8810M\MEB MEMO OF LAW IN FRTH SUPP AND IN OPP-070718-MPB.WPD

Index No: 07 CIV 3934
Hon. Richard J. Holwell U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Marshall E. Bloomfield,
    *Petitioner-Judgment Creditor*
        -against-
Dermot MacShane,
    *Respondent-Judgment Debtor,* and
Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and The Fund Office of Local 580 of Architectural and Ornamental Iron Workers,
    *Respondents.*

---

**PETITIONER BLOOMFIELD'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR REMAND AND IN OPPOSITION TO RESPONDENT LOCAL 580 AND SERGEANT's BENEVOLENT's MOTIONS FOR DISMISSAL**

---

To:   Colleran, O'Hara & Mills LLP
      Attorneys for Respondent Local 580 of
      Architectural and Ornamental Iron Workers
      1225 Franklin Ave   STE 450
      Garden City NY 11530
      516-248-5757

      O'Dwyer & Bernstein LLP
      Attorneys for Respondent Sergeant's
      Benevolent Association Annuity Fund
      52 Duane ST 5FL
      New York   NY   10007

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      1030 Hollywood Ave
      Bronx    NY   10463

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      72 Rockledge RD APT M
      Hartsdale, NY 10530

      Corporation Counsel for the City of New York
      Attorneys for The City of New York Police Pension Fund
      100 Church ST
      New York NY 10007