UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,                        :
 
                Petitioner-Judgment-Creditor,   :   07 Cv. 3934 (RJH)

  -against-                                  :

DERMOT MacSHANE,                              :

                Respondent-Judgment-Debtor      :

Sergeant's Benevolent Association Annuity Fund,  :
The City of New York Police Pension Fund and the :
Fund Office of Local 580 of Architectural and    :
Ornamental Iron Workers,                         :

                Respondents.                    :
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION
TO THE REMAND MOTIONS OF PETITIONER
AND POLICE PENSION FUND**

O'DWYER & BERNSTIEN, LLP
Paul O'Dwyer Way
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100

Attorneys for Respondent
Sergeants' Benevolent Association Annuity Fund

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,

        Petitioner-Judgment-Creditor,        07 Cv. 3934 (RJH)

    -against-

DERMOT MacSHANE,

        Respondent-Judgment-Debtor

Sergeant's Benevolent Association Annuity Fund,
The City of New York Police Pension Fund and the
Fund Office of Local 580 of Architectural and
Ornamental Iron Workers,

        Respondents.
---------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO THE REMAND MOTIONS OF PETITIONER AND POLICE PENSION FUND

Preliminary Statement

This memorandum of law is submitted on behalf of respondent Sergeants Benevolent Association Annuity Fund (hereafter "Annuity Fund") in opposition to the remand motions of Petitioner and Police Pension Funds (hereafter "PPF"). As demonstrated below, the motions to remand must be denied as the Annuity Fund has raised a federal question involving the interpretation of the anti-alienation clause of the Internal Revenue Code of 1986, as amended (the "Code"). This defense provides the basis for federal court jurisdiction in this proceeding.

1

## Statement of Facts

This proceeding was commenced in New York State Supreme Court by way of order to show cause with petition seeking to foreclose upon a claimed security interest in funds held by the Annuity Fund on behalf of MacShane. Mr. MacShane, a recently retired Sergeant with the New York City Police Department, is the beneficiary of an Annuity Plan administered by Annuity Fund. The case was removed to this Court by Respondent Fund Office of Local 580 of Architectural and Ornamental Iron Workers on May 21, 2007.

Petitioner is an attorney who represented MacShane in a matrimonial action. During the course of his representation of MacShane, in April 2004, Petitioner had MacShane execute an acknowledgment of debt owed to Petitioner. This acknowledgment contained an assignment in property retained by MacShane following the equitable distribution of the matrimonial action. This assignment recited that it was in accordance with NYCCR § 202.16(c)(1)(2), that is, the Uniform Rules of Trial Courts pertaining to matrimonial actions.

After MacShane executed this acknowledgement and assignment, Petitioner moved the New York Supreme Court, Putnam County, for an order relieving him as counsel, judgment against MacShane in the sum of $30,392.19 for legal fees and disbursements and an order acknowledging Petitioner's interest in MacShane's property pursuant to NYCRR § 202.16 (2). A judgment was issued by Honorable Andrew P. O'Rourke on December 16, 2004 and entered on January 6, 2005.

2

Thereafter, Petitioner brought a motion in New York State Supreme Court to enforce his money judgment pursuant to CPLR 5225 (b) and CPLR 5227 seeking the turnover of property held by the Annuity Fund[1], PPF, Local 580, and a number of financial institutions. The court denied the motion with respect to Local 580 pursuant to the anti-alienation clause of ERISA and garnished MacShane's salary. At the time, MacShane was employed by the New York City Police Department. He has since retired.

In 2005 and 2007, Petitioner served the Annuity Fund with restraining notices together with information subpoenas issued pursuant to CPLR Rule 5224, which were rejected by the Annuity Fund citing the anti-alienation provision of the Code. Thereafter, Petitioner brought the underlying special proceeding in State Supreme Court to foreclose on "…the retaining and charging lien in favor of Marshall E. Bloomfield, Esq."

## Argument

The motions to remand must be dismissed as the Annuity Fund's defense relating to the interpretation of the Code's anti-alienation provision raises a federal question and provides the basis for federal jurisdiction over this matter. Additionally, Petitioner's judgment for unpaid attorney's fees is not a domestic relations order and as Petitioner's motion to remand rests exclusively on his mischaracterization of his judgment as a domestic relations order, his motion must be denied.

---

[1] The Annuity Fund was never served with this motion and first became aware of it in the underlying proceeding.

POINT I

THE ANNUITY FUND'S DEFENSE THAT
THE INTERNAL REVENUE CODE'S ANTI-ALIENATION
PROVISION BARS THE ENFORCEMENT OF THE ASSIGNMENT
BY MACSHANE TO PETITIONER OF FUNDS HELD IN TRUST
BY THE ANNUITY FUND RAISES A FEDERAL QUESTION
THAT THE FEDERAL COURT MUST DECIDE.

At issue herein is the interpretation of the anti-alienation provision of the Internal Revenue Code, a federal code. The Annuity Fund has moved to dismiss this matter asserting that the Code's anti-alienation clause bars the enforcement of Petitioner's judgment against funds held in trust by the Annuity Fund on behalf of MacShane, a trust beneficiary.

