UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,                               :
                                                      :
                                  Petitioner,       :       <u>Civil Action No.</u>:
                                                      :       07 Civ 3934 (RJH)
       -against-                                    :
                                                      :
DERMOT MACSHANE,                                      :
                                  Respondent,       :
                                                      :
       -and-                                         :
                                                      :
SERGEANT'S BENEVOLENT ASSOCIATION                     :
ANNUITY FUND; THE CITY OF NEW YORK                    :
POLICE PENSION FUND AND THE FUND                      :
OFFICE OF LOCAL 580 OF ARCHITECTURAL                  :
AND ORNAMENTAL IRON-WORKERS,                          :
                                                      :
                                  Respondents.      :
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' OPPOSITION TO THE MOTIONS TO REMAND FILED BY MARSHALL E. BLOOMFIELD AND THE CITY OF NEW YORK POLICE PENSION FUND**

                                                Colleran, O'Hara & Mills L.L.P.
                                                Attorney for Respondent, The Fund
                                                  Office of Local 580 of Architectural
                                                  and Ornamental Iron Workers
                                                  1225 Franklin Avenue, Suite 450
                                                  Garden City, New York 11530
                                                  (516) 248-5757

Of Counsel:
  John Stackpole Groarke, Esq.

# TABLE OF CONTENTS

Table of Authorities .................................................................................................... ii

Preliminary Statement ................................................................................................ 1

Statement of Case ...................................................................................................... 1

Argument ................................................................................................................... 3

**POINT I**
   UNANIMOUS CONSENT FOR REMOVAL WAS NOT REQUIRED
   BECAUSE THE PETITIONERS CLAIM AGAINST THE LOCAL 580
   FUND OFFICE IS SEPARATE AND INDEPENDENT FROM THE
   CLAIMS AGAINST THE RESPONDENTS ................................................. 3

**POINT II**
   MOTION TO REMAND MUST BE DENIED BECAUSE THE
   PETITIONER'S CLAIMS ARE COMPLETELY PREEMPTED AND A
   SUBSTANTIAL DISPUTED FEDERAL QUESTION AT ISSUE .................... 5

      A.  ERISA completely preempts Bloomfield's claim seeking an Order
         directing payment from the Local 580 Annuity Fund to satisfy a Lien ..... 6

      B.  Bloomfield's claim for relief depends on the resolution of a
         substantial disputed Federal question ........................................................ 7

Conclusion ................................................................................................................ 10

## TABLE OF AUTHORITIES

**CASES**

American Fire & Casualty Co. v Finn 341 U.S. 6, 95 L. Ed. 702, 71 S. Ct. 534 (1951) .................................................................................................................. 4

Boggs v. Boggs, 520 U.S. 833, 851, 138 L. Ed. 2d 45, 117 S. Ct. 1754 (1997) ...... 8

Cal. Pub. Employees' Ret. Sys. v. Woldcom, Inc. , 368 F.3d 86 (2nd Cir. 2004) ..... 3

Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999) .... 3

Franchise Tax Bd. of Cal. v. Laborers Vacation Trust for So. Cal., 463 U.S.1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) ............................................................. 5, 6, 8

Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365, 376-377, 107 L. Ed. 2d 782, 110 S. Ct. 680 (1990) ............................................................. 6

Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 814, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986) ............................................................................ 6

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987) ............................................................................................ 6

Patterson v. Shumate, 504 U.S. 753, 765, 112 S. Ct. 2242, 2250, 119 L.Ed.2d 519 (1992) ................................................................................................ 8

Robbins ex rel. Robbins v. DeBuono, 218 F.3d 197, 203 (2d Cir. 2000) ................. 8

Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) ....................................................... 5

United States v. McCarthy, 271 F.3d 387, 398 (2d Cir. 2001) ................................. 8

United States v. Weiss, 345 F.3d 49 (2d Cir. 2003) ................................................. 8

**STATUTES**

H.R. Re. No. 807, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N., 4639, 4670, 4734 ................................................................................................ 8

