```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
Marshall E. Bloomfield,                    Index No: 07 CIV 3934
        Petitioner-Judgment Creditor
                                           Hon. Richard J.
        -against-                          Holwell U.S.D.J.
Dermot MacShane,
                                           PETITIONER
                                           BLOOMFIELD'S
        Respondent-Judgment Debtor         MEMORANDUM OF LAW IN
        And                                FURTHER SUPPORT OF
                                           HIS MOTION FOR REMAND
Sergeant's Benevolent Association          AND IN REPLY TO
Annuity Fund, The City of New York         RESPONDENT SERGEANT's
Police Pension Fund, and The Fund          BENEVOLENT's
Office of Local 580 of Architectural       OPPOSITION
and Ornamental Iron Workers,

        Respondents.
------------------------------------x
```

To:   Colleran, O'Hara & Mills LLP
      Attorneys for Respondent Local 580 of
      Architectural and Ornamental Iron Workers
      1225 Franklin Ave   STE 450
      Garden City NY 11530

      O'Dwyer & Bernstein LLP
      Attorneys for Respondent Sergeant's
      Benevolent Association Annuity Fund
      52 Duane ST 5FL
      New York   NY   10007

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      1030 Hollywood Ave
      Bronx     NY    10463

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      72 Rockledge RD APT M
      Hartsdale, NY 10530

      Corporation Counsel for the City of New York
      Attorneys for The City of New York Police Pension Fund
      100 Church ST
      New York NY 10007

## MEMORANDUM OF LAW

Petitioner-Judgment-Creditor/Movant submits this Memorandum of Law in further support of his Motion to Remand the instant matter to New York State Supreme Court Putnam County, and in Reply to Respondent Sergeant's Benevolent Association Annuity Fund [SBA] Opposition thereto.

## ARGUMENT

Respondent SBA's Opposition papers fail in their attempt to confuse the issue herein; to wit, was this matter properly removed?

**POINT I: There was a QDRO entered in the underlying matter, MacShane v. MacSHane.**

A reading of Justice Shapiro's bench order of 10/04/2004 makes it clear what was heard before the Supreme Court of Putnam County in the matrimonial action, MacShane v. MaShane. Said bench order, inter alia, discusses the then existing pendente lite order, MacShane's arrears, and the need for MacShane to obtain new counsel within 30 days. It further adjourns the matrimonial proceedings, in particular a motion by Judith MacShane with regard to the arrears. Thus when Justice Shapiro granted Mr. Bloomfield a charging lien, and stated "there will be no distribution of any assets to Mr. MacShane without you [Mr. Bloomfield] being heard, and it would be my intention to give you your fee off the top of any distribution[,]" it is clear that the Putnam County Supreme

Court was referring to a distribution that would be made when a future Qualified Domestic Relations Order [QDRO] was entered. As Respondent SBA neither contests that, nor the fact that a QDRO was later entered into, nor the fact that Petitioner's lien was not satisfied from the funds accruing to the benefit of Dermot MacShane, there is no issue that the foreclosure of the 22 NYCRR 216.2 lien and modification of said QDRO, to include a distribution to Dermot MacShane sufficient to satisfy Mr. Bloomfield's lien, is the appropriate relief sought by Petitioner Bloomfield, and that the Supreme Court Putnam County is the only court that may modify its own QDRO.

**POINT II: Petitioner Bloomfield is seeking to foreclose upon his lien for legal services from any portion of the QDRO that inured to the benefit of Mr. MacShane.**

The only reason why Respondent SBA was named in Mr. Bloomfield's petition, is because it is a stakeholder of assets of Mr. MacShane that are subject to distribution pursuant to a QDRO. This is true of each of the other name respondents hereto. As stakeholders, they must comply with orders of a court directing payment to Mr. MacShane (a qualified payee of said fund[s]) sufficient to satisfy the lien of Petitioner Bloomfield.

A reading of Petitioner's Order to Show Cause that was removed to this court makes it clear that Mr. Bloomfield, albeit a Judgment Creditor pursuant to the judgment entered on 12/15/2004,

was seeking relief in the form of foreclosure on his lien, quite different from and certainly not relief pursuant to Article 52 of N.Y. C.P.L.R., as Respondent SBA argues in Point II of its Opposition papers dated 07/24/2007.

Although merely a footnote (Respondent SBA's footnote 1 to its Opposition papers), Respondent claims it was not served with Petitioner Bloomfield's 2005 Order to Show Cause seeking relief under Article 52. This office has proof, and the Affidavits of Service are on file with the Putnam County Supreme Court, that said 2005 Order to Show Cause was personally served upon "Errol Ogman" on 11/07/2005. It is also on file with the Putnam County Supreme Court that the SBA was served a Notice of Entry of the Amended Decision and Order resulting from said Order to Show Cause, as well as both Judith Macshane's and the Local 580's answer and opposition thereto.

**POINT III: Petitioner Bloomfield has not sought any relief pursuant to a federal statue or issue.**

Finally, Respondent SBA, whether or not it was correct in its belief that Petitioner is seeking relief under Article 52 of the CPLR, does not address the fact that this matter cannot be removed solely upon the basis that a defense thereto raises a federal issue. Rather than attempt to claim Petitioner pled a federal question, Respondent SBA chooses to emphasize that its defense raises a federal question.

