```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
Marshall E. Bloomfield,                      Index No: 07 CIV 3934
         Petitioner-Judgment Creditor
                                             Hon. Richard J.
            -against-                        Holwell U.S.D.J.

Dermot MacShane,
                                             PETITIONER
                                             BLOOMFIELD'S
         Respondent-Judgment Debtor          MEMORANDUM OF LAW IN
                And                          FURTHER SUPPORT OF
                                             HIS MOTION FOR REMAND
Sergeant's Benevolent Association            AND IN REPLY TO
Annuity Fund, The City of New York           RESPONDENT LOCAL
Police Pension Fund, and The Fund            580's OPPOSITION
Office of Local 580 of Architectural
and Ornamental Iron Workers,

         Respondents.
-----------------------------------------x
```

To:   Colleran, O'Hara & Mills LLP
      Attorneys for Respondent Local 580 of
      Architectural and Ornamental Iron Workers
      1225 Franklin Ave   STE 450
      Garden City NY 11530

      O'Dwyer & Bernstein LLP
      Attorneys for Respondent Sergeant's
      Benevolent Association Annuity Fund
      52 Duane ST 5FL
      New York  NY   10007

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      1030 Hollywood Ave
      Bronx      NY     10463

      Dermot MacShane
      Judgment Debtor-Respondent Pro Se
      72 Rockledge RD APT M
      Hartsdale, NY 10530

      Corporation Counsel for the City of New York
      Attorneys for The City of New York Police Pension Fund
      100 Church ST
      New York NY 10007

## MEMORANDUM OF LAW

Petitioner-Judgment-Creditor/Movant Bloomfield, submits this Memorandum of Law in further support of his Motion to Remand the instant matter to New York State Supreme Court Putnam County, and in Reply to Respondent The Fund Office of Local 580 of Architectural and Ornamental Iron Workers' [Local 580] Opposition thereto.

## ARGUMENT

This matter should be remanded to the New York State Supreme Court Putnam County, the venue wherein the underlying matter MacShane v. MacShane was heard. It remains undisputed that, in the underlying action, Mr. Bloomfield has a 22 NYCRR § 202.16(c)(2) lien awarded by the 10/06/2004 Domestic Relations Order of the Hon. Fred Shaprio. J.S.C.. It is also undisputed that, in the underlying matter, a QDRO was issued. Under DRL § 236(b)(9) "[a]ll orders or judgments entered in matrimonial actions shall be enforceable . . . in any manner provided by law." The Bloomfield Petition removed by Local 580 should be enforced by the Putnam Supreme Court that had heard the matrimonial action, and which can fashion relief under DRL § 236 et. seq.

**Point I: Local 580 is barred from seeking to remove this action on the basis of estoppel**

Local 580 appeared in the underlying state court action on two occasions. First, in 2005 with respect to Mr. Bloomfield's petition seeking to enforce his judgment under Article 52 of the CPLR. At that time Respondent Local 580 did not seek removal, although they claimed that pursuant to ERISA, no Article 52 relief could be afforded Mr. Bloomfield. Second, they appeared in 2006 in respect to the QDRO wherein, under ERISA § 206(d)(3)(K), Dermont MacShane's ERISA funds were distributed to the MacShanes. Again they did not move for removal, again recognizing the jurisdiction of the Supreme Court, Putnam County. Moreover, as stated in Petitioner's Motion for Remand, Local 580 is estopped from removing this action, having previously consented to Putnam County's jurisdiction twice before.

**POINT II: Local 580's argument confuses the issue - was this matter properly removed? The answer is no. Petitioner Bloomfield, contrary to Local 580's claims, never sought relief under ERISA.**

Respondent Local 580's argument both in support of its removal, and in opposition to Petitioner's motion to remand, is that ERISA governs the relief sought by Petitioner, and therefore, this matter, was properly removed. Moreover, they argue that the Petition should be dismissed as there is no relief available to Petitioner Bloomfield under ERISA.

In order for Local 580's argument, as stated above, to make any sense, Local 580 has claimed that Petitioner Bloomfield is, in actuality, seeking relief under ERISA. In support of their argument for proper removal, Local 580 cites <u>Frachise Tax Bd. Of Cal v. Laborers Vacation Trust for So. Cal.</u>, 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)(quoting <u>Taylor v. Anderson</u>, 234 U.S. 74, 75-76 (1914) recognizing that it is "the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of defenses" that determines whether a federal question is raised. Groarke, <u>Memorandum of Law In Support of The Fund Office of Local 580 of Architectural and Ornamental Iron Workers Opposition to the Motions to Remand Filed by Marshall E. Bloomfield and the City of New York Police Pension Fund</u> [Local 580 Memo in Opp], at page 5. Having cited the <u>Franchise</u> case, they recognize that this matter could not be removed, but for Petitioner Bloomfield having pled, (or having failed to artfully plead) relief under ERISA, as their ERISA defenses cannot constitute a basis for removal.

