```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,                          :
                                                 :
                Petitioner-Judgment-Creditor,    :      07 Cv. 3934 (RJH)
                                                 :
        -against-                                :
                                                 :
DERMOT MacSHANE,                                 :
                                                 :
                Respondent-Judgment-Debtor,     :
                                                 :
Sergeant's Benevolent Association Annuity Fund,  :
The City of New York Police Pension Fund and the :
Fund Office of Local 580 of Architectural and    :
Ornamental Iron Workers,                         :
                                                 :
                Respondents.                     :
-------------------------------------------------------------X
```

# MEMORANDUM OF LAW
# IN REPLY TO OPPOSITION OF PETITIONER
# TO SERGEANT'S BENEVOLENT ASSOCIATION
# ANNUITY FUND'S MOTION TO DISMISS

O'DWYER & BERNSTIEN, LLP
Attorneys for Respondent
*Sergeant's Benevolent Association Annuity Fund*
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARSHALL E. BLOOMFIELD,                                           :
                                                                  :
                Petitioner-Judgment-Creditor,    :      07 Cv. 3934 (RJH)
                                                                  :
  -against-                                                      :
                                                                  :
DERMOT MacSHANE,                                                  :
                                                                  :
                Respondent-Judgment-Debtor       :
                                                                  :
Sergeant's Benevolent Association Annuity Fund,                   :
The City of New York Police Pension Fund and the                  :
Fund Office of Local 580 of Architectural and                     :
Ornamental Iron Workers,                                          :
                                                                  :
                Respondents.                     :
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN REPLY
TO OPPOSITION OF PETITIONER TO
SERGEANT'S BENEVOLENT ASSOCIATION
<u>ANNUITY FUND'S MOTION TO DISMISS</u>**

<u>Preliminary Statement</u>

This memorandum of law is submitted on behalf of respondent Sergeant's Benevolent Association Annuity Fund (hereinafter "Annuity Fund") in reply with respect to Annuity Fund's motion to dismiss.

The enforcement of Petitioner's money judgment for unpaid legal fees against funds held by the Annuity Fund, a qualified trust, on behalf of trust beneficiary Dermot MacShane (hereinafter "MacShane") is barred by the anti-alienation provision of Internal Revenue Code (hereinafter the "Code") Section 401(a)(13) and thus, the within proceeding must be dismissed.

**Statement of Facts**

The facts of this matter were set forth in the Annuity Fund's motion to dismiss, however, there are additional facts with respect to the Qualified Domestic Relation Order (hereinafter "QDRO") that are necessary to this reply brief.

On or about September 20, 2006 a draft domestic relations order (hereinafter "DRO") was faxed to the Annuity Fund by Pension Actuaries Inc. This DRO was submitted to the Annuity Fund on behalf of MacShane's former wife, Judith MacShane (also referred to as "Alternate Payee"), to enforce her claim of equitable distribution of this marital asset pursuant to Section 236B of the Domestic Relations Law of the State of New York. This DRO was signed by Hon. Andrew O'Rourke, J.S.C., on November 16, 2001 and qualified by the Annuity Fund by letter dated November 29, 2006. Thereafter, the amount assigned to the alternate payee pursuant to the QDRO was distributed to her.

This was the only DRO or QDRO served upon the Annuity Fund.

**Argument**

The Annuity Fund's motion to dismiss must be granted as the anti-alienation provision of the Code bars enforcement of money judgments against funds held by the Annuity Fund in trust for its beneficiaries and voids the assignment of any funds while held by the Annuity Fund from a trust beneficiary to a third-party creditor.

The underlying petition seeks to enforce an assignment made by MacShane to Petitioner of funds held in trust by Annuity Fund, which is qualified under Code Section 401(a) and subject to the anti-alienation provision of Code Section 401(a)(13). Accordingly, the petition implicitly raises a federal question as to the interpretation of the anti-alienation provision of the Code. The interpretation and applicability of this Code provision has been raised as a defense by

2

the Annuity Fund. Thus, a federal question has been raised that must be decided by the federal court.

## POINT I
## THE FEDERAL COURT HAS JURISDICTION TO HEAR MATTERS CONCERNING THE INTERPRETATION OF INTERNAL REVENUE CODE PROVISIONS

In Petitioner's opposition to the motion to dismiss of the Annuity Fund, Petitioner argues that the underlying petition does not raise a federal question. This is incorrect. While the petition does not cite a federal statute or authority as its basis, it does implicitly raise a federal question with respect to the Annuity Fund.

Petitioner was advised in writing on two occasions, in 2005 and 2007, that the Annuity Fund was a qualified Plan subject to the anti-alienation provision of the Code when the Annuity Fund rejected the information subpoenas and restraining notices served upon the Annuity Fund by Petitioner. Petitioner brought a special proceeding in State Court to enforce its judgment against funds held by the Annuity Fund. This special proceeding implicitly raised a federal question, that is, whether the anti-alienation provision of the Code bars the enforcement of MacShane's assignment of funds, held by a Code qualified Plan, to a third-party creditor and the enforcement of a money judgment against funds held by a Code qualified Plan. Even if this issue was not implicitly raised by the petition, it was affirmatively raised by the Annuity Fund in its motion to dismiss.

