UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
MARSHALL E. BLOOMFIELD,                   :   07 Civ. 3934 (RJH)
:
Petitioner,          :
:   **MEMORANDUM**
- against -              :   **OPINION AND ORDER**
:
DERMOT MACSHANE,                          :
Respondent,          :
:
-and-               :
:
SERGEANT'S BENEVOLENT ASSOCIATION         :
ANNUITY FUND; THE CITY OF NEW YORK        :
POLICE PENSION FUND; and THE FUND         :
OFFICE OF LOCAL 580 OF ARCHITECTURAL      :
AND ORNAMENTAL IRON WORKERS               :
:
Respondents.         :
:
------------------------------------------------------------x

## BACKGROUND

The following relevant background facts are gathered from the petition for removal and petitioner's filings in his state court action:

Petitioner Marshall E. Bloomfield ("Bloomfield") is the former attorney for respondent Dermot MacShane ("MacShane"). Around 2002, Bloomfield represented MacShane in connection with a matrimonial action in state court. In January 2005, Bloomfield obtained a state court judgment against MacShane and was awarded a lien on MacShane's personal property under 22 NYCRR § 202.16(c)(2) for the amount owed.[1]

---

[1] 22 NYCRR § 202.16(c)(2) states, "An attorney seeking to obtain an interest in any property of his or her client to secure payment of the attorney's fee shall make application to the court for approval of said interest on notice to the client and to his or her adversary. The application may be granted only after the

Bloomfield has been largely unable to collect this judgment, and the amount that remains outstanding, including statutory interest, is $31,855.89.  Therefore, on May 8, 2007, Bloomfield filed another action in the Supreme Court of the State of New York, Putnam County (969/07), requesting a judgment foreclosing his 22 NYCRR § 202.16(c)(2) lien against MacShane and directing payment of annuity and pension fund accounts held on behalf of MacShane by respondents Sergeant's Benevolent Association Annuity Fund ("SBA Fund"), The City of New York Police Pension Fund ("Police Fund"), and The Fund Office of Local 580 of Architectural and Ornamental Iron Workers ("Local 580 Fund") (collectively, "Fund Respondents").  On May 21, 2007, respondent Local 580 Fund filed a petition to remove this action to federal court, asserting that the federal court has original jurisdiction over the action under the provisions of ERISA § 206(d)(1).  None of the other respondents have submitted written consent to the removal of the action.

       Petitioner Bloomfield and respondent Police Fund have filed separate motions to remand the action to state court.  The movants argue, *inter alia*, that this Court lacks subject matter jurisdiction over this action and that removal was improper because of Local 580 Fund's failure to obtain consent of all respondents to removal.  Local 580 Fund and SBA Fund argue in opposition that subject matter jurisdiction exists because, *inter alia*, Bloomfield's claims are "completely preempted" by the Employee Retirement Income Security Act of 1974 ("ERISA") and because the action raises a question of federal law regarding the applicability of ERISA § 206(d)(1) and/or the Internal Revenue

---

court reviews the finances of the parties and an application for attorney's fees."  This provision applies in "all contested actions and proceedings in the Supreme Court in which statements of net worth are required by section 236 of the Domestic Relations Law to be filed and in which a judicial determination may be made with respect to alimony, counsel fees, pendente lite, maintenance, custody and visitation, child support, or the equitable distribution of property."  22 NYCRR § 202.16(a).

2

Code ("IRC") § 401(a)(13).  Local 580 Fund also contends that all of its co-respondents were not required to consent to removal because Bloomfield's claim against Local 580 Fund is a "separate and independent claim" under the terms of 28 U.S.C. § 1441(c).

## DISCUSSION

Removal of a case is only appropriate if the federal district court would have original subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  This Court has an obligation to determine whether it has subject matter jurisdiction over a removed case, even if no party raises the issue.  *See, e.g., McRae v. Arabian Am. Oil Co.*, 293 F. Supp. 844, 846 (S.D.N.Y. 1968) ("A district court is required on its own motion to notice and determine federal jurisdiction of a removed case and to be sure that federal jurisdiction exists.").  The case must be remanded if the federal court lacks subject matter jurisdiction over the action.  28 U.S.C. § 1447(c).  Because all respondents in this action are residents of New York, removal is only allowed if federal question jurisdiction exists, i.e., if this action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. §§ 1331, 1441(b).  As noted, the petition for removal asserts that original jurisdiction exists based on the provisions of ERISA § 206(d)(1).[2]  Verified Petition for Removal ¶ 7.  And SBA Fund asserts that Bloomfield's action against it is barred by IRC § 401(a)(13).[3]

---

[2] ERISA § 206(d)(1) states "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated."  29 U.S.C. § 1056(d)(1).  Local 580 Fund refers to itself as an "ERISA pension fund" and asserts that § 206(d)(1) precludes the enforcement of a lien against monies held by the Fund on behalf of a participant.