As argued in the Annuity Fund's motion to dismiss, the Annuity Fund is a trust that administers a plan of benefits (the "Plan") for trust beneficiaries such as MacShane. The Plan is a defined contribution plan qualified under Section 401(a) of the Internal Revenue Code (the "Code"). In order to constitute a qualified trust, the Plan must comply with the requirements in Code Section 401(a)(13) which states that the Plan document must provide that its benefits may not be assigned and/or alienated. The terms assignment and alienation are defined by the Department of Treasury regulations and encompass the assignment made herein by MacShane to Bloomfield.

4

The Annuity Fund's motion rests on the interpretation of the anti-alienation provision of Code Section 401(a)(13). This is clearly a federal question which must be decided in federal court. 28 U.S.C. §1331.

## POINT II

### PETITIONER'S JUDGMENT FOR UNPAID LEGAL FEES IS NOT A DOMESTIC RELATIONS ORDER

In this motion to remand, Petitioner claims, for the first time, that his judgment is a domestic relations order ("DRO") and because the judgment is a DRO, the matter must be remanded to state court as federal court does not have the authority to issue or modify a DRO.

In fact, the judgment fails to meet the requirement of a DRO on both substantive and procedural grounds. As to substance, both ERISA and the Code define a DRO as a judgment, decree or order that is made pursuant to state domestic relations law that relates to the provision of child support, alimony payments, or marital property rights for the benefit of a spouse, former spouse, child or other dependent of a participant. See, ERISA Sections 206(d)(3)(B)(ii), 514(a), 514(b)(7); IRC Section 414(p)(I)(B). Petitioner's judgment was not issued pursuant to a state domestic relations order but rather NYCRR Section 202.16(2) (Uniform Rules of the Trial Courts). Moreover, Petitioner is not a spouse, former spouse, child or other dependent of the participant, nor does the judgment relate to the provision of child support, alimony payments or marital property rights.

As to the judgment's procedural deficiencies as a DRO, the document was never served upon the Annuity Fund Administrator with a request that the DRO be reviewed to determine if it met the requirements of a Qualified Domestic Relations Order as set forth in Code Section 414(p) and ERISA Section 206(d)(3). Rather the judgment was mailed to the Annuity Fund with a restraining notice and information subpoena.

None of the requirements of a DRO, substantive or procedural, have been met with respect to this judgment. In view of the foregoing, Petitioner's judgment is clearly not a DRO.

To be sure, not only did Petitioner never refer to this judgment as a DRO at any earlier stage in this matter, it did not refer to the judgment as a DRO in a 2005 proceeding premised on this judgment. In 2005, Petitioner moved in state court for a turn over of funds on the basis of his judgment for legal fees. This proceeding was brought pursuant to CPLR 5225 and 5227. CPLR 5225 governs proceedings brought by judgment creditors against third parties or the debtor for the "Payment or Delivery of Property of Judgment Debtor" and CPLR 5227 governs special proceedings in which the judgment creditor seeks payment of debts owed to the debtor by third parties. Clearly, by bringing a proceeding for turnover of funds pursuant to CPLR 5225 and 5227, Petitioner acknowledged his status as a judgment creditor. If Petitioner had a DRO, he could not have proceeded under the CPLR as a judgment debtor. A DRO does not create a debt subject to enforcement under New York State law. Rather, it creates an interest in a qualified plan that may only be assigned by a QDRO. Since 2005, Petitioner has stood in the shoes of a judgment debtor and has exercised his rights as a judgment debtor by

availing himself of the methods of enforcement of the debt owed to Petition under New York State Law. The judgment against MacShane is not a DRO and has never been treated as a DRO either substantively or procedurally.

Moreover, the underlying petition, which Petitioner seeks removed to state court, does not refer to the judgment as a DRO and does not seek relief related to the judgment's alleged status as a DRO, i.e., an order compelling the assignment of funds held by the Annuity Plan to Petitioner as Alternate Payee under a QDRO. Rather, the underlying petition seeks an order foreclosing the restraining lien held by Petitioner. The Petition is premised on the judgment for unpaid fees and the assignment of property from MacShane to Petitioner. To argue now that the judgment is a DRO is wholly self serving and without legal merit.

The bottom line is that this is a money judgment that cannot be enforced against the funds held by the Plan in trust for MacShane.

## CONCLUSION

As Petitioner has failed to set forth any argument stated for remand that is not premised on the judgment being classified as a DRO, Petitioner has not met his burden on the motion and it must be denied.

Dated: New York, New York
July 24, 2007

Yours, etc.,

O'DWYER & BERNSTIEN, LLP
Attorneys for SBA ANNUITY FUND
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100

By: _/s/ Anne M. Paxton_
ANNE M. PAXTON (AMP 4859)

H:\LABOR\District Council\QDROS.SBA\MacShane, Dermot\A\Paxton MOL In Opp.doc