26 U.S.C. §401(a) .................................................................................................... 2

28 U.S.C. §1331 ...................................................................................................... 5

## TABLE OF AUTHORITIES (cont.)

**STATUTES (cont.)**

28 U.S.C. §1441(a) .................................................................................... 5

28 U.S.C. §1441(c) .................................................................................... 3, 4

29 U.S.C. §1002(3) .................................................................................... 2

29 U.S.C. §1002(37) .................................................................................. 2

29 U.S.C. §1056(d)(1) ............................................................................... 6, 7, 8

29 U.S.C. §1132(a) .................................................................................... 7

29 U.S.C. §1144(a) .................................................................................... 6

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Respondent, THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS (hereinafter "LOCAL 580 FUND OFFICE") opposition to motions to remand the within action to state court filed by the Petitioner, MARSHALL E. BLOOMFIELD and the Respondent, THE CITY OF NEW YORK POLICE PENSION FUND. The removal of this action is properly before this court because the Petitioner's claims against the LOCAL 580 FUND OFFICE are preempted by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and raise a substantial question of federal law that is in disputes between the parties.

## STATEMENT OF CASE

On January 6, 2005, Petitioner, MARSHALL E. BLOOMFIELD's ("BLOOMFIELD"), the former divorce attorney of DERMOT MACSHANE obtained a Judgment against his former client for unpaid legal fees in the amount of $30,392.19 and obtained an interest in his personal property to the extent of $30,392.19. See GROARKE DECLARATION Exhibit "D", Verified Petition at ¶¶8-9.

On or about March 20, 2007, BLOOMFIELD, a judgment creditor, served the LOCAL 580 FUND OFFICE with an Information Subpoena. See GROARKE DECLARATION at Exhibit "A". The Information Subpoena indicated that "a judgment was entered on January 16, 2005 in the favor of Marshall E. Bloomfield, Esq. Judgment Creditor and against and against [sic], Dermot Macshane, Judgment Debtor(s) in the amount of $30,392.19 of which $31,489.91 together with interest thereon from March 20, 2007 remains due and unpaid; and" Id. Further, the Information Subpoena demanded that the LOCAL 580 FUND OFFICE answer under oath each question in the questionnaire accompanying the subpoena. Id.

1

On April 3, 2007, Peter Myers, the Fund Director for the LOCAL 580 FUND OFFICE responded to BLOOMFIELD's subpoena. Id. In his response, the Fund Director stated that the LOCAL 580 FUND OFFICE was maintaining an account under the title Local 580 Annuity Fund with a number 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 for participant DERMOT MACSHANE in the amount at the time $59,804.80. Id. As of July 3, 2007, the Local 580 Annuity Fund account balance for DERMOT MACSHANE was $67,168.02. See GROARKE DECLARATION at ¶ 3.

The LOCAL 580 FUND OFFICE administers the Joint Funds of Local 580, including but not limited to the Local 580 Annuity Fund. See GROARKE DECLARATION at ¶ 3. The Local 580 Annuity Fund is an employee benefit plan and multi-employer plan within the meaning of §3(3) and (37) of ERISA, 29 U.S.C. §§1002(3) and (37). See GROARKE DECLARATION at ¶ 5 and Exhibit "B". The Local 580 Annuity Fund is a qualified employee retirement plan under IRC §401(a), 26 U.S.C. §401(a). See GROARKE DECLARATION at ¶ 6 and Exhibit "C".

On or about the 8th day of May, 2007, BLOOMFIELD commenced an action against Respondents DERMOT MACSHANE, SERGEANT'S BENEVOLENT ASSOCIATION ANNUITY FUND ("SBAAF"), THE CITY OF NEW YORK POLICE PENSION FUND ("PPF"), AND THE FUND OFFICE OF LOCAL 580, by filing of an Order to Show Cause, Verified Petition and Memorandum of Law in Support of the Petition in the Supreme Court of the State of New York, County of Putnam. See GROARKE DECLARATION at ¶ 7 and Exhibit "D". BLOOMFIELD's Verified Petition ("Petition") seeks four (4) claims for relief: 1) a judgment against his former client, DERMOT MACSHANE foreclosing 22 NYCRR §202.16(c)(2) lien; 2) an order directing payment of monies being held by non-ERISA annuity fund SBAAF; 3) an order directing payment of monies being held by non-ERISA pension fund PPF; 4) an order directing payment of monies held by the ERISA funds of LOCAL 580 FUND