As argued by Petitioner in its Memorandum of Law in Opposition to Respondents SBA and Local 580, the complaint governs the federal question issue, not the defense, even if a defense based upon a federal question may be anticipated from the complaint. See, <u>Autrey v. Kleinman</u>, 2007 U.S. Dist. LEXIS 35533 (S.D.N.Y. 2007)

**POINT IV: Not all Respondents have consented to Removal**

Lastly, Respondent SBA fails to address the fact that Respondent Police Pension Fund has not consented to removal. Unanimity in the removal process is required (28 U.S.C. §1441, and this requirement has not been met.

CONCLUSION

Respondent SBA's Opposition papers fail in their attempt to confuse the issue herein; to wit, was this matter properly removed?  The answer to this issue is no, this matter was improperly removed.  As demonstrated by his petition herein, Mr. Bloomfield is seeking equitable relief with respect to the State Court's Qualified Domestic Relations Order.  This Federal Court lacks jurisdiction to hear his proceeding which seeks enforcement relative to an underlying Qualified Domestic Relations Order. Both 28 U.S.C. §§ 1441 and 1447 require that this matter be removed. The City of New York Police Pension Fund, a named and served Respondent herein, has not consented to the removal of this action, a prerequisite to removal, and, no federal statute gives

the Federal Court exclusive jurisdiction over the matter. Additionally, Mr. Bloomfield has not presented a federal question in his petition.

Thus, this matter should be remanded to the Supreme Court of the State of New York, County of Putnam.

Dated:    July 26, 2007
            Bronx, New York

Yours, etc.,

Marshall E. Bloomfield, Esq.
Petitioner-Judgment Creditor/Movant
349 E 149 ST
BX  NY  10451-5603
(718) 665-5900 <> (212) 662-1870

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Index No: 07 CIV 3934
-----------------------------------x
Marshall E. Bloomfield,                Hon. Richard J. Holwell U.S.D.J.
       Petitioner-Judgment Creditor    AFFIDAVIT OF SERVICE
             -against-
Dermot MacShane, Respondent-Judgment
Debtor
              And
Sergeant's Benevolent Association
Annuity Fund, The City of New York
Police Pension Fund, and The Fund
Office of Local 580 of Architectural
and Ornamental Iron Workers,
Respondents.
-----------------------------------x
```

STATE OF NEW YORK, COUNTY OF THE BRONX:   ss:

William J. Knoesel, being duly sworn, deposes and says;

1) Deponent is not a party to the action, is over 18 years of age and resides within the County of the Bronx.

2) That on the 27th day of July, 2007, Deponent served the within and attached Document(s); Petitioner Bloomfield's Memorandum of Law in Further Support of His Motion for Remand and in Reply to Respondent Local 580 and Sergeant's Benevolent's Opposition:

| Colleran, O'Hara & Mills LLP<br>Attorneys for Respondent Local 580<br>of Architectural and Ornamental<br>Iron Workers<br>1225 Franklin Ave STE 450<br>Garden City NY 11530 | O'Dwyer & Bernstein LLP<br>Attorneys for Respondent Sergeant's<br>Benevolent Association Annuity Fund<br>52 Duane ST 5FL<br>New York   NY   10007 | Dermot MacShane<br>Judgment Debtor-Respondent Pro Se<br>1030 Hollywood Ave<br>Bronx   NY   10463 |
|---|---|---|
| Corporation Counsel for the City of New York<br>Attorneys for The City of New York<br>Police Pension Fund<br>100 Church ST<br>New York NY 10007 | Dermot MacShane<br>Judgment Debtor-Respondent Pro Se<br>72 Rockledge RD APT M<br>Hartsdale, NY 10530 | |

said address(es) having been designated (by said Attorney[s]) for that purpose, by depositing a true copy(ies) of same enclosed in a postpaid properly addressed wrapper(s), First Class Mail, in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State.

Sworn to before me,

_____
William J. Knoesel

July 27th, 2007.

_____
NOTARY PUBLIC
MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No. 02BL0326550 Qualified in the County of Bronx Commission Expires June 30, 2011

Index No: 07 CIV 3934
Hon. Richard J. Holwell U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Marshall E. Bloomfield,
    *Petitioner-Judgment Creditor*
      -*against*-
Dermot MacShane,
    *Respondent-Judgment Debtor, and*
Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and The Fund Office of Local 580 of Architectural and Ornamental Iron Workers,
    *Respondents.*

---

**PETITIONER BLOOMFIELD'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR REMAND AND IN REPLY TO RESPONDENT LOCAL 580 AND SERGEANT's BENEVOLENT's OPPOSITION**

---

To:   Colleran, O'Hara & Mills LLP
      Attorneys for Respondent Local 580 of
      Architectural and Ornamental Iron Workers
      1225 Franklin Ave   STE 450
      Garden City NY 11530
      516-248-5757

      O'Dwyer & Bernstein LLP
      Attorneys for Respondent Sergeant's
      Benevolent Association Annuity Fund
      52 Duane ST 5FL
      New York  NY   10007

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      1030 Hollywood Ave
      Bronx    NY    10463

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      72 Rockledge RD APT M
      Hartsdale, NY 10530

      Corporation Counsel for the City of New York
      Attorneys for The City of New York Police Pension Fund
      100 Church ST
      New York NY 10007