Local 580's argument progress to claim that in his Petition, Mr. Bloomfield failed to artfully plead a necessary federal question, as the only statute that could give him his relief would be ERISA. Local 580 again cites to <u>Frachise Tax Bd. Of Cal.</u>, <u>supra</u>, for the proposition that under the "artful pleading rule" Petitioner Bloomfield cannot omit a necessary federal question

from the relief he seeks in order to avoid federal court jurisdiction.  Local 580 Memo in Opp, at page 5.

Thus, Local 580 must be arguing that: (a) The instant Bloomfield Petition is seeking affirmative relief under ERISA. (b) The relief he seeks may only be granted by a Federal Court. And (c), Mr. Bloomfield failed to specify his ERISA claim in his Petition.  Apparently, Local 580's recognition that if its argument were not composed of elements (a) through (c), its ERISA defense alone would be insufficient to support the removal, and the matter would have to be remanded.

Local 580's defense, and their alleged basis for removal, is that ERISA § 206(d)(1), the anti-alienation clause, "preempts a state law claim seeking equitable relief against an ERISA pension plan by forcing the funds to pay monies being held in trust to a judgment creditor from a participant's account." Local 580 Memo in Opp, at page 8.

Local 580's argument, begs the real question: What ERISA relief could Mr. Bloomfield be seeking in his petition that he did not artfully plead, but can afford him his requested relief under ERISA, and confers jurisdiction exclusively to this court?  The only exception to ERISA's anti-alienation rule (§ 206(d)(1)) is ERISA § 206(d)(3)(K), which permits a state court, in a QDRO, to disburse ERISA funds to "alternate payees."  While State Courts have exclusive jurisdiction over QDROs (29 USCS § 1144(b)(7)), it

is arguable that the definition of an "alternate payee", as set forth in ERISA § 206(d)(3)(K), would be properly before a federal court.

Thus, it appears that Local 580's argument is that:(a) The instant Bloomfield Petition is seeking affirmative relief under ERISA § 206(d)(3)(K), (b) The relief he seeks may only be granted by a Federal Court, and (c), Mr. Bloomfield -- while never stating he was seeking relief as an "alternate payee," or under any other provision of ERISA -- failed to specify this ERISA claim in his Petition.

Any other argument by Local 580 would be that its ERISA defense is the basis for its having removed Bloomfield Petition. But Local 580 knows that its ERISA defense cannot support its removal. Local 580 cites Frachise Tax Bd. Of Cal v. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)(quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) demonstrating Local 580's knowledge of the law: if Petitioner Bloomfield did not plead a federal issue, even if he knew an ERISA defense could be raised against his Petition, this matter should not have been removed. But, Local 580 could not have removed this matter on the basis of its ERISA Defense. If Local 580 did this, it would be without a basis in law -- frivolous. Therefore, it must have assumed the Bloomfield Petition is predicated on the belief that he is seeking relief

under ERISA § 206(d)(3)(K), the only exception to Local 580's defense.

Local 580's argument is flawed; it is a classic example of placing the cart before the horse. Nowhere in the Petition is it claimed or implied that Mr. Bloomfield is an "alternate payee" seeking relief under ERISA § 206(d)(3)(K). Petitioner Bloomfield never asked the Putnam Court to enter an order directing Local 580 or the other named respondent pension funds, to pay over to him ERISA funds. The relief sought, as spelled out in Mr. Bloomfield's Order to Show Cause that was so ordered by Justice Andrew P. O'Rourke on 05/08/07 clearly states:

> (1) <u>foreclosing the retaining and charging lien in favor of Marshall E. Bloomfield, Esq. and against Respondent-Judgment Debtor, Dermot MacShane</u>, and any interest accruing in property to him upon the final disposition of the equitable distribution phase of a certain action previously commenced in this Court and captioned Dermot MacShane, Plaintiff, against Judie MacShane, Defendant, and bearing Index Number1798/02, and as agreed to by said Respondent-Judgment Debtor on the 15th day of April, 2004, and as approved by this Court pursuant to 22 NYCRR §202.16[c](2) in a transcripted Decision on a hearing held October 6, 2004, and further reduced to an Order of this Court dated the 18th day of November, 2004, a Judgment of this Court dated the 15th day of December, 2004, and entered on the 6th day of January, 2005, and
>
> (2) granting to Petitioner such other and further relief as to this Court may seem just, proper, and equitable.