Thus, as the issue herein concerns the interpretation and applicability of the anti-alienation provision of Code Section 401(a) (13) to the Annuity Fund, the federal court has jurisdiction to decide this federal question pursuant to 28 U.S.C. Section 1331.

3

## POINT II

### THE DISTRIBUTION OF FUNDS HELD BY THE ANNUITY FUND TO AN ALTERNATE PAYEE PURSUANT TO A QDRO DOES NOT LIFT THE ANTI-ALIENATION BAR WITH RESPECT TO THE BALANCE OF THE FUNDS MAINTAINED BY THE ANNUITY FUND

A DRO was served upon the Annuity Fund on or about November 16, 2006. The DRO sought to assign a portion of MacShane's annuity funds maintained by the Annuity Fund to his former wife, Judith MacShane, the alternate payee in the DRO. The DRO was issued pursuant to section 236B of the Domestic Relations Law of the State of New York to enforce the marital property rights of the alternate payee. The DRO was qualified by the Plan by letter dated November 29, 2006 and thereafter, the assigned funds were distributed to the alternate payee.

Petitioner argues, incorrectly, that this distribution by the Annuity Fund pursuant to a valid QDRO negates the anti-alienation provision of the Code with respect to those funds retained by the participant in the Annuity Fund. In support of this argument, Petition cites to Robbins ex rel. Robbins v. DeBuono, 519 U.S 452 (1997). Petitioner has misinterpreted the holding in Robbins, which states that while funds are held by a qualified Plan they are inviolable and cannot be assigned or alienated. Id. Once the funds are distributed, they are subject to attachment. However, the Court was referring to the distributed funds themselves and not the funds retained by the qualified Plan.

If the petitioner truly believes his claim to the funds distributed by the Annuity Plan to MacShane's former wife are superior to the former wife's equitable distribution rights, Petitioner should proceed in State Court against Judith MacShane to recover the funds distributed to her. Petitioner has not asserted a claim against Judith MacShane and is barred by

4

the anti-alienation provision of the Code from enforcing his money judgment against funds held in trust by the Annuity Fund on behalf of MacShane.

Moreover, and in furtherance of his argument, Petitioner claims that the Annuity Fund was required to provide notice to Petitioner before distributing the funds assigned to alternate payee Judith MacShane pursuant to the QDRO. This claim has no merit. The Annuity Fund was not a party to the matrimonial action, nor was it ever served with any court order requiring this sort of notice to Petitioner. The mere fact that Petitioner holds a money judgment against MacShane does not imbue him with any special notice rights or any other privileges not provided by New York State Law or the Internal Revenue Code.

Simply put, Petitioner has a judgment for unpaid fees that cannot be enforced against the Annuity Fund. The Annuity Fund's motion to dismiss should be granted in all respects.

Dated:   New York, New York
         August 2, 2007

*(signature)*

ANNE M. PAXTON (AMP 4859)
O'DWYER & BERNSTIEN, LLP
Attorneys for Respondent
*Sergeant's Benevolent Association Annuity Fund*
52 Duane Street, 5th Floor
New York, New York 10007
(212) 571-7100

H:\LABOR\District Council\QDROS\SB.A\MacShane, Dermot\MEMOLAWINREPLYOFPETITIONERTOSERGEANT.doc

STATE OF NEW YORK        }
                         SS.:
COUNTY OF NEW YORK       }

CLAUDIA BARTON, being duly sworn deposes and says:

I am not a party to the action, am above the age of eighteen (18) years of age and reside in Queens, New York. On August 3, 2007, I served the within *Memorandum of Law in Reply to Opposition of Petitioner to Sergeant's Benevolent Association Annuity Funds's Motion to Dismiss* by depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth below:

LAW OFFICES OF MARSHALL E. BLOOMFIELD, ESQ.
Petitioner
349 East 149th Street
Bronx, New York 10451-5603
(718) 665-5900

MICHAEL A. CARDOZO
Att: Keith M. Snow, Esq., Assistant Corporation Counsel
Corporation Counsel of the City of New York
Attorneys for Respondent New York City Police Pension Fund
100 Church Street, Room 5-141
New York, New York 10007-2601
(212) 788-0581

COLLERAN, O'HARA & MILLS, LLP
Att: John Groarke, Esq.
Attorneys for Respondent
Fund Office of Local 580 of Architectural and Ornamental Iron Workers
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757

DERMOT MACSHANE, Pro Se
72 M Rockledge Road
Hartsdale, New York 10530

_____
CLAUDIA BARTON

Sworn to before me this
3rd day of August 2007

_____
NOTARY PUBLIC

PATRICIA CRISCUOLI
Notary Public, State of New York
No. 24-4976573
Qualified in Richmond County
Commission Expires 1/14/2011