[3] The relevant section of IRC § 401(a)(13) states, "[a] trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated."  26 U.S.C. § 401(a)(13)(A).  SBA Fund asserts that it is a "qualified trust" under this section.

3

Federal question jurisdiction exists only if a question of federal law is raised by petitioner's "well pleaded complaint." *See, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). Under the "well pleaded complaint" requirement, subject matter jurisdiction is only available if the federal question is an essential element of a plaintiff's cause of action. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust For S. Cal.*, 463 U.S. 1, 10–11 (1983) ("'[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." (quoting *Gully*, 299 U.S. at 112)). Consequently, it is well established that a federal issue raised by a defendant's anticipated defense does *not* create federal question jurisdiction. *See, e.g., id.* at 14 ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption . . . even if both parties admit that the defense is the only question truly at issue in the case."); *Metro. Life*, 481 U.S. at 63 ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 3999 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. . . . Congress has long since decided that federal defenses do not provide a basis for removal."); *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 570 (2d Cir. 1995) ("[The] well-pleaded complaint rule emerged to preclude federal jurisdiction when a federal question was asserted or anticipated as a defense . . . .").

The Order to Show Cause and Verified Petition filed in New York state court recite only state law causes of action.  Bloomfield requests (1) a judgment foreclosing his 22 NYCRR § 202.16(c)(2) lien against MacShane and (2) orders "directing the payment of all monies in [Fund Respondents'] possession constituting personal property of [MacShane] to which a security interest has attached and a 22 NYCRR § 202.16(c)(2) lien has attached, up to the sum of $31,855.89 in satisfaction of said lien."  It is clear, and apparently conceded, that Bloomfield's complaint, on its face, raises no issue of federal law.  (*See, e.g.,* Local 580 Fund Opp. 7 (referring to "Bloomfield's state common law foreclosure cause of action").)  However, Local 580 Fund and SBA Fund argue that subject matter jurisdiction exists because this action will raise federal questions, specifically the applicability of ERISA § 206(d)(1) and IRC § 401(a)(13), federal anti-alienation provisions that allegedly protect the respective respondents.  While the interpretation of these statutory provisions will likely be a central issue in this litigation, these federal statutes arise only in the context of defenses to petitioner's claims, a fact that the non-moving respondents acknowledge.  (SBA Fund Opp. 3 ("The motions to remand must be dismissed as the [SBA] Fund's defense relating to the interpretation of the Code's anti-alienation provision raises a federal question . . . ."); Local 580 Fund Opp. 8 ("The substantial question of federal law in dispute between [Bloomfield and Local 580 Fund] in this case is whether ERISA's anti-alienation provision . . . preempts a state law claim . . . .").)  Because the federal issues in this action relate only to anticipated defenses to petitioner's claim, the mere presence of these issues in the litigation are not sufficient to create subject matter jurisdiction.  *See, e.g., Franchise Tax Bd.*, 463 U.S. at 12 ("'By unimpeachable authority, a suit brought upon a state statute does not arise under

5

an act of Congress or the Constitution of the United States because prohibited thereby.'" (quoting *Gully*, 299 U.S. at 116)).

Because Bloomfield's causes of action are based entirely in state law, there is no original federal jurisdiction unless "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Id.* at 13. Local 580 Fund's assertion that "Bloomfield['s] Petition fails to plead a necessary federal question," whether Bloomfield's claims are preempted by ERISA § 206(d)(1), is incorrect. Local 580 Fund's preemption defense is not a "necessary federal question" for purposes of the "well pleaded complaint" rule, and, like the IRC § 401(a)(13) defense to be raised by SBA Fund, does not create subject matter jurisdiction, as discussed above.