OFFICE's. See GROARKE DECLARATION at Exhibit "D" at 4-5. Petitioner demands that the LOCAL 580 FUND OFFICE distribute monies being held in trust for participant DERMOT MACSHANE from an interest in the Local 580 Annuity Fund to satisfy BLOOMFIELD's judgment for unpaid attorney fees. See GROARKE DECLARATION at ¶¶ 8-9.

On May 21, 2007, LOCAL 580 FUND OFFICE filed a Notice of Petition for Removal and Verified Petition for Removal with the Clerk of the Court of the United States District Court, Southern District of New York. See Exhibit "E", *exhibits omitted*. See GROARKE DECLARATION at ¶ 10. BLOOMFIELD and PPF now move to remand this action to the Supreme Court State of New York, Putnam County.

## ARGUMENT

I. **UNANIMOUS CONSENT FOR REMOVAL WAS NOT REQUIRED BECAUSE THE PETITIONERS CLAIM AGAINST THE LOCAL 580 FUND OFFICE IS SEPARATE AND INDEPENDENT FROM THE CLAIMS AGAINST OTHER RESPONDENTS.**

The "rule of unanimity" requires unanimous consent of all defendants to remove an action to federal court. Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86 (2nd. Cir. 2004). The recognized exceptions to the general rule that all defendants must join or consent to the petition for removal are: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). Ell v. S.E.T. Landscape Design, Inc., 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999).

An action may be removed "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the

3

district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates." 28 U.S.C. §1441(c). In <u>American Fire & Casualty Co. v Finn</u> 341 U.S. 6, 95 L. Ed. 702, 71 S. Ct. 534 (1951), Supreme Court defined the words "cause of action" broadly to mean not facts but the unlawful violation of a right shown by the facts and the word "independent" as the requirement of complete disassociation between the federally cognizable proceedings and those cognizable in state court, before removal will be allowed.

LOCAL 580 FUND OFFICE removed the instant action on the basis that the Petitioner's claim against its ERISA annuity fund is separate and independent from the Petitioner's claims against the Respondents DERMOT MACSHANE, SBAAF and PPF. It is evident from Bloomfield's Petition that the relief he seeks against the LOCAL 580 FUND OFFICE is unlawful under federal law and independent from the state law claims against DERMOT MACSHANE, and the non-ERISA trust funds of the SBAAF and PPF. In fact, PPF's declaration supports a finding that the Petitioner's claims against the LOCAL 580 FUND OFFICE and the PPF pension plan are separate and independent claims. In support of its motion to remand, PPF declares that:

13. Pursuant to ERISA §1003(b)(1), ERISA is in applicable to the PPF benefits because the PPF is a governmental plan.

14. PPF benefits are protected under Article V, § 7 of the New York State Constitution and § 13-264 of the New York City Administrative Code, which states that pensions payable by the PPF shall not be subject to execution, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as specifically provided by statute, and therefore do not involve a federal question.

SNOW Declaration at ¶ 13, 14.

The refusal of the PFF to consent to removal does not necessitate remand because LOCAL 580 FUND OFFICE is entitled to the separate and independent claim exception to the unanimity rule. Therefore, this Court retains jurisdiction of the action against the LOCAL 580

unanimity rule. Therefore, this Court retains jurisdiction of the action against the LOCAL 580 FUND OFFICE but in its discretion may remand the claim against the PFF for which New York State law predominates.