<u>Bloomfield's Order to Show Cause signed by Justice Andrew P. O'Rourke on 05/08/07</u> [OTC], at page 2 [emphasis supplied].

The above does not support Local 580's contention that Petitioner is seeking "equitable relief against an ERISA pension plan by forcing the fund to pay monies being held in trust to a judgment creditor from a participant account", and such a contention requires a great leap of faith. <u>Local 580 Memo in Opp</u>, at page 8. To the contrary, the Bloomfield petition does not seek any direct relief against any of the trustee funds it names a Respondents. All the relief sought is "<u>against Respondent-Judgment Debtor, Dermot MacShane[.]</u>" OTC, at page 2 [emphasis supplied]. The Petition itself goes on to further state that the named Respondents (other than MacShane) were given notice of his proceeding specifically because each "is a necessary party hereto in that it is in possession of property of Respondent-Judgment Debtor in an amount believed to be, upon information and belief, in excess of [the pension balance] ...."
<u>Verified Petition</u>, at ¶¶ 12, 13, 14.

The only potential bit of poor pleading in Bloomfield's Petition is in the "WHEREFORE" clause, wherein it is stated in paragraphs (b) through (d) that Petitioner requests the court issue an order "directing the payment of all monies in their possession, constituting personal property ... to which a security interest has attached and a 22 NYCRR §202.16(c)(2) lien has attached," without clearly stating that said Respondents are to pay these monies to Dermot MacShane. This confusion, however, only

exists for those not fully familiar with New York's Domestic Relations Law. Just because Dermot MacShane is labeled as "Respondent-Judgment Debtor[,]" does not make the Petition one seeking relief pursuant to Article 52 of the CPLR. This is made clear at Paragraph 15 of the Bloomfield Petition, wherein it is stated that "[t]he CPLR § 5205 exemption of property from levy and sale upon execution of a judgment creditor does not preclude the foreclosure of a lien resulting from a security interest given upon said property." The nature of 22 NYCRR § 202.16(c)(2) shall be explained in the next section.

**POINT III: Pursuant to the 10/06/2004 Putnam County Supreme Court's Domestic Relations Order, Mr. Bloomfield was given a lien pursuant to 22 NYCRR §202.16(c)(2), and said lien attached to the personal property set forth in net-worth statement of Dermot MacShane.**

A lien pursuant to 22 NYCRR §202.16(c)(2) isnot the same as a regular judgment or a judgment lien. As stated in 22 NYCRR §202.16(a):

> (a)Applicability. This section shall be applicable to all contested actions and proceedings in the Supreme Court in which statements of net worth are <u>required by section 236 of the Domestic Relations Law</u> to be filed and in which a judicial determination may be made with respect to alimony, counsel fees pendente lite, maintenance, custody and visitation, child support, or the equitable distribution of property, including those referred to Family Court by the Supreme Court pursuant to section 464 of the Family Court Act [emphasis supplied].

Specifically, 22 NYCRR §202.16(c)(2) states:

> An attorney seeking to obtain an interest in any property of his or her client to secure payment of the attorney's fee shall make application to the court for approval of said interest on notice to the client and to his or her adversary. The application may be granted only after the court reviews the finances of the parties and an application for attorney's fees.

The party against whom this lien attaches should then state this lien in his net worth statement.

In the underlying action of MacShane v. MacShane, Mr. Bloomfield, following DRL § 236, was given his 22 NYCRR § 202.16(c)(2) lien. <u>See</u>, Justice Shaprio's 10/06/2004 bench order Exhibit C on the Petition, and also reproduced as Exhibit B on Bloomfield Motion's to Remand. After granting said lien, Justice Shapiro further ordered that, "there will be no distribution of any assets to Mr. MacShane without you [Mr. Bloomfield] being heard, and it would be my intention to give you your fee off the top of any distribution." <u>Id.</u> The distribution referred to in the 10/06/2004 domestic relations order is part of the equitable distribution of the marital property; the property listed in each parties net-worth statement, which, in the underlying matter, was later ordered in December of 2006, and funded, at least in part, by the funds distributed from Mr. MacShane's pensions as ordered by the QDRO.