However, this action might still invoke federal subject matter jurisdiction if Bloomfield's claims are "really" claims of federal law. *Id.* A claim pleaded in terms of state law will be considered a federal cause of action when "complete preemption" applies. *Caterpillar*, 482 U.S. at 393–99 (describing "complete preemption" doctrine and applying in context of § 301 of Labor Management Relations Act ("LMRA")). The doctrine of complete preemption is a corollary to the well-pleaded complaint rule which recognizes that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life*, 481 U.S. at 63–64. Therefore, a federal statute with "extraordinary pre-emptive power" can "convert[] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65; *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) ("'[W]hen a federal statute wholly displaces

6

the state-law cause of action through complete preemption,' the state claim can be removed . . . because . . . 'a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003))).

In *Metropolitan Life Insurance Co. v. Taylor*, the U.S. Supreme Court held that ERISA's civil enforcement provision, § 502(a), is a provision with the "extraordinary pre-emptive power" required to transform a state law claim to a federal claim.[4] 481 U.S. at 65. The Court noted that it was "reluctant" to do so, even recognizing the "unique pre-emptive force of ERISA," but based its decision on the fact that Congress had "clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." *Id.* at 65–66. Following *Metropolitan Life*, the Second Circuit has developed the following test: "a state-law cause of action arises under federal law . . . and is removable . . . if (1) the cause of action is based on a state law that is preempted by ERISA, and (2) the cause of action is 'within the scope of the civil enforcement provisions' of ERISA § 502(a)."[5] *Romney v. Lin*, 94 F.3d 74, 78 (2d Cir. 1996).

---

[4] To date, only a handful of statutes have been found to have this "extraordinary" preemptive force: § 301 of the LMRA; § 502(a)(1)(B) of ERISA; §§ 85 and 86 of the National Bank Act; and § 301(a) of the Copyright Act. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968) (§ 301 of the LMRA); *Metro. Life*, 481 U.S. at 62–67 (§ 502(a)(1)(B) of ERISA); *Beneficial Nat'l Bank*, 539 U.S. at 9–11 (§§ 85 & 86 of National Bank Act); *Ritchie v. Williams*, 395 F.3d 283, 285–87 (6th Cir. 2005) (§ 301(a) of Copyright Act); *see also AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004) (stating that U.S. Supreme Court has identified only three statutes that satisfy requirements for complete preemption).

[5] ERISA § 502(a) states:
"A civil action may be brought—
(1) by a participant or beneficiary--(A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

7

This action is not removable because Bloomfield's claims are not within ERISA's civil enforcement provisions. Section 502(a) permits, *inter alia*, "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" 29 U.S.C. § 1132(a)(1)(B). "Section 502(a) specifies which persons—participants, beneficiaries, fiduciaries, or the Secretary of Labor—may bring actions for

---

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;
(5) except as otherwise provided in subsection (b) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter;
(6) by the Secretary to collect any civil penalty under paragraph (2), (4), (5), (6), (7), or (8) of subsection (c) of this section or under subsection (i) or (l) of this section;
(7) by a State to enforce compliance with a qualified medical child support order (as defined in section 1169(a)(2)(A) of this title);
(8) by the Secretary, or by an employer or other person referred to in section 1021(f)(1) of this title, (A) to enjoin any act or practice which violates subsection (f) of section 1021 of this title, or (B) to obtain appropriate equitable relief (i) to redress such violation or (ii) to enforce such subsection;
(9) in the event that the purchase of an insurance contract or insurance annuity in connection with termination of an individual's status as a participant covered under a pension plan with respect to all or any portion of the participant's pension benefit under such plan constitutes a violation of part 4 of this title or the terms of the plan, by the Secretary, by any individual who was a participant or beneficiary at the time of the alleged violation, or by a fiduciary, to obtain appropriate relief, including the posting of security if necessary, to assure receipt by the participant or beneficiary of the amounts provided or to be provided by such insurance contract or annuity, plus reasonable prejudgment interest on such amounts; or
(10) in the case of a multiemployer plan that has been certified by the actuary to be in endangered or critical status under section 1085 of this title, if the plan sponsor--(A) has not adopted a funding improvement or rehabilitation plan under that section by the deadline established in such section, or (B) fails to update or comply with the terms of the funding improvement or rehabilitation plan in accordance with the requirements of such section, by an employer that has an obligation to contribute with respect to the multiemployer plan or an employee organization that represents active participants in the multiemployer plan, for an order compelling the plan sponsor to adopt a funding improvement or rehabilitation plan or to update or comply with the terms of the funding improvement or rehabilitation plan in accordance with the requirements of such section and the funding improvement or rehabilitation plan."