II. **MOTION TO REMAND MUST BE DENIED BECAUSE THE PETITIONER'S CLAIMS ARE COMPLETELY PREEMPTED AND A SUBSTANTIAL DISPUTED FEDERAL QUESTION IS AT ISSUE**

The motions to remand filed by the BLOOMFIELD and PPF must be denied because the Petitioners claim against LOCAL 580 FUND OFFICE is preempted by the Employee Retirement Income Security Act of 1974 and his claim raises a substantial disputed federal question between the parties. The removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a). Removal turns on whether the case falls within the original federal question jurisdiction, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute...must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of defenses which it is thought the defendant may interpose." Franchise Tax Bd. of Cal. v. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) (*quoting* Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)).

However, under the "artful pleading rule" the Petitioner may not defeat removal by omitting to plead a necessary federal question in a complaint. Franchise Tax Bd. of Cal., 463

U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). A state law created cause of actions may be deemed to arise under federal law where federal law completely preempts state law, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987), or where a claim for relief depends on the resolution of a substantial, disputed federal question. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 814, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986).

A. **ERISA Completely Preempts Bloomfield's Claim Seeking An Order Directing Payment From The Local 580 Annuity Fund To Satisfy a Lien.**

ERISA 514(a) preempts any and all State laws insofar as they may now or hereafter relate to any employee benefit plan covered by the statute. 29 U.S.C. 1144(a). Preempted state law claims may be removed to federal court only in instances where Congress has chosen to regulate the entire field:

> Federal pre-emption is ordinarily a defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. One corollary of well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.

Metropolitan Life Ins. Co., at 63-64 (holding that ERISA completely preempts certain state law claims.)

Section 206(d)(1), 29 U.S.C. §1056(d)(1) of ERISA states: "Each pension plan shall provide the benefits provided under the plan may not be assigned or alienated." The United States Supreme Court held that Section 206(d)(1) of ERISA, the anti-alienation provision, cannot be pierced by the imposition of a constructive trust to attach payment of retirement funds due a union official who had embezzled a substantial amount of union funds. Guidry v. Sheet Metal Workers Nat'l Pension Fund, 493 U.S. 365, 376-377, 107 L. Ed. 2d 782, 110 S. Ct. 680 (1990),

6

As the Court stated: "As a general matter, courts should be loath to announce equitable exceptions to legislative requirements or prohibitions that are unqualified by the statutory text. The creation of such exceptions, in our view, would be especially problematic in the context of an anti-garnishment provision. Such a provision acts, by definition, to hinder the collection of a lawful debt." Id. at 376.

Section of ERISA 502(a), 29 U.S.C. 1132 (a), provides for an exhaustive list of remedies under ERISA. Purposefully omitted from the comprehensive civil enforcement scheme are equitable claims against ERISA funds directing payment to satisfy liens against participant accounts. Bloomfield method of enforcing his purported lien against an ERISA pension plan is preempted because his claim relates to an ERISA pension plan and is based upon a state common law claim that seeks equitable relief ordering an ERISA pension plan to violate the anti-alienation provision of federal law by paying monies from assets it is holding in trust for the benefit of a plan participant to satisfy a judgment creditor. Further, ERISA's anti-alienation rule, Section 206(d)(1), 29 U.S.C. §1056(d)(1), acts to preempt Bloomfield's state common law foreclosure cause of action against a participants account maintained by an ERISA pension plan.

The motions for remand must be denied and federal jurisdiction exists because ERISA completely preempts the Petitioner's state common law lien foreclosure action because the Petitioner's claim relates to an ERISA Pension Plan and ERISA's §502(a) does not provide a civil enforcement remedy to the Petitioner to collect his judgment against Local 580 Annuity Fund.

B.  **Bloomfield's Claim For Relief Depends On The Resolution Of A Substantial Disputed Federal Question.**

Bloomfield Petition fails to plead a necessary federal question. Federal subject matter jurisdiction exists if a well-pleaded complaint established that the right to relief under state law

Franchise Tax Bd. of Cal., at 13. The substantial question of federal law in dispute between the Bloomfield and LOCAL 580 FUND OFFICE in this case is whether ERISA's anti-alienation provision, Section 206(d)(1), preempts a state law claim seeking equitable relief against an ERISA pension plan by forcing the fund to pay monies being held in trust to a judgment creditor from a participant's account.