Local 580 recognizes both that there was a QDRO entered into in the underlying matrimonial matter of MacShane v. MacShane, and that pursuant to ERISA §206(d)(3) the Supreme Court of Putnam County had the jurisdiction to order that Mr. MacShane direct the Local 580 to distribute funds pursuant thereto.

Mr. Bloomfield's rights under his NYCRR §202.16(2)(c) lien, and as further enunciated in Justice Shapiro's 10/06/2004 order, were violated when distribution to Mr. MacShane occurred pursuant to the QDRO, and wherein Mr. Bloomfield was neither heard nor a participant in (not having received notice and not having been afforded the opportunity to be heard) payment from MacShane after monies were distributed to Mr. MacShane for his benefit.

This is the basis of Mr. Bloomfield's petition, plain and simple. No relief herein is sought pursuant to his Judgment under Article 52 of the CPLR. A reading of Mr. Bloomfield's petition demonstrates that the relief being sought is under his NYCRR §202.16(c)(2) lien. His lien was to be satisfied in the QDRO by, presumably, a direction that funds be distributed to Mr. MacShane, and a further order that these funds owed to Mr. Bloomfield were to be paid to Mr. Bloomfield There is no question but that no federal question exists herein.

## CONCLUSION

As demonstrated by his Petition Mr. Bloomfield is seeking equitable relief with respect to a Qualified Domestic Relations Order. This Federal Court lacks jurisdiction to hear his proceeding which seeks enforcement relative to an underlying Qualified Domestic Relations Order. See, 29 USCS § 1144(b)(7). Both 28 U.S.C. §§ 1441 and 1447 require that this matter be removed. Respondent The City of New York Police Pension Fund had not consented to the removal of this action, a statutory prerequisite to its removal, and no federal statute gives the Federal Court exclusive jurisdiction over the matter. Additionally, Mr. Bloomfield has not presented a federal question in his Petition.

Thus, this matter should be remanded to the Supreme Court of the State of New York, County of Putnam.


Dated:   July 26, 2007
         Bronx, New York

                                    Yours, etc.,

                                    Marshall E. Bloomfield, Esq.
                                    Petitioner-Judgment Creditor/Movant
                                    349 E 149 ST
                                    BX  NY   10451-5603
                                    (718)  665-5900 <> (212) 662-1870

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No: 07 CIV 3934

Hon. Richard J. Holwell U.S.D.J.

-----------------------------------x
Marshall E. Bloomfield,
    Petitioner-Judgment Creditor
              -against-
Dermot MacShane, Respondent-Judgment Debtor
              And
Sergeant's Benevolent Association Annuity Fund, The City of New York Police Pension Fund, and The Fund Office of Local 580 of Architectural and Ornamental Iron Workers, Respondents.
-----------------------------------x

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK, COUNTY OF THE BRONX: ss:

William J. Knoesel, being duly sworn, deposes and says;
    1) Deponent is not a party to the action, is over 18 years of age and resides within the County of the Bronx.
    2) That on the 1st day of August, 2007, Deponent served the within and attached Document(s);Petitioner Bloomfield's Memorandum of Law in Further Support of His Motion for Remand and in Reply to Respondent Local 580 and Sergeant's Benevolent's Opposition:

| Colleran, O'Hara & Mills LLP<br>Attorneys for Respondent Local 580 of Architectural and Ornamental Iron Workers<br>1225 Franklin Ave STE 450<br>Garden City NY 11530 | O'Dwyer & Bernstein LLP<br>Attorneys for Respondent Sergeant's Benevolent Association Annuity Fund<br>52 Duane ST 5FL<br>New York NY 10007 | Dermot MacShane<br>Judgment Debtor-Respondent Pro Se<br>1030 Hollywood Ave<br>Bronx NY 10463 |
|---|---|---|
| Corporation Counsel for the City of New York<br>Attorneys for The City of New York Police Pension Fund<br>100 Church ST<br>New York NY 10007 | Dermot MacShane<br>Judgment Debtor-Respondent Pro Se<br>72 Rockledge RD APT M<br>Hartsdale, NY 10530 | |

said address(es) having been designated (by said Attorney[s]) for that purpose, by depositing a true copy(ies) of same enclosed in a postpaid properly addressed wrapper(s), First Class Mail,in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State.

                                                                   William J. Knoesel

Sworn to before me,
August 1st, 2007.

_____
NOTARY PUBLIC
MARSHALL E. BLOOMFIELD
Notary Public, State of New York
No.02BL0326550 Qualified in the County of Bronx Commission Expires June 30, 2011