particular kinds of relief." *Franchise Tax Bd.*, 463 U.S. at 25. Bloomfield is not one of the specified parties and § 502(a) does not create a cause of action on behalf of an unaffiliated lienholder seeking to enforce against a lienor's assets held in an ERISA fund. *Cf. id.* ("It neither creates nor expressly denies any cause of action in favor of state governments, to enforce tax levies or for any other purpose. It does not purport to reach every question relating to plans covered by ERISA."). Because Bloomfield's claims do not fall within § 502(a) of ERISA's civil enforcement provisions, the Court needs not consider the first prong of the Second Circuit's test.

While Local 580 Fund purports to argue that ERISA "completely preempts" Bloomfield's claims, this argument confounds complete preemption and the *defense* of federal preemption, sometimes called "conflict preemption."[6] "Under ordinary or conflict preemption, 'state laws that conflict with federal laws are preempted, and preemption is asserted as "a federal defense to the plaintiff's suit."'" Because conflict preemption constitutes a defense to a cause of action, the Supreme Court has recognized that it . . . '"does not authorize removal to federal court."'" *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370–71 (4th Cir. 2003) (citations omitted). Contrary to Local 580 Fund's argument, ERISA § 514(a) does not completely preempt Bloomfield's cause of action. *See, e.g., Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 82 (D. Conn. 1998) ("Conflict preemption under ERISA § 514(a) . . . does not

---

[6] Many courts have noted that "complete preemption" is poorly named, since it is a distinct concept from conflict preemption but suggests that a preemption defense may be the basis for removal. *See, e.g., Lehmann v. Brown*, 230 F.3d 916, 919–20 (7th Cir. 2000) ("the phrase 'complete preemption' has caused confusion . . . by implying that preemption sometimes permits removal. Unfortunately 'complete preemption' is a misnomer, having nothing to do with preemption and everything to do with federal occupation of a field. . . . State law is 'completely preempted' in the sense that it has been replaced by federal law—but this happens because federal law takes over all similar claims, not because there is a preemption defense."); *Lister v. Stark*, 890 F.2d 941, 943 n.1 (7th Cir. 1989) ("The use of the term "complete preemption" is unfortunate, since the complete preemption doctrine is not a preemption doctrine but rather a federal jurisdiction doctrine.")

9

recharacterize claims as arising under federal law.  Rather, preemption under ERISA § 514(a) serves as a defense to a state law claim.").  As discussed above, Local 580 Fund's preemption defense based on ERISA § 206(d)(1) also does not support federal question jurisdiction.  Finally, Local 580 Fund correctly concedes that Bloomfield's claims are not within the scope of ERISA § 502(a):  "Purposefully omitted from the comprehensive civil enforcement scheme in [ERISA § 502(a)] are equitable claims against ERISA funds directing payment to satisfy liens against participant accounts." (Local 580 Fund Br. at 7.)  ERISA will only displace a state law claim such that a federal court may take original jurisdiction over it if the state law claim falls within the scope of ERISA § 502(a).  Bloomfield's claims do not meet this requirement.  As a result, the well-pleaded complaint rule applies and this Court does not have original jurisdiction over Bloomfield's state law causes of action.

Given that the Court has found that remand is required because this Court lacks subject matter jurisdiction over petitioner's claims, the Court will not address movants' alternative argument that removal was improper due to the failure of all respondents to consent to removal.

## CONCLUSION

Police Fund's motion for remand **[4]** is GRANTED.  Bloomfield's motion for remand **[7]** is GRANTED.  The Clerk of the Court is respectfully directed to remand this case to the Supreme Court of the State of New York, Putnam County.  Because the Court lacks subject matter jurisdiction, it is unable to rule on the motions to dismiss filed by

Local 580 Fund and SBA Fund [10, 13]. These motions remain pending for resolution by the state court following remand.

SO ORDERED.

Dated: New York, New York
November 9, 2007

_____
Richard J. Holwell
United States District Judge