ERISA bars the application of liens against pension plan accounts being held in trust. The legislative history of ERISA §206(d)(1) explains that the statute's prohibition against assignment and alienation was designed "to further ensure that the employee's accrued benefits are actually available for retirement purposes," H.R. Re. No. 807, 93d Cong., 2d Sess. (1974), *reprinted in* 1974 U.S.C.C.A.N., 4639, 4670, 4734. See also Patterson v. Shumate, 504 U.S. 753, 765, 112 S. Ct. 2242, 2250, 119 L.Ed.2d 519 (1992) (emphasizing ERISA's goal of protecting pension benefits upon retirement and ensuring that "if a worker has been promised a defined pension benefit upon retirement. . . he actually will receive it.") "In enacting ERISA, Congress clearly intended to protect workers' retirement benefits," United States v. McCarthy, 271 F.3d 387, 398 (2d Cir. 2001). "The anti-alienation provision can be seen to bespeak a pension law protective policy of special intensity: Retirement funds shall remain inviolate until retirement." Boggs v. Boggs, 520 U.S. 833, 851, 138 L. Ed. 2d 45, 117 S. Ct. 1754 (1997).

The Second Circuit Court has held that under ERISA's anti-alienation provision, §206(d)(1), 29 U.S.C. §1056(d)(1), pension benefits or funds may not be assigned or alienated while the money is held by the plan administrator. United States v. Weiss, 345 F.3d 49 (2d Cir. 2003) (*citing* Robbins ex rel. Robbins v. DeBuono, 218 F.3d 197, 203 (2d Cir. 2000).

The aforementioned dispute between Bloomfield and LOCAL 580 FUND OFFICE concerning whether ERISA preempts Bloomfield's attempts to satisfy his judgment for attorneys

fees from participant DERMOT MACSHANE's Local 580 Annuity Fund account originated in 2005. In 2005, Bloomfield brought a turnover action against among others the LOCAL 580 FUND OFFICE. BLOOMFIELD AFFIDAVIT IN SUPPORT OF MOTION TO REMAND at ¶ 5. In the turnover proceeding, BLOOMFIELD sought an order against LOCAL 580 FUND OFFICE to satisfy his judgment against DERMOT MACSHANE for unpaid attorneys fees from the Local 580 Annuity Fund. The LOCAL 580 FUND OFFICE opposed the motion. A copy of the New York State Court Justice Andrew O'Rourke's Amended Decision and Order is annexed to Bloomfield's Affidavit as Exhibit "D". Although, Justice O'Rourke decision makes reference to LOCAL 580 FUND OFFICE's opposition, the state court never opined on whether ERISA bars a judgment creditor, such as Bloomfield, from seeking equitable relief against an ERISA pension plan by forcing it to pay monies from a participant's account being held in trust. Unless this court decides this substantial federal issue, the LOCAL 580 FUND OFFICE will continue to be subject to further lawsuits by Bloomfield and possibly other participant attorneys seeking to collect unpaid fees from the ERISA retirement plan assets held in trust by the LOCAL 580 FUND OFFICE. Congress clearly sought to protect ERISA retirement plan assets from lawsuits from former participant attorneys with the enactment of ERISA. Additionally, the Petitioner estoppel argument is without merit because the disputed issue in this case has not been previously decided by any court of competent jurisdiction.

## CONCLUSION

Based upon the foregoing reasons, the Respondent, THE FUND OFFICE OF LOCAL 580 OF ARCHITECTURAL AND ORNAMENTAL IRON WORKERS, respectfully request that this Court deny the motions to remand filed by BLOOMFIELD and the CITY OF NEW YORK POLICE PENSION FUND.

Dated: July 25, 2007

                                        Respectfully submitted,

                                        COLLERAN, O'HARA & MILLS L.L.P.

                                        By: _____
                                        JOHN STACKPOLE GROARKE (JG 9031)
                                        Attorney for Respondent, The Fund
                                          Office of Local 580 of Architectural
                                          and Ornamental Iron Workers
                                        1225 Franklin Avenue, Suite 450
                                        Garden City, New York 11530
                                        (516) 248-5757